**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| FREDERICK SAUNDERS, individually, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: 6:23-cv-0230-RBD-<br>) LHP ) |
| SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company. | ) ) ) |
| Defendant. | ) ) ) |

<u>**REVISED DEFENDANT'S MOTION TO DISMISS COUNTS I, II, V,**</u>
<u>**AND VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT [D.E. 1]**</u>
<u>**WITH INCORPORATED MEMORANDUM OF LAW[1]**</u>

Defendant, SIGNATURE FLIGHT SUPPORT LLC, by and

through its undersigned counsel and pursuant to Fed R. Civ. P. 12(b)(6),

respectfully submits this Motion to Dismiss Counts I, II, V and VI of Plaintiff's

First Amended Complaint [D.E. 1], and in support states as follows:

<u>**INTRODUCTION**</u>

Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), worked for

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), as a

---

[1] Revised solely because of administrative error where the Answer was filed before the Motion to Dismiss.

Regional Accounting Manager ("RAM"). As a RAM, he oversaw a small group of Area Accounting Managers ("AAMs").

After Plaintiff gave one of his AAMs, Jan Chalk, a low raise in 2021, she approached him about a pay adjustment. Plaintiff fed Ms. Chalk bad information about how Defendant determined pay/raises, and over the next six-months—despite a full investigation by the Defendant into Ms. Chalk's pay, which uncovered no issues— Plaintiff continued to incite Ms. Chalk to demand more money (even though he was expressly told by his manager that Ms. Chalk would not be receiving additional pay).

Plaintiff's antics, which contravened his duty to the company in his managerial role, did not stop there. Plaintiff tried to sow discord among a larger group of AAMs—*none of whom expressed any concerns about pay and included AAMs who were not even on his team*—by calling a meeting to tell them that he would get them *all* more money. Defendant ultimately decided that Plaintiff's actions were insubordinate and called into question his judgment as a manager, and his employment was terminated.

Months after his termination, Plaintiff filed a Charge of Discrimination ("Charge") alleging retaliation. His entire Charge was based on alleged retaliation that occurred on October 21, 2021 (*i.e.*, his termination). The

U.S. Equal Employment Opportunity Commission ("EEOC") investigated his Charge, and on October 12, 2022, closed its investigation and issued a Determination and Notice of Rights.

Plaintiff has now filed a lawsuit asserting retaliation pursuant to Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA"), the Fair Labor Standards Act ("FLSA") and the Florida Private Whistleblowers Act ("FPWA"). In addition to these claims, which Defendant answered, Plaintiff made claims of alleged intentional and negligent infliction of emotional distress arising out of his employment with Defendant. Plaintiff also alleges, *for the first time*, race and color discrimination.

Plaintiff's claims of race and color discrimination should be dismissed for his complete failure to exhaust his administrative remedies for these claims. Plaintiff never alleged during the administrative charge phase that he felt he was treated unfairly because of his race or color. Indeed, he never even mentions his race or color in his Charge. Beyond this, even if his Charge did encompass a discrimination claim—*which it did not*—his claims still fail to state a cause of action because he has not asserted any facts that would support a claim of race or color discrimination, including a valid comparator outside of his race and color who was treated more favorably than he was treated.

Furthermore, Plaintiff's claims of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED")—causes of action disfavored by Florida and Federal courts in the employment context—should also be dismissed for failure to state a claim because he has not alleged *any* facts that would support these claims. Plaintiff's entire lawsuit is based on his discontent with his termination. He does not allege any actions by Defendant that would rise to the level of "outrageousness" as required to sustain an IIED claim, nor does he allege an impact (or a physical injury caused by psychological trauma arising from an event that caused a negligent injury *to another*) as required to sustain a claim of NIED. For these reasons, as more fully explained below, Counts I (Race/Color Discrimination under the FCRA), II (Race/Color Discrimination under Title VII), V (IIED) and VI (NIED) of Plaintiff's Amended Complaint should be dismissed.

