UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANO DIVISION

FREDRICK SAUNDERS,

  Plaintiff,       Case No.: 6:23-cv-0230-RBD-LHP

vs.

SIGNATURE FLIGHT SUPPORT
LLC, a Delaware limited company,

  Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

  Plaintiff, FREDRICK SAUNDERS ("Plaintiff"), by and through his undersigned counsel, hereby submits this Response in Opposition to Defendant, SIGNATURE FLIGHT SUPPORT LLC's, Motion to Dismiss (Doc. 15) Plaintiff's Complaint, as to Counts I, II, V, and VI of Plaintiff's First Amended Complaint (Doc. 1). In support of Plaintiff's Response, Plaintiff hereby submits the incorporated Memorandum of Law.

## INTRODUCTION

  In response to Defendant's Motion to Dismiss ("Motion") Counts I, II, V, and VI, Plaintiff hereby opposes the relief sought in the Motion as to Counts I and II. As to Counts V and VI, Plaintiff does not oppose the relief sought to dismiss Counts V and VI. In support of Plaintiff's opposition to the Motion regarding Counts I and II, Plaintiff provides the following Memorandum of Law:

## MEMORANDUM OF LAW

# I.    LEGAL STANDARD.

To survive a motion to dismiss for failure to state a claim, a complaint must allege facts sufficient to state a claim for relief that is plausible on its face. Fed. R. Civ. P. 12(b)(6). A claim is facially plausible, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The factual matters contained in a complaint are to be accepted as true by the court, in determining the plausibility of the claims. *APR Energy, LLC v. Pakistan Power Res., LLC*, 653 F. Supp. 2d 1227 (M.D. Fla. 2009). In determining whether to dismiss the complaint, a court must accept as true the factual allegations and construe them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

# II.   PLAINTIFF SUFFICIENTLY STATED CLAIMS FOR RACE/COLOR DISCRIMINATION.

Plaintiff's causes of action in Count I and II should not be dismissed because Plaintiff has sufficiently stated claims for race/color discrimination under the federal and state laws. Defendant argues that Plaintiff has failed to establish the *prima facie* element of a "valid comparator." (Doc. 15).  The standard for determining whether a comparator is similarly situated in all material respects is worked out on a case-by-case basis, in the context of individual circumstances. *Collins v. Navicent Health, Inc.*, 499 F. Supp. 3d 1307, 1322 (M.D. Ga. 2020) (citing *Lewis v. City of Union City*, 918 F.3d 1213, 1227 (11th Cir. 2019) (internal quotations omitted). *See* 42 U.S.C. § 2000e *et seq.* "It is not an exacting standard that requires [the comparator] to be 'identical save for their race.'" *Collins*, 499

F. Supp. 3d at 1322 (quoting *Lewis*, 918 F.3d at 1227). A similarly situated comparator will "ordinarily have engaged in the same basic conduct, been subject to the same employment policies, will have shared the same supervisor, and will have similar employment histories." *Collins*, 499 F. Supp. 3d at 1322 (internal quotations omitted).

In this case, the same conduct of two employees for Defendants resulted in different employment actions for each of them (Plaintiff and Chalk). Plaintiff and Chalk were governed and subject to the same policies and procedures. Plaintiff and chalk were only different in ways which are immaterial, such as the fact that Plaintiff managed a team that included Chalk. However, both Plaintiff and Chalk were investigated and disciplined by the same management team for Defendant, which undermines Defendant's claim that Plaintiff and Chalk did not share the same supervisor. Furthermore, Chalk was part of the group that lobbied for equal pay from Defendant, thereby bringing them into similarly situated in a material way.

Therefore, Defendant's Motion should be denied. In the alternative, should this Honorable Court grant Defendant's Motion, Plaintiff respectfully requests leave to amend the First Amended Complaint.

## III. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS TO COUNTS I AND II.

Defendant's Motion should be denied as to Counts I and II because Defendant has failed to show that the EEOC did not consider Plaintiff's race/color discrimination claims. "The only way for a court to truly determine if the EEOC's investigation involved these claims and if Defendant had notice of these claims is by more fully developing the record.

If, for example, the record included the entire EEOC file (including all communications between the EEOC and Defendants, as well as the County's response(s) to Plaintiff's Charge), the Court likely would not, as it is now, be left to speculate about what claims the EEOC investigated." *Williams v. DeKalb Cnty., Georgia*, 1:12-CV-00705-AT-AJB, 2018 WL 11486864, at *11 (N.D. Ga. July 11, 2018), *report and recommendation adopted*, 2018 WL 11486502 (N.D. Ga. Sept. 21, 2018). "When it comes to exhaustion, the Eleventh Circuit has stated that demanding 'literal compliance does not always effectuate the purpose of the requirement, which is to promote informal settlements.'" *Baskerville v. Secretary of Department of Veteran Affairs*, 377 F. Supp. 3d 1331 (M.D. Fla. 2019) (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (identifying "[o]ne such area [where] strict compliance with Title VII is unnecessary is where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made")). As long as the EEOC charge and the civil complaint are "reasonably related" and "no material differences" exist, "the court will entertain them." *Wu*, 863 F.2d at 1547 (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)). *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168-69 (11th Cir. 1988) (court had jurisdiction over retaliation claim not asserted in EEOC charge because claim could reasonably be expected to grow out of the original charge of discrimination); *Gregory v. Ga. Dept of Human Res.*, 355 F.3d 1277, 1279-81 (11th Cir. 2004) (same).

In this case, Plaintiff's EEOC charge, although it did not have the box next to "Discrimination," the judicial complaint alleges discrimination in Counts I and II that are reasonably related and lack material differences. Furthermore, the race/color

discrimination claims in Plaintiff's First Amended Complaint can reasonably be expected to grow out of the original EEOC charge, which stated, in part: "I believe I have been retaliated against because I opposed *discrimination*. . . ." (Doc. 11-1, at 7). Although Plaintiff did not specify "race" or "color" discrimination, he did allege "discrimination," which is fair to assume would have been investigated and considered during the EEOC's investigation into Plaintiff's charge. Therefore, Plaintiff's discrimination claims in Counts I and II should not be dismissed, and Defendant's Motion should be denied.

## IV. PLAINTIFF DOES NOT OPPOSE THE RELIEF SOUGHT IN DEFENDANT'S MOTION AS TO COUNTS V AND VI.

Plaintiff does not oppose the relief sought in Defendant's Motion as to Counts V and VII.

## V. CONCLUSION

Defendant's Motion should be denied, because Plaintiff has sufficiently stated claims in Counts I and II and he has exhausted his administrative remedies required to assert such claims in the instant action. As to Counts V and VII, Plaintiff does not oppose the relief sought in Defendant's Motion. Should this Honorable Court grant Defendant's Motion as to Counts I and II, Plaintiff respectfully requests leave to amend the First Amended Complaint.

DATED: 04/18/2023    Respectfully submitted,

*/s/ Michael G. Mann*
**MICHAEL G. MANN, ESQ.**
Fla. Bar No. 1020249
**The Cochran Firm Orlando, LLC**
605 East Robinson Street, Suite 330
Orlando, Florida 32801

(407) 271-8590
MMann@cochranfirmorlando.com
Service@cochranfirmorlando.com
*Attorney for Plaintiff.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 18, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following parties or counsel of record:

**JACKSON LEWIS, P.C.**
AMANDA A. SIMPSON, ESQ.
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER, ESQ.
Lin.Wagner@jacksonlewis.com
390 N Orange Avenue, Suite 1285
Orlando, Florida 32801
(407) 246-8440

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.