UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                                      Case No. 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT,
LLC,

    Defendant.
_____

## ORDER

Before the Court is Defendant's motion to dismiss. (Doc. 15 ("Motion").) The Motion is due to be granted in part.

## BACKGROUND

Plaintiff Frederick Saunders, a Black man, worked for Defendant as a regional manager. (Doc. 1-1, ¶¶ 25, 34.) Saunders complained to Defendant about employees he supervised that were not paid the same as their counterparts based on race, age, or sex. (*Id.* ¶¶ 44, 117, 119.) One employee was Jan Chalk, a white woman whom Defendant paid less than men in her position. (*Id.* ¶¶ 52, 53.) Though Saunders filed multiple formal and informal complaints, Defendant took no action. (*Id.* ¶¶ 55, 56.) Defendant eventually fired Saunders for "lack of engagement" and for filing an anonymous ethics complaint before discussing with

his managers. (*Id.* ¶¶ 68, 69.) Chalk also submitted an ethics complaint but Defendant placed her on paid leave. (*Id.* ¶¶ 118, 120.) Saunders and Chalk were accounting managers but only Saunders was a regional manager. (*Id.* ¶¶ 25, 34, 115.) After Defendant fired Saunders, he filed a charge with the Equal Employment Opportunity Commission ("EEOC") and was issued a "right to sue" letter. (*Id.* ¶¶ 12, 15; Doc. 15-1, p. 10.)

So Saunders sued Defendant for race discrimination in violation of Florida's Civil Rights Act ("FCRA") (Count I) and Title VII (Count II); retaliation in violation of FCRA (Count III) and Title VII (Count IV); intentional infliction of emotional distress ("IIED") (Count V); negligent infliction of emotional distress ("NIED") (Count VI); violation of the Fair Labor Standards Act (Count VII); and violation of Florida's Private Whistleblowers Act (Count VIII). (Doc. 1-1, ¶¶ 128–204.) Defendant now moves to dismiss several claims and Saunders opposes. (Docs. 15, 31.) The matter is ripe.

## STANDARDS

On a motion to dismiss, a court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must accept the factual allegations as true and construe them "in the light most favorable" to the

plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

## ANALYSIS

First, Defendant argues that because Saunders' EEOC charge only mentioned retaliation, he failed to exhaust his administrative remedies for his race discrimination claims. (Doc. 15, p. 3.) A plaintiff's claim "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). Courts are "extremely reluctant to allow procedural technicalities to bar" discrimination claims, so the scope of EEOC charges are not "strictly interpreted." *Id.* (cleaned up). Here, the ultimate fact Saunders complained of in his EEOC charge was his termination, listing retaliation as the motive.[1] (Doc. 15-1, pp. 6–7.) But he also mentioned that in being fired, he was treated less favorably than Chalk, a white woman, though they were both challenging Chalk's unequal pay via the same avenues. (*Id.* at 7.) So an investigation into the retaliation that led to Saunders's termination "would have reasonably uncovered any evidence of" race discrimination surrounding that termination. *See, e.g.*, *Gregory*, 355 F.3d at 1279–80. As Saunders exhausted his administrative remedies, the Motion is due

---

[1] Defendant attaches Saunders' EEOC charge to the Motion. (Doc. 15-1.) Because Saunders does not dispute the contents of this document and relies on it in his Complaint, the Court considers it for purposes of the Motion. (Doc. 1-1, ¶¶ 12–19; Doc. 31, pp. 4–5); *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

to be denied as to this argument.

Next, Defendant argues that Saunders' race discrimination claims fail because he does not identify a valid comparator. (Doc. 15, p. 18.) "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (cleaned up). The complaint "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case," as that "burden-shifting framework is an evidentiary standard, not a pleading requirement." *Id.* (cleaned up). Here, Saunders pleads enough factual content to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Saunders alleges that he is a Black man and Chalk is a white woman; both were accounting managers who filed ethics complaints through Defendant's hotline, but only Saunders was fired, as Chalk was later taken off leave but Saunders was not given his job back. (Doc. 1-1, ¶¶ 115–27.) Taking these allegations as true, they "provide enough factual matter to suggest intentional discrimination" and sufficiently "provide the defendant with fair notice of the factual grounds on which the complaint rests." *Buchanan v. Delta Air Lines, Inc.*, No. 17–13452, 2018 WL 1719019, at *1 (11th Cir. Apr. 9, 2018); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (cleaned up). So Saunders has sufficiently pled race discrimination.

Finally, Defendant moves to dismiss Saunders' IIED and NIED claims and Saunders does not oppose, so Counts V and VI are due to be dismissed. (*See* Doc. 15, pp. 19–23; Doc. 31, p. 5.)

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (Doc. 15) is **GRANTED IN PART AND DENIED IN PART**:

1. The Motion is **GRANTED** in that Counts V and VI (Doc. 1-1, ¶¶ 161–75) are **DISMISSED WITHOUT PREJUDICE**.

2. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 22, 2023.

ROY B. DALTON JR.
United States District Judge