**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| ) | |
| **FREDERICK SAUNDERS,** ) | |
| **individually,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.: 6:23-cv-0230-RBD-** |
| **vs.** ) | **LHP** |
| ) | |
| **SIGNATURE FLIGHT SUPPORT** ) | |
| **LLC, a Delaware limited company,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>DEFENDANT'S AMENDED ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT [D.E. 1]</u>[1]

Defendant SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by

and through its undersigned counsel, hereby files its Amended Answer and Defenses

to Plaintiff FREDERICK SAUNDERS' ("Plaintiff") First Amended Complaint

[D.E. 1]:

---

[1] Defendant is filing this Amended Answer in compliance with Court's Order dated October 6, 2023. [D.E. 36].

## **PARTIES**[2]

1.     Defendant admits that Plaintiff is above the age of 18. Defendant is without knowledge and therefore denies the remaining allegations and inferences contained in Paragraph 1 of the Amended Complaint.

2.     Defendant admits the allegations in Paragraph 2 of the Amended Complaint.

3.     Defendant denies that it was founded in 1992.  Defendant admits the remaining allegations in Paragraph 3 of the Amended Complaint.

4.     Defendant denies the allegations and inferences contained in Paragraph 4 of the Amended Complaint.

5.     Defendant denies the allegations and inferences contained in Paragraph 5 of the Amended Complaint.

6.     Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

7.     Defendant denies the allegations and inferences contained in Paragraph 7 of the Amended Complaint.

## **JURISDICTION AND VENUE**

8.     Defendant repeats and realleges its responses to Paragraph 1-7 as though fully set forth herein.

---

[2] Defendant uses Plaintiff's headings and subheadings for organizational purposes *only*.

9. Defendant admits that Plaintiff is above the age of 18. Defendant is without knowledge and therefore denies the remaining allegations and inferences contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Amended Complaint for jurisdiction purposes *only*.

## ADMINISTRATIVE REMEDIES ALLEGEDLY EXHAUSTED

11. Defendant repeats and realleges its responses to Paragraph 1-10 as though fully set forth herein.

12. Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant admits that Plaintiff filed his Charge within 365 days of his termination. Defendant denies the remaining allegations and inferences contained in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations and inferences contained in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 16 of the Amended Complaint.

17.     Defendant admits that this lawsuit was filed within four (4) years of Plaintiff's termination. Defendant denies that all of Plaintiff's claims are timely and denies the remaining allegations and inferences contained in Paragraph 17 of the Amended Complaint.

18.     Defendant admits that this lawsuit has been filed in the judicial district and state where Defendant has its principal place of business. Defendant denies the remaining allegations and inferences contained in Paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations and inferences contained in Paragraph 19 of the Amended Complaint.

## FACTUAL ALLEGATIONS

20.     Defendant repeats and realleges its responses to Paragraph 1-19 as though fully set forth herein.

21.     Defendant admits the allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendant admits the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant admits the allegations contained in Paragraph 24 of the Amended Complaint.

**(("Facts" Allegedly Relevant to Plaintiff's Background & Employment)**

25.     Defendant denies that Plaintiff was employed by "Signature" as Plaintiff was employed by Signature Flight Support LLC. Defendant is without knowledge and therefore denies the remaining allegations and inferences contained in Paragraph 25 of the Amended Complaint.

26.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 26 of the Amended Complaint.

27.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 27 of the Amended Complaint.

28.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 28 of the Amended Complaint.

29.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 29 of the Amended Complaint.

30.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 30 of the Amended Complaint.

31.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations and inferences contained in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations and inferences contained in Paragraph 33 of the Amended Complaint.

34.     Defendant admits that Plaintiff held the position of Regional Accounting Manager. Defendant denies the remaining allegations and inferences contained in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations and inferences contained in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations and inferences contained in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations and inferences contained in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations and inferences contained in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations and inferences contained in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations and inferences contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations and inferences contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations and inferences contained in Paragraph 42 of the Amended Complaint.

43.     Defendant admits that approximately 5 Area Accounting Managers reported directly to Plaintiff at the times relevant to this action. Defendant denies the remaining allegations and inferences contained in Paragraph 43 of the Amended Complaint.

