## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| **FREDERICK SAUNDERS, individually,** ) ) ) ) | |
| **Plaintiff,** ) | **CASE NO.: 6:23-cv-0230-RBD-LHP** |
| **vs.** ) ) | |
| **SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company.** ) ) ) | |
| **Defendant.** ) ) | |

## DEFENDANT'S *UNOPPOSED* MOTION TO EXTEND DEFENDANT'S EXPERT WITNESS DISCLOSURE AND REPORTS DEADLINE, REBUTTAL EXPERT DISCLOSURE AND REPORTS DEADLINE, AND EXPERT DISCOVERY DEADLINE AND INCORPORATED MEMORANDUM OF LAW

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through the undersigned counsel and pursuant to the Court's Case Management and Scheduling Order dated March 20, 2023 ("Scheduling Order") [D.E. 17], Fed. R. Civ. P. 6, and Local Rule 3.01, hereby requests that the Court extend Defendant's Expert Witness Disclosure and Reports deadline, the Rebuttal Expert Disclosures and Reports deadline and the Discovery Deadline solely with respect to Expert Discovery, and in support, states as follows:

1.      Pursuant to the Scheduling Order [D.E. 17], this Court established the following deadlines relevant to this Motion:

**Defendant's Expert Witness Disclosures and Reports: January 4, 2024**
**Rebuttal Expert Disclosures and Reports: January 18, 2024**
**Completion of Discovery: February 2, 2024**

2.      Since the Court entered this Scheduling Order, Defendant has diligently engaged in discovery.

3.      Plaintiff seeks significant damages for emotional distress as part of his claims against Defendant in this case. Defendant sought written discovery regarding these alleged damages. Since receiving Plaintiff's written discovery responses, counsel for Defendant has conferred on multiple occasions with counsel for Plaintiff about the supplementation of Plaintiff's discovery responses—including the answer to a key interrogatory regarding the damages as to what percentage of the damages is allocated specifically to emotional distress damages—and Plaintiff has agreed to supplement his responses and is in the process of doing so.  The Parties have also agreed to keep Plaintiff's deposition open as to new documents disclosed during the first day of Plaintiff's deposition, which Plaintiff is in the process of supplementing, and as to damages.

4.      As the Parties are resolving discovery issues as to the issue of damages, Defendant has been in the process of obtaining an expert, but due to the prior commitments, schedules and availability of attorneys and witnesses caused by the

disruption of the holidays, will need additional time to allow its expert to review records, prepare a report and conduct any additional analysis the expert deems appropriate. In addition, Defendant has identified through obtaining records via subpoena from the Department of Veteran Affairs, the name of medical providers who allegedly treated Plaintiff. Defendant is diligently trying to locate and schedule these medical providers for deposition, which is also essential to Defendant's expert witness report. This discovery is significant in the potential impact that it will have on this case, and the damages that Plaintiff seeks from Defendant as they appear to be significant.

     5.    While the Parties believe that they will be able to resolve discovery issues and complete discovery by the current deadline of February 2, 2024, given the circumstances, the Parties do not believe that the same is true for expert discovery. For these reasons, Defendant respectfully requests that this Court extend these deadlines by approximately 6-8 weeks to:

**Defendant's Expert Witness Disclosures and Reports: February 15, 2024**
**Rebuttal Expert Disclosures and Reports: February 29, 2024**
**Completion of Expert Discovery: March 29, 2024**

     6.    Defendant respectfully asserts that good cause has been shown for the extension of these deadlines.

7. This enlargement of time is being requested in good faith and not for the purpose of undue delay. No party will be prejudiced by the granting of this motion.

8. The non-expert discovery deadline (February 2, 2024), summary judgment deadline (March 6, 2024) and current trial date (August 5, 2024) **will not** be impacted by the extension of the above deadlines, and the Parties agree that evidence obtained during the extended expert discovery period will be unavailable for summary judgment purposes, and the extension will not be used to support another motion for summary judgment, to continue or extension of the motion for summary judgment deadline. [D.E. 17].

## **MEMORADUM OF LAW**

When an act may or must be done within a specified time, the court may, for good cause, extend the time, with or without motion or notice, if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b).

The Motion is brought before the expiration of time for Defendant to disclosure expert witnesses and reports. The Motion is also brought before expiration of time for the disclosure of rebuttal expert witnesses and reports and the expert discovery deadline. Defendant respectfully suggests that good cause has been shown for the requested enlargements. Namely, the enlargement will allow the Defendant to (1) resolve discovery issues with Plaintiff necessary for expert disclosures; (2)

retain an expert witness with sufficient availability to review the current and new information received from Plaintiff; (3) provide enough time for the expert to review key records, draft a report and conduct any additional analysis needed; (4) locate, schedule and depose Plaintiff's treating medical providers, and (5) conduct depositions of Defendant's expert and any rebuttal expert, if one is disclosed.

WHEREFORE, Defendant respectfully requests that this Court enter an Order (i) granting this motion, (ii) extending the deadline for Defendant to disclose expert witnesses and reports to and including February 15, 2024, (iii) extending the deadline for the disclosure of rebuttal expert witnesses and reports to and including February 29, 2024, (iii) extending the discovery deadline as to expert discovery only to March 29, 2024, and (iv) ordering such further relief as the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendant has conferred with counsel for Plaintiff regarding this Motion. Plaintiff has no objection to the relief requested herein.

DATED this 21st day of December, 2023.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:   (407) 246-8441

By:   */s/ Lin J. Wagner*
      Amanda A. Simpson
      Florida Bar No. 0072817
      amanda.simpson@jacksonlewis.com

      Lin J. Wagner
      Florida Bar No. 0093138
      lin.wagner@jacksonlewis.com

      *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of December, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.

      */s/ Lin J. Wagner*
      Lin J. Wagner

4891-4235-1766, v. 2