# *EXHIBIT A*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| FREDERICK SAUNDERS, individually, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: 6:23-cv-0230-RBD-LHP |
| SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company, | ) ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 34, requests that Plaintiff, FREDERICK SAUNDERS, answer the following Requests for Production within thirty (30) days of service of this request.

## INSTRUCTIONS

1.    In responding to these Requests, produce all documents and things that are in your custody, possession, or control, including documents and things in the custody, possession, or control of your attorneys, investigators for your attorneys, independent accountants, agents, or any person acting on behalf of or

in concert with you or with any of these individuals, and not merely documents and things from your own personal files.

2.      The documents produced in response to this request shall include all attachments and enclosures.

3.      Each request to produce a document or documents should be considered as including a request for separate production of all non-identical copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

4.      Each request shall be responded to by number, and if no documents are produced for a particular request, a specific reason for failure to produce shall be stated.

5.      If any document or thing that is responsive to a request is incomplete or has been altered, state in what respect the document or thing is incomplete or altered and explain the reasons therefor.

6.      If you cannot respond to any of the following Requests in full, respond as completely as possible, specifying the nature (if known) and reasons why you are unable to respond in full, and provide whatever information you

have concerning the unprovided things, documents, or portions of documents, including the source or sources from which the things, documents, or portions of documents can be obtained and that portion of the documentation that can be produced.

7.     If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

8.     If the documents requested in this Request are unavailable because they have been destroyed or lost, identify which documents were destroyed or lost by date, author, addressee and subject matter; if the documents were destroyed, state when, why, how and by whom they were destroyed; and state further the identity of the person(s) ordering, authorizing, and supervising such disposition, the reason for the disposition and the person(s) performing such disposition, and the identity of all persons having knowledge of such document or thing, or the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing if lost state when they were determined to be lost, when and in whose

possession they were last known to exist and any known circumstances concerning their disappearance or loss.

9.     Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

10.     If any document or portion thereof is or will be withheld because of a claim of privilege or work product:

    1.  The place, date and manner of recording or otherwise preparing the document;

    2.  The name and title of the sender;

    3.  The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    4.  The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

    5.  Type of document;

    6.  Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

7. Factual and legal basis for claimed privilege or specific statutory or regulatory authority which provides the claimed ground for nonproduction.

11.     The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive as necessary, to make the request inclusive rather than exclusive; the words "each," "any, and "all" are both singular and plural; the word "all" means "any and all," and the word "any" means "any and all," the word "including" means "including without limitation," the words "he" or "she" or any other masculine or feminine pronoun includes any individual regardless of sex.  The use of any tense of any verb shall be considered to include also in its meaning all other tenses of the verb so used.

12.     Please note that these are continuing document requests and that you are under a continuing duty to seasonably supplement the production with documents obtained subsequent to the preparation and service of a response to each request. If additional information and/or documents are received prior to the date of trial, supplemental answers should be provided setting forth such additional information or producing such documents as promptly and as long before the trial date as possible.

# DEFINITIONS

1.      The terms **"Complaint"** and/or **"Action"** refer to the action Plaintiff filed that is presently pending in the in the United States District Court of the Middle District of Florida, 6:23-CV-0230 including the original complaint and all amended complaints.

2.      The terms **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns, sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or

summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.

3.    **"Copy"** when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

4.    **"Communication"** and **"communicate"** shall mean any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, letters, notes, and any conversation or discussion, whether face-to-face or by means of any telephone, telecopies, electronic or other on-line media, including text messages, emails, instant messages, and postings and messages on Internet social media such as *Facebook, Twitter, Instagram, TikTok and Linkedin*.

5.    **"Relate to"** or **"relating to"** shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

6.    **"Person"** or **"persons"** shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

7.     **"You," or "your,"** shall mean Plaintiff, Frederick Saunders and all agents, attorneys, or investigators and other persons acting or purporting to act, on the behalf of Plaintiff Frederick Saunders.

8.     **"Plaintiff"** shall mean Plaintiff, Frederick Saunders and all agents, attorneys, or investigators and other persons acting or purporting to act, on the behalf of Plaintiff Frederick Saunders.

9.     "**Signature**" shall mean Defendant, Signature Flight Support LLC and all employees, agents, attorneys, or investigators, and other representatives of Defendant in their capacity as such.

10.    **"Date"** shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

11.    **"Identify**" when used in reference to:

a.     an individual, shall mean to state his or her full name and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

b.     a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between you and the entity.

c.　a document shall mean to identify the author of the document, the date the document was prepared, the person(s) to whom the document was issued, distributed or otherwise communicated or provided, and the present location and custodian of the document.

