# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **FREDERICK SAUNDERS,** individually, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: 6:23-cv-0230-RBD-LHP ) |
| **SIGNATURE FLIGHT SUPPORT** **LLC, a Delaware limited company.** | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S AMENDED MOTION TO EXTEND (1) DISCOVERY DEADLINE FOR THE LIMITED PURPOSE OF PLAINTIFF'S CONTINUED DEPOSITION AND DEFENDANT OBTAINING DOCUMENTS PLAINTIFF DID NOT PROPERLY PRODUCE, AND (2) DISPOSITIVE MOTIONS DEADLINE, AND INCORPORATED MEMORANDUM OF LAW

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through the undersigned counsel and pursuant to the Court's Case Management and Scheduling Order dated March 20, 2023 ("Scheduling Order") [D.E. 17], Fed. R. Civ. P. 6, and Local Rule 3.01, hereby requests that the Court extend the Discovery Deadline for the limited purpose of Plaintiff's continued deposition and Defendant obtaining documents Plaintiff did not properly produce, and the Dispositive Motions Deadline, *by three (3) weeks,* and in support, states as follows:

1. Pursuant to the Scheduling Order [D.E. 17], this Court established the

following relevant deadlines:

> **Completion of Discovery: February 2, 2024**
> **Dispositive Motions Deadline: March 5, 2024**
> **Trial Term: August 5, 2024**

2. Since the Court entered this Scheduling Order, Defendant has diligently engaged in discovery. Defendant has propounded and responded to written discovery, taken and defended numerous depositions, and engaged in obtaining non-party discovery. Defendant also conferred on multiple occasions with Plaintiff about expert discovery and the supplementation of Plaintiff's discovery responses and document production.

3. During the first day of Plaintiff's deposition on November 30, 2023, Plaintiff disclosed, *for the first time*, the names of several new witnesses. He also admitted that he had, but had not produced, text messages with key witnesses. Counsel for Plaintiff indicated on the record that Plaintiff would supplement his discovery responses with this new witness information (in addition to other information about which the Parties previously conferred) and produce these text messages. *See* Deposition Transcript at Exhibit A. As a result, Defendant noticed Plaintiff's continued deposition for January 24, 2024.

4. Defendant followed up on numerous occasions with Plaintiff for this relevant discovery. Specifically, counsel for Defendant followed up with counsel for Plaintiff on December 11, December 14, December 18, December 19, and

December 20, 2023. On December 20, 2023, counsel for Plaintiff responded that he had not yet been able to get his hands on the text messages but would be working with his client to produce them as soon as possible. To not involve this Honorable Court in otherwise resolvable discovery issues, counsel for Defendant continued to follow-up with counsel for Plaintiff. On January 3, 2024, Defendant's counsel advised Plaintiff's counsel that Defendant would be forced to file a motion to compel if Plaintiff did not immediately provide his supplemental responses and production. On January 10, 2024, Plaintiff finally supplemented his responses, but served the same documentation that had previously been produced, *and not the new text messages*. The next day, Defendant's counsel advised Plaintiff's counsel of this error and, again, asked for the text messages. Defendant's counsel followed up on January 18, January 21, and January 22, 2024.

5. On January 22, 2024, Plaintiff *finally* produced what amounted to 2.1 GB of videos showing him scrolling through (what appear to be) over a thousand text messages on his phone with several different witnesses. In those videos, Defendant uncovered shocking text messages that if Plaintiff had timely produced, would have been thoroughly explored during the regular course of discovery, including depositions and non-party discovery. Plaintiff's text messages, among other things, identified numerous other witnesses with whom Plaintiff discussed the case (or lack thereof), additional documentation, including emails and other

3

text messages, that have not been produced, and motives related to key facts in this case which demonstrate that Plaintiff and his counsel knew or should have known there was no basis in law or fact for this lawsuit.

6. This discovery is *significant* in the potential impact that it will have on this case. Indeed, these text messages are *so relevant* to the claims and defenses of this lawsuit, that it is hard to believe that they were not purposefully held back and hidden in videos to dump on Defendant shortly before the discovery deadline. Defendant, however, in giving Plaintiff the benefit of the doubt, asserts that *at the very least* it should be provided with sufficient time to fully review these text message videos and follow-up on other information and documents that were not produced (but should have been), before completing Plaintiff's deposition and before the close of discovery. Defendant should also be allowed the necessary time to prepare a dispositive motion which takes into account the full scope of relevant discovery to which it was entitled but did not receive. If the dispositive motion deadline is not moved, Defendant will be forced to prepare a dispositive motion in approximately one-week (after the close of discovery), without necessary transcripts of depositions or other proceedings. This will inherently prejudice Defendant and create injustice.

