# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FREDERICK SAUNDERS,

      Plaintiff,

v.                                         Case No:   6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT, LLC,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **DEFENDANT'S AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 46)**
>
> **FILED:**       **January 29, 2024**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:**    **DEFENDANT'S AMENDED MOTION TO EXTEND (1) DISCOVERY DEADLINE FOR THE LIMITED PURPOSE OF PLAINTIFF'S CONTINUED DEPOSITION AND DEFENDANT OBTAINING DOCUMENTS PLAINTIFF DID NOT PROPERLY PRODUCE, AND (2) DISPOSITIVE MOTIONS**

> **DEADLINE AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 47)**
>
> **FILED:** January 29, 2024
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART, DENIED AS MOOT in part and DENIED in part**.

On January 10, 2023, Plaintiff Frederic Saunders filed a complaint in state court alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Florida's Private Sector Whistleblowers Act, Fla. Stat. § 448.101, *et seq.* ("FPWA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") against Defendant Signature Flight Support, LLC.   Doc. No. 1-1.   Defendant removed the case to this Court on February 9, 2023.   Doc. No. 1; *see also* 28 U.S.C. §§ 1331, 1367.   Pursuant to the Case Management and Scheduling Order ("CMSO"), the discovery deadline in this case is February 2, 2024, the dispositive motions deadline is March 5, 2024, and this case is set for jury trial during the term commencing August 5, 2024.   Doc. No. 17.

Now before the Court are two motions by Defendant: (1) an amended motion to compel Plaintiff to produce discovery (Doc. No. 46); and (2) an amended motion

to extend the discovery and dispositive motions deadlines.  (Doc. No. 47).[1]  Given the impending discovery deadline, the Court directed Plaintiff to respond to the motion to compel by 12:00 p.m. on January 31, 2024.  Doc. No. 48.  As of the date of this Order, no response by Plaintiff has been filed.  And while the deadline to respond to the motion to extend deadlines has not yet expired, the Court does not require a response in order to rule on the motion.  The Court addresses each motion in turn below.

**I.      THE AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 46)**

Defendant seeks an order compelling Plaintiff to supplement his document production with information that was identified at Plaintiff's November 30, 2023 deposition and in videos Plaintiff produced on January 22, 2024.  Doc. No. 46.  Specifically, Defendant requests production of all relevant text messages for the "Relevant Period," which is identified as April 2021 to the present, that such text messages be produced in a text-based format, and that Plaintiff also produce all documents identified in the texts that have not been previously produced, to include emails, recordings, and notes related to this case.  *Id.*, at 3.  Defendant also seeks an award of fees and costs for filing the motion to compel.  *Id.*

---

[1] The Court denied the prior versions of both motions for failure to comply with various Court Orders.  *See* Doc. No. 45.

Plaintiff, who at all times has been represented by counsel, has not responded to the motion, and his time for doing so has expired. *See* Doc. No. 48 (providing a deadline of 12:00 p.m. on January 31, 2024 to respond to the amended motion to compel). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 48 (warning Plaintiff that failure to respond by the January 31, 2024 deadline will result in the discovery motion being deemed unopposed). *See also* Doc. No. 20, ¶ 5; *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion well taken. The Court further finds sanctions under Federal Rule of Civil Procedure 37 warranted. Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party

or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has been provided an opportunity to be heard, and has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Defendant Signature Flight Support LLC's Amended Motion to Compel Discovery (Doc. No. 46) is **GRANTED**.

2. On or before **February 9, 2024,** Plaintiff shall produce all documents in his current possession, custody, or control that were identified during Plaintiff's November 30, 2023 deposition and in the video produced by Plaintiff on January 22, 2024, and that are responsive to Requests for Production 1–3, 6–7, 24–26, 28, for the time period April 1, 2021 to present. *See* Doc. No. 46-1. The documents must be produced in a text-based and/or written format — videos of same will not suffice.

3. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016

WL 11448993, at *2 (same); *LIMU Co., LLC v. Burling*, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013) (same).

4. On or before **February 16, 2024**, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the **present** motion.[2] The parties shall file a joint notice of the agreed upon amount by **February 23, 2024**. If the parties are unable to reach an agreement by that time, Defendant shall file a motion, supported by appropriate documentation and citation to legal authority, for reasonable fees and expenses incurred in filing the present motion. That motion shall be filed by **March 1, 2024**.

