**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| **FREDERICK SAUNDERS, individually,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | **CASE NO.: 6:23-cv-0230-RBD-LHP** |
| **vs.** | ) ) | |
| **SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company.** | ) ) ) | |
| **Defendant.** | ) ) ) | |

**DEFENDANT'S MOTION TO EXTEND DEFENDANT'S EXPERT WITNESS DISCLOSURE AND REPORTS DEADLINE, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through the undersigned counsel and pursuant to (i) the Case Management and Scheduling Order dated March 20, 2023 ("Scheduling Order") [D.E. 17], (ii) the Order Granting Motion to Modify Case Management Scheduling Order dated December 22, 2023 ("Amended Scheduling Order") [D.E. 19], (iii) Fed. R. Civ. P. 6, and (iv) Local Rule 3.01, hereby requests that the Court extend Defendant's Expert Witness Disclosure and Reports deadline by 10-days to February 26, 2024, and in support, states as follows:

1.    Pursuant to the Scheduling Order [D.E. 17], this Court established the

following deadlines relevant to this Motion:

**Defendant's Expert Witness Disclosures and Reports: January 4, 2024**
**Completion of Discovery: February 2, 2024**
**Trial Term: August 5, 2024**

2.      Due to significant discovery delays by Plaintiff, on December 21, 2023, Defendant moved the Court for an enlargement of Defendant's Expert Witness Disclosures and Reports Deadline, Rebuttal Expert Witness Disclosures and Reports Deadline and the Completion of Expert Discovery Deadline. [D.E. 38]. Defendant explained that the Parties had been engaged in ongoing conferral on discovery, including discovery that would be essential for Defendant's expert and his report, and that its expert needed time to review records, draft a report and conduct any additional analysis needed. [D.E. 38].

3.      The Court granted this Motion and extended key deadlines as follows:

**Defendant's Expert Witness Disclosures and Reports: February 15, 2024**
**Rebuttal Expert Disclosures and Reports: February 29, 2024**
**Completion of Expert Discovery: March 29, 2024**

[D.E. 39]. The trial date remained the same.

4.      Since then, Defendant has continued to diligently engage in discovery and has continued to confer in an effort to obtain discovery from Plaintiff necessary for expert disclosures. Unfortunately, due to Plaintiff's ongoing non-responsiveness, Defendant was forced to file a Motion to Compel Discovery on January 29, 2024 [D.E. 46], a Motion to Extend Discovery Deadline for the Limited Purpose of

Plaintiff's Continued Deposition and Defendant Obtaining Documents Plaintiff Did

Not Properly Produce and Dispositive Motions Deadline on January 29, 2024 [D.E.

47], as well as a Motion to Compel Rule 35 Independent Mental Examination on

February 6, 2024. [D.E. 50]. As outlined in the Motion to Compel IME, Defendant

has been conferring with counsel for Plaintiff since January 22, 2024, specifically

about the IME, and he just indicated on January 30, 2024 that he may oppose the

IME. Despite continued follow-up, by phone and by email, he has been non-

responsive since.

     5.     On February 1, 2024, the Court granted Defendant's Motion to Compel

and gave Plaintiff until February 9, 2024 to supplement his discovery responses, and

granted in part and denied in part Defendant's Motion to Extend the discovery and

dispositive motions deadlines and extended the discovery period for limited

purposes of Plaintiff's continued deposition to February 23, 2024. [D.E. 49]. The

latter Motion to Compel IME is currently pending before the Court. Briefing

deadlines for the Motion to Compel IME will be after the current expert disclosure

deadline.

     6.     Due to Plaintiff's documented and ongoing delays in discovery, dates

for which Defendant's expert was previously available are now significantly limited.

Defendant's expert needs time to review discovery to be produced by February 9,

3

2024, and only has availability[1] on February 20, 2021 at 1:00 p.m., to perform a Rule 35 IME, which is after Defendant's current Expert Witness Disclosures and Reports deadline (which is February 15, 2024). For the reasons stated in Defendant's Motion to Compel IME, Plaintiff has placed his mental health in controversy, and Defendant should have a reasonable opportunity to challenge Plaintiff's testimony. "[T]estimony of an expert is a well-recognized way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by the expert is necessary for the expert to form a meaningful opinion." *Barnello v. Bayview Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 142446, *9 (M.D. Fla. Oct. 20, 2015).

7.     As such, Defendant respectfully requests that this Court extend its Expert Witness Disclosures and Reports Deadline from February 15, 2024, by 10-days to February 26, 2025.

8.     Defendant respectfully asserts that good cause has been shown for the extension of this deadline.

9.     This enlargement of time is being requested in good faith and not for the purpose of undue delay. No party will be prejudiced by the granting of this motion.

10.     The extension of Defendant's Expert Witness Disclosure and Report

---

[1] Further contributing to Defendant's expert limited availability is also the fact that recently had COVID-19, which required him to reschedule appointments to previously available dates.

Deadline by 10 days will <u>not</u> impact the non-expert discovery deadline (which has since passed), the Expert Discovery Deadline (March 29, 2024), the summary judgment deadline (March 6, 2024) or the current trial date (August 5, 2024).

## **<u>MEMORADUM OF LAW</u>**

When an act may or must be done within a specified time, the court may, for good cause, extend the time, with or without motion or notice, if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b).

The Motion is brought before the expiration of time for Defendant to disclose expert witnesses and reports. Defendant respectfully suggests that good cause has been shown for the requested enlargement. Namely, the enlargement will allow the Defendant to (1) obtain discovery from Plaintiff necessary for expert disclosures, included discovery which the Court has compelled Plaintiff to produce by February 9, 2024; (2) provide its expert with new information received from Plaintiff; and (3) provide enough time for the expert to review key records, draft a report and conduct any additional analysis needed (including an IME).

WHEREFORE, Defendant respectfully requests that this Court enter an Order (i) granting this motion, (ii) extending the deadline for Defendant to disclose expert witnesses and reports *only* to and including <u>February 26, 2024</u>, and (iii) ordering such further relief as the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendant has conferred with counsel for Plaintiff regarding this Motion by email and phone, and as outlined above. Counsel for Defendant has not heard back yet as to Plaintiff's position on the extension and will supplement once received.

DATED this 6th day of February, 2024.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By:   */s/ Lin J. Wagner*
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801.

*/s/ Lin J. Wagner*
Lin J. Wagner

6

7

4880-6386-6787, v. 1