**Exhibit A to Defendant's Motion to Compel IME**
**Saunders v. Signature Flight Support LLC**
**Case No.: 6:23-cv-0230-RBD-LHP**

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

 *Plaintiff*,

v.          CASE NO.: 5:23-cv-0230-RBD-LHP

SIGNATURE FLIGHT SUPPORT
LLC,

 *Defendant*.

_____/

### PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

 Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby submits the following Answers (the "Answers") to Defendant's First Set of Interrogatories to Plaintiff (the "Interrogatories"):

### GENERAL OBJECTIONS

 The following General Objections apply to Defendant's Interrogatories and are incorporated by reference into the Answers contained herein. The assertion of the same, similar, or additional objections, or the provision of partial answers in response to Defendant's particular Interrogatories, does not waiver any of Plaintiff's General Objections as set forth below.

 1. The following Answers are based on information currently available to Plaintiff. These Answers are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information.

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 13 [19-21]:**

[19] Itemize and identify all damages (i.e., general damages, special or consequential damages, back pay, front pay, compensatory damages, punitive damages or any other relevant categories) you claim to have suffered because of alleged unlawful conduct by Defendant, [20] specifying each type or category of damages and, separately for each type or category, state: (a) the nature of the damages; (b) amount of the damages; [21] (c) all facts supporting or establishing the damages; and (d) in full detail, how you calculated the amount of your damages.

**OBJECTION**: **Plaintiff makes several objections to this Interrogatory. First, Plaintiff objects to this Interrogatory on the ground that it is vague, ambiguous, and overbroad because it fails to state with specificity which "alleged unlawful conduct by Defendant" Plaintiff is to identify damages for.**

**Second, Plaintiff objects to this Interrogatory on the ground that it calls for a legal conclusion in that the terms "damages," "general damages, special or consequential damages, back pay, front pay, compensatory damages, [and] punitive damages" are terms of art that have a foundation in law and require legal expertise to Identify and "itemize" into categories.**

**Third, Plaintiff objects to this Interrogatory to the extent that it seeks attorney-client privileged information as to the "damages" and which categories and amounts Plaintiff claims "to have suffered *because of alleged unlawful conduct* by Defendant."**

**Fourth, Plaintiff objects to this Interrogatory on the ground that it seeks information protected by the work product doctrine, in that it seeks information from materials that were obtained or created in anticipation of trial in this matter.**

**Fifth, Plaintiff objects to this Interrogatory on the ground that it seeks premature disclosure of information about expert testimony, in that it seeks "damages" that are categorized and itemized and asks the Plaintiff to do the work more rightly reserved for a vocational expert who would testify about "all facts supporting or establishing the damages" and explain "how [he] calculated the amount of [Plaintiff's] damages." Moreover, in a similar sense, Plaintiff objects to this Interrogatory to the extent that it seeks to impose an obligation on Plaintiff to provide information for or on behalf of any person or entity other than Plaintiff. Plaintiff will disclose information about its experts, if any, as required by the Federal Rules of Civil Procedure.**

**LIMITED ANSWER**: **Notwithstanding and without waiving the above stated objection, Plaintiff provides the following Limited Answer to this Interrogatory: Plaintiff has calculated the following damages, based on his non-expert opinion, related to the subject matter in this case:**

CASE NO.: 6:23-cv-0230-RBD-LHP

- **Approx. $15,311.00 for lost wages in 2021, after being terminated by Defendant; plus**
- **Approx. $2,230,768.00 for front pay/compensatory damages from Fiscal Years 2022 to 2039 (a period of seventeen (17) years reflecting his expected retirement based on a 3% Merit Increase for that time period until Plaintiff reached the age of 67 years; including tenure based on performance from the previous fourteen (14) years with Defendant where,** *e.g.*, **he received the highest additional merit increase percentage among peers in March 2021, and,** *e.g.*, **reflecting his performance the four (4) years prior to that) (this figure does not account for any promotions, bonuses, or a 401k match contribution by Defendant, etc., within the 17-year period; plus**
- **At least $500,000.00 for exemplary (punitive) damages, which are based on Florida's statutory laws; plus**
- **Attorneys' fees and costs of litigation, to be determined at a later date; plus**
- **All other damages, fees, and costs to be determined by an expert.**

CASE NO.: 6:23-cv-0230-RBD-LHP

DATED: July 14, 2023.                    Respectfully submitted,

                                        /s/ Michael G. Mann
                                        MICHAEL G. MANN, ESQ.
                                        Fla. Bar No. 1020249
                                        The Cochran Firm Orlando, LLC
                                        605 East Robinson Street 330
                                        Orlando, Florida 32801
                                        Tel: (407) 271-8590
                                        MMann@cochranfirmorlando.com
                                        Service@cochranfirmorlando.com
                                        **Attorney & Trial Counsel for Plaintiff.**

### CERTIFICATE OF SERVICE

I HEREBY CERTFY that on this July 14, 2023, a true and correct copy of the

foregoing was furnished by electronic mail to the following parties or counsel of record:

**JACKSON LEWIS, P.C.**
AMANDA A. SIMPSON, ESQ.
Fla. Bar No. 0072817
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER, ESQ.
Fla. Bar No. 0093138
Lin.Wagner@jacksonlewis.com
**Attorneys for Defendant.**

                                        /s/ Michael G. Mann
                                        MICHAEL G. MANN, ESQ.

CASE NO.: 6:23-cv-0230-RBD-LHP

## **VERIFICATION**

I have reviewed the above Answers to Interrogatories and verify that they are true and correct.

*Frederick Saunders*
FREDERICK SAUNDERS

STATE OF ~~FLORIDA~~ IN )
COUNTY OF LaPorte )

SWORN TO AND SUBSCRIBED BEFORE ME, this 13 day of ___July___ 2023, by FREDERICK SAUNDERS, by means of ☐ physical presence or ☐ online notarization, and ☐ who is personally known to me or ☒ produced ___Florida D.L.___ _____ as identification.

*Randall J Lovell*
NOTARY PUBLIC

24