Exhibit B to Defendant's Motion to Compel IME
Saunders v. Signature Flight Support LLC
Case No.: 6:23-cv-0230-RBD-LHP

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

   *Plaintiff(s)*,

v.                                                            CASE NO.: 6:23-cv-00230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC

   *Defendant(s)*.
_____/

## PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 33, hereby submits the following Supplemental Answers (the "Supplemental Answers") to Defendant's First Set of Interrogatories to Plaintiff (the "Interrogatories"):

## GENERAL OBJECTIONS

Plaintiff reasserts by reference all objections stated in Plaintiff's Answers to Defendant's First Set of Interrogatories to Plaintiff, submitted on July 14, 2023.

**INTERROGATORY NO. 13 [19-21]:**

[19] Itemize and identify all damages (i.e., general damages, special or consequential damages, back pay, front pay, compensatory damages, punitive damages or any other relevant categories) you claim to have suffered because of alleged unlawful conduct by Defendant, [20] specifying each type or category of damages and, separately for each type or category, state: (a) the nature of the damages; (b) amount of the damages; [21] (c) all facts supporting or establishing the damages; and (d) in full detail, how you calculated the amount of your damages.

OBJECTION: Plaintiff makes several objections to this Interrogatory. First, Plaintiff objects to this Interrogatory on the ground that it is vague, ambiguous, and overbroad because it fails to state with specificity which "alleged unlawful conduct by Defendant" Plaintiff is to identify damages for.

Second, Plaintiff objects to this Interrogatory on the ground that it calls for a legal conclusion in that the terms "damages," "general damages, special or consequential damages, back pay, front pay, compensatory damages, [and] punitive damages" are terms of art that have a foundation in law and require legal expertise to Identify and "itemize" into categories.

Third, Plaintiff objects to this Interrogatory to the extent that it seeks attorney-client privileged information as to the "damages" and which categories and amounts Plaintiff claims "to have suffered *because of alleged unlawful conduct* by Defendant."

Fourth, Plaintiff objects to this Interrogatory on the ground that it seeks information protected by the work product doctrine, in that it seeks information from materials that were obtained or created in anticipation of trial in this matter.

Fifth, Plaintiff objects to this Interrogatory on the ground that it seeks premature disclosure of information about expert testimony, in that it seeks "damages" that are categorized and itemized and asks the Plaintiff to do the work more rightly reserved for a vocational expert who would testify about "all facts supporting or establishing the damages" and explain "how [he] calculated the amount of [Plaintiff's] damages." Moreover, in a similar sense, Plaintiff objects to this Interrogatory to the extent that it seeks to impose an obligation on Plaintiff to provide information for or on behalf of any person or entity other than Plaintiff. Plaintiff will disclose information about its experts, if any, as required by the Federal Rules of Civil Procedure.

LIMITED ANSWER: Notwithstanding and without waiving the above stated objection, Plaintiff provides the following Limited Answer to this Interrogatory: Plaintiff has calculated the following damages, based on his non-expert opinion, related to the subject matter in this case:

- Approx. $15,311.00 for lost wages in 2021, after being terminated by Defendant; plus

- Approx. $2,230,768.00 for front pay/compensatory damages from Fiscal Years 2022 to 2039 (a period of seventeen (17) years reflecting his expected retirement based on a 3% Merit Increase for that time period until Plaintiff reached the age of 67 years; including tenure based on performance from the previous fourteen (14) years with Defendant where, *e.g.*, he received the highest additional merit increase percentage among peers in March 2021, and, *e.g.*, reflecting his performance the four (4) years prior to that) (this figure does not account for any promotions, bonuses, or a 401k match contribution by Defendant, etc., within the 17-year period; plus
- At least $500,000.00 for exemplary (punitive) damages, which are based on Florida's statutory laws; plus
- Attorneys' fees and costs of litigation, to be determined at a later date; plus
- All other damages, fees, and costs to be determined by an expert.

**SUPPLEMENTAL ANSWER:**

| Salary at the Time of Termination as of October 21, 2021 (per W-2) | Proration Rate for 2021 Annual Salary (10 out of 12 months) | Prorated Annual Salary for the Full Year - 2021 | Front Pay /Compensatory Damages | Forward Years | |
|---|---|---|---|---|---|
| $76,553 | 1.2 | $91,863 | $15,311 | 2021 | Remainder of 2021 Salary |
| | | | $94,619 | 2022 | |
| | | | $97,458 | 2023 | Annual 3% Merit Increase for 17 Years up to Retirement Age of 67 (in FL) - Reasonable to expect this tenure based on the performance from the previous 14 years with Signature Aviation (to include the last 4 years of being a Regional Accounting Manager and receiving the highest additional merit increase percentage among the Regional Accounting Managers in March 2021) |
| | | | $100,382 | 2024 | |
| | | | $103,393 | 2025 | |
| | | | $106,495 | 2026 | |
| | | | $109,690 | 2027 | |
| | | | $112,980 | 2028 | |
| | | | $116,370 | 2029 | |
| | | | $119,861 | 2030 | |
| | | | $123,457 | 2031 | |
| | | | $127,160 | 2032 | |
| | | | $130,975 | 2033 | |
| | | | $134,904 | 2034 | |
| | | | $138,952 | 2035 | Minimum amount - this calculation excludes any promotions, bonuses, 401K match, etc. within the 17 year period |
| | | | $143,120 | 2036 | |
| | | | $147,414 | 2037 | |
| | | | $151,836 | 2038 | |
| | | | $156,391 | 2039 | |
| | | | $2,230,768 | **Estimated Minimum Front Pay/Compensatory Damages** | |

CASE NO.: 6:23-cv-0230-RBD-LHP

**Plaintiff also seeks damages for his lost wages resulting from discrimination at least equal to the difference between the number of wages earned while employed by Defendant and the amount of wages earned immediately after gaining new employment. That is, Plaintiff seeks,** *e.g.***, the following: $145,000 - $91,863 = $53,137 for 2021 (the amount Plaintiff was underpaid based on his race, as compared to his annual salary at GAF, in 2022), in addition to the above-stated losses.**

CASE NO.: 6:23-cv-0230-RBD-LHP

DATED: 01/17/2024							Respectfully submitted,

/s/ Michael G. Mann
**MICHAEL G. MANN, ESQ.**
Fla. Bar No. 1020249
The Cochran Firm Orlando, LLC
605 E Robinson St, Ste 330
Orlando, FL 32801
Tel: 407-271-8590
Fax: 407-271-8059
MMann@cochranfirmorlando.com
Service@cochranfirmorlando.com
*Attorney for Plaintiff(s).*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTFY that on this 17th Day of January 2024, a true and correct copy of the foregoing was furnished by electronic mail to the following parties or counsel of record:

**JACKSON LEWIS, P.C.**
390 N Orange Avenue, Suite 1285
Orlando, Florida 32801
Tel: (407) 246-8440
AMANDA A. SIMPSON, ESQ.
Fla. Bar No. 0072817
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER, ESQ.
Fla. Bar No. 0093138
Lin.Wagner@jacksonlewis.com
*Attorneys for Defendant*.

/s/ Michael G. Mann
MICHAEL G. MANN, ESQ.