**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| FREDERICK SAUNDERS, individually, <br><br> Plaintiff, <br><br> vs. <br><br> SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company. <br><br> Defendant. | CASE NO.: 6:23-cv-0230-RBD-LHP |

**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO THE FLORIDA MEDIATION CONFIDENTIALITY AND PRIVILEGE ACT, OR IN THE ALTERNATIVE, THE COURT'S INHERENT POWER, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through its undersigned counsel, hereby files this Motion for Sanctions ("Motion") against Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), for his recording and dissemination of confidential information from the Parties' pre-suit mediation with the U.S. Equal Employment Opportunity Commission ("EEOC"), and in support, states as follows:

1. Plaintiff has brought claims against Defendant, his former employer for alleged: (1) race/color discrimination under the Florida Civil Rights Act ("FCRA"); (2) race/color discrimination under Title VII of the Civil Rights Act ("Title VII");

(3) retaliation under the FCRA; (4) retaliation under Title VII; (5) retaliation under the Fair Labor Standards Act ("FLSA"); and (6) retaliation under the Florida Private Whistleblower Act ("FPWA").

2.　To bring his claims under Title VII and the FCRA, Plaintiff dual filed a Charge of Discrimination with the EEOC and the Florida Commission on Human Relations ("FCHR") on April 21, 2022.

3.　At the administrative charge phase, the Parties agreed to mediate Plaintiff's claims with the EEOC. To participate in mediation, each party was required to sign the EEOC's Agreement to Mediate <u>and</u> Confidentiality Agreement. In the Agreement to Mediate, the Parties acknowledged that the mediation was a confidential process and agreed to abide by the terms of the Confidentiality Agreement. *See* Agreement to Mediate, attached as Exhibit A. In the Confidentiality Agreement, the Parties agreed, among other things, that:

- All matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding.
- Any communication between the ADR Coordinator and the mediator(s) and/or parties are considered dispute resolution with a neutral and will be kept confidential.
- Mediation sessions will not be recorded or transcribed by the EEOC, the mediator or any of the participants.
- Information including records, or documents generated during mediation will be kept confidential.

*See* Confidentiality Agreement, attached as Exhibit B[1].

4. On July 21, 2022, the Parties mediated this matter virtually though all Parties were in or associated with Florida, including the mediator who was a Federal Mediator with the EEOC's Miami District Office located in Miami, counsel and Plaintiff. At the mediation, Plaintiff was represented by Michael G. Mann, Esq. of The Cochran Firm, who is counsel of record for Plaintiff in this case. The mediation impassed, and Plaintiff filed this lawsuit.

5. The Parties have since engaged in discovery, and Defendant has worked to obtain information and documentation relevant to Plaintiff's claims. After months of conferral—as outlined in Defendant's Amended Motion to Compel [D.E. 46] and Amended Motion for Enlargement [D.E. 47] which are currently pending before this Court—on January 22, 2024, Plaintiff produced videos of him scrolling through what appears to be over 1,000 text messages with witnesses about this case.

6. In those newly produced text messages, Defendant discovered that: Plaintiff <u>recorded</u> the EEOC mediation and sent that recording to key witness, Jan Chalk, a third party who was an employee of Defendant at that time. Plaintiff has presented Ms. Chalk as a witness who would support his claims and alleged

---

[1] The Agreement to Mediate and Confidentiality Agreement found at Exhibits A and B only include the signatures of the representatives of Defendant. The EEOC withheld the production of such information for Plaintiff in response to Defendant's Freedom of Information Act ("FOIA") request. That said, the EEOC's activity log shows that Plaintiff agreed to mediate and signed the agreements. See Exhibit C. As such, Plaintiff undoubtedly did, in fact, sign the Agreement to Mediate and Confidentiality Agreement, which was a condition precedent to proceeding with mediation.

damages, and she has been deposed in this matter. Defendant also discovered that Plaintiff prepared a document of "key takeaways" from the EEOC mediation and sent it to at least one other third-party, David Jordan, who was also a current employee of Defendant at that time[2]. *See* relevant text messages, attached as Exhibit D. Similarly, Plaintiff named Mr. Jordan as a witness at his deposition who would have key information related to his claims.

7. Plaintiff's actions expressly violate the EEOC's Agreement to Mediate Confidentiality Agreement that the Parties entered into before participating in mediation. *See* Exhibits A, B and C.

8. Plaintiff's actions also violate the Florida Mediation Confidentiality and Privilege Act (Fla. Stat. §§ 44.401-06)[3] ("Mediation Act"). The Mediation Act provides that:

> [A]ll mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel. A violation of this section may be remedied as provided by s. 44.406.

*See* Fla. Stat. § 44.405(1). It further provides that:

> (1) Any mediation participant who knowingly and willfully discloses a mediation communication in violation of s. 44.405 shall, upon application by any party to a court of competent jurisdiction, be subject to remedies, including:
>
>    (a) Equitable relief.

---

[2] Mr. Jordan is still an employee of Defendant.
[3] Plaintiff's actions also violate Florida's two-party consent recording requirements found in Fla. Stat. § 934.03 as the participants undoubtedly had an expectation of privacy as part of the confidential mediation.

> (b) Compensatory damages.
> (c) Attorney's fees, mediator's fees, and costs incurred in the mediation proceeding.
> (d) Reasonable attorney's fees and costs incurred in the application or remedies under this section.

*See* Fla. Stat. § 44.406 (1).

9. As such, Defendant moves this Honorable Court for sanctions against Plaintiff pursuant to Fla. Stat. § 44.406, for equitable relief, compensatory damages and attorneys' fees associated with the mediation and for having to prepare this motion.

10. In the alternative, Defendant asserts that the Court has the inherent authority to sanction Plaintiff including, but not limited to, awarding Defendant attorneys' fees and costs associated with the mediation and for having to prepare this Motion, and award any such other relief as the Court deems just and proper.

## **MEMORANDUM OF LAW**

Florida's Mediation Act applies to *any* mediation conducted by express agreement of the mediation parties[4]. *See* Fla. Stat. § 44.402. As stated above, all parties involved in this mediation were in or associated with Florida. This includes the EEOC's mediator, counsel for the parties, and the parties themselves. Here, the

---

[4] To the extent that Plaintiff takes the position that Mediation Act does not apply to pre-suit mediations, this position has already been rejected by the court. *See Bagrakis v. Zimmerman,* 2020 U.S. Dist. LEXIS 682998, *3 (M.D. Fla. Apr. 20, 2020) (rejecting that argument that the Mediation Act does not apply to a voluntary pre-suit mediation when the mediation fell under the scope of §44.402, Fla. Stat., and the parties did not agree in writing that §§ 44.405 or 44.406, Fla. Stat., would not apply to the mediation proceeding).

parties both agreed to proceed with the EEOC mediation. As stated above, as a condition of participating in EEOC mediation on the claims that Plaintiff now brings against Defendant in this Court, the Parties agreed, among other things, that:

- All matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding.
- Any communication between the ADR Coordinator and the mediator(s) and/or parties are considered dispute resolution with a neutral and will be kept confidential.
- Mediation sessions will not be recorded or transcribed by the EEOC, the mediator or any of the participants.
- Information including records, or documents generated during mediation will be kept confidential.

*See* Exhibits B and C. Plaintiff also expressly acknowledged that he would abide by the terms of the Confidentiality Agreement. *See* Exhibits A and C.

By recording the EEOC mediation, and by preparing a document of "key takeaways" from the EEOC mediation and sending the recording and "takeaways" to third parties, Plaintiff has violated the Confidentiality Agreement, the Agreement to Mediate and the Mediation Act. Plaintiff has undermined these judicial proceedings by sharing confidential information—including positions taken in the case and settlement demands and counteroffers—to witnesses in this case who he is using to support his claims and alleged damages. For example, unbeknownst the Defendant, Chalk was aware of these confidential communications, including Defendant's arguments and counter arguments, settlement discussions and stance, prior to her deposition on December 19, 2023. Neither Plaintiff, nor Chalk, indicated

*in the respective depositions* that they had a recording of the mediation, despite having been asked questions that should have elicited such a response. Defendant is now left defending litigation that Plaintiff has irrevocably tainted.

Additionally, Plaintiff is disrupting the business operations of Defendant and continuing his pattern of attempting to turn employees against the company by providing this confidential information to at least two individuals who were current employees of Defendant at the time he sent them this information. This is part of the reason that Plaintiff was terminated from Defendant in the first place—because he, as a supervisor, gathered his former and direct reports and told them he was going to get them more pay and told them to use the company's ethics hotline to ask for raises.

Florida Statute 44.406 provides for mandatory civil remedies including equitable relief, compensatory damages, and attorneys' fees and costs to be paid by a person who discloses such mediation communications. *See* Fla. Stat. § 44.406; *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1209 (S.D. Fla. 2020); *Bagrakis,* 2020 U.S. Dist. LEXIS 682998, at *3. Accordingly, Defendant requests that this Court award such relief as indicated above, or as it deems just and proper.

In the alternative, the Court has the inherent authority to grant sanctions against Plaintiff upon showing of bad faith. *See Calton & Assocs. v. Simmers,* 2020 U.S. Dist. LEXIS 184541, *3-4 (M.D. Fla. Oct. 6, 2020). In determining whether sanctions are appropriate, courts are directed to focus on the conduct and motive of

7

the party. *Id.* at *4. Examples of bad faith conduct include acts which degrade the judicial system, attempts to deprive the court of jurisdiction, fraud, misleading and lying to the court. *Id.* The Court's inherent power permits a broad spectrum of sanctions including the striking of pleadings, imposing attorneys' fees and costs, and the outright dismissal of a lawsuit. *Id*. Plaintiff has acted in bad faith by recording the confidential EEOC mediation, and providing this recording and information about the mediation to his witnesses. He seeks to gain a strategic advantage in the litigation or for other improper purposes including, but not limited to, disrupting Defendant's business operations. Plaintiff is manipulating the judicial system and improperly influencing the outcome of this case. The bad faith he exhibited in this case, about mediation and otherwise, as shown in his text messages to others, deserves severe penalty to preserve the judicial process.

## CONCLUSION

For the reasons stated above, Defendant asks this Court to sanction Plaintiff under § 44.406, or in the alternative, its inherent power and to award such further relief the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant conferred with Counsel for Plaintiff regarding this Motion. Plaintiff objects to the relief sought in this Motion.

DATED this 7th day of February, 2024.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: */s/ Lin J. Wagner*
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801; Michael G. Mann, Esq., The Mann Firm, LLC, 605 E Robinson St, Ste 330, Orlando, FL 32801.

*/s/ Lin J. Wagner*
Lin J. Wagner

4886-9634-8065, v. 1