# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **FREDERICK SAUNDERS,** individually, | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) ) CASE NO.: 6:23-cv-0230-RBD-LHP |
| **SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

## NOTICE OF PLAINTIFF'S NON-COMPLIANCE WITH THE COURT'S ORDER ON DEFENDANT'S MOTION TO COMPEL [D.E. 48], AND MOTION FOR SANCTIONS, WITH INCORPORATED MEMORANDUM OF LAW

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through its undersigned counsel, files this Notice of Plaintiff's Non-Compliance with the Court's Order on Defendant's Motion to Compel [D.E. 48], and Motion for Sanctions, and in support states as follows:

## PRELIMINARY STATEMENT

Despite this Court's Order granting Defendant's Motion to Compel and warning to Plaintiff and his counsel that failure to abide by the Court's Order could result in sanctions, Plaintiff and his counsel failed to comply with this Court's Order. This Court ordered that by *February 9, 2024,* Plaintiff produce "all

documents in his current possession, custody, or control that were identified during Plaintiff's November 30, 2023 deposition and in the video produced by Plaintiff on January 22, 2024, and that are responsive to Requests for Production 1-3, 6-7, 24-26, 28 for the time period April 1, 2021 to present." Despite this clear instruction, Plaintiff failed to produce *anything* by this deadline. Given Plaintiff's continued discovery antics that are disrupting this frivolous litigation and severely prejudicing Defendant, Defendant respectfully seeks sanctions from this Court including attorneys' fees and costs for the filing of this Motion and otherwise, the striking of Plaintiff's claims or damages, dismissal of this Action, or any other relief the Court deems appropriate.

## PROCEDURAL BACKGROUND

1. On January 29, 2024, after nearly two (2) months of conferrals with Plaintiff, Defendant filed its Amended Motion to Compel Discovery (the "Motion"). [D.E. 46].

2. On January 30, 2024, given the impending February 2, 2024 discovery deadline, the Court ordered Plaintiff to respond to Defendant's Amended Motion to Compel Discovery by 12:00 p.m. noon on January 31, 2024. [D.E. 48]. The Court warned Plaintiff that the deadline to respond would not be extended, and that failure to respond by the imposed deadline would result in the Motion being deemed unopposed. [D.E. 48].

3. Plaintiff did not respond to the Motion, and on February 1, 2024, the Court issued an Order granting Defendant's Motion. [D.E. 49]. The Court ordered that:

> On or before February 9, 2024, Plaintiff shall produce all documents in his current possession, custody, or control that were identified during Plaintiff's November 30, 2023 deposition and in the video produced by Plaintiff on January 22, 2024, and that are responsive to Requests for Production 1-3, 6-7, 24-26, 28 for the time period April 1, 2021 to present. *See* Doc. 46-1. The documents shall be produced in a text-based and/or written format – videos of same will not suffice.

[D.E. 48 at ¶ 2].

4. The Court warned that a failure to comply with the Order could result in sanctions, including dismissal of the action. Specifically, the Court stated that:

> **Plaintiff and Plaintiff's counsel are advised that failure to comply with this Order may result in the imposition of sanctions, including but not limited to a recommendation of dismissal of the case in its entirety.** *See* **Fed. R. Civ. P. 37(b).**

[D.E. 48 at ¶ 2]. (Emphasis in the original).

5. <u>As of the date of this Motion, Plaintiff has not complied with the Court's Order. Plaintiff has not produced *any* additional information or documentation identified at his deposition, or in the video he produced</u>.

6. This discovery is *highly relevant*. Indeed, texts previously withheld by Plaintiff and Plaintiff's counsel demonstrate that they knew or should have known that there was no basis in fact or law for this lawsuit. For example, Plaintiff copied the following exchange with his attorney to key witness, Jan Chalk (who he is

3

using to "support" his claims, wherein they discuss the draft Complaint that was ultimately filed in this case:

> **FYI for later – From me:**
>
> **Some of the facts are off – the main disconnect is that the situation from 4/2021 to 10/2022 was never about black employees or Jan Chalk's gender – it was about me advocating for her fair pay after her workload increased by 50% yet her compensation stayed the same because of a personal vendetta by Sherri Miller instead of an objective review and analysis, and her pay ratio being below 80% for beginners – the discrimination, as far as race, came at the point when Signature unlawfully terminated me and treated me differently than Jan by investigating her while placing her on paid leave and offering her a severance afterwards – when I did not receive an investigation or payout. Regardless, I will send you back the corrections and updates by 6pm.**
>
> **Lawyer response:**
>
> **We want to stay away from terms like "personal" and we want to keep things as general and open as possible, like dates, statements, numbers, etc. because we don't know everything yet and then complaint will box us in down the road when we are in discovery. For example, if we discover complaints of other employees about race discrimination, we're going to want to be able to use that as support in your case. Also, please don't suddenly start discriminating against black employees..so I *[sic]* we don't want to say they were "never" racist until Oct. 21. We want to say they were racist "during your employment," and let them show us evidence otherwise.**

*See* Exhibit A. In response to Plaintiff's text, Chalk responded:

> **Agreed. And let him use the race issue wherever he wants!**

4

*See* Exhibit A. Shortly after this exchange, Plaintiff and Plaintiff's counsel filed the Complaint in this case—where they indeed "peppered in" blatantly false, nonexistent race and sex issues—including, but not limited to:

> **53. PLAINTIFF believed that CHALK was being paid unfairly due to her sex and/or gender (female) and shared this belief with his manager and DEFENDANT'S human resources.**
>
> **55. Between April 2021 and October 2021, PLAINTIFF made several formal and informal reports to DEFENDANT regarding what appeared to clearly be violations of TITLE VII, the FCRA and the FLSA.**
>
> **147. PLAINTIFF complained to DEFENDANT about its unlawful, oppressive, and discriminatory treatment towards black, African American and/or male employees within the team that he managed.**

[D.E. 1, Compl.]

7. The texts produced by Plaintiff between Plaintiff and Chalk started in late September 2021. While Plaintiff produced other texts with other Signature employees going back to 2018, he failed to produce any texts with Chalk from April 2021 to late September 2021, which is the *key* relevant time period. It seems completely implausible that Plaintiff would have hundreds of relevant texts with Chalk after September 2021, but none during the time period during which he was telling Chalk that her pay was unfair (which is the basis of this lawsuit).

8. These initial texts were held back for nearly two (2) months after Plaintiff's deposition, and almost eight (8) months after Defendant propounded

discovery on Plaintiff that would have implicated this documentation. These texts are *so relevant* to the claims and defenses of this lawsuit that it is hard believe this information was not held back on purpose and hidden in videos to dump on Defendant. It is not difficult to come to the same conclusion as to the current texts at issue.

9. Plaintiff's ongoing delays continue to significantly prejudice Defendant. Defendant had to reset Plaintiff's continued deposition several times based on his failure to disclose this additional information, which came out for the first time during his original deposition on November 30, 2023. Defendant has also been forced to seek intervention by this Court—with motions for extensions of deadlines, motions for sanctions and a motion to compel—for issues that should have been resolvable between the parties. Plaintiff has been acting in bad faith by delaying and disrupting this litigation.

10. As such, Defendant respectfully requests this Honorable Court sanction Plaintiff for failing to comply with its Order including, but not limited to attorneys' fees and costs, the striking of Plaintiff's claims and claims for damages, the dismissal of this case and any other relief this Court deems just.

## MEMORANDUM OF LAW

"Imposition of sanctions under the Court's inherent power is within the exercise of the Court's discretion." *Vaughn v. Gemco2, LLC*, 2018 U.S. Dist.

LEXIS 224108, *17-18 (M.D. Fla. Oct. 31, 2018). "A district court may impose sanctions for litigation misconduct under its inherent power." *Maus v. Ennis*, 216 Fed. Appx. 872, 877 (11th Cir. 2013). "The key to unlocking a Court's inherent power is a finding of bad faith." *Meyer v. Gwinnett Cnty. Police Dep't*, 2022 U.S. App. LEXIS 18399, *24 (11th Cir. July 5, 2022) (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). A party demonstrates bad faith by delaying or disrupting litigation. *Vaughn*, 2018 U.S. Dist. LEXIS 224108, *17-18 (quoting *Barnes*, 158 F.3d at 1214).

Here, Plaintiff has continued to delay these proceedings *for months*. Despite significant conferral follow-up by Defendant throughout discovery, and an Order from the Court specifically directing Plaintiff to produce certain information and documentation, Plaintiff refuses to produce *highly relevant* documentation, and for what was produce, has not properly produced it in compliance with the Court's Order. At this point, Plaintiff's behavior is a disruption to the proceedings and highly prejudicial to Defendant. Defendant respectfully suggests Plaintiff has demonstrated bad faith such that sanctions should be imposed.

**WHEREFORE**, Defendant respectfully requests this Honorable Court sanction Plaintiff and counsel for failing to comply with its Order including, but not limited to attorneys' fees and costs, the striking of Plaintiff's claims and claims for damages, the dismissal of this case and such further relief as this Court deems

just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

To facilitate the production of this highly relevant discovery, on February 6, 2024, counsel for Defendant had a call with counsel for Plaintiff to confirm the documentation Defendant was seeking in its Motion to Compel. Plaintiff has still not produced the documentation the Court compelled.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 12th day of February, 2024.

                Respectfully submitted,

                **JACKSON LEWIS P.C.**
                390 North Orange Avenue,
                Suite 1285
                Orlando, Florida 32801
                Telephone: (407) 246-8440
                Facsimile: (407) 246-8441

By: */s/ Lin J. Wagner*
    Amanda A. Simpson
    Florida Bar No. 0072817
    amanda.simpson@jacksonlewis.com

    Lin J. Wagner
    Florida Bar No. 0093138
    lin.wagner@jacksonlewis.com

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801; Michael G. Mann, Esq., The Mann Firm, LLC, 605 E Robinson St, Ste 330, Orlando, FL 32801.

                */s/ Lin J. Wagner*
                 Lin J. Wagner

4893-3503-6069, v. 1