## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

FREDERICK SAUNDERS,

      Plaintiff,

v.                                  Case No:   6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT,
LLC,

      Defendant

_____

### ORDER

      This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:  DEFENDANT'S MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 50)**
>
> **FILED:  February 6, 2024**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:  DEFENDANT'S MOTION TO EXTEND DEFENDANT'S EXPERT WITNESS DISCLOSURE AND REPORTS DEADLINE, AND**

**INCORPORATED MEMORANDUM OF LAW (Doc. No. 51)**

**FILED:**       **February 6, 2024**

---

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On January 10, 2023, Plaintiff Frederic Saunders filed a complaint in state court alleging violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), Florida's Private Sector Whistleblowers Act, Fla. Stat. § 448.101, *et seq.* ("FPWA"), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") against Defendant Signature Flight Support, LLC.   Doc. No. 1-1.   Defendant removed the case to this Court on February 9, 2023.   Doc. No. 1; *see also* 28 U.S.C. §§ 1331, 1367.   Pursuant to the Case Management and Scheduling Order ("CMSO"), the discovery deadline in this case is February 2, 2024, the dispositive motions deadline is March 5, 2024, and this case is set for jury trial during the term commencing August 5, 2024.   Doc. No. 17.

Now before the Court are two motions by Defendant: (1) a motion to compel Plaintiff to submit to an independent mental examination (Doc. No. 50); and (2) a motion to extend Defendant's expert witness disclosure and reports deadline (Doc. No. 51).   The Court directed Plaintiff, who remains represented by counsel, to file a response to both motions on or before the close of business on Monday, February

12, 2024.   But Plaintiff has not filed a response to either motion, and the time to do so has now passed.   As such, the Court considers both motions to be unopposed. *See* Doc. No. 54 (stating that "[f]ailure to respond by this deadline will result in the motions being deemed unopposed."); Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## I.    THE MOTION TO EXTEND DEFENDANT'S EXPERT WITNESS DISCLOSURE AND REPORTS DEADLINE (Doc. No. 51)

The Court addresses Defendant's second motion first.   On December 22, 2023, the Court extended Defendant's expert witness disclosures and reports deadline to February 15, 2024, and Plaintiff's rebuttal expert disclosures and reports deadline to February 29, 2024.   Doc. No. 39.   Defendant now asks to have its expert witness disclosures and reports deadline extended to February 26, 2024, arguing that Plaintiff's delays in providing discovery, some of which is being produced after the close of discovery (*see* Doc. No. 49; Doc. No. 57), have prevented Defendant from completing its expert discovery.   Doc. No. 51, at 2–4.   In particular, Defendant represents that their expert witness requires additional time to review the late-produced discovery, and that the only date Plaintiff's expert is now available to conduct a Rule 35 independent mental examination is February 20, 2024, which is after the existing disclosure deadline.   *Id.*

Upon review of the motion, the record in this case, Plaintiff's history of not responding to discovery motions, and Plaintiff's lack of response to the present motion, the Court finds good cause for the requested brief extension.  *See* Fed. R. Civ. P. 16(b)(4).   Accordingly, the motion (Doc. No. 51) is **GRANTED**, and the deadline for Defendant to submit its expert witness disclosures and reports is extended up to and including **February 26, 2024.**   No other deadlines are impacted by this Order, and the Court reminds the parties of their case management obligations, including the use of discovery with respect to summary judgment motions.   *See* Doc. No. 17, at 10.[1]

## II.    THE MOTION TO COMPEL MENTAL EXAMINATION (Doc. No. 50).

Having extended Defendant's expert witness deadline, the Court now turns to Defendant's first motion — the request for an independent mental examination. Federal Rule of Civil Procedure 35 provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is

---

[1] The Court notes that in the Local Rule 3.01(g)(3) supplemental conferral certification, that Plaintiff's counsel "indicated that he did not object to Defendant's Expert Witness Disclosure and Report deadline being enlarged, so long as the Rebuttal Expert Disclosure deadline was extended to 30-days after Defendant's Expert Disclosure and Report deadline."  Doc. No. 56.   The Court does not consider such conditional statements and instead treats this certification as a non-response.   If Plaintiff wished to extend any deadlines, Plaintiff could have filed a properly supported motion.   But Plaintiff has chosen to remain silent, and the lack of any response or motion leaves the Court to treat Defendant's motion as unopposed.

in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.   The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a).   The party moving for a mental examination under Federal Rule of Civil Procedure 35 has the burden of establishing that the plaintiff's or the defendant's mental condition is in controversy and that there is good cause for the Court to order the examination.   *Id.*; *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).   The Order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendant points to three things in an attempt to demonstrate that Plaintiff has placed his mental condition at issue in this case.   Doc. No. 50, at 2–6.   First, Defendant points to the Complaint, in which Plaintiff alleges damages in the form of humiliation, loss of capacity to enjoy life, mental and emotional distress, and mental anguish, among other things.   *Id.*, at 3–4; *see also* Doc. No. 1, at 16, 17, 19, 21, 27.[2]   Second, Defendant points to Plaintiff's Interrogatory answers, in which Plaintiff claims $2,230,768.00 in compensatory and front pay damages, as well as

---

[2] Plaintiff's claims for intentional and negligent infliction of emotional distress were dismissed without prejudice on June 22, 2023.   Doc. No. 33.

Plaintiff's refusal to clarify how much of these damages relate to any alleged emotional distress.   Doc. No. 50, at 4; Doc. No. 53-1, at 4; Doc. No. 53-2.

Third, Defendant points to Plaintiff's deposition, where Plaintiff testified that he suffers emotional distress, to include "[a]nxiety, depression, sleepless nights, emotional breakdowns . . ., crying, physical pits in my stomach.   Insomnia. . . . Fear . . . I thought [Defendant] would have someone kill me instead of paying the settlement out . . . ."   Doc. No. 50, at 4; Doc. No. 53-3, at 3–4.   Plaintiff further testified that this emotional distress began "[i]mmediately upon termination," and that he has suffered the same level of emotional distress the entire time since his termination.   Doc. No. 50, at 4; Doc. No. 53-3, at 5.   Defendant also notes that Plaintiff testified about seeing a psychologist in October 2021, that he had thoughts of harming others at that time, and claimed to have PTSD from his wrongful termination.   Doc. No. 50, at 5–6.   Doc. No. 53-3, at 9–10.[3]   Plaintiff further testified that he first sought mental health treatment for his alleged emotional distress approximately seven (7) months after his termination, and that at some point in the mid-1990s he felt "violated" after an incident at a bar.   Doc. No. 50, at 6; Doc. No. 53-3, at 8, 11–12.

---

[3] Defendant has not presented any evidence of an official diagnosis of PTSD.

An order directing a party to submit to a mental health examination "may be made only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a). A "[p]laintiff's 'mental condition' within the meaning of Rule 35 is not . . . placed in controversy merely because plaintiff seeks recovery for 'emotional distress.' " *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 167–68 (M.D. Fla. 1995). To establish good cause for a mental examination, a defendant must show that a plaintiff's claim has "gone beyond a mere claim for emotional distress." *Id.*

Upon review of the above evidence submitted by Defendant, and in the absence of any argument to the contrary by Plaintiff, the Court finds that Defendant has met its burden and established good cause for the requested examination. *See Sarac v. Univ. of S. Fla. Bd. of Trustees*, No. 8:18-cv-2485-T-30SPF, 2020 WL 97782, at *1 (M.D. Fla. Jan. 8, 2020) (authorizing Rule 35 psychological examination in Title VII and FCRA case where evidence was presented that Plaintiff experienced severe appetite, sleep and elimination disturbance, severe general anxiety, and severe panic attacks as a result from her experiencing sexual harassment on the job; noted in her interrogatory responses that she suffers from anxiety, mental anguish, emotional pain and suffering, loss of confidence, weakness, and fearfulness of being around men; and sought compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of dignity and loss of enjoyment of life," among

others); *Laney v. Hosp. Bd. of Directors of Lee Cnty.*, No. 2:09-cv-678-FtM-29SPC, 2010
WL 2540598, at *2–3 (M.D. Fla. June 22, 2010) (in case involving claims under 42
U.S.C. § 1983 and the Florida Whistleblower Law, court permitted a Rule 35 mental
health examination where plaintiff alleged in her interrogatories that she suffered
"mental anguish," testified that she suffered emotional and mental damage and
depression as a result of her termination, but did not have any specific mental health
diagnosis or medical records to support her assertions); *Tracey P. v. Sarasota Cnty.*,
No. 8:05-cv-927-T-27EAJ, 2006 WL 1678908, at *2 (M.D. Fla. June 16, 2006) (finding
that the plaintiffs has placed her mental condition in controversy when in their
responses to interrogatories they alleged that the defendants actions have caused
them "tremendous emotional harm" and "severe anxiety and fear.").   *See also Gritt
v. Target Corp.*, No. 8:07-cv-181-T-27EAJ, 2008 WL 1777744, at *2 (M.D. Fla. Apr. 18,
2008) ("A mental examination is warranted when . . . plaintiff concedes that her
mental condition is in controversy within the meaning of Rule 35").

Accordingly, Defendant's Motion to Compel Independent Mental
Examination of Plaintiff (Doc. No. 50) is **GRANTED.**  It is **ORDERED** that on
**February 20, 2024 at 1:00 p.m.,** Plaintiff shall appear at 2300 Maitland Center
Parkway, Suite 211, Maitland, Florida 32751, to be examined by Jeffrey A.
Danzinger, M.D., who will conduct a mental examination "to evaluate Plaintiff's
psychiatric condition/mental anguish."   Doc. No. 50, at 7.   The examination will

be limited to the psychiatric condition/mental anguish Plaintiff alleged in this lawsuit and will include a review of medical records and a discussion of Plaintiff's medical history.   Diagnostic testing as described in the motion (Doc. No. 50, at 7, n. 2) may also be performed as necessary.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties