UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FREDERICK SAUNDERS, individually, <br><br> Plaintiff, <br><br> vs. <br><br> SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company. <br><br> Defendant. | CASE NO.: 6:23-cv-0230-RBD-LHP |

**MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO ATTEND COURT-ORDERED MEDIATION AND INCORPORATED MEMORANDUM OF LAW**

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 16, and the Court's Case Management and Scheduling Order ("CMSO") dated March 20, 2023 [D.E. 17], hereby files this Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation and Incorporated Memorandum of Law. In support, Defendant states as follows:

**PRELIMINARY STATEMENT**

Despite this Court's CMSO requiring mediation by February 16, 2024, and the Parties' mutual agreement to have the mediation in-person on February 14,

2024, at 1:45 p.m. at counsel for Defendant's office with Mediator, Julie O'Kane, Esq., Plaintiff and his counsel have, once again, failed to comply. While Defendant's corporate representative, Defendant's undersigned counsel and Mediator O'Kane were all present, in person, at the start time of the mediation, Plaintiff and his counsel failed to appear. This is despite the fact that Mediator O'Kane emailed the undersigned and Plaintiff's counsel on Sunday, February 11, 2024, reminding the parties about the mediation and inquiring whether they wanted to start any earlier. While the undersigned responded, Plaintiff's counsel did not. It is also the undersigned's understanding that Mediator O'Kane further followed up with Plaintiff's counsel via email and phone in anticipation of the mediation but did not receive a response.

On the day of the mediation, Mediator O'Kane continued to reach out to Plaintiff's counsel to ascertain whether he and his client planned to attend. It was not until approximately 30-minutes after the start time that Plaintiff's counsel responded and advised Defendant, Defendant's counsel, and Mediator O'Kane that Plaintiff and Plaintiff's counsel would not be attending in person and that Plaintiff's counsel was *trying* to get ahold of Plaintiff to appear remotely. Defendant agreed that Plaintiff and Plaintiff's counsel could attend remotely to determine whether, in good faith, the mediation could succeed. Despite this concession, Plaintiff's counsel was unable to get a hold of his client, and after 45-

minutes of waiting, Mediator O'Kane ended the mediation based on Plaintiff's failure to appear.

This behavior by Plaintiff and his counsel—which can only be described as an utter lack of respect for the Court and Defendant—is not new. First, Defendant has endured costly ongoing delays and disruptions, as it has been forced to file motions for sanctions, motions for enlargements, and motions to compel due to failure to participate in good faith in discovery. Second, Defendant recently learned that at the EEOC mediation in July 2022, Plaintiff acted in bad faith and breached the EEOC Confidentiality Agreement and violated the Florida Statute governing the confidentiality of mediation proceedings when he recorded the virtual mediation and sent the recording to key witnesses and current employees of Defendant[1]. Defendant and Defendant's counsel came prepared to the February 2024 mediation in good faith to try to discuss the contemptible procedural posture of this frivolous matter and whether the parties could put this proceeding behind them to conserve the Court and Defendant's time, resources and fees. But Plaintiff and his counsel, once again acted in bad faith by seemingly disregarding the Court ordered mediation as indicated by Plaintiff's counsel only offering to appear remotely, a half an hour into the mediation, and after Mediator O'Kane followed up with him multiple times. And of course, Plaintiff failed to show at all. As such,

---

[1] A Motion for Sanctions for that is currently pending before this Court [D.E. 55].

Defendant once again must regrettably involve this Court in what should never have been an issue, which could have potentially resulted in a dismissal of this matter.

In this Motion for Sanctions, Defendant asks the Court to order Plaintiff to pay Defendant's portion of the Mediator's cancellation fee, which was imposed due to Plaintiff's failure to attend mediation. Defendant also asks the Court to order Plaintiff to pay defense counsel's fees for attending and preparing for the mediation, the fees for having to prepare this Motion, and any such other award as this Court deems just and proper, such as attorneys' fees for bringing a frivolous case and not participating in discovery.

## **RELEVANT BACKGROUND**

1. On March 20, 2023, the Court issued a CMSO ordering the Parties to engage in mediation by February 16, 2024. [D.E. 17]. The Parties were advised that each attorney acting as lead trial counsel, and each party, were to participate in the mediation conference and that "**[t]he Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference**." [D.E. 17 at Section IV] (emphasis in original).

2. After conferral by the Parties, on March 31, 2023, Defendant filed a Notice of Mediation indicating that the case would be mediated before Mediator, Julie O'Kane ("Mediator O'Kane") on January 31, 2024, in person, at Jackson

Lewis P.C., 390 N. Orange Avenue, Suite 1285, Orlando, Florida 32801. [D.E. 25].

3. Due to ongoing discovery delays by Plaintiff—which are reflected in numerous discovery related filings—over the past months, counsel for Defendant reached out to Plaintiff's counsel about moving the January 31, 2024 mediation to a later date to accommodate the resolution of discovery issues prior to the mediation.

4. Counsel for Plaintiff confirmed in writing to move the mediation to February 14, 2024. *See email chain at Exhibit A.*

5. On January 24, 2024, Defendant filed an Amended Notice of Mediation (as to date and time only) indicating that the in-person mediation was being moved to February 14, 2024, at 1:45 p.m. [D.E. 42].

6. On January 25, 2024, Mediator O'Kane emailed counsel for the Parties confirming that the mediation would proceed on February 14, 2024, at 1:45 p.m., and attached an engagement letter. *See email chain at Exhibit B.*

7. On February 11, 2024, Mediator O'Kane emailed counsel for the Parties and advised that her morning (which was previously booked) had opened, and the mediation could start earlier at 9:30 a.m. if desired. *See email chain at Exhibit C.* Defendant's counsel responded that an earlier start time of 12:30 p.m. worked for her and Defendant's corporate representative. *See Exhibit C.* Plaintiff's counsel never responded. Since Plaintiff's counsel did not respond, the mediation

remained scheduled to start at 1:45 p.m. on January 14, 2024.

8. On February 14, 2024, at 1:45 p.m., counsel for Defendant and Matthew Klein, Defendant's Senior Legal Counsel – Litigation & Employment, serving as corporate representative with full settlement authority, were present <u>in person</u> on behalf of Defendant, as was Mediator O'Kane. It is the undersigned understanding that Mediator O'Kane attempted to contact Plaintiff's counsel via phone and email prior to the mediation given the lack of response to the email on timing. Nevertheless, Plaintiff and Plaintiff's counsel did not arrive. After approximately 30-minutes of waiting, Plaintiff's counsel returned Mediator O'Kane's calls and told her that he was trying to get ahold of this client and asked whether they could attend remotely. Defendant and the Mediator agreed to proceed remotely with the mediation, and Plaintiff's counsel was asked to call back at 2:30 p.m. with an update.[2] Counsel for Defendant, Mr. Klein and Mediator O'Kane continued to wait.

9. At 2:30 p.m., Mediator O'Kane spoke to counsel for Plaintiff who indicated that he could not get ahold of his client. He did not provide any timeframe on when he believed his client would be available. Since 45 minutes had already passed after the scheduled start time of mediation, and there was no indication whatsoever that Plaintiff was planning to attend, Mediator O'Kane

---

[2] Mediator O'Kane indicated that based Plaintiff's counsel's questions related to time zones, she did not believe that Plaintiff's counsel was in Orlando, but in a central time zone area.

ended the mediation. Mediator O'Kane has since filed her Mediation Report reflecting that lead counsel attended the mediation, but that the mediation did not commence because the Plaintiff did not appear. [D.E. 59].

10. On February 14, 2024, Mediator O'Kane issued to Defendant an invoice for its portion of her cancellation fee—$500.00. *See Invoice at Exhibit D.*

11. Based on Plaintiff and Plaintiff's counsel's continued bad faith and Plaintiff, in direct contravention of this Court's mediation order and Local Rules, failing to altogether show for mediation, Defendant now seeks additional sanctions.

## **MEMORANDUM OF LAW**

"Imposition of sanctions under the Court's inherent power is within the exercise of the Court's discretion." *Vaughn v. Gemco2, LLC*, 2018 U.S. Dist. LEXIS 224108, *17-18 (M.D. Fla. Oct. 31, 2018). "A district court may impose sanctions for litigation misconduct under its inherent power." *Maus v. Ennis*, 216 Fed. Appx. 872, 877 (11th Cir. 2013). "The key to unlocking a Court's inherent power is a finding of bad faith." *Meyer v. Gwinnett Cnty. Police Dep't*, 2022 U.S. App. LEXIS 18399, *24 (11th Cir. July 5, 2022) (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

A party demonstrates bad faith by delaying or disrupting litigation. *Vaughn*, 2018 U.S. Dist. LEXIS 224108, *17-18 (quoting *Barnes*, 158 F.3d at 1214).

Indeed, courts routinely impose sanctions for one's failure to appear at mediation and violation of a court order. *Publix Super Mkts., Inc. v. Figareau*, 2020 U.S. Dist. LEXIS 82821, *3-4 (M.D. Fla. May 11, 2020). *See also Unum Life Ins. Co. of Am. v. Pawloski*, 2014 U.S. Dist. LEXIS 201504, *2 (M.D. Fla. May 13, 2014). In this case, the Court specifically warned the Parties that "**[t]he Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference**."

Plaintiff has displayed a history of delaying and disrupting these proceedings in discovery and has continued to do so with this most recent failure to attend mediation. As stated above, the date/time/location of this mediation were all mutually agreed upon by the Parties. Plaintiff and his counsel cannot say that they were not aware this mediation was going forward, because as recently as 2 days before the mediation, Mediator O'Kane reached out to counsel for *both* Parties about the start time of the mediation.

While Plaintiff and Plaintiff's counsel failed to attend mediation in person, Defendant excused this in an attempt to mediate in good faith. Nevertheless, Plaintiff wholly failed to attend mediation at all. That said, Plaintiff's counsel only "attended" mediation remotely *30 minutes after the start time in response to Mediator O'Kane contacting him several times via phone and email both before and after the start time for mediation. This conduct shows a complete disregard by*

*Plaintiff, and Plaintiff's counsel as well, for the undersigned's time and fees, Defendant's inhouse counsel's time, the Mediator's time and fees and this Court's Order and the Local Rules governing mediation.*

Plaintiff and Plaintiff's counsel have shown bad faith in their ongoing disregard for deadlines, and now Court-ordered mediation. As a result, Defendant respectfully requests that this Court award sanctions against both Plaintiff and Plaintiff's attorney, for their failure to attend mediation as scheduled (at 1:45 p.m., in-person) or, *at the very least,* sanction Plaintiff for not showing up for the mediation at all. Defendant seeks an award of its portion of the mediator's cancellation fee, attorneys' fees for Defendant's counsel appearing at the mediation, and for its fees in having to file this Motion. Indeed, this Honorable Court has awarded similar sanctions recently in *Borrego v. Geovera Specialty Ins. Co.,* 2023 U.S. Dist. LEXIS 137107 (M.D. Fla. Aug. 7, 2023).

**WHEREFORE**, Defendant respectfully requests this Honorable Court sanction Plaintiff and his counsel for failing to attend mediation, award Defendant its portion of the mediator's cancellation fee, as well as its attorneys' fees for Defendant's counsel appearing at the mediation, and for its fees in having to file this Motion and for such further relief as this Court deems just and proper.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Immediately following the scheduled mediation, on February 14, 2024,

9

Counsel for Defendant conferred by phone with counsel for Plaintiff about this Motion. Plaintiff's counsel indicated that it "is understandable," but that he needed to speak with his client about his position on the Motion, and he has been unable to reach him. The undersigned explained that given that this Motion is based on Plaintiff's failure to show, Defendant would proceed with the filing of this Motion and supplement the good faith conferral to the extent Plaintiff's counsel is able to connect with his client.

DATED this 15th day of February, 2024.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:   (407) 246-8441

By:   */s/ Lin J. Wagner*
Amanda A. Simpson
Florida Bar No. 0072817
amanda.simpson@jacksonlewis.com

Lin J. Wagner
Florida Bar No. 0093138
lin.wagner@jacksonlewis.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801; Michael G. Mann, Esq., The Mann Firm, LLC, 605 E Robinson St, Ste 330, Orlando, FL 32801

>*/s/ Lin J. Wagner*
>Lin J. Wagner

4875-3179-3829, v. 1