## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| FREDERICK SAUNDERS, individually, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **CASE   NO.:   6:23-cv-0230-RBD-LHP** |
| SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company. | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S RENEWED UNOPPOSED MOTION TO EXTEND DEFENDANT'S DISCOVERY AND DISOSITIVE MOTIONS DEADLINE, AND INCORPORATED MEMORANDUM OF LAW

Defendant, SIGNATURE FLIGHT SUPPORT LLC ("Defendant"), by and through the undersigned counsel and pursuant to the Court's Case Management and Scheduling Order dated March 20, 2023 ("Scheduling Order") [D.E. 17], Fed. R. Civ. P. 6 and 16(b), and Local Rule 3.01, hereby makes a renewed request that the Court extend Defendant's Discovery Deadline (for the limited purpose of Plaintiff's continued deposition), and the Dispositive Motions Deadline, ***due to Plaintiff's failure to comply with the Court's Order on Defendant's Motion to Compel [D.E. 49], wherein the Court ordered Plaintiff to produce additional documentation that was to be the subject of Plaintiff's continued deposition.*** The

documentation that Plaintiff continues to withhold is *highly relevant* to the claims and defenses of this lawsuit, and Defendant will be severely prejudiced if it is not provided with an opportunity to review the complete set of these documents, explore these documents at Plaintiff's continued deposition, and use such information in its dispositive motion. Plaintiff does not oppose the relief sought in this Motion.

## RELEVANT BACKROUND

1. On January 29, 2024, Defendant filed an Amended Motion to Compel Discovery ("Motion to Compel") [D.E. 46] and an Amended Motion to Extend (1) Discovery Deadline for the Limited Purpose of Plaintiff's Continued Deposition and Defendant Obtaining Documents Plaintiff Did Not Properly Produce, and (2) Dispositive Motions Deadline, and Incorporated Memorandum of Law ("Motion to Extend") [D.E. 47] (collectively the "Motions").

2. On January 30, 2024, given the impending deadlines, the Court shortened Plaintiff's deadline to respond to the Motions. [D.E. 48]. Plaintiff did not respond to the Motions.

3. On February 1, 2024, the Court issued an Order on the Motions. In that Order, the Court granted Defendant's Motion to Compel and granted in part, denied as moot, and denied in part Defendant's Motion to Extend. [D.E. 49].

4. In specifically addressing the Motion to Compel, the Court ordered

that:

> On or before February 9, 2024, Plaintiff shall produce all documents in his current possession, custody, or control that were identified during Plaintiff's November 30, 2023 deposition and in the video produced by Plaintiff on January 22, 2024, and that are responsive to Requests for Production 1-3, 6-7, 24-26, 28 for the time period April 1, 2021 to present. *See* Doc. 46-1. The documents shall be produced in a text-based and/or written format – videos of same will not suffice.

[D.E. 49 at ¶ 2].  The Court warned that a failure to comply with the Order could result in sanctions, including dismissal of the action. Specifically, the Court stated that:

> **Plaintiff and Plaintiff's counsel are advised that failure to comply with this Order may result in the imposition of sanctions, including but not limited to a recommendation of dismissal of the case in its entirety.** *See* **Fed. R. Civ. P. 37(b).**

[D.E. 49 at ¶ 2]. (Emphasis in the original).

5.    In specifically addressing the Motion to Extend, the Court (1) denied as moot Defendant's request for an extension of the discovery deadline with respect to obtaining documents due to its Order directing Plaintiff to complete his production on February 9, 2024; (2) granted Defendant's request to extend the discovery deadline to February 23, 2024 for the limited purpose of Plaintiff's continued deposition; and (3) denied Defendant's request to extend dispositive motions deadline. [D.E. 49]. With respect to its denial of the extension of the dispositive motions deadline, the Court indicated that moving this deadline would impact the trial date and would create an inconvenience to the Court. [D.E. 49].

6.    As such, the dispositive motions deadline remains March 5, 2024 and Trial is still set for the Trial Term starting August 5, 2024.

7.    Since this Order was entered, Defendant has scheduled Plaintiff's continued deposition for February 21, 2024. To date, however, Plaintiff has not produced *any* additional information or documentation identified at his deposition, or in the video he produced, which is violative of the Court's February 1, 2024 Order that Plaintiff produce this documentation by February 9, 2024. [D.E. 49].

8.    Accordingly, on February 12, 2024, Defendant was forced to file a Notice of Non-Compliance with the Court's Order on Defendant's Motion to Compel and Motion for Sanctions. [D.E. 57].  The Court issued an Order setting Defendant's Notice of Non-Compliance with the Court's Order on Defendant's Motion to Compel and Motion for Sanctions for an in person hearing for February 22, 2024, at 10:00 a.m. [D.E. 58], the day after Plaintiff's continued deposition. The Court also directed Plaintiff to file its response to the motion on or before February 20, 2024. [D.E. 58].

9.    Defendant respectfully renews its request that the Court extend Defendant's Discovery Deadline (for the limited purpose of Defendant taking Plaintiff's continued deposition), and the dispositive motions deadline. Defendant asks that this Court extend Defendant's limited discovery deadline to March 15, 2024, and the dispositive motions to the originally requested deadline of March 26,

2024 so as to limit the inconvenience to the Court.

10.    As previously explained, Defendant is significantly prejudiced by Plaintiff's continued refusal to produce *highly relevant* documents to Defendant.

11.    Texts previously withheld by Plaintiff demonstrate that Plaintiff and Plaintiff's counsel knew or should have known that there was no basis in fact or law for this lawsuit. Furthermore, it is clear that a significant portion of texts between Plaintiff and key witness, Jan Chalk, have not been produced. While Plaintiff produced texts with other Signature employees going back to 2018, he failed to produce any texts with Chalk from April 2021 to late September 2021, which is the *key* relevant time period. It seems completely implausible that Plaintiff would have hundreds of relevant texts with Chalk after September 2021, but none during the time period during which he was telling Chalk he was going to get her more pay (which is the basis of this lawsuit). Finally, Plaintiff has also failed to produce other documents, including emails and recordings, that are mentioned in the texts.

12.    As stated above, the Court has set a hearing on Plaintiff's non-compliance with its Order on Defendant's Motion to Compel for February 22, 2024. This hearing, however, will occur after the date on which Plaintiff's continued deposition is currently scheduled (February 21, 2024) and the day before the current discovery deadline of February 23, 2024. Defendant simply cannot

proceed with the continued deposition without the additional discovery that has not been produced, and which is being addressed before this Court on February 22, 2024.

13.     This enlargement of time is being requested in good faith and not for the purpose of undue delay. No party will be prejudiced by the granting of this motion. In fact, the enlargement will cure the significant prejudice that Defendant now faces from Plaintiff not producing key documentation in violation of the Court's Order on Defendant's Motion to Compel.

14.     Unfortunately, the current trial date (August 5, 2024) **may** be impacted by the extension of the above deadlines. However, there will be a manifest injustice to Defendant if these deadlines are not extended. Defendant is confronted with a situation where it is not being allowed to defend itself against significant claims made by Plaintiff *due to Plaintiff's continued disregard for the discovery rules and violation of the Court's Order*. Defendant cannot continue Plaintiff's deposition or prepare a dispositive motion without these key documents.

15.     Defendant understands that a continuance of the deadlines (which includes the dispositive motions deadline) is undoubtedly an inconvenience for the Court. While Defendant has done everything in its power to comply with the current deadlines and not bother the Court with these issues, Defendant's request is

necessary and due to Plaintiff's ongoing disregard of not only Defendant's time, but the Court's time as well.

16.     Plaintiff does not object to the relief in this Motion.

## **MEMORADUM OF LAW**

When an act may or must be done within a specified time, the court may, for good cause, extend the time, with or without motion or notice, if the request is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b). A scheduling order may be modified for good cause with the court's consent. *See* Fed. R. Civ. P. 16(b).

This Motion is brought before the expiration of Defendant's current discovery deadline to take Plaintiff's continued deposition, and the dispositive motions deadline. Defendant respectfully suggests that good cause has been shown for the requested enlargements. Namely, the enlargement will allow for Plaintiff's non-compliance with the Court's Order on the Motion to Compel to be heard, and for Defendant to obtain key documentation that is being improperly withheld by Plaintiff *before* Defendant continues Plaintiff's deposition. It will also allow Defendant time to prepare a dispositive motion which takes into account the full scope of relevant discovery to which Defendant is entitled but has not received. If the dispositive motion deadline is not moved, Defendant will be deprived of the right to defend itself against Plaintiff's significant claims using all relevant

evidence, which based on information received to date Defendant believes will further show the frivolity of Plaintiff's claims. This will result in manifest injustice and inherently prejudice Defendant. If the dispositive motion deadline is moved to the suggested date (March 26, 2024), it may impact the trial date. That said, allowing this exception will prevent injustice to Defendant which was caused by Plaintiff withholding key discovery.

WHEREFORE, Defendant respectfully requests that this Court enter an Order (i) granting this motion, (ii) extending the discovery deadline to March 15, 2024 for the limited purpose of Plaintiff's continued deposition, (iii) extending the dispositive motions deadline to March 26, 2024, and (iv) ordering such further relief as the Court deems appropriate under its inherent authority.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendant has conferred with counsel for Plaintiff regarding this Motion. Plaintiff does not oppose the requested extension.

DATED this 15th day of February, 2024.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue,
Suite 1285
Orlando, Florida 32801
Telephone:   (407) 246-8440
Facsimile:    (407) 246-8441

By:    */s/ Lin J. Wagner*
      Amanda A. Simpson
      Florida Bar No. 0072817
      amanda.simpson@jacksonlewis.com

      Lin J. Wagner
      Florida Bar No. 0093138
      lin.wagner@jacksonlewis.com

      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of February, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Cochran Firm Orlando, LLC, 605 E. Robinson Street, Suite 140, Orlando, FL 32801; Michael G.  Mann, Esq., The Mann Firm, LLC, 605 E Robinson St, Ste 330, Orlando, FL 32801.

      */s/ Lin J. Wagner*
      Lin J. Wagner

4860-6842-9221, v. 2

9