UNITED STATED DISTRICT COURT
MIDDLE DISTRICT COURT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                               CASE NO.: 6:23-cv-00230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS (D.E. 57)**

Plaintiff FREDERICK SAUNDERS ("Plaintiff"), by and through undersigned counsel, files this Response in Opposition to Defendant's Motion for Sanctions (D.E. 57), and in opposition states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's undersigned counsel separated from The Cochran Firm Orlando, LLC, and opened The Mann Firm, LLC, on February 2, 2024. In advance of this transition, Plaintiff's counsel, Michael G. Mann, Esq., contacted Defendant's counsel via telephone to inform them of the upcoming changes and expected delays that will result during the transition. Mann was scheduled to be moving from Orlando, FL, to Pensacola, FL, on January 26, 2024, and was preparing for same during the several days leading up to the move. Defendant took advantage of Plaintiff's transparency and pelted Plaintiff with almost 20 different filings over the course of January 26, 2024, through present.

The transition from The Cochran Firm Orlando, LLC, to The Mann Firm, LLC, was further frustrated by technical issues, such as Mann's former email address ([mmann@cochranfirmorlando.com](mmann@cochranfirmorlando.com)) kicking back all incoming emails from January 24, 2024, through approx. 5:00 PM (EST) on January 29, 2024. Then, between February 2, 2024, and February 5, 2024, Mann's former email address was failing to forward to Mann's new email address ([mike@themann.law](mike@themann.law)). The latter issue was ultimately fixed but created redundancies that caused duplicate emails to be sent to [mike@themann.law](mike@themann.law), but not always in chronological order.

On or about February 2, 2024, Mann's old firm, The Cochran Firm Orlando, LLC, blasted emails to all of Mann's clients without advanced notice to Mann, causing hundreds of clients to cause waves of telephone calls to The Mann Firm, LLC. This backlog of client calls continues to this day.

During all of this, Defendants rapidly filed notices and Motions, without first conferring with Plaintiff's counsel. As discussed in this Response, Plaintiff has gone above and beyond to oblige Defendant's discovery demands. Furthermore, Plaintiff has not withheld any non-privileged, discoverable materials from Defendant. Rather, all documents ***in Plaintiffs current possession, custody, or control*** that were identified in his November 30, 2023, deposition have been produced. The same goes for all responsive materials regarding Defendant's Requests for Production Numbers 1-3, 6-7, 24-26, and 28. Anything not already produced to Defendant is either not in Plaintiff's possession, or requires physical inspection by Defendant (*e.g.*, text messages, and videos). Plaintiff maintains, and always has maintained, that he would produce the materials sought by Defendant. Being that Mann

has moved to Pensacola, FL, and the items of interest by Defendant require physical inspection and processing, it was not possible for Plaintiff to produce the requested text messages in "text-based and/or written format" on or before February 9, 2024.

**PROCEDURAL BACKGROUND**

1. On January 23, 2024, Plaintiff produced several videos of text message conversations pursuant to Defendant's supplemental requests for production following Plaintiff's deposition.

2. On Wednesday, January 24, 2024, Mann's email account ([mmann@cochranfirmorlando.com](mmann@cochranfirmorlando.com)) begins rejecting incoming emails.

3. On Thursday, January 25, 2024, Mann prepared for the shipping and moving of his home and his office from Orlando to Pensacola.

4. On Friday, January 26, 2024, Mann participated in the physical shipping and moving of his office from Orlando, FL, to Pensacola, FL.

5. At some point on Monday, January 29, 2024, Mann also spoke to Defendant's counsel by telephone and notified them of the email issues that were ongoing.

6. Interestingly, on Monday, January 29, 2024, Defendant filed its Amended Motion to Compel Discovery (D.E. 46).

7. At or around 5:00 PM (EST), on Monday, January 29, 2024, Mann's email account ([mmann@cochranfirmorlando.com](mmann@cochranfirmorlando.com)) starts working again and receives emails.

8. On Tuesday, January 30, 2024, the Court ordered Plaintiff to respond to Defendant's Amended Motion to Compel Discovery.

9. At approximately 5:45 AM (EST), on Wednesday, January 31, 2024, Mann informed Defendant's counsel of the technical issues with Mann's email address (mmann@cochranfirmorlando.com), and informed them of his new email address (mike@themann.law). Mann also asked for clarification as to what was being sought in addition to the text messages and addressed the text-message formatting question from Defendant's counsel.

10. Between January 26, 2024, and February 12, 2024 (approximately 10 business days), Defendant rapidly filed eleven (11) different motions and notices (D.E. 43-44, 46-47, 50-53, and 55-57).

11. During Plaintiff's deposition on November 30, 2023, Plaintiff offered to allow Defendant to inspect Plaintiff's text messages, but Defendant opted to request additional time for Plaintiff to return for a second oral examination. Although Plaintiff had no obligation to agree to such an arrangement, Plaintiff agreed. Therefore, an additional deposition was preferred by Defendant. Additionally, Plaintiff's deposition was reset to February 21, 2024, because Defendant's counsel preferred to have additional time to review Plaintiff's supplemental production on January 23, 2024. Thus, it was Defendant's *preference* to reset Plaintiff's deposition.

12. Plaintiff has not "hidden" anything "in videos to dump on Defendant." In fact, in advance of producing the text messages, Plaintiff's counsel asked Defendant's counsel how they would prefer the format of the text messages, and counsel agreed to the video format. It was not until Plaintiff's counsel began transition to his new firm that Defendant suddenly needed text-format versions. To say that Plaintiff somehow acted nefariously in

4

accommodating Defendant's demands, is quite literally an act of bad faith (whether in the demand or in the motion for sanctions, or by both).

13. Plaintiff has been acting in *good faith* to provide an exhaustive and demanding list of *supplemental* production, and Defendant has taken advantage of Plaintiff's, and Plaintiff's counsel's, goodwill by flooding the docket with needless entries for things that Plaintiff was working on with Defendant.

14. As such, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion for Sanctions and file good cause for the non-compliance as aforesaid.

DATED: 02/20/2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael G. Mann*
　　　　　　　　　　　　　　　　　　　　　　**MICHAEL G. MANN, ESQ.**
　　　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 1020249
　　　　　　　　　　　　　　　　　　　　　　THE MANN FIRM, LLC
　　　　　　　　　　　　　　　　　　　　　　707 E Cervantes St, Ste B
　　　　　　　　　　　　　　　　　　　　　　Pensacola, FL 32501
　　　　　　　　　　　　　　　　　　　　　　Telephone (850) 407-8078
　　　　　　　　　　　　　　　　　　　　　　Facsimile (850) 262-9580
　　　　　　　　　　　　　　　　　　　　　　Mike@themann.law
　　　　　　　　　　　　　　　　　　　　　　Serve.Mike@themann.law
　　　　　　　　　　　　　　　　　　　　　　***Attorney for Plaintiff.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th Day of February 2024, the foregoing was electronically filed with the Clerk of the Court by using this CM/ECF system, which will send notices of electronic filing to all parties or counsel of record, including:

**JACKSON LEWIS**
AMANDA SIMPSON
Amanda.Simpson@jacksonlewis.com
LIN WAGNER
Lin.Wagner@jacksonlewis.com
***Attorneys for Defendant.***

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.