**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FREDERICK SAUNDERS,

    Plaintiff,

v.   Case No:   6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT, LLC,

    Defendant

---

**ORDER ON PENDING MOTIONS**

Although discovery in large part has now closed, *see* Doc. Nos. 17, 39, 49, there remain several pending motions that impact the continued case management of this case. To wit, Defendant has filed three separate motions for sanctions, each related to separate alleged wrongdoings on the part of Plaintiff and/or Plaintiff's counsel. *See* Doc. Nos. 55, 57, 61. Defendant has also filed an unopposed motion to extend case management deadlines, due to Plaintiff's various discovery failures. Doc. No. 62. The motion to extend case management deadlines and motion for sanctions related to discovery violations (Doc. Nos. 57, 62) were both previously referred to the undersigned, and a hearing was held on those motions today, February 22, 2024. Doc. Nos. 58, 63, 66. Following completion of that hearing, the

remaining motions for sanctions (Doc. Nos. 55, 61), were also referred to the undersigned. Upon consideration of the motions, and the procedural posture of this case, the undersigned makes the following rulings in order to address these pending motions in the most efficient and complete manner possible.

**A.   Defendant's Notice of Plaintiff's Non-Compliance With the Court's Order on Defendant's Motion to Compel (Doc. No. 57).**

Based on the argument of counsel at today's hearing, and in particular the at times contradictory statements of Plaintiff's counsel, **on or before 5:00 p.m. on Thursday, February 29, 2024,** Plaintiff's counsel shall file an affidavit, signed under penalty of perjury, identifying with specificity the discovery that has been produced prior to the February 9, 2024 deadline that was identified at the November 30, 2023 deposition and/or is responsive to Defendant's Requests for Production 1-3, 6-7, 24-26, and 28. *See* Doc. No. 65, at 2 (Plaintiff's representation that all responsive materials have been produced); *see also* Doc. No. 49, at 5. The affidavit shall not only identify the discovery that has been produced, but also identify the date, time, and manner of production, as well as the format of the production (*i.e.,* hard copy, email, video, etc.). This affidavit shall also detail with specificity the date, time, and manner of communication with Defendant's counsel where "Plaintiff's counsel asked Defendant's counsel how they would prefer the form of the text messages, and counsel agreed to the video format." *See* Doc. No. 65, at 4. *See also* Fed. R.

Civ. P. 11(b). Plaintiff's counsel may also submit any evidence that counsel wishes the undersigned to consider in support of the affidavit.

**On or before 5:00 p.m. on Thursday, March 7, 2024**, Defendant may file an affidavit, signed under penalty of perjury, addressing any of the averments made in Plaintiff's counsel's affidavit, along with any evidence Defendant wishes the Court to consider in support. By this same **March 7, 2024** deadline, Defendant shall also file a supplemental brief of no more than **seven (7) pages** in length explaining, with citation to applicable legal authority, the prejudice Defendant has suffered by Plaintiff's discovery violations, particularly given that Defendant already has copies of the text messages in video format and has been able to rely upon same in other motions (*see, e.g.*, Doc. No. 55) and why said prejudice cannot be cured via lesser sanctions (other than dismissal) that are available under Fed. R. Civ. P. 37(b) and/or the Court's inherent authority, including but not limited to Defendant's offer to have its own forensic expert perform the text message extraction from Plaintiff's cellphone, at Plaintiff's expense.

**B.    Defendant's Motion for Sanctions Pursuant to the Florida Mediation Confidentiality and Privilege Act, or in the Alternative, the Court's Inherent Power (Doc. No. 55).**

As appears to be Plaintiff's *modus operandi*, Plaintiff did not file a response to this motion for sanctions, and the time to do so has now expired. *See* Local Rule 3.01(c). Thus, the undersigned could deem the motion unopposed. However,

given the dispositive nature of the relief requested, and the extremely serious allegations contained in the motion, the undersigned will afford Plaintiff one final opportunity to respond to the motion. Plaintiff's response – which may not exceed **20 pages in length –** shall be filed on or before **5:00 p.m. on Thursday, February 29, 2024.** The response may attach any relevant evidence Plaintiff wishes the undersigned to consider and must include citation to relevant legal authority. In the event Plaintiff files a response, Defendant may file a reply of no more than **seven (7) pages in length, on or before 5:00 p.m. on Thursday, March 7, 2024.** The reply is limited to the issues raised in Plaintiff's response.

C. **Defendant's Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation (Doc. No. 61).**

Plaintiff is reminded that his deadline to respond to this motion is **February 29, 2024.** *See* Local Rule 3.01(c). Failure to respond by this deadline will result in the motion being deemed unopposed.

D. **Further Proceedings in this Case**

Defendant's motions for sanctions related to the two mediations (Doc. Nos. 55, 61) are hereby set for an <u>**in-person**</u> hearing before the undersigned to be held on **Wednesday, March 13, 2024, commencing at 10:00 a.m.** in Courtroom 5D, Fifth Floor, U.S. Courthouse, 401 W. Central Boulevard, Orlando Florida. **Plaintiff Frederick Saunders, Plaintiff's counsel Attorney Michael Grady Mann, and lead counsel for Defendant shall each appear in-person**. During this hearing, the

undersigned may also address any issues raised in the supplemental filings related to the third motion for sanctions (Doc. No. 57), which the undersigned has directed to be filed as set forth above.

Defendant's Renewed Unopposed Motion to Extend Defendant's Discovery and Dispositive Motions Deadline (Doc. No. 62) is **DENIED AS MOOT**. Given that the pending motions for sanctions implicate the continued litigation of this case, all further pretrial proceedings and deadlines (*see* Doc. Nos. 17, 39, 49), including the dispositive motions and trial deadlines, are hereby **STAYED** pending resolution of the motions for sanctions.

**DONE** and **ORDERED** in Orlando, Florida on February 22, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties