UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                      Case No.: 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT, LLC,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO ATTEND COURT-ORDERED MEDIATION AND INCORPORATED MEMEMORANDUM IN OPPOSITION**

    COMES NOW, Plaintiff, by and through the undersigned counsel, and hereby submits this Response in Opposition to Defendant's Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation (Doc. No. 61) (the "Motion") and Incorporated Memorandum in Opposition thereto, and states further that:

**PRELIMINARY STATEMENT**

    Plaintiff's counsel has contemporaneously filed two additional filings that identify the full scope of the surrounding circumstances which are relevant to the factual background leading into the issue presently before the Court. In short, the undersigned counsel experienced technical issues and a breakdown of all communications between approximately January 23, 2024, through to February 14, 2024, when the subject mediation was scheduled. During this same time period, the undersigned counsel transitioned out of his previous law firm and has been in the process of getting his own firm up and running smoothly. The chain reaction that started around January 23, 2024, came in waves over the course of the 3-4 weeks that followed. Email accounts (old and new ones) went out-of-service, phone systems went down, and all took place during around while the

undersigned was returning to his hometown to open a law firm with his own name on the door. In order to avoid redundant recitals of fact, Plaintiff's counsel instead will identify the inaccuracies in Defendant's instant Motion, then discuss why the extremely severe sanctions sought by Defendant should not be issued for Plaintiff's failure to appear at the February 14, 2024, mediation in this case. Last but not least, by February 14, 2024, Plaintiff still had not responded The Cochran Firm electing who he wanted to represent him, which meant that he remained a Cochran client until otherwise advised by Plaintiff.[1] The Mann Firm, LLC, was officially contracted with Plaintiff on February 26, 2024.

**MEMORANDUM IN OPPOSITION**

1. First and foremost, Plaintiff's undersigned counsel should point out that, by the time the mediation was reset for February 14, 2024, Defendant's counsel had already learned of Plaintiff's counsel new address, six (6) hours northwest of Orlando, FL, in Pensacola, FL.

2. Additionally, this understanding is evidenced by the fact that Mann explained Defendant's Exhibit A, at 1, email, where Mann points out that "[t]he only difference is that your depo might be in-person." (Doc. 62-1, at 2). This insinuates that Mann had at the veery least previously discussed the mediation being done while he attended virtually. Otherwise, there would be no reason for the juxtaposition to be made in Mann's January 23 email to Defendant's counsel.

3. January 23, 2024, is approximately the same time that Mann's old law firm emails started bouncing back. Mann did not have administrative authority of the email accounts at his old firm, and actually did not learn about the bounce backs until later. *See* Affidavit of Michael G. Mann, Esq., filed contemporaneously.

---

[1] Plaintiff made his declaration to remain Mann's client on February 21, 2024, which was five days after the date of the mediation at issue here. *See* contemporaneously filed, Affidavit of Michael G. Mann, Esq.

4. Plaintiff's counsel concedes that the mediation was mutually reset to February 14, 2024.

5. Mann also concedes generally to the timing and of his first appearance at the mediation via telephone.

6. Mann, however, rejects any allegations of intentional disregarding a court order, and understands that the Motion was filed while the Parties were still recovering from the communication breakdown and technical issues.

7. When Mann set the calendared the mediation date and time for February 14, 2024, he did so use The Cochran Firm Orlando, LLC's case management system, Microsoft Outlook, Teams, and Zoom Phones. And Plaintiff was invited to same.

8. The issue here is that the Eastern and Central Time Zones did not change in Mann's system, which was located in Central Time Zone, presumably because The Cochran Firm Orlando, LLC, was still hooked up to the software's in the Eastern Time Zone.

9. Mann's personal cell phone records only show three (3) calls from Julie O'Kane on February 14, 2024. The first call was at 12:47 PM (EST), and it is flagged as having been a "missed call." The second call was at 1:06 PM (EST), but this time it appears to be a "Canceled Call." (*Cf.* Doc. 61, at 6). And the third being picked up by Mann before 1:07 PM (EST). *See* **Exhibit "A."** This would mean that Mann was **not** 45 Minutes late—he was less than 20 mins late. *Cf.*, Doc. 61, at 2.

10. Plaintiff was going off of the same calendar event as Mann, but quietly assumed that the mediation was not moving forward until the several motions for sanctions were addressed by the Court. Therefore, when Plaintiff's counsel was attempting to hail his client into the

mediation during the middle of a workday, he was not on the lookout and did not connect with Mann until later that evening.

11. Defendant incorrectly represent that Plaintiff's counsel "responded and advised Defendant, Defendant's counsel, and Mediator O'Kane that Plaintiff and Plaintiff's counsel would not be attending in person." (Doc. 61, at 2). In reality, as soon as Ms. O'Kane identified herself, Mann informed O'Kane of his location in the central time zone and that his client had not been in touch with him about being late or not attending. Mann did not know his virtual appearance was a surprise to anyone, given the fact that Defendant's entire team had to have known about the new firm by that point.

12. As discussed in Plaintiff's contemporaneously filed Affidavit and Response in Opposition to Defendant's other Motion for Sanction (Doc. No. 55), Plaintiff never "sent" any recordings to key witnesses. (*Cf.*, Doc. 61, at 3). This is misleading, as detailed in undersigned's contemporaneously filed Affidavit.

13. Plaintiff's counsel answered O'Kane on the second call that came through to Mann's phone, which was *not* "half an hour into the mediation." (*Cf.* Doc. 61, at 3). It was 19 minutes past the start time. **Exhibit A**.

14. Defendant identifies communications in Paragraphs 5 and 6 of its Motion (Doc. 61, at 5), but both are during times identified and evidenced in Plaintiff's counsel's contemporaneously filed Affidavit as being when he was not receiving emails. Essentially, all of the Defendant's grounds for sanction draw back to the same breakdown in communications and snowball from there.

15. Defendant has not identified any bad faith on the part of Plaintiff to warrant such severe sanctions, and Plaintiff's counsel's contemporaneously filed Affidavit and Response

specifically outline the chain of events that snowballed during Plaintiff's counsel's transition. Defendant exaggerates certain factors in its Motion, such as the number of phone calls O'Kane made to Plaintiff's counsel (claiming "several calls" were made, Mann only seeing a record of two being evidence in Plaintiff's counsel's call log).

**WHEREFORE**, Plaintiff, by and through undersigned counsel, respectfully requests that this Honorable Court deny Defendant's Motion for Sanctions in its entirety for the foregoing reasons, including those stated in the contemporaneously filed Affidavit of Michael G. Mann, Esq., and Plaintiff's Response in Opposition to Defendant's Motion for Sanction, both of which outline and/or color in the underrepresented good cause, and the overexaggerated bad luck.

DATED: 2/29/24

Respectfully submitted,

**THE MANN FIRM, LLC**

*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
707 E Cervantes St, Ste B
Pensacola, FL 32501
Telephone: 850-407-8077
Facsimile: 850-262-9580
Mike@themann.law
eService@themann.law
*Attorneys for Plaintiff.*

**EXHIBIT "A"**



**Julie O'Kane**  
phone
February 14, 2024 at 12:48 PM

0:00                                                           −0:35

▶            

**Transcription**

"Hi Mike, this is Julie Kane calling it is Tuesday or actually Wednesday the 14th Valentine's Day at about 1 4 7 You and your client Mr. Saunders are supposed to be here at the Jackson Lewis offices for mediation today starting at 1: 4 5 so I got your cell phone number from Amanda and I thought I'd give you a call and see if you guys are appearing so again it's Julie Okane I'm the mediator of the Frederick Saunders versus signature flight case. My number is 4 0 7- 4 2 1- 6 5 5 8. Thanks bye-bye..."

Was this transcription useful or not useful?

Favorites   Recents   Contacts   Keypad   Voicemail



9