# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FREDERICK SAUNDERS**,

    Plaintiff,

**v.**                                    CASE NO.: 6:23-cv-230-RBD-LHP

**SIGNATURE FLIGHT SUPPORT, LLC**,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANTONC PURSUANT TO THE FLORIDA MEDIATION CONFIDENTIALITY AND PRIVILEGE ACT, OR IN THE ALTERNATIVE THE COURT'S INHERENT POWER (Doc. No. 55), AND INCORPORATED MEMORANDUM IN OPPOSITION

COMES NOW, Plaintiff FREDERICK SAUNDERS ("Plaintiff"), by and through the undersigned counsel, and hereby responds in opposition to Defendant's Motion for Sanctions Pursuant to Florida Mediation Confidentiality and Privilege Act, or in the Alternative, the Court's Inherent Power (Doc. No. 55) (the "Motion"), and Incorporated Memorandum in Opposition. In support thereof, Plaintiff states as follows:

## INTRODUCTION

As discussed below, Defendant's Motion should be denied because it fails to establish multiple foundational elements necessary to warrant the relief sought, the factual assertions stated in the Motion are incongruent with the proffered evidence, and it otherwise lacks legal grounds to justify the extremely serious allegations contained in Defendant's argument.

## FACTUAL BACKGROUND

1.     Defendant seeks attorneys' fees, costs, and sanctions (dismissal) "for recording and dissemination of confidential information from the Parties pre-suit mediation with the [EEOC]."

(Doc. No. 55, at 1). However, Defendant forgets to establish a record showing that Plaintiff actually recorded the mediation. Defendant even fails to even a speck any evidence of "dissemination" of this recording other than a single out-of-court, out-of-context, unverified text message from Plaintiff to "Jan (Personal)," where Plaintiffs refers to a video being sent to her personal email.[1]

2.      Defendant fails to show how an EEOC mediation during Plaintiff's administrative remedies stage is treated the same as the voluntary pre-suit mediation in *Bagrakis v. Zimmerman*, 2020 U.S. Dist. LEXIS 682998, * 3 (M.D. Fla. Apr. 20, 2020). The EEOC mediation between the Parties was not "required" in any way, as stated in the first paragraph of Defendant's Exhibit "A" to the Motion (Doc. 55-1, at 2). The Parties were "invited to attend a mediation session." *Id.* Defendant's Exhibit "B" further defined the mediation as "voluntary" (Doc. 55-1, at 4).

3.      Defendant not established that the alleged recording and unsupported allegations that Plaintiff disseminated the record and the kind of "matters discussed during" mediation that are not "otherwise discoverable." (Doc. 55-1, at 4). The Confidentiality Agreement seems to be more focused on protecting against use of settlement offers or apologies as evidence of liability, because the Confidentiality Agreement, *e.g.*, refers to communications between the mediator and the parties rather than party-to-party. *Id.* Moreover, it states that "[t]he parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party." *Id.* Apparently the latter term does not apply to Defendant, who plainly admits to attempting to compel the mediator to produce documents produced by Plaintiff. (*See* Doc. No. 55, at 3, n.1.) What is more, Defendant submits no evidence that Plaintiff ever signed these documents while

---

[1] Defendant's Motion was filed prior to Plaintiff's second deposition where Defendant's counsel examined Plaintiff on the purported "dissemination" of a "recording" from the EEOC Mediation. Plaintiff testified that the video was never sent to Ms. Chalk's email.

simultaneously declaring that "Plaintiff undoubtedly did, in fact, sign the Agreement." (Doc. No. 55, at 5).

4.    Defendant also appears to generalize "over 1,000 text messages" as being all—every one of them—about the instant case. (Doc. No. 55, at 3). First of all, Plaintiff is not forbidden from discussing his case with anyone. Second, Defendant submits just a few very broad mentions of the mediation and a video recording.

5.    The first screenshot submitted in support of severe sanction is merely a message from Plaintiff informing Jan of his schedule, which included "the mediation" being on "the 21st." (Doc. No. 55-1, at 8). Sharing the existence of a mediation surely cannot be the same as "dissemination of confidential information *from* the Parties' pre-suit mediation." (Doc. 55, at 1). The mediation had not even taken place—there is no confidential "mediation communications" to be "disseminating" when the mediation did not even start until two days after he sent the message.

6.    As for the second screenshot (Doc. No. 55-1, at 9), it is unclear to Plaintiff how the messages add anything relevant to support the Motion.

7.    The third screenshot (Doc. No. 55-1, at 10) is more relevant than the first two, but still far from confidential information *from* the mediation. Again, speaking to someone after a mediation is not illegal, and describing a group of unidentified persons as "smug" is not even factual in nature—it's Plaintiff's opinion. As for the text that says, "[s]tarting the recording now," Defendant fails to show how, "[s]tarting the recording now," is even a "mediation communication," under Fla. Stat. §§ 44.405(1).  Furthermore, making a recording of the EEOC mediation, even if it fell under the scope of Fla. Stat. §§ 44.401, et seq., is not, by itself, constitute a disclosure of confidential communications. At best, it means Plaintiff's has recorded the confidential communications—still very different from "disclosing."

8.      Defendant merely provided this Court two documents that are not signed by Plaintiff, an unauthenticated hearsay document (*i.e.*, "Activity Log"), and a few text messages that mention "mediation" and "recording" within the same work week.

9.      Defendant fails to show **what** Plaintiff recorded, **how** he recorded it, **when** he recorded it for, whether the recording includes "mediation communications," and whether the "mediation communications" were actually **disclosed** to anyone not allowed to know. Plaintiff's text message (Doc. No. 55-1, at 12) even states that "[t]he file is too large to send via text." (Doc. No. 55-1, at 12). Thus, the video was not "disclosed" to Jan Chalk on July 21, 2022. (Doc. 55-1, at 13). There is no confirmation from Chalk that the video was actually disclosed (received) by her at her personal email.

10.      Defendant erroneously attempts to convolute the issues and, instead of producing evidence, alludes to a mysterious "key takeaways" document and leaps to the conclusion the key takeaways were "*from*" the EEOC mediation. (Doc. 55, at 4). However, as shown in Plaintiff's Exhibit "A," this document does not contain and mediation communications—it is Plaintiff's memorandum and living notes that he created himself—not *from* the EEOC mediation. As a matter of fact, the "Confidentiality Agreement" (Doc. No. 55-1, at 4) even provides that "[p]arties or their counsel are not prohibited from retaining their own notes.

11.      Again, Defendant fails to show how Saunders breach any duty any statutory duty owed to Defendant following his employment ending in October 2021.

## MEMORANDUM IN OPPOSITION

In its motion the severe sanctions and dismissal of Plaintiff's lawsuit, Defendant cites just one case. The case is distinguishable from the instant EEOC administrative proceeding here. According the EEOC, "the EEOC's mediation program is strictly voluntary." (Plaintiff's Exhibit

"B," EEOC's online F.A.Q. regarding mediation). Therefore, the mediation in the instant case does not apply to Fla. Stat. § 44.402(1)(a). The EEOC's Mediation Agreement and Confidentiality Agreement does not include an "express agreement of the mediation parties" to conduct the mediation under the Mediation Confidentiality and Privilege Act. Fla. Stat. § 44.402(1)(b). Defendant has not shown that the mediator in the subject mediation on July 21, 2022, was "certified by the Supreme Court." Fla. Stat. § 44.402(1)(c). Therefore, the Mediation Confidentiality and Privilege Act does not apply to the mediation in question here, because the EEOC mediation is not within the scope defined by Fla. Stat. §§ 44.402(1)(a)-(c).

While Defendant puts a great deal of emphasis on the fact that Chalk and Jordan worked for Defendant at the times identified in Defendant's Exhibit D (Doc. No. 55, at 8-17), their employment for Defendant does not, by itself, establish that Plaintiff was acting in bad faith or that there was any negative impact on Defendant's business. Furthermore, "employment" is not a factor determining whether the Act applies.

Defendant asks this Court to follow the ruling of *Bagrakis v. Zimmerman*, 2020 U.S. Dist. LEXIS 682998, *3 (M.D. Fla. Apr. 20, 2020). However, in that case, this Court held that the mediation fell under the scope of section 44.402, and thus the Mediation Act applied. Defendant misses the mark, arguing that "*any* mediation conducted by express agreement" is subject to the Mediation Act. However, section 44.402 does not say that. In fact, it requires that the parties expressly agree to section 44.401-44.106 itself controlling. The parties here did not expressly agree to conduct the mediation under §§ 44.401-44.106. Therefore, *Bagrakis* is incongruent with the instant case.

Defendant further also misses the mark when it comes to the Confidentiality Agreement itself, which does not use the word "agree" anywhere in the sentence: "Mediation sessions will not

be recorded or transcribed by the EEOC, the mediator or any of the participants." (Doc. No. 55-1, at 4, para. 6). The does not say the "parties" or "agree." A reasonable person could understand this to mean the EEOC will is trying to make them feel comfortable about the mediation, and other reasonable persons could interpret it to mean they should record it themselves. After all, the previous paragraph said, "Parties or their representatives are **not** prohibited from retaining their own notes." (Doc. No. 55-1, at 4) (emphasis added).

## CONCLUSION

Therefore, in conclusion, Defendant's Motion should be denied for several reasons: (1) because the Mediation Act does not apply to the mediation in this case, since it did not fall under any of the three options; (2) because, even if the Mediation Act did apply, Plaintiff's "key takeaways" were not "mediation communications" *from* the EEOC mediation; and (3) even if Defendant did point to a record to record of evidence showing Plaintiff recorded the mediation, Defendant has not established that this recording was in fact delivered to Jan Chalk or David Jordan to qualify as a third-party disclosure of mediation communications. Furthermore, unless Plaintiff bugged Defendant's breakout room(s), the only communications from the mediation that would be recorded by Plaintiff would be an opening statement from Defendant's counsel, which it has been argued in every pleading, discovery response, and court hearing since its EEOC Position Statement.

DATED: 02/29/24                          Respectfully submitted,

                                         */s/ Michael G. Mann, Esq.*
                                         MICHAEL G. MANN, ESQ.
                                         Fla. Bar No. 1020249
                                         **THE MANN FIRM, LLC**
                                         707 E Cervantes St, Ste B
                                         Pensacola, Florida 32501
                                         Telephone 850-407-8077
                                         Facsimile 850-262-9580

Mike@themann.law
*Attorneys for Plaintiff.*