**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FREDERICK SAUNDERS,**

      Plaintiff,

**v.**                                                   Case No.: 6:23-cv-230-RBD-LHP

**SIGNATURE FLIGHT SUPPORT, LLC,**

      Defendant.

_____/

**AFFIDAVIT OF MICHAEL G. MANN, ESQ.**

**I, Michael G. Mann, Esq., under penalty of perjury, and pursuant to this Court's Order (Doc. No. 67), hereby swear and affirm that the following is true and correct to the best of my knowledge and ability:**

1.      Mann submits this Affidavit in Response to the Court's Order on February 22, 2024, whereby this Court Ordered (Doc. No. 67), and so affirms that:

**I.      PRELIMINARY CONSIDERATIONS**

2.      Mann respectfully requests that this Honorable Court consider the following circumstances at the outset.

3.      Mann does not have access to his former e-mail account (mmann@cochranfirmorlando.com), but asserts that the information herein stated is true and correct to the best of Mann's knowledge, following diligent research and review of the files and communication records within Mann's possession and control as of the time of filing this Affidavit.

4.      Mann, on behalf of Plaintiff, actively participated in discovery and consistently maintained professional and courteous relations with Defendant's counsel in order to avoid the

exhaustion of unnecessary time and resources. Unfortunately, it seems clear now that there no "good time" for a practicing attorney to hang a shingle.

5.     During the course of preparing this Affidavit, man compiled an index of relevant communications that address items of discovery arising out of Plaintiff's November 30, 2023, deposition. Unfortunately, Mann's record is incomplete due to no longer having access to certain relevant records within Mann's previous law firm, The Cochran Firm Orlando, LLC ("CFO"), such as access to Microsoft Teams, Outlook (email and calendar), Zoom Phone, Dropbox storage, CARET Legal,

6.     The following affirmations are limited in this regard, where, *e.g.*, Mann cannot confirm or deny what was said during phone calls or in emails that are not in Mann's current system. The dates of emails referenced in this Affidavit are the dates logged by the email server as being sent and/or received, rather than the actual dates that Mann received and reviewed same. Unless specifically stated otherwise, sent/received dates of emails between January 24, 2024, and February 9, 2024, do not represent the dates that Mann in fact "read or personally received" them.

7.     Some affirmations are based upon the knowledge and belief (memory) of Mann, and inferences drawn from the communications, such as where an email refers to a "call" that took place the day prior. Moreover, Mann no longer has access to accounts that were created using his previous email address, and his access to cloud storage was cutoff. *Complete* case files remain outstanding from CFO. For example, for case emails that Mann does have access to from Cochran, for some reason if the email had an attachment, the attachments have not been transferred to Mann.

8.     On February 27, 2024, at approximately 8:55 AM, Mann requested copies of his previous phone logs from his previous firm for the dates relevant to this Affidavit (Nov. 30, 2023, through to present). As of the time of this filing, Mann has not received the logs.

9.      On February 1, 2024, The Cochran Firm Orlando, LLC, notified Plaintiff—along with his hundreds of other former clients—of Mann's departure from the firm. *See* **Attachment 45**, Plaintiff's Determination of Representation. In that correspondence, the firm gave Plaintiff the option to continue being represented by Mann or to seek another law firm. *See* **Attachment 45**.

10.     Plaintiff remained silent on this election for approximately three (3) weeks, until February 21, 2024 (on the eve of the last hearing before this Court), when he submitted his response and elected to remain with Mann.[1] Mann was ordered by this Court produce discovery and appear for an in-person hearing during this period. Mann and Plaintiff finally executed a new attorney-client engagement agreement on February 23, 2024.

## II.     <u>SUMMARY OF PARTICIPATION IN DISCOVERY (11/30/24-2/9/24)</u>

11.     On November 30, 2023, Mann defended Plaintiff's deposition, during which Plaintiff testified to having communicated with third parties via text message. After approximately nine (9) hours, before adjourning, Plaintiff and Mann agreed to hold Plaintiff's deposition open until Plaintiff was able to produce the text messages in question. Mann offered to allow Defendant's counsel access to Plaintiff's cell phone at the deposition. During the deposition, Defendant's requested additional information and materials from Plaintiff, but Mann understood that the deposition was being held open for the limited purpose of examining Plaintiff about the communications that he testified about, including text messages on Plaintiff's personal phone with coworkers and friends.[2]

---

[1] According to Bar Rule 4-5-8(e), non-responsive clients remain firm clients until the client advises otherwise.
[2] This purpose was later compounded after Plaintiff's production of the text messages in video format, at which time Defendant's counsel sought to examine Plaintiff on several additional topics, including attorney-client communications and another expansion on the scope of the limited purpose for leaving Plaintiff's deposition open. This is not to say that Defendant's counsel acted in bad faith; rather, it is to say that discovery is not for the parties to identify non-admissible evidence to keep hailing the other party back onto the record for further interrogations.

12.     Mann's litigation calendar had already consumed the remained of 2023 prior to the Plaintiff's deposition, on November 30, 2024, and Mann only had a couple of available half-days to squeeze a second deposition into for Plaintiff. For example, Mann was in court the next day for a murder case arguing a motion to dismiss under the Florida Stand Your Ground Laws; the following week, Mann was in depositions 4 out of 5 workdays; and then again, the week after that, for depositions previously scheduled in the instant action, on December 18th and 19th, 2023. *See* **Attachment 46**, Mann's Redacted December 2023 Calendar.[3] Mann was out-of-town for the holidays from December 21st through January 2nd, 2024.

13.     From January 11-12, 2024, Mann was away on business.

14.     January 15, 2024, was a holiday, and Mann's previous firm was closed on that day.

15.     On January 22, 2024, Mann took the deposition of Sherri Miller, on behalf of Plaintiff.

16.     On January 23, 2024, Defendant's counsel canceled Plaintiff's deposition that was set to be continued on the following day, January 24, 2024.

17.     On January 25, 2024, Mann's office was being packed and started to be loaded onto moving truck for the final departure from Orlando to Pensacola the next morning.

18.     On January 26, 2024, Mann's mover arrived in the morning, and Mann was in route to Pensacola by noon. Mann arrived in Pensacola around approximately 7:00 PM and movers unloaded the truck for several hours.

19.     Mann initiated services of a case management software on January 31, 2024.

20.     Mann did not have WiFi installed until the following Friday, February 2, 2024.

---

[3] This calendar is missing some events that were scheduled in Mann's previous firm's shared calendar.

21.     On Sunday, February 4, 2024, Mann was kicked out of his *new* email account, but resolved it later that evening.

22.     The following Tuesday, February 6, 2024, Mann was in virtual court from approximately 12:00 PM (CST) until he learned of a family emergency that required his immediate presence, around 2:00 PM (CST). Mann learned of this emergency while on the phone with Defendant's counsel, Lin Wagner, Esq.

23.     On Wednesday, February 7, 2024, Mann had construction at his home in the morning and late afternoon. During this time, Mann could not conduct any calls due to the noise while being home with construction going on, but Mann continued to work through the backlog of emails that had piled up since approximately January 24, 2024.

## III.    COMMUNICATIONS WITH DEFENDANT'S COUNSEL

24.     Mann provides the following detailed accounts regarding communications with Defendant's counsel from November 30, 2024, pursuant to this Court's Order (Doc. No. 67), to the best of his knowledge, information, and belief, formed after considerable inquiry under the circumstances and having limited access to case records and communications. *See* Fed. R. Civ. P. 11(b).

25.     During Plaintiff's November 30, 2023, deposition, Mann agreed to produce certain supplemental discovery documents[4] following a search for same. The supplemental discovery requests from Defendant's counsel were stated on the record in that deposition, so Mann required a copy of that deposition in order to ensure that Plaintiff fully and properly responded to these discovery requests. For example, on December 11, 2023, Defendant's counsel, Lin Wagner, Esq., followed up about Plaintiff's "supplemental discovery responses, including the answer to damages

---

[4] Mann's case files from his previous firm do not contain Plaintiff's deposition transcript, and the link to same from the court reporter has expired.

interrogatory, and the text messages he mentioned in his deposition." *See* **Attachment 19**, Email from Wagner to Mann.

26. Upon information and belief, Mann recalls explaining to Defendant's counsel that the deposition transcript is required in order for Plaintiff to respond to the supplemental discovery requests from his deposition. *See* **Attachment 22**, at 2, Email from Mann to Defendant's Counsel, Dec. 18, 2023 (stating "[w]e have not received the depo transcript for review, and were [sic] waiting for that in order to make sure all items from the deposition are produced and amended properly").[5]

27. On December 6, 2023, Mann's office emailed Defendant's counsel in order to reschedule Sherri Miller's deposition due to a scheduling conflict. *See* **Attachment 16**, Policard email at 9:14 AM. Both parties' counsel started having scheduling issues, pushing discovery depositions well into January 2024. *See* **Attachment 16**, at 4 (Simpson's calendar being "jammed for the rest of December/January"); and **Attachment 16,** at 3 (Mann's calendar "pretty much filled until the end of the year"). Mann only had 2 availabilities before the discovery deadline at that time (Attachment 16, at 2), and the parties confirmed January 22nd for Miller's deposition. *See* Attachment 16, at 1. However, Defendant's counsel identified additional depositions to squeeze into January. *See* **Attachment 16**, at 1.

28. On December 7, 2023, Mann produced a copy of the Affidavit of Service of Jan Chalk's Notice of Deposition. *See* **Attachment 15**, Mann email at 11:36 AM (CST).

29. Mann shared a draft Notice of 30(b)(6) Deposition with Defendant's counsel, and the parties worked together to create a mutually agreeable scope of testimony and document

---

[5] During the drafting of this Affidavit, Mann contacted Defendant's counsel about outstanding discovery, and Wagner responded, on Feb. 27, 2024, providing an outline of production sought by Defendant.

production, over the course of approx. two (2) weeks. *See* **Attachment 19**, sharing redlines via emails, 11/29/23 to 12/11/23.

30.     On December 12th, Defendant cross-noticed the Chalk deposition set for December 19th. *See* **Attachment 20**, Defendant's e-service of Notice, at 2:31 PM (CST).

31.     On December 14, 2023, Wagner contacted Mann about discovery and informed Mann that they may need to have Plaintiff's treating physicians deposes. *See* **Attachment 21**, 1-2, Wagner email at 12:42 PM. Upon information and belief, this was the first time Mann was informed of Plaintiff's physicians possibly being deposed. The following Monday, December 18th, Wagner asked for a response to the latter email. *See* Attachment 21, at 1, Wagner 8:27 AM email. Mann responded later that morning with in-line responses to Wagner's bullet points. *See* Attachment 22, Mann 10:33 AM email. In that response, Mann explained that Plaintiff/Mann still had not received the Plaintiff's deposition transcript for his reading and certification. *See* **Attachment 22**, at 2 (in red font). Mann also informed Defendant that the morning of January 22nd was not available on his end. *Id.*

32.     Defendant responded to Mann's redlines with green lines, on December 19, 2023*See* **Attachment 23,** Simpson 1:12 PM email. Simpson asserted that Plaintiff agreed to "supplement his answers to the damages interrogatories and produce text messages [and] there may be additional items." *See* Attachment 23, at 3 (in green font). Simpson also assured, on December 19th, that, to "the extent there are additional items outlined in the deposition, those can be supplemented at a later time." *Id.*

33.     At 2:59 AM (CST), on December 19th, Mann replied to Simpson email attaching Plaintiff's finalized 30(b)(6) Notice of Deposition upon which the parties collaborated. *See* Attachment 24, at 2. Mann provided the Notice in Word, PDF, and redlined version for full

transparency. *Id.* Later that day, Mann confirmed the proposed CMO modifications and provided an update about the outstanding text messages from Plaintiff. *See* Attachment 24, at 1, Mann 4:35 PM email (explaining that he had not "gotten my hands on the text messages yet" but was trying; providing three (3) new dates for depositions; informing counsel of Mann's expected unavailability while traveling on December 21st; and promising to follow-up once he had Plaintiff's availability confirmed).

34.     Mann traveled to North Carolina on December 21st for a hearing on December 22nd. While Mann was traveling, Amanda Simpson, Esq., confirmed that "somehow all of those dates and times work for me." *See* Attachment 25, Simpson 6:58 AM email. Defendant thus filed an Unopposed Motion to Modify the CMO (Doc. 38) around 10:34 AM on December 21st (*see* **Attachment 26**), and this Court granted the Motion the following day (Doc. No. 39).

35.     Following Mann's hearing in North Carolina, Mann was out-of-town for the holidays until January 2, 2024. The Cochran Firm Orlando, LLC, without informing Mann, closed for the holidays all the way through New Year's Eve, while Mann attempted to meet filing deadlines that fell between Christmas and New Year's, from the road.

36.     On December 27th, Mann received a portal link to the Plaintiff's deposition transcript and forwarded it to Plaintiff for review and certification. *See* **Attachment 1**, Esquire Solutions 9:57 AM email on Dec. 26, 2023; and **Attachment 2**, Attorney-Client Privileged 7:27 PM email to Plaintiff, on Dec. 27, 2023. Due to the holiday delays, Plaintiff was not able to review and sign until sometime on or after January 2, 2024, but Mann never received a confirmation or copy of the portal submission by Plaintiff. *See* **Attachment 2**, Attorney-Client Privileged email on December 29, 2023, 3:59 PM. The portal transcript was not provided by the court reporter in PDF or another document format. *See* Attachment 1, at 2. Rather, it was only accessible for a limited

time through the Esquire Solutions portal. *Id.* Mann kept the portal tab open for some time (days) until it eventually no longer allowed Mann to access it. A copy or confirmation of Plaintiff's certification was never received by Mann, based on a diligent search of Mann's case files, communications, and notes in his possession at the time of filing this Affidavit.

37.     Following the New Year, on January 3, 2024, Defendant's counsel sent an email to Mann identifying discovery that Plaintiff agreed to produce in his November 30, 2023, deposition. *See* **Attachment 28**, Email from Wagner to Mann, Jan. 3, 2024, at 11:49 AM (CST). Wagner identified the following discovery as being outstanding from Plaintiff: "text messages your client testified about, […] updated interrogatory answer on damages[,] the names and contact information for your [Plaintiff]'s ex-girlfriend, family and friends with whom he testified he has had discussions about this case." *See* **Attachment 28**.

38.     On January 10, 2024, at 2:29 AM Mann produced Plaintiff's Supplemental Responses to Defendant's First Set of Requests for Production of Documents to Defendant's counsel, on January 10, 2024, at approximately 2:30 AM, along with Plaintiff's production documents numbered FS-000273 through FS-000480 using a Dropbox Transfer link. *See* **Attachment 3**, Mann Electronic Service of Discovery Email, on January 10, 2024, at 2:29 AM (CST).

39.     Plaintiff's Supplemental Responses to Defendant's Requests for Production of Documents provided a supplemental response to Request No. 1. *See* **Attachment 3**, at 5. The discovery documents produced with the Supplemental Responses time included Plaintiff's documents numbered FS-000112 through FS-000480, which Mann identifies more specifically as follows: FS-000112 through FS-000480 were produced as PDF documents through Dropbox links; and Video01.mov and Video02.mov (a non-visual video recordings by, upon information and

belief, Jan Chalk during her conversations with Defendant's representatives about her employment) were produced as MOV files through Dropbox links. The records produced by Plaintiff to Defendant were sent via Dropbox Transfer links, and the file names included the following identifying information: starting BATES#, most-relevant Discovery Request Number (*e.g.*, "RFP #1"), and the original or assumed title of the document.

40.     On or around January 10, 2024, in advance of Mann's departure from his law firm, Mann contacted Defendant's counsel to provide context for possible extension of deadlines due to the fast-approaching departure date (*i.e.*, Feb. 2, 2024). *See* **Attachment 4**, Mann 9:42 AM (CST) email. This was in follow-up to a prior request for a conference call about an extension. *See* **Attachment 4**, at 3, Mann 7:06 PM email.

41.     Mann was unavailable while traveling, on January 11th, and out-of-office on January 12, 2024. *See* **Attachment 5**, at 1, Mann calendar week of 1/8/24; and **Attachment 30**, Wagner 3:39 PM email to Policard. Upon information and belief, Mann returned to Orlando on January 15th. *See* **Attachment 5**, at 2, Mann calendar week of 1/15/24.

42.     Plaintiff visited came into Mann's office while Mann was traveling, on January 11th and Mann's paralegal obtained the subject video recordings of Plaintiff's text messages while Mann was gone, then, on January 12th, uploaded them to Mann's OneDrive for review. *See* **Attachment 6**, Policard 3:40 PM Email through Microsoft Teams.

43.     On January 11th, Mann electronically served Defendant's a Notice of Deposition for Sherri Miller's January 22nd deposition. *See* **Attachment 30**.

44.     On January 16th, Mann attempted to contact Defendant's counsel. **Attachment 7**.

45.     Upon information and belief, Mann recalls that, at times between January 15, 2024, and January 17, 2024, Mann reviewed Plaintiff's text messages, which were video-recorded by

Mann's paralegal while Mann was out-of-office (recorded on January 11, 2024, and uploaded for Mann's review on January 12, 2024), to prepare them for production to Defendant.

46.	Based upon information and belief, Mann recalls speaking with Wagner at some point while he was reviewing the text message video-recordings. Around this same time, while speaking to Wagner, Mann recalls explaining that he was reviewing the text message videos and the fasted way to produce them would be in the video format within the next 24-48 hours. However, this is a point of contention for the Parties.

47.	At 8:06 AM, pm January 16th, Simpson emailed Mann to speak about a motion to compel and Defendant wanting to extend the deadlines as well. *See* **Attachment 7**, at 2. A few hours later, Mann tried to call Simpson but did not connect and followed up with an email stating that the extension was not opposed. *See* **Attachment 7**, at 1. Upon information and belief, Mann had already expressed concerns a week prior about the deadlines and how they could be affected by Mann's departure form Cochran. *See* **Attachment 4**, at 1. Upon information and belief, Mann vividly recalls speaking to either Simpson or Wagner about these concerns and discussing alternatives to an extension to alleviate some of the [un]expected delays during transition such as allowing additional time for Plaintiff's briefing on dispositive motions, but Mann was told that it would be unlikely for Defendant to agree to the extension.

48.	At 11:54 PM, on January 16th, Mann produced supplemental answers to interrogatories 6, 8, 9, and 13, as well as Plaintiff's relevant text messages in video (MOV and MP4) formats using a Dropbox Transfer link in the email. *See* **Attachment 17**, Mann email and attached supplement. *See also* **Attachment 8**, at 2, appearing to be the same email but having a different timestamp of Jan. 17th at 12:55, perhaps in Eastern Time Zone.

49.     On January 17, Mann resent the production link to counsel who not able to access the most recent supplement. *See* **Attachment 14**, at 1, Wright 12:32 PM email.

50.     On January 19, 2024, Defendant email supplemental discovery to Mann, producing Defense documents numbered BATE#011274-011275 and BATES#011311-011313. *See* **Attachment 18**, Wright 3:56 email.

51.     On January 22nd, Mann generated a new Dropbox Transfer link to the relevant text message videos and resent the link to counsel. *See* **Attachment 9**, at 1, Dropbox Confirmation at 2:50 PM; *and* **Attachment 8**, at 1, Mann 2:47 PM email re-serving discovery. *See also* **Attachment 10**, New Download on 1/22/24 at 8:55 PM; and **Attachment 11**, New Download on 1/22/24 at 4:48 PM.

52.     Defendant's counsel informed Mann that Defendant's counsel had been seeing old discovery documents at the January 17, 2024, link provided to Defendant's counsel, and it appeared to Mann that Defendant's counsel was using an old Dropbox Transfer Link for previous discovery documents. *See* **Attachment 13**, Email from Kelly Wright to Mann, Jan. 22, 2024, at 4:51 PM. So, in order to make it easier for Defendant's counsel, Mann copy and pasted the Dropbox transfer link from January 17, 2024, in a separate email for ease of access. *See* **Attachment 12**, Email from Mann to Defendant's Counsel, on Jan. 22, 2024, at 6:28 PM.

53.     The discovery documents produced on January 17, 2024, and January 22, 2024, relating to videos of text messages, included the following text messages: with Brian from 8/4/19 and 10/19/20 (IMG_1826.mov); with Brian Furman (Cell) from 10/18/18 to 7/28/20 (IMG_1827.mov); with David Jordan from 3/3/21 to 6/26/22 (IMG_1837.mov); with Greg Hunter from 8/23/18 to 9/14/23 (IMG_1838.mov); with group chat on 2/8/19 (IMG_1829.mov); with Group on 2/8/19 (IMG_1832.mov); with Group 2/11/19 (IMG_1828.mov); with Group on

11/21/18 (IMG_1834.mov); with Group on 12/6/18 (IMG_1833.mov); with Jan Chalk (Personal) on 6/10/22 to 12/26/23 (mp4); with Jan Chalk (Personal) on 9/23/21 to 11/2/21 (IMG_1839.mov); with Jan Chalk (Personal) on 11/2/21 to 6/9/22 (IMG_1840.mp4); with Lisa Hey on 12/17/20 to 8/8/21 (IMG_1836.mov); with Sandy (Personal) on 10/26/21 to 12/12/23 (IMG_1835.mov); with Sherry on 6/16/18 to 11/27/18 (jpg); and with Sherry on 7/16/18 to 8/12/20 (IMG_1831.mov)

54.     Early in the morning of January 23, 2024, Mann received an alert from Dropbox that the text message video-recordings had been viewed 4 times and downloaded at least once. *See* **Attachment 10**, Dropbox Alert on January 22, 2023, at 8:55 AM.

55.     The text messages that were produced on January 17, 2024, were therefore produced multiple times and via Dropbox transfer links on January 17, 2024, and January 22, 2024. *See* **Attachment 12**; *and see* **Attachment 8**. Mann also attempted to produce the videos via Defendant's "Biscom" portal, but the file uploads were causing Mann's hard drive to freeze and reload multiple times. *See* **Attachment 13**, at 1. The Dropbox File Transfer link included over 2.14 gigabits of data in the form of video recordings of Plaintiff's text messages between numerous individuals.

56.     Mann took the deposition of Sherri Miller in the instant action, on January 22, 2024, at approximately 1:00 PM (EST). The deposition continued until approximately 1:44 PM (EST).

57.     Upon information and belief, and upon information inferred from e-mail messages with Defendant's counsel, Mann spoke to counsel about the video-recorded text message production, along with Defendant's intent to seek an independent medical examination of Plaintiff for the first time in this action. *See* **Attachment 41**, at 6, Simpson 1/23/24 email to Mann, referring "to our call yesterday." Based upon Mann's recollection, and the inferences made from the aforementioned email, Mann indicated to Simpson during that call that he needed to consult with

Plaintiff prior to responding to Simpson's proposals relating to mediation scheduling, a position on IME, and dates for an IME. *See id.*

58.　　On January 23, 2024, Defendant's counsel, Amanda Simpson, Esq., informed Mann that "given the format, I was not able to get through the videos of texts in time," and further suggested that we reschedule mediation for February 14, 2024, and Plaintiff's deposition—which was then-set for January 24, 2024—to be taken on January 31, 2024. *See* **Attachment 41**, at 3-4, Email from Simpson to Mann, on Jan. 23, 2024, at 10:30 AM. Simpson suggested, "[w]hat if we rescheduled the mediation to the 14th and rescheduled the continued deposition of Saunders to the 31st to give me sufficient time to review the texts and determine whether we need the deposition? (Hopefully, we do not.)" *See* **Attachment 41**, at 4*.* Simpson further specified, for the first time, that "[i]f I do need the deposition, I will need screenshots of the texts."[6] *See* **Attachment 41**, at 4*.* Mann later informed Simpson by email that he was still waiting for a response from his client. *See* **Attachment 41**, at 4-5, Email from Mann to Simpson, on Jan. 23, 2024, at 9:24 AM. Simpson emailed Mann twice more about her review of the video-recorded text messages later that day. *See* **Attachment 41**, at 2-4. Mann responded that day, confirming the mediation date but that he is awaiting confirmation for Plaintiff's deposition to be taken on January 31, 2024. *See* **Attachment 41**, at 1-2, Email from Mann to Simpson, Jan. 23, 2024, at 6:07 PM. On January 24, 2024, Simpson emailed Mann, but the email failed to deliver to Mann, and was later forwarded by Policard to Mann's new email address (mike@themann.law), on January 30, 2024, at 4:34 PM (CST). *See* **Attachment 41**, at 1.

---

[6] Mann did not take this message to mean that screenshots were needed at that time, but rather that they may potentially be needed from Plaintiff's phone. Thus, Mann did not act at this time to obtain any screenshots of the text messages. Furthermore, Mann did not understand this message to mean that the videos were unreadable, and screenshots could not be pulled from the previously produced video-recordings of the text messages. The purpose of producing the text messages in video format was so that Defendant's counsel could pull their own screenshots from the videos as they saw fit, without there being any question as to the authenticity of the screenshots.

59.     Mann believes that sometime over the next 24-48 hours that Mann's e-mail account, mmann@cochranfirmorlando.com, started to experiencing issues and started to bounce or reject incoming emails, instead of forwarding them to mike@themann.law. *See*, *e.g.*, **Attachment 42**, Email from Policard to Defendant's Counsel, stating "These emails were quarantined," on January 30, 2024, at 4:19 PM (CST); Attachment 43, Email from Policard to Defendant's Counsel, stating "Your emails were quarantined," on January 30, 2024, at 4:20 PM (CST); and **Attachment 44**, Policard Forwarding Email from Defendant's Counsel regarding Cease & Desist, Jan. 30, 2024, at 4:35 PM (CST).

60.     Mann is unsure as to exactly when his emails started getting bounced back to sender, but he believes that his email account went down at some point between on January 24, 2024, or January 26, 2024, and continued rejecting emails until sometime between January 30, 2024, and January 31, 2024. Upon information and belief, emails sent to mmann@cochranfirmorlando.com during this time period bounced back to the senders, who, upon information and belief, were provided notice of the emails failure to send during that time. *See* **Attachment 44**; **Attachment XX**, Email from Mann to Simpson, on January 31, 2024, at 4:45 AM. Mann believes that e-mails that were not sent to mike@themann.law (or copied) were not immediately received from the original senders.

61.     During the time that Mann's e-mails were bouncing back and failing to deliver, Defendant's counsel sent an email to Mann regarding ***additional*** text messages and attempting to inform Mann, for the first time, that the video formats were "essentially impossible to utilize in litigation," and proposed "[i]f you cannot send us the actual text messages, please advise and we can get a vendor to obtain the texts." Defendant's counsel asserted that there were "additional text messages" and later informed Mann that this was merely an inference made from the fact that there

was a gap in time between certain text messages. *See Id.* January 26, 2024, was the same day that Mann was moving office furniture (as well as him home residence) from Orlando to Pensacola, and unable to connect with Defendant's counsel regardless of whether their e-mail went through to Mann's account. Later that evening, Defendant filed a Motion to Compel Discovery (Doc. 43).

62.     At approximately 2:30 PM on January 31, 2024, Mann setup The Mann Firm, LLC's case management software.

63.     Case files transferred to The Mann Firm, LLC, from The Cochran Firm Orlando, LLC, do not include any communication records after January 31, 2024, at approximately 4:56 AM, that are relative to the instant action.

64.     On February 1, 2024, Mann was in business meetings regarding his new Pensacola firm, after which Mann learned that The Cochran Firm Orlando, LLC, had been providing Mann's former clients with his personal cell phone number.

65.     On February 1, 2024, and February 2, 2024, without advanced notice, Mann's previous law firm began blasting out client letters before allowing Mann to identify which cases he could and could not take with him.

66.     Mann was prohibited by CFO, from informing Plaintiff of his intended departure from CFO, until on or after February 2, 2024. However, prior to that, CFO unilaterally informed Mann's clients that he was departing CFO. Plaintiff Frederick Saunders was provided such notice by CFO, on February 1, 2024.

67.     Pursuant to Florida's Bar § Rule 4-5-8, following notice of departure, clients must choose the attorney or firm that they wish to represent them. Non-responsive clients remain represented by the law firm until/unless otherwise stated by the client. *See* 4-5-8(e).

68.     On February 2, 2024, CFO, notified Plaintiff that Mann had left The Cochran Firm Orlando, LLC, and advised Plaintiff to elect whether he would like to have Mann continue representing him.  Plaintiff in the instant action did not respond to The Cochran Firm's notice or elect to have Mann represent him, until February 21, 2024. *See* **Attachment 45**, REDACTED Declaration of Representation by Frederick Saunders. Therefore, Saunders remained represented by The Cochran Firm Orlando, LLC, until February 21, 2024. To-date, Plaintiff has not executed a contract with The Mann Firm, LLC, nor with Mann himself.

69.     On February 5, 2024, at some point after 3:47 PM (CST), Mann's previous e-mail account (mmann@cochranfirmorlando.com) stopped forwarding to Mann's new e-mail account (mike@themann.law). As of the date of this filing, delivery of e-mails sent to Mann's previous e-mail account continue to bounce back with "failure to deliver" to mike@themann.law.

70.     Mann took action to obtain lost e-mails, on or about February 5, 2024, when Mann identified a method to forward (in bulk) all emails that were caught in his old e-mail account (mmann@cochranfirmorlando.com).     Mann     no     longer     has     access     to mmann@cochranfirmorlando.com, but, upon information and belief, the bulk forwarding was completed for over 500 emails that appeared to have failed to previously deliver to Mann's new email address (mike@themann.law). Mann was not able to immediately review all emails relevant to the instant matter, but, over the next several days, was able to organize and begin reviewing emails matter-by-matter, case-by-case. On approximately February 15, 2024, Mann had become up-to-date (to the best of his knowledge) on all e-mail correspondences related to this case.[7]

71.     On February 6, 2024, at approximately 4:00 PM (CST), Mann was informed of a family emergency that required his immediate attention in the afternoon on February 6, 2024. This

---

[7] Some e-mails remain in quarantine on Mann's previous Firm account, which he no longer has access to.

emergency arose during a call Mann was having with Defendant's counsel, Lin Wagner, Esq., which was cut short after approximately 25 minutes on the call. *See* **Attachment XX**, Screenshot of Call Log with Lin Wagner on Feb. 6, 2024, at 3:33 PM (CST). Mann attempted to call Lin Wagner back at approximately 4:30 PM (CST) later that day but did not connect with her. *See* **Attachment XX**, Screenshot of Call Log at 4:28 PM on Feb. 6, 2024. Mann again attempted to call Lin Wagner the following morning, at 4:42 AM (CST), on February 7, 2024, but was unsuccessful. *See* **Attachment XX**, Screenshot of Call Log at 10:42 AM (CST), on Feb. 7, 2024.

72.     In the morning of February 7, 2024, Mann gained access to some of the case files for the instant action that were transferred to Mann from The Cochran Firm Orlando, LLC. These files were supposedly converted to Mann's case management software on February 2, 2024, but access was not given to Mann until the morning of February 7, 2024, around 9:19 AM.

73.     Throughout the day on February 7, 2024, Mann was intermittently available due to construction taking place at his Pensacola home.

74.     Mann's litigation events and other case calendar from CFO, has not been avialble to Mann since February 2, 2024, and is working on getting staff to start auditing Mann's calendar with each of his cases in litigation to confirm all events are correct.

75.     On February 13, 2024, Mann lost electronic access to the relevant case files for the instant action that were transferred to Mann by The Cochran Firm Orlando, LLC.

76.     On February 16, 2024, Mann produced supplemental discovery pursuant to the Court's order on Defendant's Motion to Compel. **Attachment 27**, Mann Electronic Service of Discovery, Feb. 16, 2024, at 9:40 AM. In that production, Mann produced the following discovery documents: "FS-0000. Fw Takeaways from the Mediation_Redacted.pdf," "FS-0000. Key

Takeaways from Mediation - 7.21.22.docx," and "FS-0000. Key Takeaways from Mediation - 7.21.22.pdf." *See* **Attachment 27**, at 1.

77.    Following this Court's hearing on February 22, 2024, Mann obtained Plaintiff's physical cell phone device for extraction of relevant text messages. Mann attempted to contact Defendant's counsel on

78.    Mann has requested call logs from The Cochran Firm Orlando, LLC, relating to the period between November 30, 2024, and February 9, 2024.

## IV.    TIMELINE OF PLAINTIFF'S DISCOVERY PRODUCTION

79.    Mann submits the following timeline of discovery production:

(1)    Documents FS-000001 through FS-000111 were produced in PDF format, on July 12, 2023, at 2:07 PM (CST), through electronic service of discovery using a Dropbox Transfer link. *See* **Attachment 32**, Email from Mann to Defendant's counsel, Jul.12, 2023, at 2:07 PM (CST). *See also* Attachment 35, Dropbox File Downloaded, Jul. 20, 2023, at 12:48 PM (CST).

(2)    Plaintiff Response to Defendant's First Set of Request for Production was served in PDF format, on July 11, 2023, at 5:50 PM (CST), as an email attachment. *See* **Attachment 31**, Electronic Service of Discovery Document, Jul. 11, 2023, at 5:50 PM (CST).

(3)    Plaintiff's Privilege Log was served in PDF format, on July 12, 2023, at 2:32 PM (CST), as an email attachment. *See* **Attachment 33**, Electronic Service of Discovery, Jul. 12, 2023, at 2:32 PM (CST).

(4)     Plaintiff's Answers to Defendant's First Set of Interrogatories was served in PDF format, on July 14, 2023, at 12:58 PM (CST), as an email attachment. *See* **Attachment 34**, Electronic Service of Discovery Documents.

(5)     Video recording of Jan Chalk and Defendant's human resources was served in MOV format, on July 20, 2023, at 3:37 PM (CST), as an email attachment. *See* **Attachment 38**, Email from Mann to Defendant's Counsel, July 20, 2023, at 3:37 PM (CST).

(6)     DEO Form Signed by Plaintiff on July 24, 2023, was served in PDF format, on July 24, 2023, at 6:51 PM (CST), as an email attachment. *See* **Attachment 39**, Email from Mann to Defendant's counsel, Jul. 24, 2023, at 6:51 PM (CST).

(7)     "Video2" was produced in MOV format, on August 8, 2023, at 11:07 AM (CST), using a Dropbox Transfer link which was sent via e-mail to Defendant's counsel. *See* **Attachment 40**, Mann email to Defendant's Counsel, Aug. 8, 2023, at 11:07 AM (CST).

(8)     FS-000275 through FS-000480 were produced in PDF format, on November 28, 2023, at 12:15 PM (CST) (**Attachment 37**), January 10, 2023, at 2:29 PM (CST) (**Attachment 3**), through electronic service of discovery using a Dropbox Transfer link. *See* **Attachment 36**, Dropbox Download Alert, Nov. 28, 2023, at 12:15 PM (CST); and **Attachment 37**, Email from Mann to Defendant's counsel, Nov. 28, 2023, at 9:29 AM (CST).

(9) Plaintiff's Supplemental Responses to Defendant's First Set of Requests for Production of Documents was produced in PDF format, on January 10, 2024, at TIME, as an attachment to an e-mail. *See* **Attachment 3**.

(10) Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories was served in PDF format, on January 16, 2024, at 11:54 PM (CST) (**Attachment 17**, at 1) January 17, 2024, at 12:55 AM (CST) (**Attachment 14**, at 1-2), as an email attachment.

(11) Video recordings of text messages were produced in JPG, MOV, and MP4 formats on January 17, 2023, at 12:55 AM (**Attachment 8**, at 2) and January 22, 2023, at 2:47 PM (CST) (**Attachment 8**, at 1), and at 6:28 PM (CST) (**Attachment 12**, at 1) via email through a Dropbox Transfer link.

80. Mann is in the process of coordinating extraction of text messages from Plaintiff's cell phone. As of February 27, 2024, Mann was awaiting a response from Defendant's counsel to coordinate extraction of the text messages either by a third-party service provider, or by collaboration with Defendant's counsel in real-time while Mann captures screenshots of the relevant text messages.

## V.    RELATIVE TO DEFENDANT'S REQUEST FOR PRODUCTION 1-3, 6-7, 24-26, AND 28

81. Mann has produced the following relative to Defendant's Request No. 1:

(1) FS-000001 through FS-000111, Video01.mov, Video02.mov, video recordings of Plaintiff's text messages, FS-000156 through FS-000158, FS-000186 through FS-000204, FS-000237 through FS-000239, FS-000261 through FS-000265 are responsive to Defendant's Request No. 1.

(2) FS-000001 through FS-000111, FS-000156 through FS-000204, FS-000225 through FS-000239, FS-000239 through FS-000275, Video01.mov, Video02.mov, and video recordings of text messages from Plaintiff's phone are responsive to Request No. 2.

(3) Video recordings of text messages from Plaintiff's phone, Video01.mov, and Video02.mov are responsive to Request No. 3.

(4) FS-000473 through FS-000474 are responsive to Request No. 6.

(5) FS-000001 through FS-000111, Video01.mov, Video 02.mov, and video recordings of Plaintiff's text messages are responsive to Request No. 7.

(6) FS-000475 through FS-000480 are responsive to Request No. 16.

(7) FS000001-FS000111, FS000107-FS000109, FS000187-FS000204, FS000251-FS000263, Video01.mov, Video02.mov, and Defendant's discovery documents relate to Request Nos. 24-25.

(8) FS000186-FS000223, FS000239, FS000253-FS000263, and Defendant's discovery documents are responsive to Request No. 26.

(9) FS-000157 through FS-000204, FS-000276 through FS-000472, are responsive to Request No. 28.

82. Below, Mann details with specificity the date, time, and manner of communications with Defendant's counsel where "Plaintiff's counsel asked Defendant's counsel how they would prefer the form of the text messages, and counsel agreed to the video format." (Doc. 67, at 2). This is a point of contest and Plaintiff's worked diligently to sort through the records that were in his possession, and even requested copies of CFO's call logs prior to filing the instant Affidavit.

83. Below, Mann submits additional evidence that he wishes the Court to consider in support of the instant Affidavit: Plaintiff's counsel asks this Honorable Court to consider the fact that Mann is currently a one-person-show, and consider allowing Plaintiff's counsel the opportunity to provide additional information at the hearing set for March 13, 2024.

**I, MICHAEL G. MANN, ESQ., HEREBY AFFIRM, under penalty of perjury, that the above affirmations are true and correct to the best of my knowledge.**

**This \_\_\_ day of February 2024.**          **THE MANN FIRM, LLC**

---

**MIKE MANN, ESQ.**
Fla. Bar No. 1020249
707 E Cervantes St, Ste B
Pensacola, FL 32501
Telephone: 850-407-8077
Facsimile: 850-262-9580
Mike@themann.law
eService@themann.law
***Attorney for Plaintiff.***