UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **FREDERICK SAUNDERS,** individually, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  CASE NO.: 6:23-cv-0230-RBD-LHP |
| **SIGNATURE FLIGHT SUPPORT LLC**, a Delaware limited company, | ) ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S SUPPLEMENTAL BRIEF SUPPORTING NOTICE OF PLAINTIFF'S NON-COMPLIANCE [D.E. 57]

Pursuant to the Court's February 22, 2024 Order [D.E. 67], Defendant files this supplemental brief in support of its Notice of Plaintiff's Non-Compliance with Court's Order on Defendant's Motion to Compel [D.E. 58].

I. **Dismissal of the Complaint is Proper**

Under FRCP 37(b), courts have broad authority to control discovery, including dismissal as the most severe sanction. *Meyer v. Gwinnet Cnty. Police Dep't.*, 2022 U.S. App. LEXIS 18399, *23-24 (11th Cir. 2022). Rule 37 sanctions are intended to prevent unfair prejudice to litigants and ensure the integrity of the discovery process. *Id.* at *24. Courts also have "discretion to impose sanctions

under [their] inherent powers to control the proceedings before it, including dismissal with prejudice." *Id.*

The sanction of dismissal is severe but may be imposed when a party's conduct demonstrates bad faith or willful contempt, and lesser sanctions will not suffice. *Id.; see also Haji v. NCR Corp.*, 834 Fed. Appx. 562 (11th Cir. 2020). While courts may be hesitant to punish a plaintiff for his attorney's misconduct, they should be less reluctant when the plaintiff is also culpable, and sanctions would fail to cure the harm of the attorneys' misconduct. *Id.* at *25.

> A. <u>Plaintiff and Plaintiff's Counsel ("Mann") Acted in Bad Faith and With Flagrant Disregard for the Court</u>

This case epitomizes the requisite bad faith warranting dismissal among other sanctions.[1] Plaintiff's production of texts was not only significantly delayed, forcing Defendant to seek extensions, but incomplete and in a format that obscured texts showing Plaintiff and Mann <u>**knew there was no basis in law or fact for this case**</u>. Thereafter, Plaintiff continued to ignore Motions and Orders by the Court as to the outstanding discovery. [D.E. 46, 49]. The Court gave Plaintiff and Mann ample and clear warning by highlighting in bold that failure to comply could result in dismissal of the case. Plaintiff did not comply. [D.E. 57].

---

[1] Defendant refers to the record [D.E. 48, 57] as to Plaintiff failing to produce relevant texts in response to discovery served 8 months ago and, after revealing the texts in his November 30, 2023 deposition, providing a partial production by video two days before his continued deposition and 11 days before the close of discovery.

2

Plaintiff and Mann's flippant disregard for the litigation process[2], discovery, the Court and Defendant demonstrates bad faith and willfulness, necessitating dismissal. *Haji*, 834 Fed. Appx. at 564 (affirming dismissal under Rule 37(b) after plaintiff failed to respond to court orders, the court extended deadlines several times, and after defendant moved for sanctions resulting in the court ordering plaintiff to pay attorneys' fees and participate in the discovery process).[3] If the Court believes all discovery malfeasance lies with Mann, this belief is belied by Plaintiff's own testimony. Plaintiff testified on February 21, that *he* had no intention of engaging in discovery:

> **Q. Did you look in your e-mail to see if anyone responded?**
> **A. I do not recall.**
> **Q. Would you look in your e-mail to see if anyone responded?**
> **A. I do not recall.**
> **Q. That is not responsive, sir. I know you're getting in the habit of saying "I don't recall," but –**
> **A. I don't recall. The truth.**
> **Q. My question is would you look?**
> **A. Why would I look? I have no reason to look.**
> **Q. Because I'm asking you to, and you have an obligation to produce all relevant documents in discovery.**
> **A. Okay. I don't recall.**
> **Q. Let's take a pause for a second. I understand that you do not recall if you looked for responses to your e-mail sending the key takeaways from the EEOC mediation. I'm asking you if you would look to see if you got any responses from any of the 11 people to that e-mail.**
> **A. No.**

---

[2] Motions for Sanctions as to Plaintiff not appearing at the court-ordered mediation and for disclosing confidential information from the EEOC mediation are also pending. [D.E. 61 & 55].

[3] *Douse v. Delta Air*, 2023 U.S. App. LEXIS 27113, *18 (11th Cir., Oct. 12, 2023) (affirming dismissal under Rule 37 when the plaintiff failed to respond to discovery, a motion to compel, and for sanctions); *Cave v. Sec'y Dep't of Corr.*, 2023 U.S. Dist. LEXIS 173611 (MD Fla. 2023) (dismissing where, despite the court's warnings of possible sanctions (including dismissal), plaintiff failed to comply, and the court found lesser sanctions would be ineffective)).

> Q. No, you won't?
> A. There's no need to look for – it's more therapeutic for me – as my therapist said, write my thoughts down on paper and to share it so I don't keep it bottled up.
> Q. I want to be clear. You're refusing to go and look for responses to this email.
> A. Why would I even need to go and look. I guess? I don't understand the question. There's no need – e-mails come to when people respond.

Ex. A, 25:21-27:3. When Mann tried to correct the record, Plaintiff again clarified

he had no intention to look for, *and did not look for*, responsive emails:

> Q. Mike, for the purposes of the record, will you agree to work with your client on how to search his inbox and deleted items for possible responses from the 11 individuals this e-mail was sent to?
> **Mr. Mann:**
>   Yeah. Sure. And I think what he's trying to say is that he looked, and he doesn't think he needs to look again, but we'll definitely – I'll work with him.
> Q. Is that what you're saying, Mr. Saunders?
> A. No. I'm not. No, I'm not. I don't have – there's no need to look. E-mails come in. When someone replies to an email, and I don't have to look. There's no looking.

Ex. A, 27:15-28:3. Plaintiff has been an *active* deterrent to discovery.

Even more concerning is the fact that the Court has given Plaintiff and Mann multiple opportunities to clarify their actions and inactions at the February 22nd hearing and in papers to follow, yet the intentional, bad faith and willful conduct continues. Mann was ordered to file an affidavit by February 29 by 5:00 p.m. as to discovery and the video format of the texts. [D.E. 57]. Mann, once again, ignored this Court's directive and failed to timely file his affidavit and supporting exhibits without explanation. This is, by definition, bad faith. *In re Melgar*, 2010 U.S. Dist. 115476, *7 (S.D. Fla. 2010). This flagrant disregard of the

4

Court's Order, despite notice of the possibility of severe sanctions, demonstrates that if this case is not dismissed, this behavior will continue. Additionally, Mann stated that "while speaking with Wagner, Mann recalls explaining that he was reviewing the text message videos and the fasted [sic] way to produce them would be in the video format within the next 24-48 hours," but this conversation never occurred.[4]

The misrepresentations do not stop here. Mann filed a response with the Court arguing Plaintiff did not *actually* record the EEOC mediation, or disseminate, the recording.[5] This goes against his own client's testimony:

> **Q. What were you recording?**
> **A. The EEOC mediation**
> **Q. Okay. Do you still have a copy of that recording?**
> **A. On my phone, yes.**
>
> […]
>
> **Q. Did you play the EEOC video for anyone?**
> **A. Yes.**
> **Q. Who did you play it for?**
> **A. Jan Chalk.**
> **Q. How did you play it for her?**
> **A. Through my phone.**
> **Q. And you played it for her because it wasn't able to be sent?**
> **A. Yes.**

Ex. A, 18:12-16, 21:3-11. Similarly, Mann argues that notes Plaintiff sent to witnesses were not *from* the mediation. Again, this is contradicted by his client:

> **Q. You prepared the key takeaways following the mediation because they included my opening statements, right?**

---

[4] *See* Affidavit of Defendant's attorney, Lin J. Wagner, filed concurrently with this brief.
[5] While this statement is directly related to another Motion for Sanctions [D.E. 55], the Court noted it is considering the other motions and conduct in determining the appropriate sanctions.

5

  **A.** Yes.
**[…]**
  **Mr. Mann:**
    **Did you prepare the key takeaways in preparation for the mediation?**
  **A.** **I don't think so.**

Ex. A, 84:22-25, 83:1-3.

  Plaintiff and Mann demonstrated they are willing to go to great lengths, *including making material misrepresentations*, to continue to push this frivolous matter forward. Defendant does not know what alternatives other than dismissal, among monetary sanctions, will effectively deter similar conduct during the remainder of the litigation or adequately penalize Plaintiff and Mann for flouting the Court's Orders.[6]

### B. Plaintiff's Actions Have Been Highly Prejudicial to Defendant

  The texts and information exchanged to date demonstrate Plaintiff and Mann knew there was no basis in law or fact for these claims, even before filing the Complaint. Defendant has been forced to engage in litigation, extensive discovery motion practice and to seek extensions due to Plaintiff refusing to properly participate in discovery. Defendant is *just*[7] learning the identity of new witnesses from documents not previously disclosed, and how Plaintiff transmitted confidential mediation information to numerous key witnesses. It is clear that Plaintiff is willfully and in bad faith obstructing the discovery process

---

[6] Sanctions are available to "not merely penalize" but also to deter. *Haji*, 834 Fed. Appx. at 563.
[7] On March 4, 2024, Plaintiff provided additional relevant documents that should have previously been provided.

so that Defendant will never have more than a partial view of the facts and relevant documents in this case. *Ferguson v. Gettel Acura,* 2018 U.S. Dist. LEXIS 18417 (M.D. Fla. Jan. 18, 2018) (noting that willful and highly obstructive conduct seriously prejudices a defendant's ability to prepare, and warrants dismissal).

Plaintiff has already ignored *two* discovery orders. [D.E. 48-49]. The Court told Plaintiff and Mann to essentially "stop," and they did not listen. Monetary sanctions would be akin to saying "stop" again and thus sanctioning[8] this bad faith and willful behavior in obstructing discovery, delaying proceedings, and attempting to hide smoking gun evidence. "A district court is not required to first impose lesser sanctions if the lesser sanctions would be ineffective." *Am. Gran Court Lakes LLC v. Rockhill Ins. Co.*, 2019 U.S. Dist. LEXIS 245425, *6 (S.D. Fla. June 12, 2019) (citing *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir. 1993). Because there is a clear record of bad faith and willfulness showing that lesser sanctions would not suffice, and the Court has warned Plaintiff and Mann of the possibility of dismissal, *and they continue to act in bad faith*, dismissal of this case, *with prejudice,* and an award of attorneys' fees to Defendant is proper.[9]

---

[8] Defined as giving official permission for an action as opposed to imposing a penalty on.
[9] If the Court does not dismiss, a litany of monetary sanctions are appropriate including for the motions for extensions [D.E. 47, 51, 56, 62] and sanctions [55, 57, 61, 64], the hearings on February 22 and March 13, 2024, and the significant time to review the texts in video form.

DATED this 6th day of March, 2024.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 N. Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8441<br><br>*/s/ Lin J. Wagner*<br>　　Amanda A. Simpson<br>　　Florida Bar No. 0072817<br>　　amanda.simpson@jacksonlewis.com<br><br>　　Lin J. Wagner<br>　　Florida Bar No. 0093138<br>　　lin.wagner@jacksonlewis.com<br><br>Attorneys for Defendant |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Mann Firm, LLC, 707 E. Cervantes St, Suite B, Pensacola, FL32501.

　　　　　　　　　　　　　　　　　　　*/s/ Lin J. Wagner*
　　　　　　　　　　　　　　　　　　　Lin J. Wagner

4879-0468-7787, v. 1