UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FREDERICK SAUNDERS, individually, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: 6:23-cv-0230-RBD-LHP ) |
| SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR SANCTIONS PURSUANT TO THE FLORIDA MEDIATION CONFIDENTIALITY AND PRIVILEGE ACT, OR IN THE ALTERNATIVE, THE COURT'S INHERENT POWER [D.E. 55]**

Pursuant to the Court's Order [D.E. 57], Defendant submits its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Sanctions Pursuant to the Florida Mediation Confidentiality and Privilege Act, or in the Alternative, the Court's Inherent Power [D.E. 55]. Plaintiff's Response is *filled* with blatant factual misrepresentations and distortions of reality, which have either been included out of pure negligence or simply to deceive the Court. Defendant's Reply with evidentiary support—*including Plaintiff's own testimony*—is below.

<u>Plaintiff is Subject to the Confidentiality Provisions of the Mediation Agreements</u>

While Plaintiff does not outright deny he signed the EEOC's *Confidentiality Agreement* and *Agreement to Mediate*, he does seemingly attempt to make the argument by asserting that "Defendant submits no evidence that Plaintiff ever signed these documents." [D.E. 73 at ¶ 3]. This is simply not true.

As Defendant indicated in its Motion, the EEOC requires that parties execute agreements before engaging in mediation with the EEOC. [D.E. 55 at ¶3] Defendant included a copy of the agreements the EEOC presented to the Parties, including the agreements Defendant signed, as well the portion of the EEOC's "Activity Log" (provided by the EEOC in response to a Freedom of Information Act ("FOIA") request[1]), which shows Plaintiff also executed the agreements. [D.E. 55 at Ex. C].

To the extent Plaintiff claims Defendant must produce Plaintiff's *actual signed agreements* to show he executed the agreements (and is therefore subject to the agreements), this requirement would be highly prejudicial to Defendant. The signed agreements are in the EEOC's and Plaintiff's possession *only*, and the EEOC does not release these agreements pursuant to a FOIA request, as they relate to the confidential mediation. To require the signed agreements to enforce

---

[1] Plaintiff accuses Defendant of attempting to compel the mediator to produce documents by Plaintiff in violation of the Confidentiality Agreement. [D.E. 73 at ¶ 3]. This is wholly false. Defendant attached the Activities Log provided by the EEOC.

2

the confidentiality provisions, *in the face of all other evidence showing Plaintiff is subject to the agreements (including a log showing Plaintiff signed the agreements)*, would allow Plaintiff to skirt his obligations by simply implying the actual agreements are needed. Notwithstanding, Plaintiff's argument is, frankly, shocking, given Plaintiff was represented by his attorney, Mr. Mann, at the time of the EEOC mediation, who would have *actual knowledge* that these agreements were signed. Indeed, the EEOC mediator confirmed that both Plaintiff *and his counsel* agreed to mediate the case. Exhibit A.

<u>Plaintiff Recorded and Disseminated a Recording of the Mediation</u>

Plaintiff argues that Defendant has not established Plaintiff *actually* recorded the EEOC mediation, or that he disseminated the recording. [D.E. 73 at ¶ 1]. Plaintiff drops a footnote claiming that he testified the video was never sent to Jan Chalk, [D.E. 73 at fn. 1], then claims that Defendant has failed "to show **what** Plaintiff recorded, **how** he recorded it, **when** he recorded it for [*sic*], whether the recording includes 'mediation communications,' and whether the 'mediation communications' were actually **disclosed** to anyone a not allowed to know." [D.E. 73 at ¶ 9].

This argument shows the willful, intentional and bad faith approach both Plaintiff and his counsel have taken with respect to this case. Plaintiff testified at his continued deposition that (1) he recorded the EEOC mediation on July 21,

3

2022 (the day of the mediation) on his phone, (2) he attempted to send that recording to Chalk, a key witness in this case, and (3) when he had difficulty sending the large file to her, he *played* the recording for Chalk to hear. Specifically, he testified:

> Q. Do you see the first page that it's July 21, 2022?
> A. Yes.
> Q. Okay. And you understand that the blue text messages are yours and the gray on the left are Jan's?
> A. Yes.
> Q. And at the bottom of the first set of text messages, do you say that you say, "Absolutely. Starting the recording now."?
> A. Yes.
> Q. What were you recording?
> A. The EEOC mediation
> Q. Okay. Do you still have a copy of that recording?
> A. On my phone, yes.
>
> […]
>
> Q. Do you see that this is a text from you to Jan on July 22nd, 2022?
> A. Yes.
> Q. And do you see that it indicates at the top right, "Good morning. I sent the video to your personal e-mail"?
> A. Yes.
> Q. Is this referring to the EEOC mediation video?
> A. Yes, but the e-mail did not go through.
> Q. How do you know that the e-mail didn't go through?
> A. Because she told me it did not go through.
> Q. Okay. Did you send the EEOC mediation video or attempt to to anyone besides Ms. Chalk?
> A. No.
> Q. Did you play the EEOC video for anyone?
> A. Yes.
> Q. Who did you play it for?
> A. Jan Chalk.
> Q. How did you play it for her?
> A. Through my phone.
> Q. And you played it for her because it wasn't able to be sent?
> A. Yes.

Exhibit B, Pl. Depo. Vol. 2 at 18:2-16, 20:14-21:11.

4

*As such, Defendant has shown through Plaintiff's own testimony that Plaintiff recorded the EEOC mediation—<u>which would have confidential mediation communications by the very nature of the recording</u>—and he disseminated the confidential mediation communications to third-party and key witness, Chalk*. Moreover, despite Plaintiff and his counsel trying to use the recording as a sword and shield and after months of conferrals, they finally just produced the first twenty (20) minutes of the recording, which confirms that Plaintiff not only recorded the confidential EEOC mediation, but starts with the undersigned counsel, Amanda Simpson, reminding Plaintiff that the mediation was confidential. Plaintiff's argument to withhold the remainder of the recording as privileged must again be overruled[2], since he testified he played the recording for Ms. Chalk, thus waiving the privilege. Exhibit B, Pl. Depo. Vol. 2 20:14-21:11. Defendant asks the Court to compel the entire recording to be produced.

<u>Plaintiff Disseminated "Key Takeaways" Notes from the Mediation</u>

Plaintiff also appears to argue the "Key Takeaways" notes he sent to 11 individuals[3], including witnesses and Signature employees, were not *from* the EEOC mediation, but were rather a "memorandum and [*sic*] living notes that he

---

[2] The Court orally ordered that Plaintiff waived all production objections at the hearing on February 22, 2024.
[3] Plaintiff does not challenge that he sent this "Key Takeaways" document to 11 individuals.

5

created himself." [D.E 73 at ¶ 10]. This directly contradicts his own testimony

that these notes were *from* the mediation:

> Q. So is this an e-mail from you dated July 25th, 2022 with the subject line, "Takeaways from the Mediation"?
> A. Yes.
> Q. Is that also referring to the EEOC mediation?
> A. Yes.
> Q. And then what are the second and third parges titled "Key Takeaways from Mediation"?
> A. The first page are three lies from Signature and the fourth one is the misunderstanding.
> Q. And it looks like it was notes from my opening statement at mediation?
> A. I believe so.
> Q. And your rebuttal to that?
> A. Correct.
> Q. And the second page is with respect to the termination letter that we discussed as part of mediation?
> A. Additional lies from Signature, yes.
>
> […]
>
> Q. You prepared the key takeaways following the mediation because they included my opening statements, right?
> A. Yes.

Exhibit B, Pl. Depo. Vol. 2 21:21-22:14, 84:22-25. Indeed, despite attempts by Mr.

Mann to get Plaintiff to say the "Key Takeaways" document were his notes in

preparation for the mediation, Plaintiff outright denied this claim:

> **Mr. Mann:**
> "Did you prepare the key takeaways in preparation for the mediation?"
> A. I don't think so.

Exhibit B, Pl. Depo. Vol. 2 83:1-3. Contrary to the misrepresentations in the

Response, Plaintiff's own testimony belies his own argument that his "Key

Takeaways" notes did not include confidential mediation communications.

The Florida Mediation Confidentiality & Privilege Act Applies to the Mediation

Without citing to any supporting case law, Plaintiff claims the Florida Mediation Confidentiality and Privilege Act does not apply to the EEOC mediation. Indeed, the only case Plaintiff addresses is *Bagraikis v. Zimmerman*, 2020 U.S. Dist. LEXIS 68299, *3 (M.D. Fla. Apr. 20, 2020). Defendant uses this case to show that the Act applies to voluntary pre-suit mediations, like EEOC mediations. It is clear that the intent behind the Act is to protect parties who are required, or agree, to mediate a claim from the disclosure of confidential mediation communications to third-parties. *See* 44.405, Fla. Stat.

To the extent the Court gives any credence to Plaintiff's argument that the Act does not protect the Parties' confidential mediation communications, Defendant again asks that the Court use its inherent authority to grant sanctions against Plaintiff upon a showing of bad faith. *See Calton & Assocs. v. Simmers*, 2020 U.S. Dist. LEXIS 184541, *3-4 (M.D. Fla. Oct. 6, 2020). Plaintiff's motives are reflective in his actions and his testimony. He surreptitiously communicated confidential settlement communications with key witnesses—including Jan Chalk whom he relies on for the basis of his claim and other employees of Defendant—to intentionally and inappropriately interfere with the litigation process and disrupt Defendant's business operations.

DATED this 6th day of March, 2024.

|  | Respectfully submitted,<br><br>JACKSON LEWIS P.C.<br>390 N. Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8441<br><br>*/s/ Lin J. Wagner*<br>　　Amanda A. Simpson<br>　　Florida Bar No. 0072817<br>　　amanda.simpson@jacksonlewis.com<br><br>　　Lin J. Wagner<br>　　Florida Bar No. 0093138<br>　　lin.wagner@jacksonlewis.com<br><br>Attorneys for Defendant |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Mann Firm, LLC, 707 E. Cervantes St., Suite B, Pensacola, FL 32501.

　　　　　　　　　　　　　　　　　　*/s/ Lin J. Wagner*
　　　　　　　　　　　　　　　　　　Lin J. Wagner

4869-9098-5131, v. 1