UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    *Plaintiff,*

v.                                 CASE NO.: 5:23-cv-0230-RBD-LHP

SIGNATURE FLIGHT SUPPORT
LLC,

    *Defendant.*

_____/

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

Plaintiff, FREDERICK SAUNDERS ("Plaintiff"), by and through their undersigned

counsel, pursuant to Federal Rule of Civil Procedure 33, hereby submits the following

Answers (the "Answers") to Defendant's First Set of Interrogatories to Plaintiff (the

"Interrogatories"):

**GENERAL OBJECTIONS**

The following General Objections apply to Defendant's Interrogatories and are

incorporated by reference into the Answers contained herein. The assertion of the same,

similar, or additional objections, or the provision of partial answers in response to Defendant's

particular Interrogatories, does not waiver any of Plaintiff's General Objections as set forth

below.

1.      The following Answers are based on information currently available to Plaintiff.

These Answers are given without prejudice to Plaintiff's right to produce or rely on

subsequently discovered information.

Exhibit
Exhibit No.: 1
Name: Saunders
Date: 11-30-23
ESQUIRE

CASE NO.: 6:23-cv-0230-RBD-LHP

2.     Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to these Answers.

3.     Nothing in these Answers is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other protection. Inadvertent production or disclosure of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld based on such privilege will be identified on a privilege log as required by the Federal Rules of Civil Procedure, and in accordance with the Local Rules of this Court.

4.     Unless otherwise indicated, Plaintiff will produce information relating only to matters occurring/dated between the date that Plaintiff was hired by Defendant through to Present (hereinafter "**Relevant Period**").

5.     Plaintiff reserves the right to condition the production of information and/or documents containing confidential or proprietary information or trade secrets on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

6.     The disclosure of any information or production of any documents by Plaintiff is made without waive, and with preservation, of any privilege or protection against disclosure afforded to documents and/or information containing confidential or proprietary information or trade secrets.

7.     Plaintiff objects to the Interrogatories to the extent that they would require Plaintiff to disclose and/or produce documents or information covered by confidentiality agreements with others, or that would require Plaintiff to violate the privacy interests of others.

2

CASE NO.: 6:23-cv-0230-RBD-LHP

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify (as defined above) any individuals who have provided you with information or assistance in answering these Interrogatories, and the corresponding interrogatory or interrogatories for which such assistance was provided.

**ANSWER: Plaintiff's undersigned counsel provided Plaintiff with information or assistance in answering these Interrogatories.**

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 2:**

Identify (as defined above) and also your Social Security Number, date and place of birth, and for the last seven (7) years, all (i) current and former residential address(es), (ii) email addresses you have used, (iii) telephone numbers belonging to you or that you have used, and (iv) the state(s) in which you have lived.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and unclear because it fails to identify what it is asking Plaintiff to "Identify." In responding to this Interrogatory, Plaintiff has interpreted the unidentified subject to-be identified as being the Plaintiff himself and responds in a limited answer below.

**LIMITED ANSWER:** Plaintiff's name is FREDERICK SAUNDERS. Plaintiff was born in Tampa, Florida, on ███████████ and his Social Security Number is ███. For the last seven (7) years, Plaintiff's current and former residential addresses are: (1) ██████████████████████ Orlando, Florida 32822, from October 2018 to Present; and (2) ████████████████████, Orlando, Florida 32822, from March 2015 to October 2018. Plaintiff has lived in Florida during the last seven (7) years, and, during this time, his telephone number and personal email address have been ████████ and █████████████.

4

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 3:**

Please list your educational background providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing for each, the dates of attendance, grades or levels completed, and degrees or certificates received.

**OBJECTION:** **Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and unclear, and fails to adequately define "educational" and, while it provides examples, it does not specify whether the "school, college, university, or other institution of learning or training," must be of a certain accreditation or degree. For example, on its face, this Interrogatory seeks information on an infinite scale, which would include Plaintiff's pre-school, daycare, and other irrelevant information not likely to lead to discovery of admissible evidence. In responding to this Interrogatory, Plaintiff has limited the scope of the term "educational background" to mean only the undergraduate, and graduate "institution[s] of learning or training," and those post-graduate educations associated with a professional license such as medical doctors, juris doctors, certified publica accountants, licensed therapist, and military training. Notwithstanding and without waiving the stated objections, Plaintiff provides the following Limited Answer to this Interrogatory:**

**LIMITED ANSWER:** **Plaintiff received an Associate of Arts degree from Hillsborough Community College, in Tampa, Florida, between June 1997 and July 1999. Plaintiff then attended The Florida State University, in Tallahassee, Florida, from August 1999 to July 2001, and received a Bachelor of Science degree in accounting. Plaintiff then attended the University of South Florida, in Tampa, Florida, from August 2001 to June 2003, where he received a Master of Accounting.**

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 4:**

For the ten (10) years preceding your employment with Defendant, please identify (as defined above) every employer for whom you have worked (including self-employment). For each employer identified, please include its name, address(es) at which you performed work, phone numbers, rates of pay, your immediate supervisor(s), your dates of employment, the positions you held, and the reason(s) for termination of employment.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and unclear, and fails to adequately define the term, "employment." In responding to this Interrogatory, Plaintiff has interpreted the term, "employment," to mean either contractually obligated to provide goods or services pursuant to an employer-employee agreement where Plaintiff worked full-time, part-time, seasonally, or on a temporary basis; and, Plaintiff has limited the term to be paid work only, rather than volunteer work or other unpaid arrangements. Notwithstanding and without waiving this objection, Plaintiff provide the below Limited Answer to this Interrogatory.

**LIMITED ANSWER:**

| **EMPLOYER NO. 1:** | Ernst & Young |
| | 201 North Franklin Street #2400 |
| | Tampa, Florida 33602 |
| | (813) 225-4800 |
| Rate of Pay: | Plaintiff does not presently possess knowledge or information to identify Plaintiff's rate of pay while employed by Ernst & Young. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue. |
| Supervisor: | Plaintiff does not presently possess knowledge or information to identify Plaintiff's immediate supervisor while employed by Ernst & Young. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue. |
| Dates Employed: | January 2004 – July 2006 |
| Positions: | Assurance Staff; Assurance Senior |
| Reason Left: | Pursue private sector opportunity. |

| **EMPLOYER NO. 2:** | CliftonLarsonAllen (f/k/a "LarsonAllen") |
| | 201 North Franklin Street #2500 |
| | Tampa, Florida 33602 |
| | (813) 384-2700 |
| Rate of Pay: | Plaintiff does not presently possess knowledge or information to identify Plaintiff's rate of pay while |

CASE NO.: 6:23-cv-0230-RBD-LHP

employed by CliftonLarsonAllen. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.

**Supervisor:**   Plaintiff does not presently possess knowledge or information to identify Plaintiff's immediate supervisor while employed by CliftonLarsonAllen. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.

**Dates Employed:**   December 2006 – March 2007

**Positions Held:**   Audit Senior

**Reason Left:**   Pursue another opportunity.

7

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 5 [5-6]:**

[5] State whether you have been employed by any person or entity other than Defendant since October 21, 2021. [6] With respect to such employment, identify the name, address and phone number of each employer, or if self-employed, each person or entity to whom you have provided services, the dates of your employment or working relationship, the positions held, the hourly or weekly rate of pay you received and the date and amount of any increase in that rate, the total amount of wages, commissions, and other compensation earned from each such employer, the benefits (including, health care, retirement, and any taxreportable **[sic]** benefits) received from such employer, whether you still have such employment or working relationship, and, if not, the reason for the termination of such employment or working relationship. Identify any documents you relied on in answering this Interrogatory.

**OBJECTION:** Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and unclear, and fails to adequately define the term, "employed." In responding to this Interrogatory, Plaintiff has interpreted the term, "employed," to mean either contractually obligated to provide goods or services pursuant to an employer-employee agreement where Plaintiff worked full-time, part-time, seasonally, or on a temporary basis; and, Plaintiff has limited the term to be paid work only, rather than volunteer work or other unpaid arrangements. Notwithstanding and without waiving this objection, Plaintiff provide the below Limited Answer to this Interrogatory.

**LIMITED ANSWER:**

| | |
|---|---|
| **EMPLOYER NO. 1:** | **Ungaro Consulting** |
| | **Huntington Beach, California** |
| | **(562) 485-7452** |
| **Dates Employed:** | **January 2022 – May 2022** |
| **Position Held:** | **Audit / SOX Consultant** |
| **Rate of Pay:** | **$55.00 per hour (part-time only)** |
| **Total Earnings:** | **Plaintiff does not presently possess knowledge or information to identify Plaintiff's total earnings while employed by Ungaro Consulting. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.** |
| **Benefits:** | **Plaintiff does not presently possess knowledge or information to identify Plaintiff's benefits while employed by Ungaro Consulting. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.** |
| **Reason Left:** | **Obtained full-time employment at GAF; Plaintiff worked for Ungaro Consulting after being terminated by Defendant** |

8

CASE NO.: 6:23-cv-0230-RBD-LHP

and sought this job in order to temporarily mitigate losses after being terminated by Defendant.

| | |
|---|---|
| **EMPLOYER NO. 2:** | **GAF** |
| | **1 Campus Drive** |
| | **Parsippany, New Jersey 07054** |
| | **(973) 628-3000** |
| <u>Dates Employed</u>: | **June 2022 – Present** |
| <u>Position Held</u>: | **Internal Audit Manager** |
| <u>Rate of Pay</u>: | **Started at $145,000.00 annually, in 2022; then received salary increased to $148,000.00 (+$3,000.00) annually, in 2023.** |
| <u>Total Earnings</u>: | **Plaintiff's total base salary in 2022 was $145,000.00 plus $15,568.00 in bonuses for that year. Plaintiff does not presently possess knowledge or information to identify Plaintiff's "total" earnings while employed by GAF, from June 2022 to Present. Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.** |
| <u>Benefits</u>: | **Medical benefits (Aetna Medical Silver) and HSA (WEX). Plaintiff will supplement this Answer if/when necessary, following the discovery of responsive information to this issue.** |
| <u>Reason Left</u>: | **Not applicable at present; GAF still employs Plaintiff.** |

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 6 [7]:**

[7] Other than your income from Defendant, please list all sources of income or other payments you have received since October 21, 2021, including any government benefits, payments from insurers, settlements, self-employment, gifts and any other funds received by you, including the full name and address of each source of such payment; reason for payment, whether you were an employee, independent contractor, consultant, self-employed, or other; the source of income; the position held and type of work performed or services provided; the name of the person(s) who hired or retained your services; the amount of compensation and/or benefits received; the dates of such employment or services; and your reason for termination of such services or payments.

**OBJECTION**: Plaintiff objects to this Interrogatory on the ground that it is duplicative and has, in substance, already been propounded. Plaintiff responds by referring to his Answer to Interrogatory Nos. 4-5 and incorporates that Answer by reference.

CASE NO.: 6:23-cv-0230-RBD-LHP

## INTERROGATORY NO. 7 [8-9]:

[8] Aside from the instant case, please identify any and all other matters, charges, lawsuits, internal investigations, claims, petitions for compensation or benefits, or allegations of discrimination or retaliation, and/or violation of any whistleblower or other law against any employer or former employer in which you were the complainant, plaintiff, petitioner, claimant, and/or participated as a witness, [9] providing the name of the employer, the type of charges made, the date of each claim, the name of the court in which the case was filed, State, County, and case number (if any), and the disposition of each case or action.

**OBJECTION:** Plaintiff objects to this Interrogatory on the ground that it is unduly burdensome and requires unreasonable efforts or expense of behalf of Plaintiff disproportional to the needs of the case in that it seeks information that can be obtained from a more convenient, less burdensome, and less expensive source in that "all other matters, charges, [and] lawsuits" can be identified through online public and legal databases. Plaintiff further objects to this Interrogatory on the ground that it is vague, ambiguous, and overbroad because it fails to adequately limit the scope or otherwise define the terms "matters, charges, […] internal investigations, claims, petitions for compensation or benefits." Notwithstanding and without waiving the herein stated objections, Plaintiff provides a Limited Answer below.

**LIMITED ANSWER:** None presently known to exist, other than the instant lawsuit and the "matters, charges, [and] internal investigations, claims, [or] allegations of discrimination or retaliation, and/or violation of any whistleblower or other laws against" Defendant during the Relevant Period through to Present.

11

CASE NO.: 6:23-cv-0230-RBD-LHP

## INTERROGATORY NO. 8 [10-11]:

[10] State whether you received any medical treatment or care, including psychiatric or psychological treatment or counseling, as a direct result of the incident(s) alleged in your Complaint. [11] If the answer is in the affirmative, describe in detail the nature of the care and treatment received; the name and address of any hospital, clinic, or other institution to which you were admitted or received care; the dates you were admitted or received care; the number of such examinations and treatments; the name, telephone number and address of any doctor or health care professional who examined or treated you; the time and place where each examination or treatment took place; and any diagnosis and prognosis rendered by any such doctor or health care professional.

**OBJECTION**: Plaintiff objects to this Interrogatory (1) on the ground that it is vague, ambiguous, and overbroad because it fails to limit in scope or otherwise define the subject information being sought and limitlessly seeks "any medical treatment or care"; (2) on the grounds that it seeks information that is not relevant to any party's claim or defense and is not reasonably limited in scope to lead to the discovery of information relevant to admissible evidence in support of the claims or defenses in this action; (3) to the extent that it seeks to impose an obligation on Plaintiff to provide information for or on behalf of any person or entity other than Plaintiff, where it asks Plaintiff to "describe in detail the nature of the care and treatment received"; (4) on the ground that it seeks premature disclosure of information about expert testimony, relative to the request for Plaintiff to "describe in detail the nature of the care and treatment received"; Plaintiff will disclose information about its experts, if any, as required by the Federal Rules of Civil Procedure; (5) on the ground that it seeks information that can be obtained from a more convenient and less burdensome source in that can be obtained through certified medical records, medical expert testimony, and/or the testimony of a treating physician or counselor. Notwithstanding and without waiving the herein stated objections to this Interrogatory, Plaintiff will produce responsive materials, and provides a Limited Answer below.

**LIMITED ANSWER**: Plaintiff's health insurance carrier was Aetna. Plaintiff will provide responsive documents which provide the information sought in this Interrogatory.

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 9 [12-13]:**

**[12]** Please list the names, business addresses and telephone numbers of all medical doctors, mental health professionals, dental health care providers, other health care providers and hospitals that have examined and/or treated you in the past ten (10) years, along with the condition(s) for which you were treated and dates of treatment. **[13]** Please also indicate whether any treatment was provided as a result of any accident or injury caused by a third party and provide the circumstances for each injury.

**OBJECTION:** Plaintiff objects to this Interrogatory (1) on the ground that it is vague, ambiguous, and overbroad because it fails to limit in scope or otherwise define the subject information being sought and limitlessly seeks "all medical doctors, mental health professionals, dental health care providers, other health care providers and hospitals . . . [for] the past ten (10) years"; (2) on the grounds that it seeks information that is not relevant to any party's claim or defense and is not reasonably limited in scope to lead to the discovery of information relevant to admissible evidence in support of the claims or defenses in this action; (3) to the extent that it seeks to impose an obligation on Plaintiff to provide information for or on behalf of any person or entity other than Plaintiff; (4)  on the ground that it seeks premature disclosure of information about expert testimony; Plaintiff will disclose information about its experts, if any, as required by the Federal Rules of Civil Procedure; (5) on the ground that it seeks information that can be obtained from a [more convenient/less burdensome/less expensive] source in that can be obtained through certified medical records, medical expert testimony, and/or the testimony of a treating physician or counselor; and, (6) on the grounds that it is overly burdensome and harassing, and and requires unreasonable efforts or expense of behalf of Plaintiff disproportionate to the needs of this case, because, *inter alia,* Plaintiff's dental records should are not remotely likely to lead to any admissible evidence that Defendants did, or did not, discriminate or retaliate against Plaintiff. Notwithstanding and without waiving the herein stated objections to this Interrogatory, Plaintiff provides a Limited Answer below.

**LIMITED ANSWER:** Plaintiff has been treated for anxiety, depression, stress, and anger management by a mental health profession for the Veterans Affairs Hospital, located in Lake Nona, at 13800 Veterans Way, Orlando, Florida 32827-5812. This treatment was solely related to the injuries and emotional distress caused by Defendants and was the only mental treatments that he received in the last ten (10) years. Plaintiff will produce the medical records associated with the treatment identified in this Limited Answer.

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 10 [14-15]:**

[14] Identify each person who has contacted you or your attorney or representative, concerning this action or its subject matter, or whom you, your attorney or representative have contacted concerning this action or its subject matter (including each and every person whom Plaintiff contacted shortly after his employment's termination), [15] and for each such person, provide (i) a summary of the substance of any communication between you, your attorney or representative and each such person and (ii) identify any documents, messages or communications exchanged, with each person.

**OBJECTION:** Plaintiff objects to this Interrogatory on multiple grounds. First, on the ground that it seeks information protected from disclosure the attorney-client privilege in that it asks to "Identify each person who has contacted . . . your attorney or representative concerning this action or its subject matter" and the only information that could be gleaned from disclosing the contents of a privileged communication.

Second, Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the work product doctrine in that it seeks the work product and mental impressions obtained in anticipation of litigation in this matter through potential witnesses or the lack thereof for other witnesses, who Plaintiff or Plaintiff's attorney/representative did not receive contact from, or themselves chose not to contact.

Third, Plaintiff objects to this Request to the extent that it seeks to impose an obligation on Plaintiff, and Plaintiff's attorney or representative, to provide information for or on behalf of any person or entity other than Plaintiff. Plaintiff has limited its reasonable and diligent search for responsive information to that which can be found in record evidence, such as written communications or recordings that were not obtained under the protection of the work product doctrine, and Plaintiff responds with the below Limited Answer.

**LIMITED ANSWER:** Plaintiff and Jan Chalk were in contact and discussed Plaintiff's efforts to advocate on her behalf for equity in her pay, based on her being assigned 50% additional duties and responsibilities and her compa-ratio being 68%, which was significantly lower than the company average or standards for "beginners" (*i.e.*, 80%/90%) through discussions via email and Microsoft Teams Video Calls, which also included Dan Cunico, Jen Hudak, Sherri Miller, Chris DeJongh, and Christy Pavel. Plaintiff also incorporates by reference, the factual allegations in the Complaint and his answers to Interrogatories Nos. 11 [16]. Plaintiff will produce documents containing responsive information to this Interrogatory.

CASE NO.: 6:23-cv-0230-RBD-LHP

## INTERROGATORY NO. 11 [16]:

[16] Separately identify (as defined above) each and every person who is known or believed by you to have witnessed the events and/or have knowledge of any facts alleged in your Complaint, and for each such person, state the person's employer and summarize the nature and substance of his or her knowledge about any issue in this case.

**ANSWER:** In addition to the allegations expressly stated in Plaintiff's Complaint, including those which specifically name one or all the following persons, Plaintiff answers this Interrogatory as follows in addition to factual allegations of the Complaint:

| | | |
|---|---|---|
| **JAN CHALK:** | Employer: | Signature Flight Support LLC |
| | Knowledge: | Plaintiff advocated for Jan Chalk to receive equity in pay, based on her being assigned 50% additional duties and responsibilities and her compa-ratio being 68%, which was significantly lower than the company average and/or standards for "beginners" (*i.e.,* 80%/90%) through multiple discussions with Dan Cunico, Jen Hudak, Sherri Miller, Chris DeJongh, and Christy Pavel |
| **DAN CUNICO:** | Employer: | Signature Flight Support LLC (Terminated) |
| | Knowledge: | Reported to Jen Hudak. Signed Plaintiff's termination letter from Signature Flight Support LLC. |
| **JEN HUDAK:** | Employer: | Signature Flight Support LLC |
| | Knowledge: | Supervisor, team lead, and/or manager to Dan Cunico. |
| **CHRIS DEJONGH:** | Employer: | Signature Flight Support LLC |
| | Knowledge: | Supervisor, team lead, and/or manager to Sherri Miller. |
| **SHERRI MILLER:** | Employer: | Defendant (Retired) |
| | Knowledge: | Signed Plaintiff's termination letter from Signature Flight Support LLC. Reported to Chris DeJongh. |
| **CHRISTY PAVEL:** | Employer: | Defendant |

CASE NO.: 6:23-cv-0230-RBD-LHP

Knowledge:   expressed concerns to Ms. Pavel on a call and subsequently reiterated the concern via email regarding the possibility of a potential EEOC liability exposure based on Jan Chalk's significantly low compa-ratio and for Jan Chalk not being fairly compensated for being assigned 50% additional duties and responsibilities.

Plaintiff reserves the right to supplement this Answer if or when necessary following discovery of information or facts that are responsive to this Interrogatory and warrant supplement.

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 12 [17-18]:**

[17] State whether you have ever been a party to or testified under oath in any legal proceeding, including, but not limited to, a bankruptcy petition, trial, deposition or administrative proceeding. [18] If the answer is in the affirmative, separately state the caption, court and docket number; the name, telephone number and address of the parties; the location or venue of the action; the name, telephone number and address of all attorneys representing the parties; and the general subject matter and outcome of any such legal proceeding.

**LIMITED ANSWER: As to the first part of this Interrogatory, Plaintiff has never been a party to or testified under oath in any legal proceeding. As to the second part of this Interrogatory, *see* Plaintiff's Answer to Part 12(a).**

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 13 [19-21]:**

**[19]** Itemize and identify all damages (i.e., general damages, special or consequential damages, back pay, front pay, compensatory damages, punitive damages or any other relevant categories) you claim to have suffered because of alleged unlawful conduct by Defendant, **[20]** specifying each type or category of damages and, separately for each type or category, state: (a) the nature of the damages; (b) amount of the damages; **[21]** (c) all facts supporting or establishing the damages; and (d) in full detail, how you calculated the amount of your damages.

**OBJECTION**: Plaintiff makes several objections to this Interrogatory. First, Plaintiff objects to this Interrogatory on the ground that it is vague, ambiguous, and overbroad because it fails to state with specificity which "alleged unlawful conduct by Defendant" Plaintiff is to identify damages for.

Second, Plaintiff objects to this Interrogatory on the ground that it calls for a legal conclusion in that the terms "damages," "general damages, special or consequential damages, back pay, front pay, compensatory damages, [and] punitive damages" are terms of art that have a foundation in law and require legal expertise to Identify and "itemize" into categories.

Third, Plaintiff objects to this Interrogatory to the extent that it seeks attorney-client privileged information as to the "damages" and which categories and amounts Plaintiff claims "to have suffered *because of alleged unlawful conduct* by Defendant."

Fourth, Plaintiff objects to this Interrogatory on the ground that it seeks information protected by the work product doctrine, in that it seeks information from materials that were obtained or created in anticipation of trial in this matter.

Fifth, Plaintiff objects to this Interrogatory on the ground that it seeks premature disclosure of information about expert testimony, in that it seeks "damages" that are categorized and itemized and asks the Plaintiff to do the work more rightly reserved for a vocational expert who would testify about "all facts supporting or establishing the damages" and explain "how [he] calculated the amount of [Plaintiff's] damages." Moreover, in a similar sense, Plaintiff objects to this Interrogatory to the extent that it seeks to impose an obligation on Plaintiff to provide information for or on behalf of any person or entity other than Plaintiff. Plaintiff will disclose information about its experts, if any, as required by the Federal Rules of Civil Procedure.

**LIMITED ANSWER**: Notwithstanding and without waiving the above stated objection, Plaintiff provides the following Limited Answer to this Interrogatory: Plaintiff has calculated the following damages, based on his non-expert opinion, related to the subject matter in this case:

18

CASE NO.: 6:23-cv-0230-RBD-LHP

- Approx. $15,311.00 for lost wages in 2021, after being terminated by Defendant; plus
- Approx. $2,230,768.00 for front pay/compensatory damages from Fiscal Years 2022 to 2039 (a period of seventeen (17) years reflecting his expected retirement based on a 3% Merit Increase for that time period until Plaintiff reached the age of 67 years; including tenure based on performance from the previous fourteen (14) years with Defendant where, *e.g.*, he received the highest additional merit increase percentage among peers in March 2021, and, *e.g.*, reflecting his performance the four (4) years prior to that) (this figure does not account for any promotions, bonuses, or a 401k match contribution by Defendant, etc., within the 17-year period; plus
- At least $500,000.00 for exemplary (punitive) damages, which are based on Florida's statutory laws; plus
- Attorneys' fees and costs of litigation, to be determined at a later date; plus
- All other damages, fees, and costs to be determined by an expert.

CASE NO.: 6:23-cv-0230-RBD-LHP

## INTERROGATORY NO. 14 [22]:

[22] Describe all internet social media sites such as, but not limited to, Facebook, Twitter, Instagram, TikTok and LinkedIn with which you have, or have had, an account during the last five years, including your username, html address of main page, approximate frequency of postings, and approximate date range you have had the account.

**ANSWER:** Plaintiff provides the following Answer regarding "all internet social media sites" that Plaintiff has or had "during the last five years":

| | | |
|---|---|---|
| **FACEBOOK:** | Username:<br>HTML:<br>Frequency:<br>Account Age: | Frederick Saunders<br>www.facebook.com/frederick.saunders.56<br>monthly postings (approx.)<br>15+ years |
| **TIKTOK:** | Username:<br>HTML:<br>Frequency:<br>Account Age: | FrederickSaunders6<br>www.tiktok.com/fredericksaunders6<br>never<br>unknown |
| **LINKEDIN:** | Username:<br>URL:<br><br>Frequency:<br>Account Age: | Frederick Saunders, CPA<br>www.linkedin.com/in/frederick-saunders-cpa-b594a924<br>minimal (negligible)<br>unknown |
| **INSTAGRAM:** | Username:<br>HTML:<br>Frequency:<br>Account Age: | Frederick.Saunders.88<br>www.linkedin.com/frederick.saunders.88<br>never<br>unknown |

CASE NO.: 6:23-cv-0230-RBD-LHP

## INTERROGATORY NO. 15 [23]:

[23] Please identify all felony criminal convictions, other than any juvenile adjudications, or convictions for offenses that involved dishonesty or false statements regardless of the level of offense or punishment and identify the specific crime, date and place of conviction. "Conviction" shall include all adjudications other than not guilty, including but not limited to; a plea of guilty, no contest, or nolo contendere; entry into a pretrial diversion program; adjudication withheld, or a finding of guilt by a court.

**OBJECTION: Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, and unclear because it fails to identify who it is asking Plaintiff to "Identify," because it fails to specify whether Plaintiff should identify "all felony criminal convictions" that are possible, or identify only those that apply to him or some class of individuals who have been convicted of a "felony" or other offense involving dishonesty or false statements. In responding to this Interrogatory, Plaintiff has limited "all felony convictions . . . offenses that involve dishonesty or false statements" to be only those "offenses" or "felonies" that Plaintiff was convicted; and Plaintiff provides a Limited Answer below.**

**LIMITED ANSWER: Plaintiff cannot identify any information sought in this Interrogatory, because Plaintiff does not possess or otherwise have any knowledge of any "felony criminal convictions . . . or convictions for offenses that involved dishonesty or false statements." If this Interrogatory sought to Identify *Plaintiff's* convictions as defined above, then Plaintiff's Limited Answer is the following: None.**

21

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 16 [24-25]:**

[24] Beginning on October 21, 2021, and continuing up to the present, describe in detail every attempt, either formally or informally, by you to find either full-time or part-time employment with any employer, [25] providing for each such employer that you contacted or made application, the name, address and phone number, the date on which you applied to each such employer, the position for which you applied, the rate of pay for the position if known, and the result of each such application.

**OBJECTION: Plaintiff objections to this Interrogatory as being unclear and ambiguous and being unnecessarily complicated by legal jargon. Plaintiff further objects to this Interrogatory as being compound. Plaintiff objects to this Interrogatory also for having exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts. Plaintiff will respond to the first [25] interrogatories, treating each subpart as a separate interrogatory.**

**LIMITED ANSWER: Plaintiff promptly and actively searched for employment from October 21, 2021, to June 06, 2022 (daily), including seeking part-time employment on a temporary basis, with Ungaro Consulting, from January 2022 to May 2022, before obtaining long-term and full-time employment with GAF, in June 2022, where Plaintiff remains employed today. As to subpart of this Interrogatory [25], Plaintiff has previously Identified the responsive information and hereby incorporates the Answers to Interrogatories Nos. 4-5 [4-6] by reference thereto.**

CASE NO.: 6:23-cv-0230-RBD-LHP

**INTERROGATORY NO. 17 [26-28]:**

[26] Please (1) explain how Defendant or any of its employees or agents retaliated against you; [27] (2) specifically list all the protected activity you believe was subjected to retaliation; and [28] (3) describe in detail the facts you believe show that the protected activity is what led to the alleged retaliation.

**OBJECTION**: Plaintiff objects to this Interrogatory on the ground that Plaintiff has exceeded the number of permitted Interrogatories under the Federal Rules of Civil Procedure, including discrete subparts. Plaintiff will respond to the first twenty-five (25) [1-25] interrogatories, treating each subpart as a separate interrogatory, which are designated in red as [1] through [25] above.

**LIMITED ANSWER**: Notwithstanding and without waiving the above stated objections, Plaintiff will produce responsive documents that provide the information sought in this Interrogatory.

CASE NO.: 6:23-cv-0230-RBD-LHP

## **VERIFICATION**

I have reviewed the above Answers to Interrogatories and verify that they are true and

correct.

_Frederick Saunders_
ERICK SAUNDERS

STATE OF ~~FLORIDA~~ IN    )

COUNTY OF LaPorte   )

SWORN TO AND SUBSCRIBED BEFORE ME, this 13 day of ___July___

2023, by FREDERICK SAUNDERS, by means of ☐ physical presence or ☐ online

notarization, and ☐ who is personally known to me or ☒ produced ___Florida D. L.___

_____ as identification.

_Randall J Farrell_
NOTARY PUBLIC

24

CASE NO.: 6:23-cv-0230-RBD-LHP

DATED: July 14, 2023.                    Respectfully submitted,

                                         /s/ Michael G. Mann
                                         MICHAEL G. MANN, ESQ.
                                         Fla. Bar No. 1020249
                                         The Cochran Firm Orlando, LLC
                                         605 East Robinson Street 330
                                         Orlando, Florida 32801
                                         Tel: (407) 271-8590
                                         MMann@cochranfirmorlando.com
                                         Service@cochranfirmorlando.com
                                         **Attorney & Trial Counsel for Plaintiff.**

## CERTIFICATE OF SERVICE

I HEREBY CERTFY that on this July 14, 2023, a true and correct copy of the

foregoing was furnished by electronic mail to the following parties or counsel of record:

**JACKSON LEWIS, P.C.**
AMANDA A. SIMPSON, ESQ.
Fla. Bar No. 0072817
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER, ESQ.
Fla. Bar No. 0093138
Lin.Wagner@jacksonlewis.com
**Attorneys for Defendant.**

                                         /s/ Michael G. Mann
                                         MICHAEL G. MANN, ESQ.

25