EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br>510-2022-00598 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Frederick Saunders | (813) 546-5300 | ▓ |

Street Address
6440 South Goldenrod Road Unit# B
ORLANDO, FL 32822

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SIGNATURE AVIATION | 501+ Employees | |

Street Address
13485 VETERANS WAY
ORLANDO, FL 32827

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Retaliation | Earliest: 10/21/2021    Latest: 10/21/2021 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed with the company for fourteen (14) years. In 2017, I was promoted to Regional Accounting Manager, and I reported to Sherri Miller, Senior Manager of Field Accounting. I supervised five (5) Area Accounting Managers (AAMs). Prior to my termination, I never received any disciplinary actions (verbal or written) or any performance issues in 14 years. During my employment, I learned that one of my AAMs, Jan Chalk, was not receiving her compensation ratio (comp-ratio) equal to others on my team and in the company. She had the lowest paid comp-ratio for an AAM under my supervision. On September 14, 2021, I requested a pay raise for Jan Chalk (white/female), but my request was denied. The meeting concluded that there would not be an off-cycle increase to Ms. Chalks compensation. Additionally, during my last call with Christy Pavel, VP of Global HR, on October 12, 2021, I expressed my concern regarding a potential Equal Employment Opportunity Commission (EEOC) liability exposure to the company based on the comp-ratio percentage disparity amongst my team. Shortly after this call, I was terminated on October 21, 2021. The reasons given by my employer was that the company noticed a remarkable lack of engagement from me (however, there is no support for this claim); I went above Mrs. Millers authority and I did not adhere to the chain of command (however, I spoke to her and others, to include HR, several times about this issue and she stated that her hands were tied). As a result, I was terminated for remarkable lack of engagement (however, I

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Frederick Saunders**<br>04/21/2022<br><br>*Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit
Exhibit No.: 32
Name: Saunders
Date: 11-30-23
ESQUIRE

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>EEOC<br>FEPA | Agency(ies) Charge No(s):<br>510-2022-00598 |
|---|---|---|
| Florida Commission On Human Relations<br>*State or local Agency, if any* | | and EEOC |

was never made aware of this infraction, written up or given a Performance Improvement Plan, etc.); speaking unprofessionally to another employee once earlier in 2021 (however, I was never made aware (verbal or written) of this infraction; had allegedly misused the companys ethics hotline by not having evidence for my claim (however, I have a screenshot of the comp-ratio that proves Jan Chalk had the lowest comp-ratio on my team, 68%). I believe my termination was an act of retaliation. I believe I have been retaliated against because I opposed discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Also, I believe I was discriminated against because I was treated less than Jan Chalk who filed the same ethics hotline claim that I did and immediately after I was fired, Jan Chalk was put on paid Administrative Leave for 45 days and investigated in regards to the real reason why I was terminated and for allegedly downloading company files and documents to her personal email and external hard drive. After this investigation, the company offered Jan Chalk her job back or 5 months of severance. However, I was discriminated against by not being investigated prior to my termination or by not being offered a severance when I was terminated.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Frederick Saunders**<br>04/21/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.