## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| **FREDERICK SAUNDERS, individually,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **vs.** | ) ) | **CASE NO.: 6:23-cv-0230-RBD-LHP** |
| **SIGNATURE FLIGHT SUPPORT LLC, a Delaware limited company,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO ATTORNEY, MICHAEL G. MANN, ESQ.'S MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL OF RECORD [D.E. 78] AND INCORPORATED MEMORANDUM OF LAW

Defendant, SIGNATURE FLIGHT SUPPORT LLC, by and through its undersigned counsel, hereby files its Response in Opposition to Attorney, Michael G. Mann, Esq.'s Motion to Withdraw as Plaintiff's Counsel of Record [D.E. 78] and Incorporated Memorandum of Law (the "Motion"), and states as follows:

### PRELIMINARY STATEMENT

Mere days after re-engaging Plaintiff as a client on February 28, 2024, Plaintiff's attorney, Michael G. Mann ("Mann"), moved to withdraw as counsel on March 5th, claiming that he *must* withdraw pursuant to the Florida Rules of

Professional Conduct. In his Motion, Mann provided no information whatsoever to support this position.

While Defendant understands it does not know the intricacies of Plaintiff and Mann's attorney-client relationship and is reverential to the privilege afforded to this relationship and the rules for allowing such a relationship to end, Defendant would be remiss if it simply accepted Mann's representations and did not point out the timing of Mann's Motion. Mann has represented that he *must* withdraw while there are <u>three</u> pending motions for sanctions (for which Defendant is seeking monetary damages from Plaintiff *and Mann*, as well as dismissal of this case) for actions that Mann engaged in and/or was aware of before the last hearing on sanctions, before he re-engaged Plaintiff, and arguably before he filed this case. Moreover, this Court notified Mann at the last hearing on sanctions that any sanctions awarded by the Court are joint and several.

For these reasons, and the reasons below, Defendant respectfully opposes Mann's attempt to withdraw from this case at this particular juncture given the unique procedural posture of the case including, the re-engagement, sanctions motions, and March 13, 2024 hearing on the motions. While Defendant is not privy to the specifics of Mann's basis to withdraw, it understands and respects that Mann may be in a "must" situation, but respectfully believes that he should not be able to avoid and absolve himself of sanctions, which he was on notice of

when he re-engaged Plaintiff as a client, by withdrawing now.

## RELEVANT PROCEDURAL HISTORY

1.    There are currently <u>three</u> pending motions for sanctions relating to wrongdoings by Plaintiff and/or Mann. [D.E. 55, 57, 61].

2.    On February 22, 2024, the Parties attended a Court ordered in-person hearing before Hon. Leslie Hoffman Price to address one of the motions for sanctions. [D.E. 57].  At the hearing, the Court advised Plaintiff and Mann that a sanctions award, if any, would be joint and several.

3.    Shortly after the hearing, the Court issued an Order on pending motions, and notified the Parties that the other two motions for sanctions [D.E. 55, 61] had been referred to Hon. Leslie Hoffman Price. [D.E. 67]. The Court set several deadlines (for responses, replies and/or affidavits), and ordered Plaintiff and Mann (who now lives in Pensacola, Florida) and lead counsel for Defendant to attend a follow-up in-person hearing on March 13, 2024. [D.E. 67].

4.    Since this Order, Plaintiff has filed two responses and Mann has filed a 23-page affidavit[1]. [D.E. 72, 73, 74]. Counsel for Defendant has filed a supplemental brief, reply and a counter-affidavit. [D.E. 80, 81, 83].

5.    Furthermore, since the last hearing when Mann was put on notice of the possibility of sanctions, on February 28, 2024, Mann and his new firm, The

---

[1] Mann also filed 46 attachments to his Affidavit, which the Court struck as untimely. [D.E. 77].

Mann Firm, LLC, made an official appearance on behalf of Plaintiff.

6.     Six (6) days later, on March 5, 2024, Mann reached out to counsel for Defendant about his intent to withdraw as counsel for Plaintiff. Counsel for Defendant objected in light of the several pending motions for sanctions, then followed-up with Mann asking for additional clarification related to his reason for withdrawal. *See* Exhibit A, conferral email.

7.     Before responding to counsel for Defendant's question[2], Mann filed his Motion. [D.E. 78]. In the Motion, Mann cites generally to the Florida Rules of Professional Conduct—Rules 4-1.16(a)-(b)—for when an attorney *may* terminate representation and *must* terminate representation, and states that he *must* terminate his representation of Plaintiff because "**professional considerations require termination of the representation**." [D.E. 78].

8.     Mann confirmed in his Motion that *he* initiated the withdrawal. Specifically, he notified Plaintiff of his intention to withdraw as counsel, and Plaintiff has not indicated whether he will seek other representation or whether he has obtained new representation. [D.E. 78].

9.     On March 6, 2024, the Court issued an Order taking the Motion under advisement until the issue becomes ripe for disposition under Local Rule 3.01(c). The Court advised that unless and until the Court permits Mann to

---

[2] Mann later advised counsel for Defendant that he could "certainly say that subsections (2)-(3) are not present here."  *See* Exhibit A.

withdraw from the case, that he will remain counsel for record for Plaintiff. [D.E. 79].

10.    While Defendant's response to the Motion is not due until March 19, 2024, Defendant is expediting the filing of its response, so the issue is ripe in preparation for the hearing on March 13, 2024.

## <u>MEMORANDUM OF LAW</u>

In his Motion, Mann cites generally to both subsections of the Florida Rules of Professional Conduct Rules 4-1.16(a) and (b). Under Rule 4-1.16(a), a lawyer *must* terminate representation if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged;
(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

*See* Rule 4-1.16(a)(1)-(5). Under Rule 4-1.16(b), a lawyer *may* terminate representation if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning

that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

*See* Rule 4-1.16(b)(1)-(5).    In either instance, a lawyer shall continue representation notwithstanding good cause for terminating the representation if ordered by the Court. *See* Rule 4-1.16(c).

Mann represented that he *must* terminate his representation of Plaintiff because "**professional considerations require termination of the representation**." [D.E. 78].  He provided no other explanation in his Motion other than this very broad and sweeping statement. [D.E. 78]. Based on representations by Mann during conferral, however, Defendant is aware that Mann is not seeking withdrawal due to Rule 4-1.16(a)(2) or (3)—*i.e.,* (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; (3) the lawyer is discharged. *See* Exhibit A. That leaves the following subsections as the basis for Mann's Motion:

(1) the representation will result in violation of the Rules of Professional Conduct or law;

(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or

(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

*See* Rule 4-1.16(a)(1), (3), (4).

While Defendant is not privy to additional information as to the basis of the request due to attorney client privilege, Defendant finds it hard to believe that between February 28th (when Mann and his new firm, The Mann Firm, LLC, re-engaged Plaintiff and made an appearance on behalf of Plaintiff), and March 5th (the date of Mann's Motion), ***less than a week later***, that he discovered some kind of unprofessional, criminal or fraudulent actions involving his services. Indeed, the unprofessional conduct and fraud on the Court on behalf of both Mann and Plaintiff occurred well before that time period.  That is displayed in the text messages Plaintiff sent to a key witness showing that Plaintiff and Mann knew or should have known that this case had no basis in law or fact *before this case was even filed.* Furthermore, and as stated above, all other sanctionable behavior including but not limited to Plaintiff recording the EEOC mediation, Plaintiff refusing to engage in discovery and Plaintiff failing to attend the Court-ordered mediation occurred before Mann re-engaged Plaintiff.

For these reasons, Defendant respectfully opposes Mann's attempt to withdraw from this case given the unique procedural posture of the pending motions for sanctions and the fact that the relief sought is significant and against both Plaintiff and Mann.

DATED this 12th day of March, 2024.

|  | Respectfully submitted, |
|---|---|
|  | JACKSON LEWIS P.C.<br>390 N. Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone: (407) 246-8440<br>Facsimile: (407) 246-8441 |
|  | */s/ Lin J. Wagner*<br>Amanda A. Simpson<br>Florida Bar No. 0072817<br>amanda.simpson@jacksonlewis.com<br><br>Lin J. Wagner<br>Florida Bar No. 0093138<br>lin.wagner@jacksonlewis.com |
|  | Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Mann Firm, LLC, 707 E. Cervantes St., Suite B, Pensacola, FL 32501.

*/s/ Lin J. Wagner*
Lin J. Wagner

4876-2906-2060, v. 1