UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

   *Plaintiff*,

v.                                            Case No.: 6:23-cv-00230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC,

   *Defendant*,
_____/

**PLAINTIFF'S OPPOSED MOTION TO EXTEND TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff FREDERICK SAUNDERS ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an extension of time within which Plaintiff may file objections to the Magistrate Judge's Report and Recommendation (Doc. 95) issued on June 4, 2024. In support of this motion, Plaintiff states as follows:

**I.    BACKGROUND**

The Magistrate Judge issued a Report and Recommendation on June 4, 2024, recommending monetary sanctions and dismissal of Plaintiff's lawsuit. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), objections to the Report and Recommendation (Doc. 95) are due within fourteen (14) days of service. In the 57-page Report and Recommendation (Doc. 95), the Magistrate Judge makes many references an abundance of information from the

record, including hearings without citations. Given the breadth of the Report and Recommendation (Doc. 95), Plaintiff and Plaintiff's counsel now respectfully submit this Motion for additional time to fully brief the legal and factual issues (1) so that a clear and concise record can be made, (2) so that the evidence and transcripts can be presented coherently, (3) so that grounds for Plaintiff's and Plaintiff's counsel's objections can be fully considered, and (4) so that Plaintiff and Plaintiff's counsel may submit further evidence by subpoena *duces tecum* being served upon the custodian of records corroborating Plaintiff and Plaintiff's counsel's positions and statements.

## II.  REASONS FOR EXTENSION

The merits of Plaintiff's claims remain strong, but the Magistrate Judge recommends dismissal and other severe sanctions against Plaintiff based on representations made by Defendant's counsel regarding discovery disputes over substantially non-material information, as well as historical representations related to communications between the Parties' counsel during a very short period of time during which Plaintiff's counsel was unavailable and for which Plaintiff's counsel has shown good cause for their unavailability. Moreover, during most of that period, Plaintiff's counsel was not receiving communications and electronic service from neither Defendant's counsel nor this Court's CM/ECF e-filing portal at mmann@cochranfirmorlando.com, and was not getting forwarded/re-directed emails at mike@themann.law.

Therefore, it is extremely important that Plaintiff and Plaintiff's counsel are afforded additional time to file objections to the Magistrate's extensive Report and Recommendations (Doc. 95), which encompasses dozens of docket entries, and multiple hearings. To avoid further substantially unjust outcomes and undue prejudice to Plaintiff and Plaintiff's counsel, Plaintiff and Plaintiff's counsel respectfully requests an extension of forty-five (45) days, up to and including August 2, 2024, to file their objections to the Report and Recommendation (Doc. 95). Good cause exists for this extension, as set forth below:

### A. PLAINTIFF'S COUNSEL'S TRANSITION FROM ORLANDO FIRM TO PENSACOLA FIRM.

It is well-settled by now (and undisputed) that Plaintiff's counsel was in the process of moving from Orlando, Florida, to Pensacola, Florida, when Defendant's the initial discovery disputes came before the Court on Defendant's motions, on January 26, 2024 (Doc. 43 and 44), and, on January 29, 2024 (Docs. 46 and 47), and the Magistrate Judge issued orders on January 29, 2024 (Doc. 45), and January 30, 2024, instructing Plaintiff to respond by noon the following day (Doc. 48), and February 1, 2024, granting Defendant's motion to compel (Doc. 49). In less than one (1) week, four (4) motions were filed, and two (3) orders issued. Neither Plaintiff nor Plaintiff's counsel had sufficient time to react, given Plaintiff's counsel's unavailability and the extraordinary circumstances and deadlines. Defendant then filed additional motions (Docs. 50 and 51); and the Magistrate Judge issued an order (Doc. 54) directing Plaintiff to respond to the additional

motions (Docs. 50 and 51) by February 12, 2024. Later that same day, Defendant filed another motion for sanctions (Doc. 55). The following week, on February 12, 2024, Defendant filed another motion for sanctions (Doc. 57), and the Court issued an order setting a motion hearing (Doc. 58), the next day, on February 13, 2024. The next day, on February 14, 2024, the Court issued an order on Defendant's motion to compel (Doc. 60). And, on February 14, 2024, Defendant filed two more motions (Doc. 60, Motion for Sanctions; and Doc., 62, Motion for Extension of Time to Complete Discovery). By this time, the undersigned's new firm was inundated Defendant's motions and the Court's orders, and it was already too late for Plaintiff and Plaintiff's counsel to comply with some of the orders.

Nonetheless, Plaintiff and Plaintiff's counsel always prioritized compliance and cooperating with Defendant's discovery demands—and it was not until after the undersigned moved offices, relocated to Pensacola, Florida, and started receiving e-mails and e-filing notices that Plaintiff had <u>*actual*</u> notice of the motions and orders. Plaintiff and Plaintiff's counsel passionately request the opportunity to set the record straight and show why lesser, non-dispositive sanctions are warranted.

The Report and Recommendation (Doc. 95) incorrectly finds bad faith on the part of Plaintiff and the undersigned; furthermore, it finds the bad faith was <u>intentional</u>, <u>deliberate</u>, and <u>willful</u> during this period from November 2023 through present, but this is demonstrably false. Plaintiff and the undersigned seek

careful consideration of each objection to the factual and legal findings in the Report.

For instance, Plaintiff's counsel provided advanced notice to Defendant of the unavailability, in <u>good</u> faith, and <u>never</u> once considered withholding the discovery documents or doing any just to cause prejudice to Defendant.[1] Plaintiff and Plaintiff's counsel thus respectfully request that good cause be found based on Plaintiff's counsel unavailability and extraordinary circumstances surrounding the transition from his previous firm in Orlando, to his new firm, in Pensacola, so that adequate time is afforded for Plaintiff and Plaintiff's counsel to prepare thorough and well-supported objections to the Report and Recommendation (Doc. 95).

**B. ADDITIONAL TIME REQUIRED TO RETRIEVE, REVIEW, AND ANALYZE EXTENSIVE RECORD AND LEGAL ISSUES PRESENTED BY THE REPORT AND RECOMMENDATION.**

Plaintiff's counsel requires additional time to review and analyze extensive records and legal issues present in the Magistrate Judge's Report and Recommendation. For instance, Plaintiff's counsel has ordered and received the March 2024 hearing transcript, but still must obtain a copy of the hearing transcript for the February 2024 hearing. The undersigned was under the impression that these transcripts would be filed contemporaneously with the Report and Recommendation, based on the Magistrate Judge's representations in the March 2024 hearing. (Doc. 94). The Report and Recommendation also

---

[1] The EEOC mediation recorded by Plaintiff captures privileged communications that shows Plaintiff's counsel's reasonableness and good faith legal counseling. The court compelled Plaintiff's productions of the privileged portions of the recording, over objection by Plaintiff.

referenced transcripts as support for factual and legal findings, but it does so without citation to the transcript or a copy of the transcript on the docket.

Additionally, Plaintiff's counsel has made clear that his previous firm has been unresponsive to records requests, and records that have been produced by the previous firm are incomplete and inaccurate (*e.g.*, emails lack attachments, and call records and notes are entirely omitted).[2] As such, Plaintiff and Plaintiff's counsel would be prejudiced if these records were not considered by the Court when reviewing the Report and Recommendation (Doc. 95), and the lack of records and inaccuracies of produced records, support Plaintiff and Plaintiff's arguments and misrepresentations. Therefore, Plaintiff and Plaintiff's counsel respectfully requests additional time to serve subpoenas to the custodian of attorney-client records, missing case files, and phone logs, such as call recordings, logs, and notes from calls with opposing counsel regarding conversations in which the Report and Recommendation (Doc. 95) erroneously finds Plaintiff and Plaintiff's counsel to have acted in bad faith.[3] The records may include telephone logs with opposing counsel that Defendant assert never happened. It is likely that the call in question was recorded by the undersigned's former firm's telephone carrier. Assuming

---

[2] The Florida Rules Regulating the Florida Bar has unique implications that are not fully considered and need to be briefed for consideration. The Cochran Firm Orlando, LLC ("CFO"), although identified as Plaintiff's law firm until the end of February 2024, was never questioned, compelled to respond, or heard despite having direct involvement during the period.

[3] Of note, regarding the conversation about the format of discovery productions, is the fact that Defendant's lead counsel did not file an affidavit affirming the conversation did not occur; instead, Defendant's co-counsel, Lin Wagner, Esq., filed an affidavit asserting that *she* did not have the conversation. (Doc. 83).

Plaintiff's prior counsel complies with a subpoena within thirty (30) days of service, Plaintiff's counsel requires additional time to review and analyze the records and present the legal issues associated with the Magistrate Judge's Report and Recommendation (Doc. 95). Plaintiff's counsel has requested these materials many times without any response from The Cochran Firm Orlando, LLC, and would like to the assistance of the Court, given the severity of the issues.

### C. WITNESSES MAY HAVE MATERIAL INFORMATION REGARDING DISPUTED FACTUAL FINDINGS IN THE REPORT AND RECOMMENDATION THAT COULD SUBSTANTIALLY IMPACT CREDIBILITY AND TRUSTWORTHINESS.

Witnesses that should have been heard may possess knowledge directly relevant to findings of fact in the Report and Recommendation (Doc. 95). For example, the previous paralegal to undersigned counsel could provide context and perspective to the Court from behind the scenes regarding the e-mail and CM/ECF service interruptions in January and February, when the undersigned was moving from Orlando to Pensacola, and when electronic service and emails were being rejected by their server. They can also certify internal case files and logs that are currently only speculative. This context and certification are the essential to several factual findings and legal conclusions in the Report and Recommendation. Furthermore, The Cochran Firm Orlando, LLC ("CFO"), can provide context for communications that may or may not have occurred during the period in question. Specifically, CFO's call recording policy may contain calls relating to communications with counsel regarding the video format of text messages.

Additional time is required to consult with such witnesses and gather corresponding records. These witnesses and records could substantiate Plaintiff and Plaintiff's counsel representations, which is crucial to formulating the objections, such as establishing the good cause and lack of bad faith on the part of Plaintiff and undersigned counsel and undermine any finding of willful or intentional acts of bad faith by Plaintiff and the undersigned.

The Magistrate Judge's findings seem to ignore foundational qualifiers like the fact that Plaintiff and Plaintiff's counsel cannot "ignore" something unless they are aware of it, and, among other things, the fact that the Magistrate Judge repeatedly inquired about privileged communications between Plaintiff and his counsel before considering Plaintiff and Plaintiff's counsel's privilege assertions to made in bad faith. The Magistrate Judge also apparently imputes bad faith in certain instances merely because Plaintiff's counsel identified root causes that were not within Plaintiff or Plaintiff's counsel's reasonable control, such as the fact that the movant's (Defendant) unsupported assertion is taken as fact, while the non-movant's (Plaintiff) are met with strict scrutiny. Plaintiff has not been given the benefit of any doubt—rather, Plaintiff and Plaintiff's counsel have been minimized in the eyes of the Magistrate Judge.

### D. LACK OF PREJUDICE TO DEFENDANT, AND LACK OF BENEFIT TO PLAINTIFF.

As is true for almost all the issues involved in Defendant's motions (starting at Doc. 43) fail to identify any <u>actual</u> prejudice resulting from Plaintiff's non-

compliance. For example, Plaintiff produced the text messages to Defendant in a format that was the best format available at that time—the screenshots were redundant and the supplemental text messages that were produced were not identified in Plaintiff's November 30, 2023, deposition—rather, those messages were produced pursuant to Plaintiff's testimony in his February deposition. However, if Plaintiff is afforded additional time to submit these texts for the Court's consideration, they may shed light on the Plaintiff's good faith character. The prejudice to Defendant is exaggerated, and text messages are taken out of context by Defendant in support of serious allegations against Plaintiff and the undersigned's character. Defendant was not prejudiced to the extent that it argues, and, if Plaintiff is afforded additional time, justice can be done, and the record can be set straight.

### E. ADDITIONAL TIME REQUIRED TO IDENTIFY ADEQUATE, LESSER SANCTIONS.

The Magistrate Judge did not adequately consider the availability of lesser sanctions. Lesser sanctions that do not include dismissal would sufficiently address any non-compliance and serve the interests of justice without depriving Plaintiff or Plaintiff's counsel of the opportunity to have their case and position heard on the merits. Plaintiff respectfully requests the Court to consider alternatives to dismissal that would still ensure compliance with procedural rules. However, lesser sanctions are not adequately identified in the Report and

Recommendation, and Plaintiff requires additional time to identify them for the Court.

### F.  ADDITIONAL EVIDENCE REQUIRED TO FULLY OBJECT BASED ON MERITS OF CASE.

Additional evidence is required to show that Plaintiff and Plaintiff's counsel did not act in bad faith – and their conduct was neither egregious nor did it demonstrate and pattern of contumacious conduct. Plaintiff's counsel at all times intended to comply with court orders and take corrective actions to prevent future delays. For example, screenshots of the videos of Plaintiff's iMessage conversations produced to Defendants in January show that the texts are clearly legible, in stark contrast with the pixilated screenshots attached to Defendant motion.

[CONTINUED ON NEXT PAGE]

*Screenshot of Video Produced by*
*Plaintiff on January 27, 2024:*



This video establishes authenticity and efficiently provides legible iMessage chat conversations, from which screenshots can be created at will by any party

Page 11 of 14

using a timestamp. This was provided by Plaintiff and Plaintiff's counsel to ensure review by Defendant's counsel in advance of Plaintiff's deposition, and with the promise by Plaintiff's counsel to supplement or replace however Defendant wished, as soon as practicable. Therefore, if Plaintiff is afforded additional time to gather and analyze the discovery documents and other evidence identified herein, Plaintiff and Plaintiff's counsel will be able to provide thorough and concise objections to factual findings in the Report and Recommendation (Doc. 95).

### G. ADDITIONAL TIME REQUIRED TO ADDRESS FINDINGS RELATING TO MOTIONS FOR RECONSIDERATION AND HEARING TRANSCRIPTS.

The Report and Recommendation (Doc. 95) argues that Plaintiff and Plaintiff's counsel issues and concerns

> could have been rectified – or avoided entirely – had Saunders and Attorney Mann simply sought assistant from the Court (either through a request for more time or for reconsideration or other relief). But they never did, ***choosing*** instead to stand on their ever-changing arguments.

Doc. 95, at 48 (emphasis added). The undersigned did not have actual notice of the four (4) motions and three (3) orders, over the course of six (6) days between January 6, 2024, and February 1, 2024, (Docs. 43, 44, 45, 46, 47, 48, and 49). The undersigned provided advanced notice of his unavailability to Defendant's counsel. And Plaintiff's counsel did not "choose" to "avoid" rectifying the issues. By the time actual notice was received, it was too late for any rectifying. And, as the court stated to the undersigned, on March 13, 2024, "**You're not going to be fixing**

**anything anymore. All the filing on this are closed**." (Doc. 94, at 5:2-3) (emphasis added). Additionally, Plaintiff's objections require a showing that certain non-responses to Defendant's motions were in fact because the Plaintiff and undersigned did not oppose the extensions sought by Defendant for those on which counsel met and conferred. Plaintiff therefore requires additional time to obtain copies, review, and analyze the hearing transcript from the February hearing as it relates availability of reconsideration.

### III. CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant an extension of forty-five (45), up to and including August 2, 2024, to file objections to the Magistrate Judge's Report and Recommendation. This request for an extension is made in good faith and not for the purpose of delay. Granting this extension will not unduly prejudice the Defendant, as it merely allows sufficient time for Plaintiff to prepare and submit well-reasoned objections to the Court.

### LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendant has conferred with counsel for Plaintiff regarding this Motion as outlined above. Counsel for Plaintiff has not heard back yet as to Plaintiff's position on the extension and will supplement once received.

DATED: 06/14/2024                              Respectfully submitted,

                                               */s/ Mike Mann*
                                               **MIKE MANN, ESQ.**
                                               Fla. Bar No. 1020249

THE MANN FIRM, LLC<br>
707 E Cervantes St, Ste B<br>
Pensacola, FL 32501<br>
(850) 407-8078<br>
Mike@themann.law<br>
eService@themann.law<br>
*Counsel for Plaintiff.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**JACKSON LEWIS P.C.**
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441
AMANDA A. SIMPSON
Florida Bar No. 0072817
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER
Florida Bar No. 0093138
Lin.wagner@jacksonlewis.com

*/s/ Mike Mann*<br>
**MIKE MANN, ESQ.**