UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                        Case No.: 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC,

    Defendant.
_____/

**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION
AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff ("Saunders") and Plaintiff's counsel ("Mann") hereby submits this their Objections to the Magistrate's Report and Recommendation (Doc. 95), and respectfully requests that the District Judge reject and/or modify the recommended sanctions of dismissal and comprehensive monetary expenses, and in support thereof further states:

**I.    INTRODUCTION**

This dispute revolves around two orders that were issued while Mann was unavailable, and Defendant seeks dismissal and comprehensive monetary sanctions, for Saunders and Mann's non-compliance with those orders. Plaintiff objects to the recommended sanctions and argues that the compliance issues were an isolated incident that has been resolved, and dismissal would sent dangerous precedent.

## II. OVERVIEW

Saunders and Mann object to Recommendations 2 through 5 (Doc. 95, at 55-56). The objections the refusal to inspect the plaintiff's phone, the misunderstanding about mediation attendance, and the lack of evidence for bad faith claims, such as the following:

1. Saunders/Mann offered Saunders' phone for inspection, but the defendant refused.

2. The transcript of the November 2024 deposition was not produced until almost a month later, which should be the earliest trigger for the Rule 34 deadline to respond to discovery requests.

3. Mann agreed to leave the depositions open for further questions about text messages.

4. Signature had over 2 months to subpoena text messages from the third parties with who Saunders texted but chose to wait for the plaintiff's copy.

5. Saunders' work phone was not in his possession since Signature fired him and retrieved his company-issued phone, leading to the likely explanation for a gap in messages produced before the first deposition

6. The orders directing a response (Doc. 48) and motion to compel (Doc. 47) were not received by Mann until later due to unavailability of Mann.

7. The magistrate judge assumed Mann failed to attend mediation, contrary to the mediator's report.

8. Signature failed to adequately claim bad faith under the heightened standard for conditions of mind. Fed. R. Civ. P. 9(b).

9. Signature's request for text messages during November 2024 deposition were not properly made. Fed. R. Civ. P. 34(b), and 45(e).

10. Saunders and Mann waive privilege and protection and submit for the Court's consideration, the attached **Exhibit 1**, which is an email communication thread between Mann and Saunders, and it is being provided in good and in the interest of justice. *See* **Exhibit 1**, *Attorney-Client Communications between Mann-Saunders* (privileged and protections waived for email).[1]

11. Magistrate ignores the merits of Plaintiff's lawsuit entirely. *See* **Exhibit 3**. And the text messages, despite Signature's contentions, have no material effect on the outcome of this lawsuit. *See*, *e.g.*, **Exhibit 3**.[2]

### III. STANDARD OF REVIEW

After careful and complete review of the findings, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Powell</u>, 628 F.3d 1254, 1256 (11th Cir. 2010). Non-

---

[2] Other issues that Signature brings before this Court in its pretrial motions to compel and for sanctions include frivolous claims under inapposite statutes and false allegations with hollow legal arguments, like "Plaintiff acted willfully" and "Defendant was severely prejudiced," without providing a factual basis for the bad faith claims. Signature's motions were highly speculative, and the Magistrate's recommendations are derived from those speculations. **Exhibit 1** happens to entirely undermine these assertions, so Saunders/Mann are waiving privilege and protection regarding the thread.

dispositive matters in the magistrate judge's recommendation can be reviewed by the district judge. FRCP 72(a). Dispositive portions of a claim or defense must be determined de novo by the district judge. FRCP 72(b)(1), (3). The district judge will "give fresh consideration to those issues to which specific objection has been made by a party," even in the absence of an objection. <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)); <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 16(f) sanctions are imposed to ensure compliance with court orders and promote efficiency in litigation. Rule 37(b) sanctions are based on violations of court orders, bad faith conduct, and willful violations of pretrial and discovery orders. Rule 9(b) requires specific details when alleging fraud or mistake, including the "who, what, when, where, and how" of the misconduct. The moving party must demonstrate subjective bad faith or conduct so egregious that it could only be committed in bad faith. Sanctions should be reasonable considering the circumstances.

### IV. <u>OBJECTIONS TO FACTUAL FINDINGS</u>

The notion that "Plaintiff and Mann *<u>knew there was no basis</u>*" for this case. (Doc. 80, at 2) is false. *See* **Exhibit 1**. The recommendation lacks supporting evidence, and even sometimes omits cites to record evidence. The factual findings are objectionable, because they lack supporting evidence or inconsistences exist,

such as conflicting evidence or gaps. The claim that Mann made numerous conflicting and contradictory statements during hearing does not specify how they were intentional or cite to evidence to show that they were made in bad faith. Immediately upon court coming to session, Judge Price seemed as though she already determined that she would recommend dismissal and exhibited favor to Defendant, specifically to Defendant's general counsel, Matthew Klein, Esq. (Doc. 93, at 3:5-22). For instance, Judge Price greeted Mr. Klein, stating:

> Good to see you again. I'm sorry I had to drag you away from work for this. Hopefully, by the time we finish today, this will be the last time I have to bring you in for one of these types of hearings, but I appreciate you being here.

Doc. 93, at 3:18-22. Signature failed to disclose **all** interested persons and corporate entities at the outset of the lawsuit. *Cf.* Doc. 4. Defendant identifies only one entity and fails to identify Klein as a person who might have an interest in the outcome. (Doc. 4, at 1-2.). Plaintiff's certificate of interested persons and corporate disclosure was stricken and removed per endorsed order on March 21, 2023. (Doc. 24). Plaintiff's "compliant" certificate was filed on April 4, 2023, and identified 5 interested entities that were not disclosed by Signature. (Doc. 26, at 1-2. *Cf.* Doc. 4, at 1).

V. <u>OBJECTIONS TO LEGAL CONCLUSIONS</u>

    A. **HEIGHTENED STANDARD FOR CONDITION OF MIND.**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Defendant fails to state with particularity the circumstances constituting Saunders/Mann's bad faith, or how they benefited from the supposed bad faith conduct. Indeed, Plaintiff and Mann do not see any benefit from withholding text messages that were already produced in a different format, and the ones which were not already produced had no bearing on the claims in this lawsuit. Therefore, to accept that Plaintiff and Mann acted in bad faith in their non-compliance with discovery orders, then the Court must be prepared to accept that Plaintiff and Mann did so for no particular reason at all. Such a conclusion would not satisfy Rule 9(b) and should likewise be rejected by the District Judge. Indeed, Mann is not in the business of spending time and money on a lawsuit just to spite someone or something.

### B. UNAVAILABILITY OF MANN.

Mann's unavailability was the reason the discovery motions were not complied with, and Saunders and Mann have since cured the discovery discrepancies. When unavailability is expected, a party should "notify opposing counsel of his or her unavailability and request that his or her schedule be accommodated." *Pump It Up Holdings, LLC et al. v. Robert Anderson, RJA, LLC et al.*, Case No. 6:19-cv-1252-Orl-31DCI, at 4 (M.D. Fla. Oct. 14, 2020) (citing *Id.*, at Doc. 90). In the instant case, Mann (1) notified opposing counsel of his unavailability,

(2) requested his schedule be accommodated, and (3) conferred with opposing counsel to extend the discovery deadline, or some part of it, to avoid any possibility of prejudice to Defendant during the unavailability. *See* CMSO at III. Saunders and Mann should not be punished for following the rules. *See* **Exhibit 1**.

The recommendation ignores the fact that Defendant counsel had about the unavailable and had advanced notice directly from Plaintiff's counsel prior to filing its motions yet failed to mention anything but the fact that Plaintiff's failure to produce and general "conferral follow-ups." As a result, since compliance was due while Mann was unavailable, and Defendant never mentioned the unavailability for the court's consideration, and because the Local Rule 3.01(g) certification did not accurately state the reason why Mann was unresponsive, the Court's discovery orders were issued without a response and without material facts. This omission of material fact is tantamount to bad faith on the part of Signature or Signature's counsel.

### 1.      <u>Reasonable Opportunity to Respond</u>.

Local Rule 3.01(b) requires that opposing parties be afforded 14 days to respond. In this case, Plaintiff should have had 14 days to respond to the Defendant's Motion to Compel (Doc. 46), which should have been due on or before February 13, 2024. The Court ordered Plaintiff to respond in less than 30 hours. Compliance with such an order was, in fact, impossible, because (1) Plaintiff did not yet even know about the Motion to Compel being filed before the Court's

Order; and (2) Plaintiff did not know about the Order before the 30-hour deadline expired. There is no evidence showing any benefit to Saunders or Mann for willful non-compliance.

### 2. Impossibility; Simple Negligence; Misunderstanding.

"A dismissal is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply." *Pump It Up Holdings, LLC, et al.*, 6:19-cv-1252-Orl-31DCI, at 7 (M.D. Fla. Oct. 14, 2020); and *32%2C Scorpion Go-Gast Vessel*, 399 F. App'x at 903, 905 (11th Cir. 2009) (per curiam) (discussing the sanction of dismissal). Signature withheld its knowledge of Mann's unavailability in its motions and Local Rule 3.01(g) certifications. (*See, e.g.*, Doc. 46, 57). Fed. R. Civ. P. 11(b) (regarding factual contentions having evidentiary support); Local Rule 2.01(d)(apply Florida Bar rules); and see Rule Regul. FL Bar 4-3.3. For instance, Plaintiff notified Signature's counsel, well in advance, that he would be moving furniture from his office and home in Orlando, to Pensacola, on January 26, 2024, which is the same day that Signature's original discovery motions were filed. (Doc. 43, 44). Whether this was by design or by happenstance, Plaintiff still was not given an opportunity to respond within 14 days, under Rule 34. The Magistrate denied the initial motions without prejudice, but Signature filed two amended motions on January 29, 2024, before conferring with Mann, and Mann was never given a sufficient opportunity to respond to them either. (Doc. 49).

On January 30, 2024, Magistrate ordered that Plaintiff respond by noon the following day, instead of allowing 14 days to respond. (Doc. 46, 47). Mann was still unavailable at that point and had no knowledge of the filings or the 30-hour deadline to respond. Thus, the Magistrate granted the motion as "unopposed" for failing to respond within less than 30 hours. (Doc. 49). Plaintiff's counsel was still unavailable at that point, which was merely five (5) days after the motion was filed by Signature. (Doc. 49). The Magistrate ordered production of discovery, which had never previously been requested formally with particularity under Rule 34, and the Plaintiff was thus required to comply by February 9, 2024, which should have been Plaintiff's original deadline to respond. (Doc. 49). Mann had no knowledge of these motions and orders until he started regaining access to bounced emails and catching up on 100's that were quarantined. The Magistrate fails to find this as substantial justification for the conduct and uses it as the prerequisite "conduct" to establish the alleged "pattern of bad faith" that is required to impose dispositive sanctions under Rule 37.

These are the facts upon which Defendant's Motion for Sanctions (Doc. 46, 47, 57) relies upon. And, these facts, taken as a whole, cannot amount to more than simple negligence under the circumstances, as described in Plaintiff's responses. (Doc. 65, 71). (*See also* Doc. 74). The correct application should have been one of the following: (1) deny Defendant's Motion for Sanctions (Doc. 57) as being based being waived for its untimely Motion to Compel (Doc. 46) which did not give

Plaintiff an opportunity to respond to; or (2) deny Defendant's Motion to (Compel Doc. 46) and grant Defendant's <u>unopposed</u> Motion for Extension of Discovery (Doc. 47) which Defendants explained would cure all prejudice; or (3) grant the Motion to Extend (Doc. 47) and deny as moot the Motion for Sanctions (Doc. 57); or (4) suspend the Motions (Doc. 46) and order Plaintiff to show cause within a reasonable time.

### 3. **Failure to Follow Rule 34.**

Defendant failed to identify the discovery request(s) that were the subject of its discovery motions. The Magistrate judge therefore fails to consider whether the discovery requested was even within the scope of discovery as defined by Rule 26, Fed. R. Civ. P., and the fact that the Defendant relied upon oral requests during Plaintiffs depositions and the fact that the transcript took 28 days to produce should be interpreted in Plaintiff's favor, because the 30-day deadline to produce as well as other requirements are not available for analysis without written requests. Request related to ESI must be in writing and specify the format. Fed. R. Civ. P. 45(e).

### 4. **Failure to Comply with Local Rule 3.01(g).**

Defendant's Motion for Sanctions (Doc. 57) "did not appear to contain sufficient Local Rule 3.01(g) conferral certification," and therefore should have been denied. (Doc. 95, at 12).

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff and Plaintiff's counsel respectfully object to the Magistrate Judge's Report and Recommendation (Doc. 95) and requests that this Honorable Court reject the recommendations of monetary sanctions and dismissal. Plaintiff and Plaintiff's counsel further request that the Court consider lesser sanctions that would adequately address the procedural issues without the substantial and extreme measures recommended by the Magistrate Judge.

DATED: 07/11/2024

Respectfully submitted,

**THE MANN FIRM, LLC**

*/s/ Michael G. Mann, Esq.*
**MICHAEL G. MANN, ESQ.**
Fla. Bar No. 1020249
707 East Cervantes Street, Suite B
Pensacola, Florida 32501
Telephone: 850-407-8077
Mike@themann.law
eService@themann.law
*Attorneys for Plaintiff.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th Day of July 2024 a true and correct copy of the foregoing was electronically served through this Court's CM/ECF e-filing portal which will send an electronic notice of filing to all parties and counsel of record, including:

**JACKSON LEWIS P.C.**
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440

Facsimile: (407) 246-8441
AMANDA A. SIMPSON
amanda.simpson@jacksonlewis.com
LIN J. WAGNER
lin.wagner@jacksonlewis.com
*Attorneys for Defendant.*

                                                */s/ Michael G. Mann, Esq.*
                                                MICHAEL G. MANN, ESQ.