UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **FREDERICK SAUNDERS,**<br>individually,<br><br>      **Plaintiff,**<br><br>**vs.**<br><br>**SIGNATURE FLIGHT SUPPORT**<br>**LLC, a Delaware limited company,**<br><br>      **Defendant.** | **CASE NO.: 6:23-cv-0230-RBD-LHP** |

## DEFENDANT'S AMENDED[1] RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant, SIGNATURE FLIGHT SUPPORT LLC, hereby responds to

Plaintiff, FREDERICK SAUNDERS' ("Plaintiff") Objections [D.E. 101] to the

Magistrate Judge's Report and Recommendation ("R&R") [D.E. 95].

Plaintiff and his attorney, MICHAEL G. MANN ("Mann"), continue to

misrepresent facts. At best they are oversights and at worst, blatant lies. Plaintiff

and Mann were provided every opportunity to defend themselves. Instead of

taking responsibility for their actions, and face both dismissal and monetary

sanctions, they continue to blame others, including now, the Magistrate Judge.

---

[1] Defendant is submitting an Amended Response to comply with the page limit in the Local Rule that it inadvertently overlooked. Defendant apologizes to the Court for this oversight.

While Plaintiff and Mann's misrepresentations are so flagrant this Court can undoubtedly recognize them, Defendant would be remiss not to correct the record. The Court should overrule the objections and adopt the Magistrate Judge's R&R.

A. Plaintiff and Mann Did Not Represent Mann was "Unavailable"

Plaintiff and Mann should be held responsible for failing to comply with discovery and related orders. They incredulously claim they should not be "punished for following the rules," because Mann allegedly notified defense counsel of his unavailability and requested a schedule accommodation. **They, however, *never* advised Defendant, defense counsel, or the Court, that Mann would be unavailable, nor did they request a scheduling accommodation, stay of the proceedings, or extension of any deadline[2]**. While at times Mann mentioned he could not make a call or was delayed in responding to an email, he never implied his unavailability was anything more than routine. Mann also mentioned he was moving, but never represented he would be "unavailable" or that the move would prevent him from meeting deadlines.

It is true that around January 16, 2024, during a good faith conferral call, Mann asked for Defendant's position on a 3-month extension of the scheduling order deadlines. In response, the undersigned reviewed all events scheduled (*i.e.,*

---

[2] Other than the deadline to file the response to the Report and Recommendation.

a witness deposition, medical providers' depositions, Plaintiff's continued deposition and mediation) with Mann. Mann confirmed he had no issues with those upcoming dates. As such, the undersigned indicated Defendant would object to an extension of the deadlines. Mann understood and responded he would likely just need more time for dispositive motions. The undersigned agreed to discuss an extension for dispositive motion deadlines, if needed, when the Parties got to that point in litigation. This communication further demonstrates that despite Mann's representations to the Court, he represented to counsel that he *was* available during the time in question. To suggest Defendant and its counsel knew and should have affirmatively notified the Court about Mann's alleged "unavailability"—when Defendant is still unsure when Mann was "unavailable" *and Plaintiff and Mann never notified the Court themselves or filed a motion for extension of any deadlines*—is absurd.

Second, and in that same regard, it remains unclear *when* Mann was allegedly "unavailable." Plaintiff and Mann seemingly imply it was sometime between November 2023 and March 2024—*i.e.,* during discovery conferrals and prior to filing discovery motions—although Mann's own Affidavit suggests he did not sever ties with The Cochran Firm until February 1, 2024. Contrary to Plaintiff and Mann's current claims that Mann was unavailable—they never filed anything with the Court to suggest same—**and, perhaps most telling,** *continued*

*to litigate the case during this timeframe*[3].

Nothing occurred that would excuse Plaintiff from following the scheduling order's deadlines. Even if Defendant had knowledge of Mann's alleged "unavailability"—*which it did not*—that would not have relieved the Parties—*including Defendant*—from complying with the deadlines. Indeed, Defendant filed motions to modify the scheduling order due to Plaintiff's discovery delays and rule violations. If Mann was unavailable for any period, Plaintiff and Mann had ample opportunity to seek relief of impending deadlines. They never did. The blame, if any, is on them and no one else.

B. <u>The Discovery is Relevant, Sought by Defendant in Written Discovery, and Defendant Never Denied Attempts to Provide this Discovery</u>

Plaintiff and Mann make incredulous arguments about the discovery referenced in the R&R. They claim the discovery at issue (i) had "no material effect on the outcome of this lawsuit," (ii) was not requested until a deposition on November 30, 2024, and (iii) should have been sought by Defendant through subpoenas. Plaintiff and Mann even try to blame Defendant by claiming Defendant "chose to wait" for Plaintiff's copy of the discovery (texts), and then assert there was no harm from their failure to timely produce the texts, because they agreed to keep open Plaintiff's deposition. These representations are false

---

[3] See numerous filings by Plaintiff, including Mann's own Affidavit [D.E. 74]. Depositions occurred during this time and Mann claims he appeared at the mediation on February 14, 2024.

and attempt to deflect Plaintiff's discovery obligations.

First, the discovery at issue contained communications between Plaintiff and witnesses about his claims, making it relevant by definition[4]. As outlined in Defendant's Amended Motion to Compel [D.E. 46], Defendant originally sought this discovery via initial written discovery on June 5, 2023, but Plaintiff withheld it. Defendant first learned of these communications at Plaintiff's deposition on November 30, 2023, despite them being requested almost 6-months before.

Second, Plaintiff and Mann's attempts to blame Defendant and its counsel by claiming they "chose to wait" instead of subpoenaing nonparties for the documents shows a lack of understanding of the discovery process. Plaintiff had a duty to provide the relevant documents in his own possession.

To allow Plaintiff to hide behind subpoenas to nonparties would permit Plaintiff to hide evidence. This is illustrated by the fact that it was not until February 16, 2024 when *Plaintiff finally produced a requested email,* that Defendant learned Plaintiff had communications with 12 witnesses (most of whom were not previously identified) about confidential settlement discussions at the EEOC mediation. Without producing this one email, Defendant would have not learned

---

[4] Plaintiff and Mann also attempt to muddy the waters by claiming that the information requested was likely on his company issued phone, to "explain" why there may be gaps in messages produced and falsely claim they offered Plaintiff's phone for inspection, but Defendant refused. Contrary to these falsities, the requested information was identified by Plaintiff as being on his *personal* phone, and they do not even attempt to identify a date when they allegedly offered the phone (they never did).

of the witnesses' identities, would not have known there were other witnesses to potentially subpoena and would not have known the extent of Plaintiff's violation of the confidentiality surrounding mediation discussions.

Third, Plaintiff and Mann agreeing to leave open Plaintiff's deposition did not cure their misconduct. Defendant and the Court are well aware that parties cannot unilaterally amend the scheduling deadlines. As such, Defendant faced quickly approaching deadlines, including the cut-off for discovery due to Plaintiff and Mann's delays and withholding of relevant information.

Finally, Defendant and its never refused inspection of Plaintiff's phone for the relevant discovery. Indeed, at Plaintiff's second deposition on February 21, 2024, counsel for Defendant specifically indicated she was keeping the deposition open with respect to emails and texts, and not precluding the possibility of a possible forensic examination of Plaintiff's phone. [D.E. 86 at 81:4-9]. Plaintiff never produced his phone.

C. Defendant, Defendant's Counsel and the Magistrate Judge Did Not "assume" Mann Failed to Attend Mediation

Plaintiff and Mann erroneously assert that the Magistrate Judge "assumed" Mann failed to attend mediation. This is untrue. In the R&R, the Magistrate Judge methodically recites the mediator's mediation report, communications from before and during the mediation [attached to D.E. 61], Plaintiff's response to Defendant's Motion for Sanctions, and specific

representations (and contradictions) made by Mann about his attending

mediation in person versus remotely. This assertion is false, and an

unprofessional cheap shot at the Magistrate Judge whose 57-page R&R reviews,

in excruciating detail, the bases for her ruling.

D. Plaintiff Continues to Lie About Disseminating Confidential Mediation
   Information as Indicated in the Exhibit Attached to Objections

It is unclear why Plaintiff and Mann decided to waive privilege and attach

an email chain (their only exhibit) to their Objections. The email does not help

their position; it shows they continue to stand behind their excuses for not

properly engaging in litigation and discovery and take zero accountability.

Perhaps most shocking is the email also highlights how Mann plans to try

to "paint a picture" of what he calls a "72 hour" transition period after The

Cochran Law Firm allegedly notified clients of his departure from the firm, that

"snowballed" out of control, when clearly the misconduct in litigation and

discovery started well before this time and continued long after. It also shows

Plaintiff continues to maintain he did not disseminate confidential mediation

information to others—despite his prior testimony—and that Mann

acknowledges misconduct by his own client during mediation "and thereafter."

Finally, despite Defendant having raised issues related to Plaintiff

disseminating confidential mediation communications, the top of the second

page of Plaintiff and Mann's email includes monetary offers and demands that

occurred at mediation. This email, once again, shows Plaintiff and Mann have

not learned from prior conduct and Defendant respectfully requests this Court

redact or seal this information, so it is not part of the public record.

E.  Defendant's Certificate of Interested Persons is Proper and Any Argument
    Regarding Bias for Defendant is Baseless

Plaintiff and Mann take issue with the Magistrate Judge's greeting to

Defendant's in-house attorney, Matthew Klein, who attended the hearings, and

argue Defendant and its counsel failed to disclose Mr. Klein as an "interested

person." While it is unclear why Plaintiff and Mann assert this in the scope of

their argument and objections, they seemingly imply the Magistrate Judge had

some type of bias towards Mr. Klein. This assertion is false and insulting, and

just another example of Plaintiff and Mann attempting to place blame for their

actions on anyone but themselves.

As this Court knows, multiple required in-person hearings in federal court

in a short period of time is rare. The Magistrate Judge's greeting did nothing

more than acknowledge and apologize for this as the hope was that her prior

rulings and instructions would alleviate the need for the Parties to reappear.

Furthermore, Defendant's Certificate of Interested Persons was complete. It

provided a list of persons and entities that may have interest in the outcome of

the case. [D.E. 4]. Mr. Klein, like every other employee of the Defendant

company, has no interest in the outcome of this case, and Defendant was not

required to list him (or any other employee).

F.   Plaintiff and Mann Had Ample Opportunity to Brief Issues

Plaintiff and Mann seemingly assert they have not been provided with the

opportunity to properly respond. They, however, have had every opportunity to

respond to Defendant's Motions and the Court's Orders, and have done so.

Indeed, they briefed responses to all three Motions at issue [D.E. 65, 72, and 73].

The Magistrate Judge even ordered Mann to file an affidavit identifying his

efforts in discovery, *and any other evidence counsel wishes the undersigned to*

*consider.* [D.E. 67]. In response, Mann filed a 23-page Affidavit. [D.E. 74]. They

also had 2 in-person hearings to explain themselves. Any suggestion that they

have not been afforded the opportunity to be heard is demonstrably false.

G.   Discovery Demonstrates Plaintiff's Claims have No Merit

Plaintiff and Mann then take issue with the R&R focusing on the discovery

abuses as opposed to the merits.[5] The discovery issues are the basis for the

sanctions, but the merits have certainly not been ignored. Pursuit of the merits of

this case would have the same result: dismissal and monetary sanctions.

Defendant highlighted in its Notice of Plaintiff's Non-Compliance [D.E. 57,

p. 3-4] why the discovery is highly relevant. The texts previously withheld by

Plaintiff and Mann demonstrated they knew or should have known there was no

---

[5] Plaintiff and Mann cite to "Exhibit 3," but they did not attach a document, nor did they
reference an "Exhibit 2." As such, it should not be considered by this Court.

merit to the claims even before they filed the Complaint. For example, Plaintiff copied an exchange with Mann via text to key witness, Jan Chalk, wherein they discuss the draft Complaint ultimately filed in this case. In these texts, Plaintiff admits the pay issue is not about race or gender, but about getting. Chalk fair pay due to an increased workload, which is consistent with Plaintiff's deposition testimony. Upon his counsel's advice, however, Plaintiff would indicate in the Complaint that race and gender were factors. These texts alone demonstrate the subjective and objective bad faith driving this case.

Moreover, during the hearings, defense counsel made clear to the Court that if litigation continues, Defendant intended to pursue all available sanctions and remedies based on the frivolous and bad faith nature of the claims including without limitation Rule 11 and 28 U.S.C. § 1927 sanctions.

As such, contrary to Plaintiff and Mann's contention, the merits have not been ignored. If this Court does not adopt the Magistrate Judge's R&R, Defendant has made clear it will pursue dismissal and monetary sanctions because the claims are completely devoid of any merit. Plaintiff and Mann knew or should have known this, but instead chose to pursue this litigation.

Defendant respectfully requests that the Court overrule Plaintiff and Mann's Objections, adopt the R&R, and grant such further relief as this Court deems just and proper.

DATED this 25th day of July, 2024.

Respectfully submitted,

JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

*/s/ Lin J. Wagner*
  Lin J. Wagner
  Florida Bar No. 0093138
  lin.wagner@jacksonlewis.com

  Amanda A. Simpson
  Florida Bar No. 0072817
  amanda.simpson@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 25th day of July, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Michael G. Mann, Esq., The Mann Firm, LLC, 707 E. Cervantes St., Suite B, Pensacola, FL  32501.

*/s/ Lin J. Wagner*
  Lin J. Wagner

4862-9805-0259, v. 2