UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                            Case No. 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT,
LLC,

    Defendant.
_____

**ORDER**

Throughout this employment discrimination case, Plaintiff Frederick Saunders and his attorney Michael Mann, Esq. have engaged in a pattern of noncompliance with Court Orders and bad faith conduct. Because of this misconduct, Defendant Signature Flight Support, LLC ("Signature") moved for sanctions three times: first for Saunders' alleged violation of the Florida Mediation Confidentiality and Privilege Act ("Mediation Act") (Doc. 55), next for Saunders' and Mann's noncompliance with the Court's Order to produce text messages (Doc. 57), and finally for Saunders' failure to appear at mediation. (Doc. 61.) On referral, and after two hearings, U.S. Magistrate Judge Leslie Hoffman Price entered a Report and Recommendation submitting that: (1) the Court should deny Signature's first motion because the Mediation Act does not apply, but (2) the

Court should grant Signature's remaining motions and dismiss the case because Saunders' and Mann's bad faith warrants this severe sanction. (Doc. 95 ("R&R").) Saunders and Mann objected to the R&R on the grounds that their behavior is attributable to Mann's scheduling and technological difficulties and Saunders' misunderstandings, not bad faith. (Doc. 101 ("Objection").) Signature responded in support of the R&R. (Doc. 103.)

After an independent *de novo* review of the record, the motions, and the Objection, the Court agrees with Judge Hoffman Price's R&R. *See* 28 U.S.C. § 636(b)(1); *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Saunders' and Mann's Objection largely restates justifications for their behavior as explained to Judge Hoffman Price in prior filings and hearings, each of which she addressed and rejected in her thorough and well-reasoned R&R.[1] (Doc. 101; *see* Doc. 95.) The Court need not address Saunders' and Mann's other meritless assertions[2]—especially their inappropriate ad hominem attacks on the Magistrate Judge based on her normal, professional comments at a hearing—which provide no basis for sustaining their Objection. (*See* Doc. 101, p. 5.) The

---

[1] In addition to their other misdeeds, the Objection also attaches as an exhibit correspondence that improperly includes references to confidential settlement discussions. *See* M.D. Fla. Discovery Handbook (2021), p. 7.

[2] The Court need not consider arguments not properly raised before the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Court agrees entirely with Judge Hoffman Price that Saunders' and Mann's failure to course-correct after the imposition of monetary sanctions suggests that dismissal is the only way to deter further misconduct. (Doc. 95, p. 49.) So the Objection is due to be overruled.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 101) is **OVERRULED.**

2. Exhibit 1 to the Objection (Doc. 101-1) is **STRICKEN**, and the Clerk is **DIRECTED** to remove it from the docket. *See supra* note 1.

3. The R&R (Doc. 95) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

4. Defendant's motion for sanctions under the Mediation Act (Doc. 55) is **DENIED**.

5. Defendant's motion for sanctions due to Plaintiff's noncompliance with the Court's discovery order (Doc. 57) is **GRANTED**.

6. Defendant's motion for sanctions due to Plaintiff's failure to attend mediation (Doc. 61) is **GRANTED**.

7. This case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close the file.

8. Defendant is **AWARDED** attorney's fees and costs as enumerated in the R&R, to be paid jointly and severally by Saunders and Mann.

(Doc. 95, p. 56.) If the parties cannot agree on an amount, Defendant may file a motion to determine the amount by the deadline set forth in Local Rule 7.01(c).

9. Attorney Mann is **REFERRED** to the Grievance Committee of the Middle District of Florida for an evaluation as to whether his conduct warrants further sanctions.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 12, 2024.



ROY B. DALTON, JR.
United States District Judge

Copies:
Nichole M. Mooney, Chair of the Grievance Committee for the Middle District of Florida, Orlando Division