UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.                                    Case No.: 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC,

    Defendant.
_____/

## **ATTORNEY MICHAEL G. MANN, ESQ.'S OPPOSED RENEWED MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL OF RECORD, AND INCORPORATED MEMORANDUM IN SUPPORT**

COMES NOW, the undersigned counsel, and respectfully requests, pursuant to Local Rule 2.02(c) and Rule 4-1.16(a)-(b) of the Florida Rules of Professional Conduct, that this Honorable Court enter an Order permitting the undersigned to withdraw from this matter as Plaintiff's counsel of record due to irreconcilable differences; and, in support thereof, Movant further states:

1. The undersigned was originally hired by Plaintiff, on May 17, 2022, as an attorney with The Cochran Firm Orlando, LLC.

2. On February 1, 2024, Plaintiff was notified of Movant's departure from The Cochran Firm Orlando, LLC, and asked to designate whether he wanted The Cochran Firm Orlando, LLC, to continue representing him or terminate The Cochran Firm Orlando, LLC, and seek to engage Movant's new law firm to represent him moving forward in this matter.

3. Movant's last day with The Cochran Firm Orlando, LLC, was on February 2, 2024.

4. On February 21, 2024, Movant signed the designation to have his file transferred to Movant.

5. Plaintiff did not engage Movant or Movant's new law firm until February 28, 2024, when an attorney-client engagement agreement was finally executed with Movant's new firm.

6. On March 5, 2024, Movant initially filed a motion to withdraw as counsel for Plaintiff (Doc. 78) under the Rules Regulating the Florida Bar, Rule 4-1.16(a) (when a lawyer must decline or terminate representation). (Doc. 78). The reason for withdrawal under rule 4-1.16(a) provided in the motion was based on "professional consideration require termination." (Doc. 78, at ¶ 3).

7. On March 6, 2024, this Court took Movant's opposed Motion to Withdraw under advisement and ordered that Movant "remains counsel of record." (Doc. 79).

8. On March 13, 2024, this Court denied without prejudice Movant's Motion to Withdraw, but held that Movant:

> may renew the request upon the first occurrence of the following: (1) Plaintiff terminates Mr. Mann's represented and elects to proceed pro se; (2) new counsel appears on Plaintiff's behalf; or (3) upon issuance of the Report and Recommendation regarding the pending motions for sanctions (Doc. Nos. 55, 57, 61).

(Doc. 91, at 2).

9. At the time of filing the instant Motion, Plaintiff has not terminated Movant and elected to proceed *pro se*, despite his recent "*pro se*" filing (Doc. 110), and new counsel has not appeared on Plaintiff's behalf. However, the Report and Recommendation (Doc. 95) has been issued, and therefore Movant now files the instant Motion to Withdraw.

10. On November 8, 2024, this Court denied without prejudice Plaintiff's *pro se* motion while represented by counsel. (Doc. 111).

11. Withdrawal is mandatory in this case, under Rule 4-1.16(a), based on the following circumstances, based on professional considerations and irreconcilable differences:

    a. Providing further services to Plaintiff would violate the Rules of Professional Conduct and the Federal Rules of Civil Procedure.

    b. As stated in the undersigned's initial Motion to Withdraw (Doc. 78), the undersigned is still unable to serve as Plaintiff's counsel due to professional consideration and irreconcilable differences that have arisen and remained, which require Movant's withdrawal in this case.

    c. Plaintiff has made statements tantamount to threats of harm, including but not limited to Plaintiff's statements made on February 21, 2024, in his deposition. Plaintiff refuses to retract these statements or otherwise provide assurances to the undersigned.

    d. The undersigned is unable to continue effective representation due to sanctions and the potential conflicts of interest thereby created between undersigned and Plaintiff by those sanctions; similarly, Plaintiff's *pro se* motion (Doc. 110) outlines several conflicts of interests that are clear.

    e. The undersigned is unable to provide effective counsel to Plaintiff, because Plaintiff refuses to consider the undersigned's legal advice and has taken positions adverse to the undersigned, such as those which are expressed in Plaintiff's recent "pro se" filing (Doc. 110).

    f.      Plaintiff has sidestepped the undersigned's legal representation by making multiple attempts—without any forewarning to the undersigned—to communicate directly with counsel for Defendant by telephone and email.

    g.      Plaintiff's refusal to speak with the undersigned about pending matters may constitute an implicit discharge, which, if so, precludes the undersigned from continuing representation, under Fla. R. Prof. Conduct 4-1.16(a)(3). *See, e.g., Simmons v. House of Brewz LLC*, 2:14-cv-390-FTM-29CM, at 6 (M.D. Fla. Jun. 30, 2015). Plaintiff has refused to speak with the undersigned via telephone or through the undersigned's client portal and messaging platform. *Id.*

12.    Given the current circumstances, continued representation is untenable and would adversely affect both undersigned counsel and Plaintiff's interests, under Rule 4-1.16(a).

13.    Alternatively, withdrawal is permissible under Rule 4-1.16(b) without material adverse effect on the interests of the Plaintiff, for the following reasons:

    a.      The undersigned cannot remain Plaintiff's counsel due to professional considerations and irreconcilable differences that have arisen which require withdrawal, including but not limited to the following: a conflict of interest between undersigned and Plaintiff as evidenced by Plaintiff's *pro se* motion (Doc. 110) which shows adverse interests; and,

    b.      Failure to withdraw would result in a breach of the undersigned's duty of candor to the Court

  c. Plaintiff insists on taking actions inconsistent with the Florida Rules of Professional Conduct and the Federal Rules of Civil Procedure;

  d. Those grounds stated at the hearing on March 13, 2024.

14. The undersigned has provided adequate notice to the Plaintiff of this Motion to Withdraw, including a formal letter to Plaintiff on October 24, 2024, outlining the grounds for this Motion.

15. The undersigned will continue to communicate with the Plaintiff to ensure a smooth transition and compliance with this Court's order.

16. The undersigned's withdrawal will not cause material prejudice to the Plaintiff, as this Court has entered a final order in this case, and the primary remaining issue involves the resolution of attorneys' fee amounts to be paid.

17. Plaintiff has been advised of the need for new counsel to address any remaining matters before this Court.

18. Plaintiff has apparently been searching for new counsel but has not formally terminated the undersigned and has not yet been able to retain counsel as of the date of this filing.

19. The undersigned recognizes and accepts the Court's order of sanctions and will comply with any obligations related to the sanctions as directed by this Court.

20. Upon withdrawal, all further communications and filings should be directed to the Client at the following address:

>    FREDERICK SAUNDERS
>    6440 S Goldenrod Rd, Unit B
>    Orlando, FL 32822
>    Telephone (813) 546-5300

Email: fsankh@yahoo.com

21. In compliance with Fla. R. Jud. Admin. 2.060, the undersigned has served this motion upon Plaintiff.

## MEMORANDUM IN SUPPORT

### I. LEGAL STANDARD

Withdrawal of counsel in federal court is governed by the Federal Rules of Civil Procedure, the Local Rules for the U.S. District Court for the Middle District of Florida, and the Florida Rules of Professional Conduct.

#### A. Federal Rule of Civil Procedure 83

Pursuant to Rule 83, Fed. R. Civ. P., local district courts are permitted to adopt local rules governing the conduct of attorneys practicing before them. The Middle District of Florida's Local Rule 2.02(c) governs the procedures for attorney withdrawal and permits an attorney to withdraw from representation with the court's approval upon filing a motion and showing good cause.

#### B. Local Rule 2.02(c) of the Middle District of Florida

Local Rule 2.02(c) states that an attorney seeking to withdraw must file a written motion with the court, sating reasons for withdrawal and certifying that the client has been notified. The attorney must also certify compliance with any outstanding obligations or further responsibilities imposed by the court.

#### C. Florida Rules of Professional Conduct Rule 4-1.16

Under Rule 4-1.16(a), of the Florida Rules of Professional Conduct, a lawyer must withdraw from representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged;
(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

Rule 4-1.16(a). In comments to Rule 4-1.16(a), under "Mandatory withdrawal," The Florida Bar provides that:

> Difficult may be encountered if withdrawal is based on a client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. **The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.**

*See* comment to Rule 4-1.16(a) (emphasis added).

A lawyer "may" withdraw from representation, under Rule 4-1.16(b), if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(5) other good cause for withdrawal exists.

Rule 4-1.16(b). A lawyer may also withdraw "if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." *See comment to* Rule 4-1.16(b), Fla. R. Prof. Code.

## II. ARGUMENT

### A. GOOD CAUSE EXISTS FOR WITHDRAWAL

This renewed Motion here is based on a breakdown of the attorney-client relationship and irreconcilable differences where continued representation of Plaintiff would result in violation of professional conduct under Rule 4-1.16(a)(4). Thus, continued representation would be untenable, as counsel is unable to effectively advocate for the Client's interests. Additionally, counsel's continued participation in this matter could lead to further conflicts, especially considering the joint sanctions imposed on both the Client and counsel. This creates a potential conflict of interest under the Florida Rules of Professional Conduct, which provides good cause for withdrawal.

In *Jenkins v. Akima Glob. Servs.*, 23-CV-24501-LENDARD/Elfenbein (S.D. Fla. Jun. 14, 2024), the Southern District of Florida found good cause for withdrawal where "counsel's primary reason for filing the Motion [was] her belief that her continued representation of Plaintiff would violate the duty of candor she owes this Court." *Jenkins*, at 4. "It is well-settled in this crcuit that attorneys 'owe duties of complete candor and primary loyalty to the court before which they practice' and [a]n attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Jenkins*, at 4 (quoting *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993)). Good cause was therefore

found "[b]ecause counsel claim[ed] that her continued representation would violate this duty." *Id.* at 4.

Similar to *Jenkins*, the undersigned stated in the original motion (Doc. 78) and here again states as good cause his belief that continued representation would result in violation of the Rules of Professional Conduct or law. (*See also* Doc. 78). Therefore, withdrawal would therefore be mandatory under the *Jenkins* ruling.

In *Portnoy v. United States*, No. 19-10358 (11th Cir. Apr. 23, 2020), the 11th Circuit found that withdrawal was appropriate merely because "[i]t became abundantly clear at the hearing that Plaintiff and his counsel cannot work together in a manner to give Plaintiff effective legal representation." *Portnoy*, at 10. The court therefore granted withdrawal under 4-1.16(b) without addressing the mandatory withdrawal grounds, under 4-1.16(a). *Portnoy*, at n.3.

Similar to the attorney-client relationship in *Portnoy*, here it should be clear that Plaintiff and his counsel "cannot work together in a manner to give Plaintiff effective legal representation." *Portnoy*, at 10. (*See also* Doc. 110). Plaintiff continues to make threats of legal action against the undersigned and refuse to take advice of counsel. Therefore, withdrawal should be appropriate under the *Portnoy* rule.

In *Newton v. City of Jacksonville*, Case No. 3:15-cv-685-J-MCR (M.D. Fla. May 5, 2016), the Middle District of Florida held that "counsel have satisfied the grounds for mandatory and/or permissive withdrawal set forth in Rule 4-1.16(a)(1), (b)(2), (b)(4), & (b)(5)." *Newton*, at 12. In that case, the motion to withdraw was heard and the plaintiff and counsel were given opportunities to address the court. *Id.* The motion to withdraw stated:

> Counsel have good cause to make this motion and circumstances
> have arisen that permit them to withdraw in accordance with Rule

> 4-1.6(b) [. . .]. Counsel seek to withdraw because irreconcilable differences have arisen between Plaintiff and counsel, Plaintiff insists on taking actions inconsistent with the Florida Rules of Professional Conduct and the Federal Rules of Civil Procedure, and the additional grounds states at the Preliminary Pretrial Conference [. . .].

*Newton*, at 11 (internal record citations omitted). Similarly, here, the undersigned in the instant Motion has stated that withdrawal is mandatory and/or permissive withdraw is appropriate due to the same circumstances that have arisen. Therefore, withdrawal should also be appropriate under the *Newton* rule.

### B. NO MATERIAL PREJUDICE TO PLAINTIFF

Withdrawal at this stage will not materially prejudice the Client. A final order has already been issued in this matter, and the primary remaining issue concerns compliance with the Court's sanctions order. On October 24, 2024, Client has been advised to seek new counsel and has had sufficient time to do so. Any delay or prejudice can be mitigated by the Client's prompt retention of substitute counsel.

### C. LOCAL RULE 3.01(g) CERFICATION

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, the undersigned has conferred with counsel for the Defendant, who does not oppose the relief sought herein.

## IV. CONCLUSION

For the reasons stated above, good cause exists to permit the undersigned counsel's withdrawal from representing Plaintiff FREDERICK SAUNDERS. The undersigned **must** withdraw under Rule 4-1.16(a). Alternatively, withdrawal is permitted under 4-1.16(b), because withdrawal will not result in material prejudice to the Plaintiff, and the undersigned will comply

with all remaining obligations under the Court's orders. Therefore, the undersigned respectfully requests that this Honorable Court grant the Motion to Withdraw.

The undersigned respectfully requests this Court also grant Plaintiff additional time to respond to Defendant's pending motion (Doc. 107), to file a notice of appeal, and to retain new counsel in this matter, in order to avoid unforeseen prejudice to the Plaintiff following withdrawal.

DATED: 11/13/2024 Respectfully submitted,

**THE MANN FIRM, LLC**

*/s/ Michael G. Mann, Esq.*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
105 E Garden Street, Suite B
Pensacola, Florida 32502
Telephone: 850-407-8077
Mike@themann.law
Matt@themann.law
***Attorneys for Plaintiff.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 13, 2024, a true and correct copy of the foregoing was electronically served through this Court's CM/ECF e-filing portal which will send an electronic notice of filing to all parties and counsel of record, including:

**JACKSON LEWIS P.C.**
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441
AMANDA A. SIMPSON
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER
Lin.Wagner@jacksonlewis.com
*Attorneys for Defendant.*

*. . . AND . . .*

**FREDERICK L. SAUNDERS**
6440 S Goldenrod Rd #B
Orlando, FL 32822
813-546-8300
fsankh@yahoo.com
*Pro Se Plaintiff.*

/s/ *Michael G. Mann, Esq.*
MICHAEL G. MANN, ESQ.