FILED - USDC - FLMD - ORL
DEC 6 2024 PM2:01

UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS, CPA,

Plaintiff,

v. Case No.: 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT LLC,

Defendant,

**OPPOSED PLAINTIFF'S MOTION TO OBJECT THE DEFENDANT'S MOTION ON AMOUNT OF ATTORNEY FEES TO BE AWARDED AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff, FREDERICK SAUNDERS, respectfully requests that this Honorable Court enter an Order permitting the undersigned to object the Defendant's claim to be awarded attorney fees, in their entirety, and the Plaintiff respectfully objects the amount and reasonableness of such fees, in their entirety, on the basis of inadequate legal representation by the Plaintiff's former attorney, ATTORNEY MICHAEL G. MANN ("Mann") and Mann's, not the Plaintiff's, willful disobedience to the Courts, and Mann's, not the Plaintiff's, pattern of "bad faith", as follows:

**1. OBJECTION ON THE BASIS OF INADEQUATE LEGAL REPRESENTATION:**

Plaintiff asserts that Mann failed to meet the standard of care, diligence and candor expected of a competent, legal and ethical professional attorney. Specific instances of Mann's inadequate legal representation include, but are not limited to:

- Failure to adequately prepare or present key arguments during the course of the proceedings and during the two sanction hearings.
- Failure to directly and honestly respond to the Magistrate Judge Leslie Hoffman Price's questions during the two sanction hearings, which resulted in inadequate arguments that

led to 1) sanctions being granted and awarded to the Defendant's attorneys and 2) Magistrate Judge Leslie Hoffman Price referring Mann to the Grievance Committee.

- Failure to timely respond to the Court's orders, including discovery requested by the Defendant's attorneys, which resulted in noncompliant actions that led to one of the two sanctions that was granted and awarded to the Defendant's attorneys, which the Plaintiff, not Mann, paid.
- Failure to timely update the Court on his new law firm's contact information, which led to delayed responses, and ultimately, to one of the two sanctions and that was the catalyst for the Magistrate Judge Leslie Hoffman Price's determination of a pattern of "bad faith", which was the cause of the Plaintiff's case being dismissed with prejudice.
- Failure to provide timely and effective communication with the Plaintiff throughout the case, including no reminder, preparation or consultation (via phone call or text) the week of, the day before or the morning of the court-ordered mediation ("mediation"), that caused the Plaintiff to miss the mediation, which led to a sanction, which the Plaintiff, not Mann, paid. Also, the two sanctions resulted in prejudice towards the Plaintiff's case that resulted in the dismissal of the Plaintiff's case with prejudice.
- Failure to inform, consult with or advise the Plaintiff that the Plaintiff would be able to file an appeal *pro se* if the Plaintiff was unable to hire an independent appellate lawyer, which led to the Plaintiff missing the deadline to file an appeal.

**2. UNREASONABLE FEES**

Plaintiff respectfully contends that the fees claimed by the Defendant's attorneys to be paid by the Plaintiff are unwarranted given the substandard quality of legal representation provided by Mann. Plaintiff also respectfully objects that such fees are reasonable for the Plaintiff to be subjected to due to the lack of competency and candor demonstrated by Mann throughout this case, which resulted in the case being dismissed, which then triggered the Defendant's attorneys to request their fees to be awarded.

### 3. EXAMPLE OF PLAINTIFF'S FORMER ATTORNEY'S MISREPRESENTATION

Plaintiff strongly objects to Mann's misrepresentation stated on or around September 24, 2024 that the Plaintiff "refuses to discuss at this point", referencing the Defendant's attorney's motion (Doc. 107, page 4). Contrarily, the Plaintiff called Mann twice on September 19, 2024 at the two different telephone numbers previously provided by Mann and believed to have left a voicemail at both answering services. Regardless, Mann did not call the Plaintiff back within an expected timeframe, typically 24-48 hours. Also, the Plaintiff was in communication with Mann via the Plaintiff's former attorney's "Attorney - Client portal" ("Clio") from September 24, 2024 to September 28, 2024, and at no time did the Plaintiff "refuse to discuss at this point", referencing the Defendant's attorney's motion (Doc. 107). Furthermore, Mann did not contact the Plaintiff again until October 15, 2024 via Clio. Additionally, Mann continues to provide vague, indirect and misrepresentative responses throughout this case, specifically, referencing the Defendant's attorney's motion (Doc. 107, page 5) - "Mann also included notes for every single line item. Many of the notes, however, were confusing, incorrect, or did not provide enough information".

## MEMORANDUM IN SUPPORT

### I. LEGAL STANDARD

The principal grounds under which the American common law would permit attorney's fees to be awarded are the "bad faith" and "common fund" theories. The "bad faith" theory allows an award where a party has willfully disobeyed a court order or has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 129 (1974); accord Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. at 258-59.

### II. ARGUMENT

#### A. CAUSE AND EFFECT

The Defendant's attorneys have brought forth their claim for post-judgment attorney's fee to be awarded pursuant to Rule 7.01 - Attorney's Fee and Expenses. The Defendant's attorneys' claim to be

awarded Attorney's Fees is supported by Magistrate Judge Leslie Hoffman Price's decision to dismiss the Plaintiff's case with prejudice due to a pattern of "bad faith". However, the pattern of "bad faith", which was the root cause for the dismal of the case, was solely due Mann's inadequate legal representation, specifically, Mann's failure (not the Plaintiff's failure) to provide discovery in the format requested by the Defendant's attorneys and ordered by the Magistrate Judge Leslie Hoffman Price.

Mann, not the Plaintiff, decided to provide video format of the Plaintiff's text messages instead of screenshots of the text messages as ordered by the Court. The Plaintiff had absolutely no determination or involvement in the decision that went against the opposing counsel's request and the Court order. Also, Mann (not the Plaintiff) deliberately ignored Magistrate Judge Leslie Hoffman Price's order to hire a third-party to extract the Plaintiff's text messages; thus, the Plaintiff respectfully argues the statement "next for Saunders' and Mann's non-compliance with the Court Order to produce text messages" (Doc. 105).

Also, Mann's lack of communication with the Plaintiff leading up to the court-ordered mediation caused the Plaintiff to miss the mediation, which missed deadlines may be grounds for **malpractice**. Mann did not call the Plaintiff between February 09, 2024 and February 13, 2024 to consult, remind or prepare the Plaintiff prior to the court-ordered mediation (contrarily, Mann did consulted with and prepared the Plaintiff the evening before the EEOC mediation in July 2022). Thus, the Plaintiff respectfully argues that the Plaintiff's failure to appear at the mediation was willful and deliberate (Doc. 105, page 2) was at the fault of the Plaintiff.

Additionally, Mann's "scheduling and technological difficulties" are evidence of Mann's inadequate legal representation; contrarily, the Plaintiff respectfully argues that the Plaintiff's misunderstanding to think that the mediation would be postponed or rescheduled on a date after the Plaintiff was ordered to see the opposing counsel's Mental Health expert would be reasonable because the Plaintiff was under the impression that the opposing counsel would want to analyze the Mental Health Expert's assessment (to include the Plaintiff's mental anguish that would affect the potential settlement

amount brought forth by the Defendant's attorneys during mediation) before the mediation occurred (not after the mediation). Additionally, Mann (not the Plaintiff) inappropriately attacked Magistrate Judge Leslie Hoffman Price's normal, professional comments during the hearings and within the Motion Mann wrote and filed subsequent to the sanction hearings.

Furthermore, the Plaintiff respectfully argues that the Plaintiff did course-correct after the imposition of monetary sanctions (Doc. 105, page 3), for example, the Plaintiff handed over his cell phone to Mann (for the second time) after the first Sanction hearing for an indefinite amount of time due to Mann's failure to extract the text messages from the Plaintiff's cell phone as directed by the Court when the Plaintiff first submitted his cell phone to Mann's law office.

Plus, Mann failed to argue the Defendant's attorney's claim of "bad faith" as the claim relates to the Plaintiff with the Plaintiff's pattern of good faith, which is another example of Mann's inadequate legal representation. In essence, Mann failed to present and/or adequately argue the following examples of the Plaintiff's numerous instances of good faith that included, but not limited to:

- Attended the EEOC Mediation
- Attended two Depositions conducted by the opposing counsel
    - the first of the 2 depositions lasted over 8 hours
    - The other depositions was approx. 3-4 hours
- Submitted a voluminous number of documents/responses related to the 17 "Interrogatories" and 36 "Requests For Production Of Documents" requested by the opposing counsel after the first Deposition
- Submitted cell phone to Mann after the first Deposition for an indefinite period of time
- Attended two Sanction Hearings
- Paid both monetary sanctions resulting from the two Sanction Hearings
- Attended a Mental Health Evaluation on or around February 21, 2024 that was requested by the opposing counsel, which the Plaintiff was informed of this request on or around

February 07, 2024 a week before the scheduled court-ordered mediation on February 14, 2024

- Submitted cell phone to Mann for an indefinite period of time after the first Sanction Hearing related to the "Failure to comply with discovery orders", which was one of the two reasons why the Plaintiff's case was dismissed; which was completely due to Mann's inadequate legal representation. Mann claimed that the opposing counsel agreed to receive the Plaintiff's text messages via video format; the opposing counsel denied that claim; subsequently, the Magistrate Judge Leslie Hoffman Price ruled in favor of the opposing counsel

Furthermore, per review of PACER, Mann failed to depose and/or failed to file any depositions he carried out of witness in support of the Plaintiff's case, in which failure to depose witnesses may be grounds for **malpractice**. Additionally, Mann's incompetence and willful and deliberate acts to deceive the Plaintiff, the opposing counsel and the Court did not allow for the Plaintiff to file an appeal by the deadline subsequent to the case being dismissed. In essence, Mann filed a motion (Doc. 112) that was vague and omitted the fact that Mann did not inform the Plaintiff of the deadline to file the appeal nor the duration of how much time the Plaintiff had to file the appeal in Mann's initial letter to the Plaintiff [RE: Important Update: Court Order, Next Steps, Appeal Considerations] dated September 12, 2024. The letter notified the Plaintiff that the case had been dismissed with prejudice. However, the only notice of the deadline to file the appeal was communicated in Mann's second letter to the Plaintiff dated and received on October 15, 2024 [RE: Important: Today Is The Last Day To File Your Notice Of Appeal]. Mann's lack of communication with the Plaintiff regarding the deadline to file the appeal or the duration of time the Plaintiff had to file the appeal continues to support the Plaintiff's claim of Mann's inadequate legal representation.

### B. GOOD CAUSE EXISTS TO OBJECT

This motion respectfully argues that Mann, not the Plaintiff, willfully and continuously disobeyed the Court's orders and acted in bad faith noted throughout this Motion, especially in the section above: "1. Objection on the Basis of Inadequate Legal Representation". Also, Mann deliberately and continuously violated his Duty of Candor, which resulted in the Magistrate Judge Leslie Hoffman Price determining a pattern of a "bad faith". And, as one of the results, Magistrate Judge Leslie Hoffman Price also referred Mann to the Grievance Committee subsequent to the second Sanction hearing in March 2024 because of Mann's consistent and deliberate vague, omissive and indirect responses to Magistrate Judge Leslie Hoffman Price's questions during the two Sanction hearings.

This motion also respectfully argues that the Plaintiff has sufficient grounds of winning this case due to the Defendant's attorneys choosing to mediate, i.e. settle without a trial, rather than see this case go to trial. Prior to the dismissal of the case, which was based solely on the Magistrate Judge Leslie Hoffman Price's determination of a pattern of "bad faith", the Defendant's attorneys have not brought forth any facts or evidence to dismiss the case based on its merit. Additionally, the Plaintiff has yet been allowed to show the Court the overwhelming facts and evidence to prove the merit of this case based on Wrongful Termination, Retaliation and Racial Discrimination.

### C. LOCAL RULE 7.01(d) RESPONSE TO A SUPPLEMENTAL MOTION

Pursuant to Local Rule 7.01(d) of the Middle District of Florida, the undersigned responds in objection to each amount per line item (Lines 5 - Lines 147) in their entirety, of the Defendant's claim to be awarded Attorney's Fee and Expenses. The basis for each Objection is noted in detail in the section above: "1. Objection on the Basis of Inadequate Legal Representation".

### D. MAGISTRATE JUDGE'S ORAL EXPLANATION FROM THE SECOND SANCTION HEARING

Based on Magistrate Judge Leslie Hoffman Price's explanation during the second sanction hearing in March 2024, "Mann will be responsible for the awarded fees if the Plaintiff does not pay the Defendant's attorney fees". In conjunction, the Plaintiff respectfully objects that the Plaintiff should be subjected to the Defendant's attorneys' fees being awarded due to Mann's lack of competency and candor that resulted in Magistrate Judge Leslie Hoffman Price's determination of a pattern of "bad faith".

### E. PLAINTIFF'S FORMER ATTORNEY'S CLAIM OF LIABILITY FOR THE DEFENDANT'S ATTORNEY FEES

On September 12, 2024, Mann sent the Plaintiff a letter [RE: Important Update: Court Order, Next Steps, Appeal Considerations; paragraph "Award of Attorney's Fees: Joint and 'Several' {ly} Liability, page 1-2] that stated, "As the judge explained in the oral hearing in March [2024], this means I am responsible for the awarded fees if you do not pay.". Concurrently, Mann failed to adequately, specifically and honestly dispute the awarded fees (Doc. 107) due to Mann protecting his own self-interest (and not protecting the best interest of his client at the time, the Plaintiff) and Mann's lack of competency and candor, which are the continued examples of Mann's inadequate legal representation.

### F. MATERIAL PREJUDICE TO THE PLAINTIFF

As a result of Mann's inadequate legal representation due to Mann's lack of competency and candor, the Plaintiff has suffered material prejudice based on Mann's pattern of "bad faith" and the perceived notion that the Plaintiff colluded with Mann's non-compliance with the Court's Discovery order, which resulted in, but not limited to, missed deadlines of Court orders; a missed mediation; missed deadlines to file an appeal and the missed opportunity for a fair trial.

### G. LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, the undersigned certifies that the Plaintiff has made a good-faith effort to confer, via email, with counsel for the Defendant, to resolve this motion; however, the Defendant, via their counsel, has opposed this motion, in all, sought herein.

## III. CONCLUSION

For the reasons stated above, a good cause exists to permit the undersigned to object to the Defendant's attorney fees being awarded, in their entirety (Lines 5 - Lines 147), by respectfully requesting that this Honorable Court take into consideration Mann's inadequate legal representation.

If this motion is granted, the Plaintiff respectfully requests that this Honorable Court reverses the decision to dismiss this case with prejudice based on the grounds that Mann was the sole contributing factor to the Magistrate Judge Leslie Hoffman Price's determination of a pattern of "bad faith". At minimum, the Plaintiff respectfully requests that this Honorable Court grant the Plaintiff time to file an appeal based on Mann's inadequate legal representation. The unilateral ruling (Doc. 95 ("R&R")) has adversely affected the Plaintiff, and not Mann, and was the catalyst for the Plaintiff's case to be dismissed with prejudice and harmed the Plaintiff in being denied the right to a fair trial.

DATED: December 06, 2024

Respectfully submitted,

Frederick L-Saunders

Frederick Saunders, CPA
6440 S Goldenrod Road, Unit B
Orlando, FL 32822
(813) 546-5300
fsankh@yahoo.com
*Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this December 06, 2024, a true and correct copy of the foregoing was filed with the Clerk of the County, and I furnished a copy of the foregoing document to the Plaintiff's former attorney and the Defendant's counsel of record in the manner of service indicated below, including:

**Via first class United States Mail, to:**

**Jackson Lewis P.C.**
390 North Orange Avenue, Suite 1285
Orlando, FL, 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441
AMANDA A. SIMPSON
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER
Lin.Wagner@jacksonlewis.com
*Attorneys for Defendant*

*...AND...*

**THE MANN FIRM, LLC**
MICHAEL G. MANN, ESQ.
Fla. Bar. No. 1020249
105 E. Garden Street, Suite B
Pensacola, Florida 32502
Telephone: 850-407-8077
Mike@themann.law
Matt@themann.law
*Former Attorneys for Plaintiff*