## RELEVANT FACTS AND PROCEDURAL HISTORY

1. Plaintiff worked for Defendant as a RAM. [D.E. 1, Am. Compl. ¶ 34]. During his tenure as a RAM, he oversaw around five AAMs, including an individual named Jan Chalk. [D.E. 1, Am. Compl. ¶¶ 43-45].

2. On October 21, 2021, Defendant terminated Plaintiff's employment. [D.E. 1, Am. Compl. ¶ 85].

3.     On April 21, 2022, Plaintiff filed a Charge of Discrimination ("Charge") against "Signature Aviation" arising out of his employment with Defendant. *See EEOC Charge and Notice attached as* __*Exhibit A*__.

4.     The Notice of Charge of Discrimination dated April 21, 2022 from the EEOC states "[t]he circumstances of the alleged discrimination are based on Retaliation, and involve issues of Discharge that are alleged to have occurred on or about 10/21/2021." *See Exhibit A*.

5.     On the face of the Charge, "retaliation" was the only claim indicated in the box asking Plaintiff what his claim of discrimination was based on. Plaintiff further claimed that the earliest and latest acts of retaliation occurred on October 21, 2021 (*i.e.,* the date of his termination). *See Exhibit A.*

6.     Plaintiff's Charge provides in relevant part:

> During my employment, I learned that one of my AAMs, Jan Chalk, was not receiving her compensation ratio (comp-ratio) equal to others on my team and in the company. She had the lowest paid comp-ratio for an AAM under my supervision.   On September 14, 2021, I requested a pay raise for Jan Chalk (white/female), but my request was denied. The meeting concluded that there would not be an off-cycle increase to Ms. Chalks [sic] compensation. Additionally, during my last call with Christy Pavel, VP of Global HR, on October 12, 2021, I expressed my concern regarding potential Equal Employment Opportunity Commission (EEOC) [sic] liability exposure to the company based on the comp-ratio

percentage disparity amongst my team. Shortly after the call, I was terminated on October 21, 2021.

[…]

I believe my termination was an act of retaliation. I believe I have been retaliated against because I opposed discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See Exhibit A.*

7.    Plaintiff's Charge does not allege discrimination based on a protected category—much less race or color—and instead alleges general "discrimination." Plaintiff writes:

Also, I believe I was discriminated against because I was treated less than Jan Chalk who filed the same ethics hotline claim that I did and immediately after I was fired, Jan Chalk was put on paid Administrative Leave for 45 days and investigated in regards to the reason why I was terminated and for allegedly downloading company files and documents to her personal email and external hard drive. After this investigation, the company offered Jan Chalk her job back or 5 months of severance. However, I was discriminated against by not being investigated prior to my termination or by not being offered a severance when I was terminated.

*See Exhibit A.*

8.    The EEOC investigated his Charge and on October 23, 2022, issued a Determination and Notice of Rights, which was sent to Plaintiff, Plaintiff's counsel and the undersigned. *See Determination and Notice of Rights attached as Exhibit "B."*

6

9.     On January 10, 2023, Plaintiff filed a Complaint initiating this lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida against Signature Flight Support, LLC (d/b/a "Signature Aviation"). [D.E. 1]. Plaintiff filed an Amended Complaint on January 17, 2023, fixing the name of the Defendant to reflect his employer, Signature Flight Support LLC. [D.E. 1]. That same day, Defendant's counsel signed a Notice of Lawsuit and Request of Waiver of Service. [D.E. 1]. Defendant timely removed this action to this Honorable Court on February 9, 2023. [D.E. 1].

10.     Plaintiff's eight-count Amended Complaint against Defendant includes claims of retaliation *and* additional claims of race or color discrimination, and intentional and negligent infliction of emotional distress. [D.E. 1].

11.     The specific claims Plaintiff alleged are as follows:

| Count I | Discrimination based on race/color – FCRA |
| Count II | Discrimination based on race/color – Title VII |
| Count III | Retaliation – FCRA |
| Count IV | Retaliation – Title VII |
| Count V | Intentional Infliction of Emotional Distress |
| Count VI | Negligent Infliction of Emotional Distress |
| Count VII | Violation of the ("FLSA") |
| Count VIII | Retaliation in violation of the FPWA |

[D.E. 1].

12. As explained below, Plaintiff has failed to state causes of action in Counts I, II, V, and VI, such that relief may be granted. Defendant therefore moves this Honorable Court to dismiss those counts with prejudice.

## MEMORANDUM OF LAW

## I. LEGAL STANDARD FOR MOTIONS TO DISMISS

### a. Failure to State a Claim

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on "naked assertions devoid of further factual enhancement," and must show "more than labels and conclusions." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (citation omitted). The allegations must

consist of more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678.

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* (citing *Twombly*, 550 U.S. at 556). *See also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (stating that a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory").

### b. Failure to Exhaust Administrative Remedies

"A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted. *Charles v. Underhill Staffing Serv.,* 2021 U.S. Dist. LEXIS 42332, *66 (M.D. Fla. Jan. 28, 2021). *See also Jones v. Bank of Am.,* 985 F. Supp. 2d 1320, 1325 ("A motion to dismiss for failure to exhaust administrative remedies is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted").

When considering a motion to dismiss, the district court limits its consideration to the pleadings and any attached exhibits. *Brady v. Postmaster Gen.*, 21 Fed. Appx. 914, 915 (11th Cir. 2013). A district court, however, "may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and (2) its authenticity is not challenged." *Id.* at 916 (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)); *Jones,* 985 F. Supp. 2d at 1325. In fact, when considering a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings to resolve factual disputes as long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.*

## II. COUNT I AND II OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED

### A. Plaintiff Failed to Exhaust Administrative Remedies for Race/Color Discrimination Claims, so Counts I and II Should Be Dismissed

"A plaintiff must file a charge of discrimination with the [EEOC] before filing a Title VII action." *Glover v. Dist. Bd. Of Trs.*, 2019 U.S. Dist. LEXIS 205989, *2 (S.D. Fla. Nov. 2019). FCRA claims are also subject to the requirement of exhaustion of administrative remedies. *Santillana v. Fla. State Court Sys.*, 2010 U.S. Dist. LEXIS 3049 (M.D. Fla. Jan. 14, 2010). "Failing to

exhaust administrative remedies is a failure to satisfy a condition precedent to filing a Title VII claim." *Charles,* 2021 U.S. Dist. LEXIS 42332, at *65.

"An agency charge must include 'a clear and concise statement of facts, including pertinent dates, constituting the alleged unlawful employment practices." *Brady*, 21 Fed. Appx. at 916 (quoting 29 C.F.R. § 1601.12 (a)(3)). "An employee must exhaust administrative remedies for each discrete act for which the employee seeks to bring a claim. *Id.* "The Eleventh Circuit has held that judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate." *Streeter v. City of Pensacola*, 2007 U.S. Dist. LEXIS 92603, *10 (N.D. Fla. Dec. 18, 2007) (quoting *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotation marks omitted).

Plaintiff's claims of alleged race and color discrimination—or any other discrimination protected by Title VII or the FCRA—are new, and inappropriate to raise *for the first time* in this lawsuit. Plaintiff's Charge, which he signed under penalty of perjury on April 21, 2022, asserts claims of retaliation *only.* This is not only evidenced by the fact that in the "DISCRIMINATION BASED ON" box Plaintiff writes "retaliation," and under "DATE(S)

DISCRIMINATION TOOK PLACE" box Plaintiff writes October 21, 2021 (his

termination date) as the earliest *and* latest dates of the alleged retaliation, but also

by the contents of his allegations. *See Exhibit A.* Plaintiff's attributes his

termination to retaliation only:

> I believe my termination was an act of retaliation. I believe
> I have been retaliated against because I opposed
> discrimination in violation of Title VII of the Civil Rights
> Act of 1964, as amended.

*See Exhibit A.*

The only time Plaintiff mentions race or color in his Charge relates

to his alleged *protected activity* of making a complaint about Jan Chalk's pay.

He alleges:

> On September 14, 2021, I requested a pay raise for Jan
> Chalk (white/female), but my request was denied.
> […]
> The meeting concluded that there would not be an off-
> cycle increase to Ms. Chalks [sic] compensation.
> Additionally, during my last call with Christy Pavel, VP
> of Global HR, on October 12, 2021, I expressed my
> concern regarding potential Equal Employment
> Opportunity Commission (EEOC) [sic] liability exposure
> to the company based on the comp-ratio percentage
> disparity amongst my team. Shortly after the call, I was
> terminated on October 21, 2021.
> […]
> I believe my termination was an act of retaliation. I believe
> I have been retaliated against because I opposed
> discrimination in violation of Title VII of the Civil Rights
> Act of 1964, as amended.

*See Exhibit A.* **Plaintiff never once mentions race or color in relation to himself or his treatment. Indeed, the Charge lacks any allegations about Plaintiff's race and color. He attributes his termination solely to an act of retaliation _not_ discrimination.**

If Plaintiff tries to claim that a valid discrimination claim arises out of his retaliation claim, this, again, is proved untrue based on Plaintiff's own allegations. The only time Plaintiff mentions "discrimination" in his Charge is when he writes generally:

> Also, I believe I was discriminated against because I was treated less than Jan Chalk who filed the same ethics hotline claim that I did and immediately after I was fired, Jan Chalk was put on paid Administrative Leave for 45 days and investigated in regards to the reason why I was terminated and for allegedly downloading company files and documents to her personal email and external hard drive. After this investigation, the company offered Jan Chalk her job back or 5 months of severance. However, I was discriminated against by not being investigated prior to my termination or by not being offered a severance when I was terminated.

*See Exhibit A.* **He does not mention race or color, or any other protected category protected by Title VII or the FCRA. Perhaps most importantly, he never even mentions his race or color at any point in the Charge.**

While courts have given plaintiffs the benefit of the doubt and have allowed lawsuits despite technical errors in a Charge, it is undisputable that Plaintiff's race and color were never raised in the Charge and that Plaintiff never tried to raise those claims. Courts have repeatedly refused to allow such claims to proceed. *See Lopez v. Igps Logistics, LLC*, 2023 U.S. Dist. LEXIS 15266, *6-7 (M.D. Fla. Jan. 27, 2023) (finding that a plaintiff failed to exhaust her administrative remedies related to disability discrimination when the Charge did not reference the disability discrimination alleged in the lawsuit, and did not allege discrimination based on an alleged disability); *Platt v. Dep't of Homeland Sec.*, 2020 U.S. Dist. LEXIS 266331, *7 (M.D. Fla. Jan 21, 2020) (finding that a plaintiff's discrimination claim was due to be dismissed because the plaintiff only identified retaliation in his charge, did not check the box for disability discrimination, did not mention disability discrimination and did not put forth any evidence to establish that the EEOC considered a disability discrimination claim as part of its investigation); *Jones*, 985 F. Supp. 2d at 1331 (finding a charge lacking in allegations when the protected category was not checked, and none of the allegations (including those regarding comparators) mentions a protected status); *Thomas v. Miami Dade Pub. Health Tr.,* 369 Fed. Appx. 19, 22 (11th Cir. 2010) (finding that the district court did not err in determining that the

plaintiffs' race and sex discrimination claims were not exhausted administratively when the plaintiff asserted in her charge that her failure to promote was the result of retaliation and did not allege that her failure to promote was based on race and sex discrimination).

If this Honorable Court were to allow Plaintiff's race and color discrimination claims to proceed, Defendant respectfully asserts that it would be expanding the scope of the Charge to include new claims and allegations. As explained above, at no point during the Charge phase, either through the EEOC's Notice or Plaintiff's Charge, was Defendant put on notice that Plaintiff was pursuing, and the EEOC was investigating, a race/color discrimination claim. For these reasons, Plaintiff failed to exhaust his administrative remedies and thus failed to satisfy the conditions precedent to bring a race and/or color discrimination claim. This claim thus fails as a matter of law. Moreover, because the time period to file a Charge based on race or color discrimination has passed, Plaintiff's claims are barred and should be dismissed with prejudice.

b. **Plaintiff Failed to State a Cause of Race/Color Discrimination and Counts I and II Should be Dismissed**

Even if Plaintiff did satisfy the conditions precedent to bring a race or color discrimination claim—*which he did not*—his claims fail because he has not asserted facts to sustain a race/color discrimination claim.

To establish a *prima facie* case of race or color discrimination[2], Plaintiff must show that (1) he was a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified for the job. *Burke-Fowler v. Orange Cnty.,* 447 F.3d 1319, 1323 (11th Cir. 2006). As to the third element, a similarly situated comparator will ordinarily have: (1) engaged in the same basic conduct or misconduct; (2) been subject to the same employment policy, guideline or rule; (3) the same supervisor, and (4) shared a similar employment or disciplinary history. *Blash v. City of Hawkinsville,* 856 Fed. Appx. 259, 264 (11th Cir. 2021); *Lewis v. City of Union City*, 918 F.3d 1213, 1227-28 (11th Cir. 2019). To survive a motion to dismiss, a plaintiff must plead enough facts to support the existence of a <u>valid</u> comparator. *See Lee v. Geo Secure Servs.*, 2022 U.S. Dist. LEXIS 208846, *25 (Nov. 16, 2022); *Bartholomew v Lowe's Home Ctrs., LLC,* 2020 U.S. Dist. LEXIS 9598 (M.D. Fla. Jan. 21, 2020).

---

[2] Title VII prohibits employment discrimination based on race, color, religion, sex or national origin. *Gill v. Bank of Am.*, 2015 U.S. Dist. LEXIS 91225, *10 (M.D. Fla. July 4, 2015). Courts have analyzed the language of Title VII and have concluded that "race" and "color" are not synonymous. *See id. See also, Walker v. Sec'y of Treasurer, IRS*, 713 F. Supp. 403, 406 (N.D. Ga. 1989). Color discrimination is distinct from race discrimination in that color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination. *Id.* at *11. Indeed, Courts have refused to find that color discrimination claims fall within the scope of a race discrimination charge containing no skin tone allegations. *Id.* at *11-13.

Without conceding that Plaintiff was qualified for his job, his claim fails because he has not pled facts related to a proper comparator. Plaintiff claims:

> Other similarly situated employees who were not in **PLAINTIFF'S** protected class were treated more favorably, kept their jobs, and were offered benefits that were not offered to **PLAINTIFF**.

> **DEFENDANT** treated individuals outside of his protected class accounting managers and other employees more favorably than **PLAINTIFF**, in that those employees received better opportunities and benefits for the same workplace qualifications and performance that **PLAINTIFF** held and despite their actions being identical in every way other than the race and gender[3] of the favorited verses disfavored employees.

[D.E. 1, Am. Compl. ¶¶ 131, 132, 138 and 139]. These conclusory statements, which merely recite the elements of the cause of action, are not enough to sufficiently state a claim. *Iqbal*, 556 U.S. at 678; *Simpson*, 744 F.3d at 708.

If Plaintiff attempts to use Jan Chalk as his comparator, [D.E. 1, Am. Compl. ¶¶ 114-127], his claims fail because she is not similarly situated in all material respects, and therefore not a valid comparator. Without conceding that Plaintiff and Ms. Chalk engaged in the same misconduct, were subject to the same policies, guidelines or rules, or shared similar employment or disciplinary

---

[3] Plaintiff does not make a claim of gender discrimination, and like his race / color claims, did not assert gender discrimination in his Charge.

history, Plaintiff's claims fail for the simple fact that Plaintiff and Ms. Chalk did not share a supervisor—**he was her supervisor**. *See Crawford v. City of Tampa,* 2009 U.S. Dist. LEXIS 100796, *19 (M.D. Fla. Oct. 28, 2009) (a plaintiff's supervisor is not similarly situated and cannot be viewed as a comparator). Because Plaintiff was Ms. Chalk's supervisor, they were subject to different responsibilities and expectations. *Horn v. UPS,* 433 Fed. Appx. 788, 793 (11th Cir. 2011) (noting that material differences in ranks and responsibilities will render any comparison impossible without "confusing apples with oranges").

While Plaintiff disingenuously claims that Ms. Chalk was an "accounting manager" at the same time he was an "accounting manager[,]" [D.E. 1, Am. Compl. ¶ 115], this does not change the fact that he acknowledged that he managed junior managers [D.E. 1, Am. Compl. ¶¶34 and 43] and asserted in his Charge, under penalty of perjury, that Ms. Chalk was an Area Accounting Manager under his supervision. *See Exhibit A.* Plaintiff failed to allege facts to support a valid comparator and Plaintiff cannot state a valid comparator because no other supervisor fed a subordinate misinformation about his or her pay, continued to incite the subordinate despite a full investigation by the Company and then attempted to provoke other subordinates, some of whom were not even on his team, for no other reason than to rabble rouse. As a result, Plaintiff's race

or color discrimination claims fails as a matter of law and should be dismissed with prejudice.

## III. COUNTS V AND VI OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

### a. Plaintiff Failed to State a Cause of Action for Intentional Infliction of Emotional Distress and Count V Should Be Dismissed

To state a cause of action for IIED, a plaintiff must plead: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the complained of conduct must have caused suffering; and (4) the suffering must have been severe. *Perez v. Pavex Corp*., 2002 U.S. Dist. LEXIS 21871, *9-10 (M.D. Fla. Oct. 17, 2002). "In Florida, the issue of whether or not the activities of the defendant rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress is a legal question for the court to decide as a matter of law." *Martz v. Munroe Reg'l Med. Ctr., Inc*., 2007 U.S. Dist. LEXIS 49561, *7 (M.D. Fla. July 9, 2007) (quoting *Vance v. Southern Bell Tel. Co.,* 983 F.2d 1573, 1576, n.7 (11th Cir. 1993) (internal quotation marks omitted).

The element of outrageousness is <u>not</u> satisfied by proof that the defendant (a) acted with a tortious or even criminal intent, or intended to inflict emotional distress, or (b) that the defendant's conduct is characterized by malice

or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Artubel v. Colonial Bank Group, Inc.,* 2008 U.S. Dist. LEXIS 60781, *42 (M.D. Fla. Aug. 8, 2008). Rather, liability is found only where the conduct has been *so outrageous* in character as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Martz,* 2007 U.S. Dist. LEXIS 49561, at *8.

Florida and federal courts *strongly disfavor* this type of claim in the employment context. *Id.* at *7-8; *Perez*, 2002 U.S. Dist. LEXIS 21871, at *11-12. *See also Howry v. Nisus,* 910 F. Supp. 576 (M.D. Fla. 1995) (noting that Florida courts have consistently rejected claims of IIED relating to sexual harassment, intentional age discrimination and verbal abuse in the employment context). *Lay v. Roux Laboratories, Inc.,* 390 So.2d 451 (Fla. 1st DCA 1980) (plaintiff failed to state a cause of action of IIED where the basis of her complaint was that her employer threatened to terminate her and used humiliating language, including vicious verbal attacks and racial epithets, towards the plaintiff); *Scheller v. American Medical Intern*., Inc., 502 So.2d 1268 (Fla. 4th DCA 1987) (an employer ostracizing an employee by excluding him from social affairs, falsely accusing him of theft, prohibiting him from talking to other personnel and

publishing false income information about him was insufficiently "outrageous" to sustain a cause of action for IIED).

Indeed, those IIED claims permitted to go forward were claims that involved persistent verbal abuse with repeated *physical* contact. *Fogle v. IBM Corp.*, 2020 U.S. Dist. LEXIS 65632, *16-17 (M.D. Fla. Apr. 15, 2020). Even then, the conduct must be extreme in nature. *See Studsill v. Borg-Warner Leasing*, 806 F.2d 1005 (11th Cir. 1986) (an employer's verbal harassment, including jokes, off-color comments, and profane language, as well as unwanted physical contact, did not constitute conduct sufficient to support a claim for IIED). *Chiles v. Symon Says Enters.*, 2014 U.S. Dist. LEXIS 6764, *5-6 (M.D. Fla. Jan. 17, 2014) (noting that cases in which plaintiffs have been permitted to move forward with an IIED claim often involve "threats of death, rape, or severe bodily harm to plaintiff or family members.")

Plaintiff does not plead any conduct that would objectively rise to the threshold level of "outrageousness" to support his claim. He does not allege physical contact, any verbal abuse or attacks, threats of bodily harm, *etc.*, that if compounded *may* rise to the level required to sustain this claim. Plaintiff's entire claim is based only on his subjective belief that his termination was "retaliatory" and his conclusory allegations that Defendant actions were "intentional, abusive,

willful, reckless, and done in bad faith" [D.E. 1, Am. Compl. ¶ 162]. Courts are clear, however, that terminations, without more, will not support a cause of action for IIED. *Henry v. Examworks, Inc.,* 2020 U.S. Dist. LEXIS 257731, *9 (M.D. Fla. Mar. 4, 2020). To allow this claim to proceed on the facts alleged would open IIED claims to anyone who disagrees with one's termination. For these reasons, Plaintiff has failed to establish an IIED claim, and his claim should be dismissed.

**b. <u>Plaintiff Failed to State a Cause of Action of Negligent Infliction of Emotional Distress and Count VI Should be Dismissed</u>**

The NIED claim shares the same fate here. In Florida, the "impact rule" generally requires that before a plaintiff can recover damages for emotional distress caused by another's negligence, the emotional distress suffered must flow from the physical injuries the plaintiff sustained in an impact. *Tello v. Royal Caribbean Cruises, Ltd.,* 939 F. Supp. 1269, 1277 (S.D. Fla. 2013). Absent an impact, Plaintiff must show that (1) he suffered discernible physical injury; (2) the physical injury was caused by psychological trauma; (3) he was involved in the event that caused the negligent injury to another; and (4) he had a close personal relationship to the directly injured person. *See Zell v. Meek,* 665 So.2d 1048, 1054 (Fla. 1995); *Fernander v. Bonis*, 947 So.2d 584, 590 (Fla. 4th DCA 2007); *Major v. Ramsey*, 2019 U.S. Dist. LEXIS 121688, *25 (S.D. Fla. July 18, 2019). The Florida Supreme Court has held that a plaintiff claiming NIED

without direct impact must allege that the psychological trauma caused "a demonstrable injury such as death, paralysis, muscular impairment, or similarly objective discernible physical impairment before a cause of action may exist." *Brown v. Cadillac Motor Car Div.,* 468 So. 2d 903, 904 (Fla. 1985).

Plaintiff has not made *any* allegations of impact or a physical injury as a result of Defendant's alleged negligence *to another*. Instead, he uses conclusory recitals about his own alleged emotional distress. Courts reject these sorts of allegations as insufficient to state a claim of NIED. *Nickerson*, 2011 U.S. Dist. LEXIS 90703, *5-6 (concluding that a plaintiff alleging that he "objectively and physically manifested emotional distress" as a result of the defendants' actions was, at best, conclusory, provided no indication of the seriousness of the alleged physical injury, and thus, plaintiff failed to plead facts to support a claim for negligent infliction of emotional distress"); *Major*, 2019 U.S. Dist. LEXIS 121688 at *25 (concluding that a NIED claim must be dismissed for failure to state a claim upon which relief may be requested when it does not allege facts to support the manifestation of emotional distress in the form of a discernible physical injury or illness). Accordingly, Plaintiff's claim of NIED should be dismissed.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff has failed to state a cause of action for Counts I, II, V, and VI for race or color discrimination and IIED and NIED.   Moreover, because the time has passed for the filing of a Charge regarding race or color discrimination, and Plaintiff cannot plead any facts to sustain an IIED or NIED in an employment context given that his Amended Complaint demonstrates no outrageous conduct or physical impact, Defendant respectfully asserts these counts should be dismissed with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

On March 8, 2023 and March 13, 2023, the undersigned conferred with counsel for Plaintiff on this Motion. Plaintiff objects to the relief sought in this Motion.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

DATED this 17th day of March 2023.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

*/s/ Lin J. Wagner*
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of March, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.

*/s/ Lin J. Wagner*
Lin J. Wagner

4868-2860-6040, v. 1