## ("Facts" Allegedly Relevant to Plaintiff's Termination of Employment)

44.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 44 of the Amended Complaint. Defendant denies any wrongdoing.

45.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 45 of the Amended Complaint. Defendant denies any wrongdoing.

46.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 46 of the Amended Complaint. Defendant denies any wrongdoing.

47.     Defendant admits that Jan Chalk was an Area Accounting Manager. Defendant denies the remaining allegations and inferences contained in Paragraph 47 of the Amended Complaint.

48.     Defendant denies the allegations and inferences contained in Paragraph 48 of the Amended Complaint.

49.     Defendant denies the allegations and inferences contained in Paragraph 49 of the Amended Complaint.

50.     Defendant denies the allegations and inferences contained in Paragraph 50 of the Amended Complaint.

51.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations and inferences contained in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations and inferences contained in Paragraph 53 of the Amended Complaint.

54.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 54 of the Amended Complaint.

55.     Defendant admits that Plaintiff made reports to Defendant. Defendant denies that Plaintiff reported violations of Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA"), the Fair Labor Standards

Act ("FLSA"), or any other law, rule or regulation, and denies the remaining allegations or inferences contained in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations and inferences contained in Paragraph 56 of the Amended Complaint.

57.     Defendant admits that Plaintiff made reports to Defendant. Defendant denies the remaining allegations and inferences contained in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations and inferences contained in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations and inferences contained in Paragraph 59 of the Amended Complaint.

60.     Defendant admits that Plaintiff made reports to Defendant. Defendant denies the remaining allegations and inferences contained in Paragraph 60 of the Amended Complaint.

61.     Defendant denies the allegations and inferences contained in Paragraph 61 of the Amended Complaint.

62.     Defendant denies the allegations and inferences contained in Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations and inferences contained in Paragraph 63 of the Amended Complaint.

64.     Defendant admits that Plaintiff contacted Ms. Pavel on or about October 5, 2021. Defendant denies the remaining allegations and inferences contained in Paragraph 64 of the Amended Complaint.

65.     Defendant admits that Ms. Pavel investigated Plaintiff's claims. Defendant denies the remaining allegations and inferences contained in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegation and inferences contained in Paragraph 66 of the Amended Complaint.

67.     Defendant admits that Plaintiff contacted Ms. Pavel on or about October 12, 2021. Defendant denies the remaining allegations and inferences contained in Paragraph 67 of the Amended Complaint.

68.     Defendant admits that on or about October 21, 2021, Sherri Miller terminated Plaintiff's employment with Human Resources representative, Dan Cunico. Defendant denies the remaining allegations and inferences contained in Paragraph 68 of the Amended Complaint.

69.     To the extent that the allegations contained in Paragraph 69 of the Amended Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with the document. Defendant denies the

remaining allegations and inferences contained in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations and inferences contained in Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations and inferences contained in Paragraph 71 of the Amended Complaint.

72.     Defendant admits that it terminated Plaintiff's employment on October 21, 2021. Defendant denies the remaining allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations and inferences contained in Paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations and inferences contained in Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations and inferences contained in Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations and inferences contained in Paragraph 76 of the Amended Complaint.

77.     Defendant denies the allegations and inferences contained in Paragraph 77 of the Amended Complaint.

78.    Defendant denies the allegations and inferences contained in Paragraph 78 of the Amended Complaint.

79.    Defendant denies the allegations and inferences contained in Paragraph 79 of the Amended Complaint.

80.    Defendant denies the allegations and inferences contained in Paragraph 80 of the Amended Complaint.

81.    Defendant denies the allegations and inferences contained in Paragraph 81 of the Amended Complaint.

82.    Defendant denies the allegations and inferences contained in Paragraph 82 of the Amended Complaint.

83.    Defendant denies the allegations and inferences contained in Paragraph 83 of the Amended Complaint.

84.    Defendant denies the allegations and inferences contained in Paragraph 84 of the Amended Complaint.

85.    Defendant admits that Plaintiff was terminated on October 21, 2021. Defendant denies that "Signature" employed Plaintiff, and denies the remaining allegations and inferences contained in Paragraph 85 of the Amended Complaint.

86.    To the extent that the allegations contained in Paragraph 86 of the Amended Complaint seek to paraphrase or characterize the contents of a written

document, the document speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with the document. Defendant denies the remaining allegations and inferences contained in Paragraph 86 of the Amended Complaint.

87.     Defendant denies the allegations and inferences contained in Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations and inferences contained in Paragraph 88 of the Amended Complaint.

89.     Defendant denies the allegations and inferences contained in Paragraph 89 of the Amended Complaint.

90.     Defendant denies the allegations and inferences contained in Paragraph 90 of the Amended Complaint.

91.     Defendant denies the allegations and inferences contained in Paragraph 91 of the Amended Complaint.

92.     Defendant denies the allegations and inferences contained in Paragraph 92 of the Amended Complaint.

93.     Defendant denies the allegations and inferences contained in Paragraph 93 of the Amended Complaint.

94.     Defendant denies the allegations and inferences contained in Paragraph 94 of the Amended Complaint.

95.     Defendant denies the allegations and inferences contained in Paragraph 95 of the Amended Complaint.

96.     Defendant denies the allegations and inferences contained in Paragraph 96 of the Amended Complaint.

97.     Defendant is without knowledge and therefore denies the allegations and inferences contained in Paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations and inferences contained in Paragraph 98 of the Amended Complaint.

99.     Defendant denies the allegations and inferences contained in Paragraph 99 of the Amended Complaint.

100.    Defendant admits that it pays its team members fairly. Defendant denies violating any law, rule or regulation and denies the remaining allegations and inferences contained in Paragraph 100 of the Amended Complaint.

101.    Defendant denies the allegations and inferences contained in Paragraph 101 of the Amended Complaint.

102.    Defendant denies the allegations and inferences contained in Paragraph 102 of the Amended Complaint.

103.    Defendant denies the allegations and inferences contained in Paragraph 103 of the Amended Complaint.

104.    Defendant denies the allegations and inferences contained in Paragraph 104 of the Amended Complaint.

105.    Defendant states that the provisions of Title VII and the FCRA speak for themselves. Defendant denies the remaining allegations and inferences contained in Paragraph 105 of the Amended Complaint and denies any violation of law.

106.    Defendant states that the provisions of the Florida Private Whistleblower Act ("FPWA") speak for themselves. Defendant denies the remaining allegations and inferences contained in Paragraph 106 of the Amended Complaint and denies any violation of law.

107.    Defendant states that the provisions of the FLSA speak for themselves. Defendant denies the remaining allegations and inferences contained in Paragraph 107 of the Amended Complaint and denies any violation of law.

108.    Defendant denies the allegations and inferences contained in Paragraph 108 of the Amended Complaint.

109.    Defendant denies the allegations and inferences contained in Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations and inferences contained in Paragraph 110 of the Amended Complaint.

111.     Defendant denies the allegations and inferences contained in Paragraph 111 of the Amended Complaint.

112.     Defendant denies the allegations and inferences contained in Paragraph 112 of the Amended Complaint.

113.     Defendant denies the allegations and inferences contained in Paragraph 113 of the Amended Complaint.

**("Facts" Allegedly Relevant to Disparate Treatment; Alleged Comparator)**

114.     Defendant denies the allegations and inferences contained in Paragraph 114 of the Amended Complaint.

115.     Defendant admits that Jan Chalk worked for Defendant as an Area Accounting Manager while Plaintiff worked for Defendant as a Regional Accounting Manager. Defendant denies the remaining allegations and inferences contained in Paragraph 115 of the Amended Complaint.

116.     Defendant denies the allegations and inferences contained in Paragraph 116 of the Amended Complaint.

117.     Defendant denies the allegations and inferences contained in Paragraph 117 of the Amended Complaint.

118.     Defendant admits that Jan Chalk made reports to Defendant. Defendant denies the remaining allegations and inferences contained in Paragraph 118 of the Amended Complaint.

119.    Defendant denies the allegations and inferences contained in Paragraph 119 of the Amended Complaint.

120.    Defendant denies the allegations and inferences contained in Paragraph 120 of the Amended Complaint as written.

121.    Defendant admits Plaintiff was fired and denies the remaining allegations in Paragraph 121 of the Amended Complaint.

122.    Defendant admits that Jan Chalk was offered a severance. Defendant denies the remaining allegations and inferences contained in Paragraph 122 of the Amended Complaint.

123.    Defendant admits that Plaintiff did not receive severance. Defendant denies the remaining allegations and inferences contained in Paragraph 123 of the Amended Complaint.

124.    Defendant is without knowledge and therefore denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendant is without knowledge and therefore denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendant is without knowledge and therefore denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendant admits the allegations in Paragraph 127 of the Amended Complaint.

## COUNT I
## ALLEGED DISCRIMINATION BASED ON RACE/COLOR IN VIOLATION OF THE FCRA

128. Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

129. Defendant states that the provisions of the FCRA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 129 of the Amended Complaint and denies any violation of law.

130. Defendant states that the provisions of the FCRA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 130 of the Amended Complaint and denies any violation of law.

131. Defendant denies the allegations and inferences contained in Paragraph 131 of the Amended Complaint.

132. Defendant denies the allegations and inferences contained in Paragraph 132 of the Amended Complaint.

133. Defendant denies the allegations and inferences contained in Paragraph 133 of the Amended Complaint.

134. Defendant denies the allegations and inferences contained in Paragraph 134 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 134 of the Amended Complaint.

## COUNT II
## ALLEGED DISCRIMINATION BASED ON RACE/COLOR DISCRIMINATION IN VIOLATION OF TITLE VII

135. Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

136. Defendant states that the provisions of Title VII speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 136 of the Amended Complaint and denies any violation of law.

137. Defendant states that the provisions of Title VII speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 137 of the Amended Complaint and denies any violation of law.

138. Defendant denies the allegations and inferences contained in Paragraph 138 of the Amended Complaint.

139. Defendant denies the allegations and inferences contained in Paragraph 139 of the Amended Complaint.

140. Defendant denies the allegations and inferences contained in Paragraph 140 of the Amended Complaint.

141. Defendant denies the allegations and inferences contained in Paragraph 141 of the Amended Complaint.

142. Defendant denies the allegations and inferences contained in Paragraph 142 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 142 of the Amended Complaint.

**COUNT III**
**ALLEGED RETALIATION/REPRISAL IN VIOLATION OF THE FCRA**

143. Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

144. Defendant states that the provisions of the FCRA speak for themselves. Defendant also denies the inferences contained in Paragraph 144 of the Amended Complaint and denies any violation of law.

145. Defendant states that the provisions of the FCRA speak for themselves. Defendant also denies the inferences contained in Paragraph 145 of the Amended Complaint and denies any violation of law.

146. Defendant states that the provisions of the FCRA speak for themselves. Defendant also denies the inferences contained in Paragraph 146 of the Amended Complaint and denies any violation of law.

147. Defendant denies the allegations and inferences contained in Paragraph 147 of the Amended Complaint.

148. Defendant denies the allegations and inferences contained in Paragraph 148 of the Amended Complaint.

149. Defendant denies the allegations and inferences contained in Paragraph 149 of the Amended Complaint.

150. Defendant denies the allegations and inferences contained in Paragraph 150 of the Amended Complaint.

151. Defendant denies the allegations and inferences contained in Paragraph 151 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 151 of the Amended Complaint.

## COUNT IV
## ALLEGED RETALIATION/REPRISAL IN VIOLATION OF TITLE VII

152. Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

153. Defendant states that the provisions of Title VII speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 153 of the Amended Complaint and denies any violation of law.

154. Defendant states that the provisions of Title VII speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 154 of the Amended Complaint and denies any violation of law.

155. Defendant states that the provisions of Title VII speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 155 of the Amended Complaint and denies any violation of law.

156. Defendant denies the allegations and inferences contained in Paragraph 156 of the Amended Complaint.

157. Defendant denies the allegations and inferences contained in Paragraph 157 of the Amended Complaint.

158. Defendant denies the allegations and inferences contained in Paragraph 158 of the Amended Complaint.

159. Defendant denies the allegations and inferences contained in Paragraph 159 of the Amended Complaint.

160. Defendant denies the allegations and inferences contained in Paragraph 160 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 160 of the Amended Complaint.

**COUNT V**
**ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

161-168.  Defendant has a Motion to Dismiss Count V of the Amended Complaint, which was granted on June 22, 2023. [D.E. 33].

**COUNT VI**
**ALLEGED NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

169-175.  Defendant has a Motion to Dismiss Count VI of the Amended Complaint, which was granted on June 22, 2023. [D.E. 33].

**COUNT VII**
**ALLEGED VIOLATION OF THE FAIR LABOR STANDARDS ACT**

176.  Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

177.  Defendant states that the provisions of the FLSA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 177 of the Amended Complaint and denies any violation of law.

178.  Defendant states that the provisions of the FLSA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 178 of the Amended Complaint and denies any violation of law.

179.   Defendant denies the allegations and inferences contained in Paragraph 179 of the Amended Complaint.

180.  Defendant denies the allegations and inferences contained in Paragraph 180 of the Amended Complaint.

181.   Defendant admits that it does not have a seniority system. Defendant denies the remaining allegations and inferences contained in Paragraph 181 of the Amended Complaint.

182.   Defendant denies the allegations and inferences contained in Paragraph 182 of the Amended Complaint.

183.   Defendant denies the allegations and inferences contained in Paragraph 183 of the Amended Complaint.

184.   Defendant denies the allegations and inferences contained in Paragraph 184 of the Amended Complaint.

185.   Defendant denies the allegations and inferences contained in Paragraph 185 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 185 of the Amended Complaint.

<u>COUNT VIII</u>
<u>ALLEGED VIOLATION OF FLORIDA'S PRIVATE WHISTLEBLOWER ACT</u>

186.   Defendant repeats and realleges its responses to Paragraph 1-127 as though fully set forth herein.

187.　Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 187 of the Amended Complaint and denies any violation of law.

188.　Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 188 of the Amended Complaint and denies any violation of law.

189.　Defendant denies the allegations and inferences contained in Paragraph 189 of the Amended Complaint.

190.　 Defendant denies the allegations and inferences contained in Paragraph 190 of the Amended Complaint.

191.　Defendant denies the allegations and inferences contained in Paragraph 191 of the Amended Complaint.

192.　Defendant denies the allegations and inferences contained in Paragraph 192 of the Amended Complaint.

193.　Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 193 of the Amended Complaint and denies any violation of law.

194.　Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 194 of the Amended Complaint and denies any violation of law.

195. Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 195 of the Amended Complaint and denies any violation of law.

196. Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 196 of the Amended Complaint and denies any violation of law.

197. Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 197 of the Amended Complaint and denies any violation of law.

198. Defendant states that the provisions of the FPWA speak for themselves. Defendant also denies the allegations and inferences contained in Paragraph 198 of the Amended Complaint and denies any violation of law.

199. Defendant denies the allegations and inferences contained in Paragraph 199 of the Amended Complaint.

200. Defendant admits that it terminated Plaintiff on October 21, 2021. Defendant denies the remaining allegations and inferences contained in Paragraph 200 of the Amended Complaint.

201. Defendant denies the allegations and inferences contained in Paragraph 201 of the Amended Complaint.

202. Defendant denies the allegations and inferences contained in Paragraph 202 of the Amended Complaint.

203. Defendant denies the allegations and inferences contained in Paragraph 203 of the Amended Complaint.

204. Defendant denies the allegations and inferences contained in Paragraph 204 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph following Paragraph 204 of the Amended Complaint.

## PLAINTIFF'S JURY DEMAND

Defendant admits that Plaintiff has requested a trial by jury. Defendant denies that Plaintiff will be able to present a triable issue to a jury.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without prejudice to its right to argue that Plaintiff bears the burden of proof regarding one more of these defenses.

## FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief—including monetary, equitable, or injunctive—can be granted.

## SECOND DEFENSE

Plaintiff's Amended Complaint is time-barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy all conditions precedent, including but not limited to, failure to exhaust administrative remedies.

## FOURTH DEFENSE

To the extent Plaintiff's claims in the Amended Complaint differ from his EEOC charge, such claims are barred because Plaintiff failed to exhaust his administrative remedies.

## FIFTH DEFENSE

Plaintiff has not suffered any legally cognizable damage.

## SIXTH DEFENSE

Plaintiff's Amended Complaint, and each and every claim therein, is precluded because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant has been unduly prejudiced by Plaintiff's failure to diligently pursue his claims against Defendant, and that the doctrine of laches applies.

## EIGHTH DEFENSE

Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's damage claims must be reduced.

## NINTH DEFENSE

Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

## TENTH DEFENSE

Defendant's conduct and actions were at all times undertaken in good faith, and without malice, reckless disregard or ill-will toward the Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in his Amended Complaint and any damages which he has allegedly suffered.

## THIRTEENTH DEFENSE

Defendant's decisions made as to Plaintiff's employment were without consideration as to any protected category or activity, but if it is determined that any protected category or activity was a motivating factor in any decision, then Defendant asserts that it would have reached the same result, regardless of any protected category in which the Plaintiff may lie, based upon the facts and circumstances of the case.

## FOURTEENTH DEFENSE

Plaintiff's claims exceed the amounts permissible under federal law and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## FIFTEENTH DEFENSE

All actions with respect to Plaintiff were based on, and because of, completely legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTEENTH DEFENSE

To the extent that Plaintiff otherwise failed to avail himself of Defendant's policies against discrimination and/or retaliation, his claims are barred.

## SEVENTEENTH DEFENSE

Plaintiff's claim under the FPWA fails on the grounds that Defendant did not violate any law, rule or regulation, nor did Defendant request Plaintiff to violate same.

## EIGHTEENTH DEFENSE

Plaintiff's claim under the FPWA fails because Defendant did not authorize, participate in, or otherwise ratify or adopt any of the alleged conduct that Plaintiff claims was unlawful.

## NINETEENTH DEFENSE

Plaintiff's claims of retaliation fail because even if Defendant did take adverse employment action against Plaintiff due to a protected activity, which it does not concede, such protected activity was not the but-for cause for the adverse employment action.

## TWENTIETH DEFENSE

Plaintiff's claim under the FPWA fails because Plaintiff did not engage in any protected activity under the FPWA.

## TWENTY-FIRST DEFENSE

Plaintiff's claims fail because Defendant's actions were not the proximate cause of any of Plaintiff's alleged damages, if any.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff complained to Defendant about any alleged unlawful treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints.

## TWENTY-THIRD DEFENSE

Plaintiff's claims of alleged discrimination fail because he has failed to set forth proper comparators and cannot show that he was treated less favorably than similar situated comparators.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff claims a third-party was harmed or discriminated against as a basis for his claim, he lacks standing to bring or recover on such claims.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff has recovered compensation or received payments from another source related to the damages Plaintiff claims from

Defendant, Defendant is entitled to a set-off in the amounts owed if a judgment is entered against Defendant.

## TWENTY-SIXTH DEFENSE

The damages alleged in the Amended Complaint were solely or partially caused by the actions of other parties or entities, or Plaintiff such that recovery is limited against this Defendant. Defendant reserves the right to identify potentially negligent parties or entities as they may be revealed during discovery.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiff alleges that an employee of Defendant acted in a retaliatory or discriminatory manner, such conduct, without admitting it occurred, was outside the course and scope of the employee's employment and/or was not condoned or ratified by Defendant and/or was undertaken without knowledge or consent of Defendant, and accordingly, Defendant is not liable.

## TWENTY-EIGHTH DEFENSE

Any pay differential was not due to a protected category, but rather a merit system, a system which measures earnings by quantity or quality of production, or any other factor unrelated to a protected category.

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative defenses or counterclaims which may become known during this case and discovery.

WHEREFORE, Defendant respectfully requests that this Honorable Court: (i) dismiss with prejudice Plaintiff's Amended Complaint; (ii) award Defendant its attorneys' fees and costs; and (iii) award Defendant any such other relief as this Court deems just and proper.

DATED this 17th day of October, 2023.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By:    */s/ Lin J. Wagner*
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of October, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.

*/s/ Lin J. Wagner*
Lin J. Wagner

4883-7746-5478, v. 1