12.　Defendant also incorporates by reference the Definitions set forth in its First Set of Interrogatories Propounded to Plaintiff.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any documents which refer or relate to, or evidence, any communication between Plaintiff and Defendant, or any agent/contractor of Defendant, concerning the subject matter of this case.

   **RESPONSE:**

2. Any documents which refer or relate to, or evidence, any communications between Plaintiff and any third parties concerning Defendant or the subject matter of this case, including without limitation, any attempts by Plaintiff to contact employees of Defendant after Plaintiff's employment termination.

   **RESPONSE:**

3. Any recordings, whether audio or video, of Defendant, any employee or agent/contractor of Defendant, concerning the subject matter of this case.

   **RESPONSE:**

4. Any documents which refer or relate to, or evidence, any agreements between Plaintiff and Defendant.

   **RESPONSE:**

5. Any documents which refer or relate to, or evidence, any agreements between Plaintiff and any third parties concerning Defendant or the subject matter of this case.

   **RESPONSE:**

6. Any documents which refer or relate to, or evidence, Plaintiff's employment with Defendant including, but not limited to, personnel records, newspaper or online articles or postings, notes and/or diary entries regarding Plaintiff's application for employment with Defendant.

   **RESPONSE:**

7. Any documents which refer or relate to, or evidence any discussions Plaintiff had with officials of Defendant, regarding any matter relating to the claims in this case, including emails and other electronically stored information.

   **RESPONSE**:

8. Any documents which refer or relate to, or evidence, Plaintiff's rejection, resignation, retirement, layoff or termination from any employer or potential employer after Plaintiff's cessation from employment with Defendant on October 21, 2021.

   **RESPONSE:**

9. Any documents, including but not limited to Plaintiff's income tax returns, W-2 forms and payroll check stubs, which refer or relate to, or evidence, the amount or source of income received or accruing for the previous five (5) years.

   **RESPONSE:**

10. Any documents which may be described or characterized as an affidavit, declaration, report, or statement of any person on matters pertaining to this case.

    **RESPONSE:**

11. Any documents which refer or relate to, or evidence, any of the allegations of the Complaint, including, but not limited to those documents Plaintiff intends to introduce into evidence or use in any manner during the course of this case, including trial.

    **RESPONSE:**

12. Any documents which refer or relate to, or evidence, the damages, other monetary relief or any affirmative relief which Plaintiff is seeking in this case.

    **RESPONSE:**

13. Any documents which Plaintiff reviewed or relied upon in developing responses to Defendant's First Set of Interrogatories.

    **RESPONSE:**

14. Any documents identified by Plaintiff in response to Defendant's First Set of Interrogatories.

    **RESPONSE:**

15. Any documents which refer or relate to, or evidence any medical treatment which Plaintiff has incurred as a result of the incidents in this case including, but not limited to doctors' bills, hospital bills, laboratory fees, post-care treatment, psychiatric treatment or nursing care.

    **RESPONSE:**

16. To the extent you were treated for any alleged emotional harm as a result of the allegations in the Complaint, please provide all medical records from any other doctor, medical provider, mental health counselor, psychiatrist or psychologist who treated you for the same or similar condition or symptom at any previous time.

    **RESPONSE:**

17. All documents that relate to, refer to, or evidence all efforts made by Plaintiff to seek employment during or after your employment with Defendant, to the present, including, but not limited to, job postings to which Plaintiff responded, all resumes or applications for employment submitted by Plaintiff to all prospective employers, all responses received by Plaintiff from prospective employers, and all communications Plaintiff had with prospective employers.

    **RESPONSE:**

18. Any documents which refer to or concern any employment or self-employment of Plaintiff since the cessation of Plaintiff's employment with Defendant.

    **RESPONSE:**

19. Any documents which relate or refer to any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, health insurance coverage, disability benefits, and/or government (federal, state, or local) benefits assistance, and the disposition of such claims, during or after your employment with Defendant.

    **RESPONSE:**

20. Any documents, written complaints, correspondence or notes concerning any claims you have or had against other employers alleging discrimination or retaliation either 5 years prior to your employment with Defendant, concurrent with, or after your employment with Defendant.

    **RESPONSE:**

21. All charges, complaints, correspondence or other documents filed by you or on your behalf, with any court or governmental entity (state, federal local, or foreign) alleging discrimination or retaliation during your employment with any employer during the five (5) years preceding your employment with Defendant to present.

**RESPONSE:**

22. All documents relating directly or indirectly to any other lawsuit, cause of action, bankruptcy, divorce, and/or administrative proceeding in which you have participated, as either a party or witness, including but not limited to, all correspondence, pleadings, motions, discovery, and request for production witness statements, affidavits and deposition transcripts.

   **RESPONSE:**

23. Any documents which refer to or concern any income Plaintiff received from any source since the cessation of Plaintiff's employment with Defendant, including, but not limited to, pay stubs from other employers, canceled social security checks, invoices and payments relating to self-employment, and government benefits or assistance.

   **RESPONSE:**

24. Any documents that refer or relate to, evidence or establish Plaintiff's allegations that he was retaliated against for engaging in protected activity under the FCRA, as alleged in Count III and Count IV of the Complaint.

   **RESPONSE:**

25. Any documents that refer or relate to, evidence or establish Plaintiff's allegations that Defendant violated the Fair Labor Standards Act, as alleged in Count VII of the Complaint.

   **RESPONSE:**

26. Any documents that refer or relate to, evidence or establish Plaintiff's allegations that Jan Chalk was discriminated against, as alleged in the Complaint.

   **RESPONSE:**

27. All documents in Plaintiff's control or possession that Plaintiff received from any of Defendant's employees following the termination of his employment.

   **RESPONSE:**

28. All notes, dissertations or timelines you prepared outlining, summarizing or detailing the events in the Complaint or during your employment.

   **RESPONSE**:

29. All documents which constitute, embody, discuss, mention, or relate in any way to complaints (formal or informal) sent by you to Defendant's representatives or employees from the time of your employment with Defendant to the present related to this case.

   **RESPONSE:**

30. Plaintiff's current résumé and/or curriculum vitae.

   **RESPONSE:**

31. Any documents that establish Plaintiff's educational background, including any degrees or certificates obtained or received.

   **RESPONSE:**

32. Any documents Plaintiff, or any representative of Plaintiff, sent to, or received from, any federal, state, or local administrative agency relating to Plaintiff's employment and/or cessation of employment with Defendant.

   **RESPONSE:**

33. Any documents Plaintiff intends to introduce as exhibits or part of an exhibit at the trial of this case.

   **RESPONSE:**

34. Any online profiles, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, and online communications from October 21, 2021, through the date of this response that: (a) concern or relate to the allegations set forth in Plaintiff's Complaint; or (b) concern or relate to Plaintiff's claim that he suffered damages as a result of the incidents in this case.

   **RESPONSE:**

35. A fully executed HIPAA release attached hereto as Composite Exhibit "A."

   **RESPONSE:**

36. To the extent not otherwise produced in response to the preceding Requests, any documents which identify any person who participated in, was a witness to, has knowledge or information about, or who Plaintiff believes has or is likely to have knowledge or information about any alleged wrongful conduct by Defendant's current or prior employees, or any harm, injury, or damages which Plaintiff claims to have suffered.

   **RESPONSE:**

   DATED this 5th day of June, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441


By: */s/ Lin J. Wagner*
      Amanda A. Simpson
      Florida Bar No. 0072817
      amanda.simpson@jacksonlewis.com

      Lin J. Wagner
      Florida Bar No. 0093138
      lin.wagner@jacksonlewis.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2023, the foregoing was furnished by mail to: Michael G. Mann, Esquire, The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.


      */s/ Lin J. Wagner*
      Lin J. Wagner


4866-7224-2777, v. 5

# *EXHIBIT A*

**HIPAA AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION**

I, **Frederick Saunders** ("Patient"), hereby authorize the use or disclosure of information related to my health care and medical treatment as described and for the purpose set forth in this authorization. My date of birth is _____ and my Social Security Number is _____.

1.  **Name(s) of person(s)/organization(s) (or class(es) of persons) authorized to provide the health information:**

     Any and all healthcare providers who have provided medical treatment or health care to Patient identified above within the last ten (10) years.

2.  **Purpose of the request:**

     I authorize the disclosure of the information described in this authorization solely for the purpose of litigation in the case captioned _Frederick Saunders v. Signature Flight Support LLC_, Case No. 6:23-cv-0230-RBD-LHP, U.S. District Court, Middle District of Florida.

3.  **Name person(s)/organization(s) (or class(es) of persons) authorized to receive, use and disclose the information:**

     Attorneys, paralegals and staff of
     Jackson Lewis P.C.
     390 North Orange Avenue; Suite 1285
     Orlando, Florida 32801

     Employees of Signature Flight Support LLC and/or its affiliates who are involved in the preparation and defense of this case.

     Experts or other witnesses identified, consulted or retained by Jackson Lewis P.C. who are involved in the preparation and defense of this case.

     Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others.

4.  **Description of the information authorized to be disclosed:**

     Any and all records or data of any kind in any medium (including electronic and hard copy information) regarding health care and medical testing and treatment provided to me, including but not limited to:

     - Entire patient record
     - Test Reports
     - Diagnosis/Treatment
     - Visit Notes
     - Photographs/Videos/Text
     - Physical Therapy
     - Operative Reports
     - Laboratory Reports
     - Consult Reports
     - Discharge Summaries
     - Treatment History

**The following paragraphs describe your rights with respect to this Authorization:**

1. I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein: Jackson Lewis, P.C., 390 North Orange Avenue, Suite 1285, Orlando, Florida 32801.

2. I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified. I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3. I understand that after this information is disclosed, federal and state law might not protect it and the recipient might redisclose it. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4. I understand that I am entitled to receive a copy of this authorization and that a photocopy of this form shall have the same legal weight as an original.

5. I understand that this authorization is voluntary.

6. I understand that unless I revoke this authorization sooner, as provided above, this authorization will terminate at the final conclusion of the above-referenced litigation.

Signature of Patient:

_____

Date:

_____

# <u>HIPAA AUTHORIZATION FOR PSYCHOTHERAPY NOTES & RECORDS</u>

I, **Frederick Saunders** ("Patient"), hereby authorize the use or disclosure of my psychotherapy records as described and for the purpose set forth in this authorization. My date of birth is _____, and my Social Security Number is _____.

1. <u>**Name(s) of person(s)/organization(s) (or class(es) of person(s)) authorized to provide the health information:**</u>

   Any and all health care providers who have provided psychotherapy treatment or health care to Patient during the last ten (10) years.

2. <u>**Purpose of the request:**</u>

   I authorize the disclosure of the information described in this authorization solely for the purpose of litigation in the case captioned *<u>Frederick Saunders v. Signature Flight Support LLC</u>*<u>, Case No. 6:23-cv-0230-RBD-LHP, U.S. District Court, Middle District of Florida</u>.

3. <u>**Name person(s)/organization(s) (or class(es) of person(s)) authorized to receive, use and disclose the information:**</u>

   **Attorneys, paralegals and staff of**
   **Jackson Lewis P.C.**
   390 North Orange Avenue, Suite 1285
   Orlando, Florida 32801

   Employees of Signature Flight Support LLC and/or its affiliates who are involved in the preparation and defense of this case.

   Experts or other witnesses identified, consulted or retained by Jackson Lewis P.C. who are involved in the preparation and defense of this case.

   Other persons, organizations and/or entities directly connected with this litigation including but not limited to the court, court reporter(s), copy services and others.

4. <u>**Description of information authorized to be disclosed:**</u>

   Any and all records or data of any kind (including electronic and hard copy information) relating to psychotherapy counseling and treatment provided to me, including but are not limited to:

   - Psychotherapy Notes
   - Entire patient record
   - Operative Reports
   - Laboratory Reports
   - Consults Reports

   - Diagnosis/Treatment
   - Visit notes
   - Discharge Summaries
   - Treatment History
   - Test Reports

   - Photographs/Videos/Text
   - File Jacket Notes
   - Prescription Lists

*NOTE: If this authorization relates to a use or disclosure of psychotherapy notes, it may not be combined with an authorization to disclose other health information.*

**The following paragraphs describe your rights with respect to this Authorization:**

1.  I understand that I have the right to revoke this authorization at any time by notifying in writing the person/organization authorized herein at Jackson Lewis, P.C., 390 North Orange Avenue, Suite 1285, Orlando, Florida, 32801.

2.  I understand that the revocation is only effective after it is received, logged by such person/organization and where applicable the providers referred to in paragraph 1 above have been notified. I understand that any use or disclosure made prior to the covered entity's receipt of the revocation will not be affected by the revocation nor will the revocation apply to disclosures made in reliance on this authorization.

3.  I understand that after this information if disclosed, federal and state law might not protect it and the recipient might re-disclose it. I understand that I may refuse to sign this authorization and that my refusal to sign will not affect my ability to obtain treatment or payment or my eligibility for benefits.

4.  I understand that I am entitled to receive a copy of this authorization and that a photocopy of this form shall have the same the legal weight as an original.

5.  I understand that this authorization is voluntary.

6.  I understand that unless I revoke this authorization sooner, as provided above, this authorization will terminate at the final conclusion of the above-referenced litigation.

Signature of Plaintiff/Patient: _____

Date:   _____

*or*
*Personal Representative's Section:*

I, _____, hereby certify that I am the personal representative of _____ and warrant that I have the authority to sign this form on the basis of:
_____
_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    *Plaintiff*,

v.                               CASE NO.: 5:23-cv-0230-RBD-LHP

SIGNATURE FLIGHT SUPPORT
LLC,

    *Defendant*.

_____/

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 34, and hereby submits Plaintiff's Responses (the "Responses") to Defendant's First Set of Requests for Production of Documents to Plaintiff (the "Responses").

## GENERAL OBJECTIONS

The following General Objections apply to Defendant's Requests and are incorporated by reference into the Responses contained herein. The assertion of the same, similar, or additional objections, or the provision of partial answers in response to Defendants' particular Requests, does not waive any of Plaintiff's General Objections as set forth below.

1.    The following Responses are based on information currently available to Plaintiff. These Responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information and documents.

2.      Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these Responses.

3.      Nothing in these Responses is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege or protection. Any information withheld based on such privilege or protection will be identified on a Privilege Log as required by the Federal Rules of Civil Procedure, and in accordance with applicable court orders and/or agreements regarding discovery disclosures.

4.      Plaintiff reserves the right to condition the production of documents containing confidential or proprietary information or trade secrets on the Court's issuance of a confidentiality or protective order governing disclosures of any such information.

5.      The production of any documents or information by Plaintiff is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

6.      Plaintiff objects to the Requests in general to the extent that they require Plaintiff to produce documents or information covered by confidentiality agreements with others, or that would require Plaintiff to violate the privacy interest of others.

7.      To the extent that Instructions Nos. 7 and 8 seeks to impose an obligation on Plaintiff to produce documents for or on behalf of any person other than Plaintiff, then Plaintiff objects to these Instructions. Furthermore, Plaintiff objects to these instructions to

the extent that they place an unspecified and unlimited burden on Plaintiff to produce documents or other things that were not identified by any Request, on the ground that it seeks to impose upon Plaintiff that is not otherwise identified in the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, by the Court's orders, or by written agreement.

8.    Plaintiff objects to Instruction No. 9 on the grounds that it is overbroad and seeks to incorporate privileged and protected documents into every Request by defining "information relating in any way to communications" to include "all communications by and between representatives, employees, agents, brokers and/or servants of" the Plaintiff's attorneys and the servants of Plaintiff's attorneys. Instruction No. 9, in effect, makes every Request that relates or refers to "communications" an improper Request.

9.    To the extent that Instruction No. 9 is not identical to the Rules of Civil Procedure governing privilege logs, Plaintiff objects thereto.

## PLAINTIFF'S RESPONSES REQUESTS FOR PRODUCTION

1.     Any documents which refer or relate to, or evidence, any communication between Plaintiff and Defendant, or any agent/contractor of Defendant, concerning the subject matter of this case.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

**Contemporaneously Produced Documents Responsive to this Interrogatory: *See* BATES# FS-000001 through FS-000111.**

2.     Any documents which refer or relate to, or evidence, any communications between Plaintiff and any third parties concerning Defendant or the subject matter of this case, including without limitation, any attempts by Plaintiff to contact employees of Defendant after Plaintiff's employment termination.

**OBJECTION: Plaintiff objects to this Request on the grounds that it seeks communications or other documents that are protected by the attorney-client privilege and the work product doctrine. Plaintiff is withholding such privileged/protected [documents as identified in Plaintiff's Privilege Log relating to attorney-client communications and materials created in anticipation of this lawsuit. Plaintiff will produce non-privileged and non-protected documents concerning documents "which refer or relate to, or evidence, any communications between Plaintiff and any third parties," except for Plaintiff's attorney or other experts or consultants "concerning Defendant or the subject matter of this case." from the Relevant Period. Plaintiff also objects to this Request on the grounds that it seeks the disclosure of information about expert testimony or communications. Plaintiff will produce documents and information about their experts, if any, as required by the Federal Rules of Civil Procedure.**

**LIMITED RESPONSE: Notwithstanding and without waiving the above-stated objections, Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are**

discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **Response to Request No. 1.**

3. Any recordings, whether audio or video, of Defendant, any employee or

agent/contractor of Defendant, concerning the subject matter of this case.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **Files Named "RFP #3 - 2021-07-08 - Video1.mov" and RFP #3 - 2021-07-08 – Video3.mov."**

4. Any documents which refer or relate to, or evidence, any agreements between

Plaintiff and Defendant.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. However, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000112 through FS-000115.**

5. Any documents which refer or relate to, or evidence, any agreements between

Plaintiff and any third parties concerning Defendant or the subject matter of this case.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request, other than the**

attorney-client representation agreement between Plaintiff and Plaintiff's counsel, which is being withheld under attorney-client privilege and will be identified in Plaintiff's Privilege Log. However, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

6.    Any documents which refer or relate to, or evidence, Plaintiff's employment with Defendant including, but not limited to, personnel records, newspaper or online articles or postings, notes and/or diary entries regarding Plaintiff's application for employment with Defendant.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. However, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

7.    Any documents which refer or relate to, or evidence any discussions Plaintiff had with officials of Defendant, regarding any matter relating to the claims in this case, including emails and other electronically stored information.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. However, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

**Contemporaneously Produced Documents Responsive to this Interrogatory: *See* Response to Request No. 1.**

8.    Any documents which refer or relate to, or evidence, Plaintiff's rejection, resignation, retirement, layoff or termination from any employer or potential employer after Plaintiff's cessation from employment with Defendant on October 21, 2021.

**OBJECTION**: Plaintiff objects to this Request on the ground that it is vague and unclear, and thereby creates an overly burdensome discovery request, as to the scope of the Request for documents relating to any "layoff or termination" after Plaintiff was terminated by Defendant, on October 21, 2021. Plaintiff has not been laid off or terminated since October 21, 2021, but the Request appears to seek more than termination/layoff-related documents where it states, "refer to or relate to, or evidence […] rejection, resignation, retirement, layoff or termination." Plaintiff limits the unclear terms in this Request to those which would not constitute a job that has merely run its course or come to a term, or those kinds of jobs that are specific to certain projects that, once completed, so too is the job; and, based on this limitation, Plaintiff provides a Limited Response below.

**LIMITED RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. Since October 21, 2021, Plaintiff has not been rejected by any of his employers; he has not resigned from any employment; he has not retired; and, he has not been laid off or terminated. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

9.     Any documents, including but not limited to Plaintiff's income tax returns, W-2 forms and payroll check stubs, which refer or relate to, or evidence, the amount or source of income received or accruing for the previous five (5) years.

**OBJECTION**: Plaintiff objects to this Request on as to the part where it seeks payroll check stubs for the previous five (5) years. This Request is overly burdensome and seeks documents that Plaintiff neither presently has within his possession nor obtain without being overly burdened and requiring unreasonable effort or expense. Furthermore, Plaintiff objects to this Request on the ground that it seeks to impose an obligation on Plaintiff to provide documents for or on behalf of any person or entity other than Plaintiff. The payroll stubs request in this Request are equally available to the propounding party, Defendant, in terms of any payroll stubs that may have been issued after the Relevant Period; and, in terms of payroll stubs issued by Defendant during Plaintiff's employment, if any exist, they are already available to the Defendant. Plaintiff limits the below response as stated above.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. Specifically, Plaintiff neither has any payroll stubs from Defendant, nor does he have access to

them. On the other hand, Plaintiff will produce income tax returns for the following time period: FY-2018 to FY-2021. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000116 through FS-000127.**

10. Any documents which may be described or characterized as an affidavit, declaration, report, or statement of any person on matters pertaining to this case.

**OBJECTION**: Plaintiff objects to this Request on the ground that it is vague, ambiguous, and overbroad, because it fails to define the terms "affidavit, declaration, report, or statement." In providing the below Limited Response to this Request, Plaintiff limits the meaning of these vague, ambiguous, and overbroad terms to mean documents that are authored and/or signed by a particular person attesting to the contents therein as being true, credible, or otherwise acknowledging the contents in the document by some kind of authority and certification.

**LIMITED RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. However, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

11. Any documents which refer or relate to, or evidence, any of the allegations of the Complaint, including, but not limited to those documents Plaintiff intends to introduce into evidence or use in any manner during the course of this case, including trial.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is vague and unclear because it fails to specify the things that "relate in any way to complaints […] sent by" Plaintiff, and thereby blurs the lines between attorney-client privileged documents and documents protected under the work product doctrine. Plaintiff has limited its search for responsive documents to those which were not created in anticipation and preparation for the instant lawsuit, and Plaintiff will produce all responsive documents from the Relevant Period on that basis. Plaintiff has withheld from production documents that are identified in Plaintiff's Privilege Log, based on the stated objections.

**LIMITED RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

12.     Any documents which refer or relate to, or evidence, the damages, other

monetary relief or any affirmative relief which Plaintiff is seeking in this case.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000128.**

13.     Any documents which Plaintiff reviewed or relied upon in developing responses

to Defendant's First Set of Interrogatories.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

14.     Any documents identified by Plaintiff in response to Defendant's First Set of

Interrogatories.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

15. Any documents which refer or relate to, or evidence any medical treatment which Plaintiff has incurred as a result of the incidents in this case including, but not limited to doctors' bills, hospital bills, laboratory fees, post-care treatment, psychiatric treatment or nursing care.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

16. To the extent you were treated for any alleged emotional harm as a result of the allegations in the Complaint, please provide all medical records from any other doctor, medical provider, mental health counselor, psychiatrist or psychologist who treated you for the same or similar condition or symptom at any previous time.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

**Contemporaneously Produced Documents Responsive to this Interrogatory: *See* BATES# FS-000129 through FS-000152.**

17. All documents that relate to, refer to, or evidence all efforts made by Plaintiff to seek employment during or after your employment with Defendant, to the present, including, but not limited to, job postings to which Plaintiff responded, all resumes or applications for employment submitted by Plaintiff to all prospective employers, all responses received by Plaintiff from prospective employers, and all communications Plaintiff had with prospective employers.

**OBJECTION**: Plaintiff objects to this Request to the extent that it seeks documents constituting employment records possessed, maintained, or otherwise in control of, or on behalf of, any person other than the Plaintiff. Plaintiff further objects to this Request on the ground that it is overly burdensome and requires unreasonable effort or expense on behalf of Plaintiff that is disproportionate to the needs of this case, because it seeks documents that Plaintiff neither presently has within his possession nor obtain without being overly burdened and requiring unreasonable effort or expense. Furthermore, Plaintiff objects to this Request on the ground that it seeks to impose an obligation on Plaintiff to provide documents for or on behalf of any person or entity other than Plaintiff.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not in possession of, and does not know the location of, any responsive documents from the Relevant Period, because Plaintiff did not seek new employment until after being terminated by Defendant. In any event, Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

18.     Any documents which refer to or concern any employment or self-employment of Plaintiff since the cessation of Plaintiff's employment with Defendant.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000156 through FS-000209.**

19.     Any documents which relate or refer to any claim you have made for unemployment compensation benefits, workers' compensation benefits, health insurance benefits, health insurance coverage, disability benefits, and/or government (federal, state, or local) benefits assistance, and the disposition of such claims, during or after your employment with Defendant.

**RESPONSE:** Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

20. Any documents, written complaints, correspondence or notes concerning any claims you have or had against other employers alleging discrimination or retaliation either 5 years prior to your employment with Defendant, concurrent with, or after your employment with Defendant.

**RESPONSE:** Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

21. All charges, complaints, correspondence or other documents filed by you or on your behalf, with any court or governmental entity (state, federal local, or foreign) alleging discrimination or retaliation during your employment with any employer during the five (5) years preceding your employment with Defendant to present.

**RESPONSE:** Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request, other than the responsive documents relating to the "charges, complaints, correspondence or other documents" that Plaintiff filed against Defendant, which have previously been produced to Defendant. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

22.     All documents relating directly or indirectly to any other lawsuit, cause of action, bankruptcy, divorce, and/or administrative proceeding in which you have participated, as either a party or witness, including but not limited to, all correspondence, pleadings, motions, discovery, and request for production witness statements, affidavits and deposition transcripts.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Currently, Plaintiff is not aware of any responsive documents to this Request. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

23.     Any documents which refer to or concern any income Plaintiff received from any source since the cessation of Plaintiff's employment with Defendant, including, but not limited to, pay stubs from other employers, canceled social security checks, invoices and payments relating to self-employment, and government benefits or assistance.

**OBJECTION: Plaintiff objects to this Request on the grounds that it is duplicative of prior requests to which Plaintiff has responded, namely Request No. 9 above. Plaintiff has fully responded to Request No. 9.**

24.     Any documents that refer or relate to, evidence or establish Plaintiff's allegations that he was retaliated against for engaging in protected activity under the FCRA, as alleged in Count III and Count IV of the Complaint.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

25.     Any documents that refer or relate to, evidence or establish Plaintiff's allegations that Defendant violated the Fair Labor Standards Act, as alleged in Count VII of the Complaint.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

26.     Any documents that refer or relate to, evidence or establish Plaintiff's allegations that Jan Chalk was discriminated against, as alleged in the Complaint.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

27.     All documents in Plaintiff's control or possession that Plaintiff received from any of Defendant's employees following the termination of his employment.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

28.     All notes, dissertations or timelines you prepared outlining, summarizing or detailing the events in the Complaint or during your employment.

**OBJECTION: Plaintiff objects to this Interrogatory on the ground that it seeks documents protected from disclosure by the work product doctrine in that the responsive documents are not limited to those which are not subject to the attorney-client privilege or protected by the work-product doctrine. The Request fails to limit the outlines, summaries, timelines, and other detailed notes to those that are not**

between Plaintiff and Plaintiff's attorney; and it seeks "dissertations" or "timelines" prepared in anticipation for trial, which constitute mental impression, contentions, and case theories that would not be admissible without a showing of hardship (under the work product doctrine) and would be prohibited at trial (as privileged). Without disclosing any work product or attorney-client privileged information, Plaintiff limits the Request to non-protected and non-privileged "dissertations or timelines." Plaintiff will file a privilege log identifying the withheld documents relating to this Request.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

Contemporaneously Produced Documents Responsive to this Interrogatory: *See* BATES# FS-000156 through FS-000209.

29. All documents which constitute, embody, discuss, mention, or relate in any way to complaints (formal or informal) sent by you to Defendant's representatives or employees from the time of your employment with Defendant to the present related to this case.

**OBJECTION**: Plaintiff objects to this Request on the grounds that it is duplicative of prior requests to which Plaintiff has responded, namely Request No. 11 above. Plaintiff has fully responded to Request No. 11.

30. Plaintiff's current résumé and/or curriculum vitae.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

Contemporaneously Produced Documents Responsive to this Interrogatory: *See* BATES# FS-000210 through FS-000223.

31. Any documents that establish Plaintiff's educational background, including any degrees or certificates obtained or received.

**RESPONSE**: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000224.** *Also see* **Response to Request No. 30.**

32.     Any documents Plaintiff, or any representative of Plaintiff, sent to, or received from, any federal, state, or local administrative agency relating to Plaintiff's employment and/or cessation of employment with Defendant.

**OBJECTION**: Plaintiff objects to this Interrogatory on the ground that it seeks documents protected from disclosure by the work product doctrine in that the documents sent to, or received from, any federal, state, or local administrative agency relating to Plaintiff's employment with Defendant would constitute mental impressions and contentions prepared in advance of trial in this matter. Without disclosing any work product, Plaintiff responds that any documents sent to, or received from, such agencies that do not fall under the work-product protection are those which were "filed" or submitted to the Defendants, either by the agency or Plaintiff's representative. Plaintiff will file a privilege log identifying the withheld documents relating to this Request.

**LIMITED RESPONSE**: Notwithstanding and without waiving the above-stated objection, Plaintiff will produce non-privileged and non-protected documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000225 through FS-000236, and FS-000265 through FS-000275.**

33.     Any documents Plaintiff intends to introduce as exhibits or part of an exhibit at the trial of this case.

**RESPONSE**: Plaintiff will produce responsive documents to this Request. Plaintiff will supplement this Request following discovery of responsive materials, if/when necessary pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order. Plaintiff reserves the right to introduce as exhibits or part of

an exhibit at the trial of this case any documents produced by Defendants or other persons during discovery in this case.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **BATES# FS-000001 through FS-000275; FS-000237 through FS-000246;** *and see* **all previous and future productions by Plaintiff and/or Defendants prior and subsequent hereto.**

34.     Any online profiles, postings, messages (including without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams and blog entries), photographs, videos, and online communications from October 21, 2021, through the date of this response that: (a) concern or relate to the allegations set forth in Plaintiff's Complaint; or (b) concern or relate to Plaintiff's claim that he suffered damages as a result of the incidents in this case.

**RESPONSE: Plaintiff presently does not have any non-privileged documents responsive to this Request. Plaintiff will supplement this Request following discovery of responsive materials, if/when necessary pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.**

35.     A fully executed HIPAA release attached hereto as Composite Exhibit "A."

**RESPONSE: Plaintiff will produce the fully executed HIPAA release that was attached to the First Set of Requests as Composite Exhibit "A."** *See* **BATES# FS-000247 through FS-000250.**

36.     To the extent not otherwise produced in response to the preceding Requests, any documents which identify any person who participated in, was a witness to, has knowledge or information about, or who Plaintiff believes has or is likely to have knowledge or information about any alleged wrongful conduct by Defendant's current or prior employees, or any harm, injury, or damages which Plaintiff claims to have suffered.

**RESPONSE: Plaintiff will produce documents responsive to this Request, if any exist and can be located, following a reasonable and diligent search for same. Plaintiff reserves the right to supplement this Response throughout discovery, if documents are**

discovered that are responsive to this Request and warrant a supplemental response, pursuant to the Rules of Civil Procedure, the Local Rules of this Court, and/or the Court's order.

**Contemporaneously Produced Documents Responsive to this Interrogatory:** *See* **Response to Request No. 1.** *Also see* **BATES# FS-000251 through FS-000264.**

DATED: July 11, 2023.                                    Respectfully submitted,

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
The Cochran Firm Orlando, LLC
605 East Robinson Street 330
Orlando, Florida 32801
Tel: (407) 271-8590
MMann@cochranfirmorlando.com
Service@cochranfirmorlando.com
**Attorney & Trial Counsel for Plaintiff.**

## CERTIFICATE OF SERVICE

I HEREBY CERTFY that on this July 11, 2023, a true and correct copy of the

foregoing was furnished by electronic mail to the following parties or counsel of record:

**JACKSON LEWIS, P.C.**
AMANDA A. SIMPSON, ESQ.
Fla. Bar No. 0072817
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER, ESQ.
Fla. Bar No. 0093138
Lin.Wagner@jacksonlewis.com
**Attorneys for Defendant**.

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.