7. For these reasons, Defendant respectfully requests that this Court extend the discovery deadline for the limited purpose of Defendant taking

Plaintiff's continued deposition and Defendant obtaining information and documentation not properly produced by Plaintiff. Along these lines, the following deadlines should be extended by three (3) weeks to:

> **Completion of Discovery: February 23, 2024**
> **Dispositive Motions Deadline: March 26, 2024**

8. Defendant respectfully asserts that good cause has been shown for the extension of these deadlines.

9. This enlargement of time is being requested in good faith and not for the purpose of undue delay.

10. No party will be prejudiced by the granting of this motion. In fact, the enlargement will cure the prejudice that Defendant now faces from Plaintiff not producing key documentation and documentation until 2-days days before his continued deposition (and a little over a week before the discovery deadline), and not producing other relevant information and documentation identified in these newly produced text messages.

11. Further, manifest injustice will result if the Court does not extend the dispositive motions deadline, as Defendant will be forced to prepare a dispositive motion in approximately one-week, without all necessary transcripts of depositions or other proceedings.

12. The current trial date (August 5, 2024) **will not** be impacted by the extension of the above deadlines and this Motion will not be used to later continue

the trial date. Dispositive motions will be fully briefed a mere two (2) weeks short of the Court's requirement that dispositive motions be fully briefed no less than four (4) months before trial. No other deadlines will be impacted, and allowing this exception will prevent injustice to Defendant which was caused by Plaintiff withholding key discovery.

## MEMORADUM OF LAW

When an act may or must be done within a specified time, the court may, for good cause, extend the time, with or without motion or notice, if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b).

This Motion is brought before the expiration of the discovery deadline and dispositive motions deadline. Defendant respectfully suggests that good cause has been shown for the requested enlargements. Namely, the enlargement will provide Defendant with the time to fully review the 1,000+ new text messages that Plaintiff has dumped on Defendant in video format right before the current discovery deadline, follow-up on other information and documentation, including other text messages and emails, that Plaintiff should have previously produced and depose Plaintiff about this new information before the close of discovery.

This requested enlargement will also allow Defendant the time to prepare a dispositive motion which takes into account the full scope of relevant discovery to which Defendant was entitled but did not receive. If the dispositive motion

deadline is not moved, Defendant will be forced to prepare a dispositive motion in approximately one-week (after the close of discovery), without necessary transcripts of depositions or other proceedings. This will manifest injustice and inherently prejudice Defendant. If the dispositive motion deadline is moved to the suggested date (March 26, 2024), dispositive motions will be fully briefed a mere two (2) weeks short of the Court's requirement that dispositive motions be fully briefed no less than four (4) months before trial. No other deadlines will be impacted, and allowing this exception will prevent injustice to Defendant which was caused by Plaintiff withholding key discovery.

WHEREFORE, Defendant respectfully requests that this Court enter an Order (i) granting this motion, (ii) extending the discovery deadline to February 23, 2024 for the limited purpose of Plaintiff's continued deposition and Defendant obtaining information and documentation not properly produced by Plaintiff, (iii) extending the dipositive motions deadline to March 26, 2024, and (iv) ordering such further relief as the Court deems appropriate under its inherent authority.

### **LOCAL RULE 3.01(g) CERTIFICATE**

Counsel for Defendant has conferred with counsel for Plaintiff regarding this Motion as outlined above. Counsel for Plaintiff has not heard back yet as to Plaintiff's position on the extension and will supplement once received.

DATED this 29th day of January, 2024.

>Respectfully submitted,
>
>**JACKSON LEWIS P.C.**
>390 North Orange Avenue,
>Suite 1285
>Orlando, Florida 32801
>Telephone: (407) 246-8440
>Facsimile: (407) 246-8441
>
>By: */s/ Lin J. Wagner*
>Amanda A. Simpson
>Florida Bar No. 0072817
>amanda.simpson@jacksonlewis.com
>
>Lin J. Wagner
>Florida Bar No. 0093138
>lin.wagner@jacksonlewis.com
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.

>*/s/ Lin J. Wagner*
>Lin J. Wagner

4867-8287-5809, v. 1