**5. Plaintiff and Plaintiff's counsel are advised that failure to comply with this Order may result in the imposition of sanctions, including but not limited to a recommendation of dismissal of the case in its entirety.** *See* **Fed. R. Civ. P. 37(b).**

---

[2] Fees and costs are not awarded for the filing of the previously denied motion. Doc. No. 43.

## II. THE AMENDED MOTION TO EXTEND DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES (Doc. No. 47).[3]

Defendant also seeks to extend the discovery deadline by three (3) weeks to February 23, 2024, in order to obtain and review the discovery at issue in the amended motion to compel, and to complete Plaintiff's deposition, which the parties agreed to continue on November 30, 2023.   Doc. No. 47; *see also* Doc. No. 47-1.   By this Order, the Court has granted the amended motion to compel in its entirety, and extended the discovery deadline until February 9, 2024 to complete that production.   Therefore, to the extent Defendant seeks to extend the discovery deadline further on that basis, the motion (Doc. No. 47) is **DENIED AS MOOT.**

With respect to the request to extend the deadline to complete Plaintiff's deposition, the Court finds Defendant's motion well taken, and that Defendant has established good cause, as well as complied with the requirements of the CMSO. *See* Doc. No. 17, at 10.   Accordingly, this portion of Defendant's amended motion (Doc. No. 47) is **GRANTED**, and the discovery deadline is extended an additional two weeks to February 23, 2024 for the limited purpose of completing Plaintiff's

---

[3] Given that the Court is ruling on this motion without the benefit of a response, the Court also waives — in this one instance — the conferral requirements of Local Rule 3.01(g)(3).

continued deposition. The Court expects the parties to cooperate in the rescheduling of the continued deposition without delay.

However, Defendant's request to extend the dispositive motions deadline (Doc. No. 47) is **DENIED**. First, Defendant is incorrect in its representation that extending this deadline will not impact the trial date. If the dispositive motions deadline were to be extended to March 26, 2024 as requested (*Id.*, at 5), any summary judgment motions would not be fully briefed (including reply briefs) until April 30, 2024, which is less than four (4) months before the August 5, 2024 trial term — indeed it is only three (3) months before the trial term. "The end result would require the Court to consider and resolve potentially complex dispositive motions in a compressed time frame in order to ensure that the case is ready to proceed to the pretrial conference with those rulings in hand." *Walker v. Yamaha Motor Co.*, No. 6:13-cv-1546-Orl-37GJK, 2015 WL 3562736, at *2 (M.D. Fla. June 5, 2015).

Second, stating that Defendant — who is represented by a national law firm and has two (2) counsel of record in this case — "will be forced to prepare a dispositive motion in approximately one-week" (Doc. No. 47, 5) does not constitute manifest injustice.[4]  *See United States v. Varner*, 13 F.3d 1503, 1507 (11th Cir. 1994)

---

[4] Notably, Defendant provides no legal authority to support this statement, indeed

("The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order.  Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.") (quoting *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972), and citing Fed. R. Civ. P. 16).  Simply put, the Court sees no injustice to Defendant as there will still be ample time to prepare and file dispositive motions, and Defendant does not explain why it would be unable to obtain necessary deposition transcripts.   On the other hand, the inconvenience to the Court by a continuance of this deadline will be far more than slight.

Accordingly, Defendant's Amended Motion (Doc. No. 47) is **GRANTED** to the extent that the discovery period is extended until February 23, 2024 for the limited purpose of completing Plaintiff's continued deposition.  The Amended Motion is **DENIED AS MOOT** to the extent Defendant seeks to extend the

---

other than a lone reference to Federal Rule of Civil Procedure 6(b), Defendant cites no legal authority at all.   Doc. No. 47, at 6-7.

discovery deadline for the discovery that the Court has ordered to be produced pursuant to the granting of Defendant's amended motion to compel (Doc. No. 46). The Amended Motion (Doc. No. 47) is **DENIED** in all other respects. *See, e.g.*, *Walker*, 2015 WL 3562736, at *3 (granting extension of discovery deadlines but denying extension of dispositive motions deadline).

**DONE** and **ORDERED** in Orlando, Florida on February 1, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties