UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS,

     Plaintiff,

                           CASE NO. 6:23-cv-230-RBD-LHP

v.

SIGNATURE FLIGHT SUPPORT,
LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS OF THE GRIEVANCE COMMITTEE

Pursuant to U.S. District Judge, Roy B. Dalton's Order dated September 12, 2024 (Doc. 105) (the "Referral Order") referring Michael Mann, Esq. to the Grievance Committee for the Middle District of Florida, Orlando Division ("Committee") for review of his conduct, the Committee provides the following Report and Recommendation:

## REFERRAL

The Referral Order adopted and confirmed U. S. Magistrate Judge Leslie Hoffman Price's Report and Recommendation dated June 4, 2024 (Doc. 95) ("R&R"). The R&R considered three motions for sanctions filed in this action based on alleged misconduct by the Plaintiff and Mr. Mann. These motions included:

Defendant's Motion for Sanctions pursuant to the Florida Mediation Confidentiality and Privileged Act, or in the Alternative, the Court's Inherent Power, and Incorporated Memorandum of Law (Doc. 55) ("Mediation Privilege Motion"), Notice of Plaintiff's Non-Compliance with the Court's Order on Defendant's Motion to Compel [D.E. 48], and Motion for Sanctions, with Incorporated Memorandum of Law (Doc. 57) ("Discovery Sanctions Motion") and Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation and Incorporated Memorandum of Law (Doc. 61) ("Mediation Attendance Motion") (collectively the "Motions").  The facts relevant to this Referral are as follows:[1]

The Discovery Sanctions Motion arose from the Defendant's motion to compel the Plaintiff to supplement a prior document production. Doc. 46. Magistrate Judge Hoffman Price instructed Plaintiff to respond to the motion to compel by 12:00 p.m. on January 31, 2024. Doc. 48. However, no response was filed. Thus, on February 1, 2024, Judge Hoffman Price entered an Order granting the motion to compel as unopposed and ordered Plaintiff to produce specified items in specified formats. Doc. 49. The Order also issued sanctions in the form of

---

[1] The R&R provides extensive background information regarding the Motions and related facts. The Committee's summary of facts is taken from, and not intended to replace the R&R.  *See* Doc. 95 at 5-34.

Defendant's reasonable fees and expenses for filing the motion to compel and warned the Plaintiff and Mr. Mann that failure to comply "**may result in the imposition of sanctions, including but not limited to a recommendation of dismissal of the case in its entirety**." *Id.,* at 6 (emphasis in original) (citing Fed. R. Civ. P. 37(b).[2]

Thereafter on February 12, 2024, Defendant filed the Discovery Sanctions Motion (Doc. 57) based on Plaintiff's failure to comply with the February 1, 2024 Order. Defendant asserted that Plaintiff had prejudiced its ability to defend and was deliberately delaying and disrupting the case, and it requested sanctions including an award of its attorneys' fees and costs, striking Plaintiff's claims, and dismissing the case. Magistrate Judge Hoffman Price set a hearing on the Discovery Sanctions Motion and directed Plaintiff to respond.

Plaintiff timely-filed a response to the Discovery Sanctions Motion on February 20, 2024. Doc. 65. In the response, Mr. Mann tried to explain the failure to comply. He explained that he left The Cochran Firm and opened his own firm, The Mann Firm, LLC, on February 2, 2024. *Id.,* at 1. He also relocated from Orlando, Florida, to Pensacola, Florida, on January 26, 2024, and informed Defendant's counsel of the move and "expected delays". *Id.* Mr. Mann asserted that Defendant

took advantage of this and "pelted" him with filings. *Id.* Mr. Mann further explained that he had numerous "technical issues," including receipt of emails from his former firm email address between January 24-29, 2024, and again between February 2-5, 2024. *Id.*, at 2, 3. In addition, he said that the Cochran Firm "blasted emails" to all his clients without advance notice on February 2, 2024 which resulted in hundreds of client calls that created a backlog. *Id.*[3]

Plaintiff also asserted in the response that he had produced all documents in his current possession, custody or control. *Id.* Because Mr. Mann had moved to Pensacola, Florida, he argued it was not possible for Plaintiff to produce the requested text messages in "text-based and/or written format" on or before February 9, 2024. *Id.* Finally, Plaintiff represented that Defendant's counsel had agreed to production of the text messages at issue in video format and it was not until Mr. Mann transitioned to his new firm that Defendant required text-format versions. *Id.*, at 4. Notably, Plaintiff did <u>not</u> assert that he was unaware of the pending orders and their requirements, did not contend he had sought extensions of the deadlines in those orders, and provided no anticipated timeframe for his

---

[3] With respect to these assertions, Magistrate Judge Hoffman Price noted in her R&R that it became clear to her that Mr. Mann "has a penchant for exaggeration and misstatements and omissions of facts." (Doc. 95 at 9, n.7).

compliance or details on how he would comply with the February 1, 2024 Order. Doc 95 at 10-11.

Magistrate Judge Hoffman Price held an in-person hearing on February 22, 2024 (Doc. 66), addressing the Discovery Sanctions Motion.[4] In the R&R, Magistrate Judge Hoffman Price noted that answers to her attempts to elicit information were, "for the most part were either non-responsive, confusing, or contradictory." Doc. 95 at 11. However, the Court was eventually able to confirm that the Plaintiff and Mr. Mann were on notice of the requested discovery since at least November 30, 2023 and Mr. Mann was on notice of the Discovery Sanctions Motion and the February 1 Order. *Id.* at 12. Despite this, they took no steps to comply with the Order other than a "lone conversation with Signature's counsel on February 21, 2024, the day before the hearing." *Id.* Magistrate Judge Hoffman Price listed Mr. Mann's several explanations given for this – it was difficult to produce text messages in written format with the Plaintiff in Orlando and Mr. Mann in Pensacola, neither Mr. Mann nor Plaintiff had access to an extraction

---

[4] The Court also directed the parties to be prepared to address Defendant's renewed unopposed motion to extend the discovery and dispositive motions deadlines (Doc. 62) and all other outstanding discovery issues at the February 22, 2024 hearing. (Doc. 63).

program, and Mr. Mann did not have the time to comply because he was dealing with his move and email issues.  *Id.*

At the February 22, 2024 hearing, the Court also investigated whether Defendant had agreed to accept Plaintiff's text messages in video format as Plaintiff asserted. Defense counsel denied that any such conversations occurred; Mr. Mann could not identify any communications with Defendant's counsel on this point or provide any evidence in support. At the hearing, Defendant also identified additional documents other than text messages that Plaintiff was obligated to produce by February 9, 2024, under the Order, but failed to produce, contrary to his assertions in his response. Doc. 95 at 12.

Defendant reiterated its request for sanctions in the form of fees and costs for filing the Discovery Sanctions Motion and attendance at the February 22, 2024 hearing, striking Plaintiff's claims and claims for damages, and dismissal of the case. *Id.* at 11-12. Plaintiff admitted at the hearing that he had not provided the discovery at issue, had not complied with the February 1, 2024 Order, and had caused delays and wasted attorney resources. Mr. Mann attempted to take responsibility for these failures and suggested that the appropriate sanction would be an award of fees and costs but not dismissal of the case or striking of any pleadings. *Id.*  at 12.

5470812.v1

Following the February 22, 2024 hearing, on the same day, Magistrate Judge

Hoffman Price entered an Order on Pending Motions. (Doc. 67). In that Order, she

directed Mr. Mann to:

> file an affidavit, signed under penalty of perjury, identifying with specificity
> the discovery that has been produced prior to the February 9, 2024 deadline
> that was identified at the November 30, 2023 deposition and/or is
> responsive to Defendant's Requests for Production 1-3, 6-7, 24-26, and 28.
> *See* Doc. No. 65, at 2 (Plaintiff's representation that all responsive materials
> have been produced); *see also* Doc. No. 49, at 5. The affidavit shall not only
> identify the discovery that has been produced, but also identify the date,
> time, and manner of production, as well as the format of the production (i.e.,
> hard copy, email, video, etc.). This affidavit shall also detail with specificity
> the date, time, and manner of communication with Defendant's counsel
> where "Plaintiff's counsel asked Defendant's counsel how they would
> prefer the form of the text messages, and counsel agreed to the video
> format." *See* Doc. No. 65, at 4. *See also* Fed. R. Civ. P. 11(b). Plaintiff's counsel
> may also submit any evidence that counsel wishes the undersigned to
> consider in support of the affidavit.

Doc. 67 at 2-3. The Magistrate Judge also provided Defendant the opportunity to

submit a responsive affidavit, supporting evidence and supplemental briefing

further explaining its prejudice and why such prejudice could not be cured with

lesser sanctions than dismissal. *Id.* at 3. The Order on Pending Motions also

scheduled an in-person hearing on Defendants two other sanctions motions (Doc.

Nos. 55, 61) for March 13, 2024. *Id.,* at 4-5. The Order provided that any issues

raised in the supplemental briefing with respect to the Discovery Sanctions Motion

would also be addressed at the hearing. *Id.* The Order stayed all remaining pretrial

proceedings and deadlines pending resolution of all sanctions motions. (*Id.,* at 5).

Attorney Mann timely-filed his sworn affidavit. Doc. 74. Magistrate Judge Hoffman Price noted that, like his arguments during the February 22, 2024 hearing, "the affidavit was confusing and contradictory." Doc. 95 at 15. However, although the Affidavit referenced numerous exhibits, the exhibits were not attached to the Affidavit (Doc. 74) and were not filed until March 4, 2024, four days after the deadline. Doc. 76. Accordingly, the exhibits were stricken. Doc. 77.

The Affidavit explained various events impacting Mr. Mann's time and ability to respond. *See* Doc. 74, ¶¶ 11-23, 27, 34-35, 41, 59-66, 69-75. It provided a timeline of the discovery production (*Id.*, ¶¶ 76, 79 and 81) and noted that he was "in the process of coordinating extraction of text messages from Plaintiff's cellphone," and was waiting on Defendant's counsel to coordinate the extraction or to collaborate in the capturing of screenshots of the text messages. *Id.*, ¶ 80. However, in the Affidavit, Mr. Mann also confirmed that he did not begin this process until after the February 22, 2024 hearing concluded. *Id.*, ¶ 77.

The Affidavit also addressed communications with defense counsel regarding the requested document productions. *See Id.*, ¶¶ 24-78. While Mr. Mann recalled speaking with Defendant's counsel "at some point" to explain that video was the fastest way to produce the text messages, *Id.*, ¶ 46, nowhere does he affirm that Defendant's counsel agreed to this format. In fact, he referenced emails in which Defendant's counsel advised that if Plaintiff's continued deposition was to

8

proceed, counsel "will need screenshots of the texts." *Id.*, ¶ 58. Yet, Mr. Mann did not interpret these emails as requiring written format versions of the text messages; he assumed that Defendant would make screenshots. *Id.*, at 14, n.6. He even admitted that Defendant's counsel emailed him that the video formats of the text messages made them "essentially impossible to utilize in litigation," and offered to retain a vendor to obtain the texts if Mr. Mann could not provide a written format version. *Id.*, ¶¶ 60-61. The Affidavit does not address any response from Mr. Mann.

The Defendant also timely filed a supplemental brief and an affidavit from its counsel. Doc. Nos. 80, 83. In the Affidavit, counsel for Defendant denied having any call with Mr. Mann about producing Plaintiff's text messages in video format or agreeing to such a format. Doc. No. 83. In its supplemental brief, Defendant argued that dismissal was warranted in light of Plaintiff's and Mr. Mann's actions in bad faith and with flagrant disregard for the Court. Doc. No. 80, at 1-6. Defendant argued that Plaintiff and Mr. Mann deliberately and significantly delayed production of the text messages, produced them in a form that obscured some of the texts, including texts showing that there was no basis in law or fact for this litigation, and ignored motions and Court orders related to discovery. *See id.* at 2 and 6-7. It suggested that dismissal was appropriate based on the numerous alleged misrepresentations by Mr. Mann related to the video recordings of the text

messages and other issues. Doc. No. 80, at 5-6.  It argued no lesser sanction would suffice in such circumstances and given Magistrate Judge Hoffman Price's prior warnings that more severe sanctions were possible. *Id.*, at 7.

On February 7, 2024, Defendant filed the Mediation Privilege Motion based on Plaintiff's conduct during and following a pre-suit mediation before the U.S. Equal Employment Opportunity Commission ("EEOC"). Doc. 55. As part of that process, each party was required to execute the EEOC's Agreement to Mediate and Confidentiality Agreement, acknowledging that the mediation was a confidential process and agreeing to abide by the Confidentiality Agreement.[5] *Id.* at 2.

The EEOC mediation was conducted on July 21, 2022 that resulted in an impasse. *Id.* at 3. Defendant asserted that when it obtained the video recordings of Plaintiff's text messages in January 2024, it discovered that Plaintiff recorded the EEOC mediation and sent that recording to a key witness and Defendant's employee. *Id.* at 3-4; Doc. 55-1 at 8-14. In addition, Defendant discovered that Plaintiff had prepared a document of "key takeaways" which he sent to at least

---

[5] Plaintiff asserted there was no proof that he executed the Agreement to Mediate with the EEOC or the Confidentiality Agreement. Doc. No. 73. Magistrate Judge Hoffman Price noted that in subsequent filings and at the March 13, 2024 hearing, it became clear that Mr. Mann's statements were deliberately false. Doc. 95 at 22, n. 20 (citing, Doc. Nos. 81, 86, 93).

one potential witness, also an employee of Defendant. Doc. 55 at 4; Doc. 55-1, at 15-17.

The Mediation Privilege Motion contended that Plaintiff's actions violated the Confidentiality Agreement and Florida's mediation privilege, Fla. Stat. §§ 44.401-06. Doc 55 at 4. It asserted that Plaintiff's violations undermined the judicial proceedings by sharing confidential information with key witnesses, including settlement demands and counteroffers, and disrupted Signature's business operations by attempting to turn current employees against the company. *Id.,* at 6-7. Defendant therefore sought equitable relief, compensatory damages, and attorneys' fees for attending the mediation and filing the motion as sanctions. *Id.,* at 5. In the alternative, Defendant also asked the Court to use its inherent authority to sanction Plaintiff for his bad faith up to and including dismissal. *Id.* at 7-8.

Again, Plaintiff failed to respond timely to the Mediation Privilege Motion Doc. 95 at 24. Given the severity of the allegations, Magistrate Judge Hoffman Price provided him an additional opportunity to respond to the motion. Doc. 67 at 3-4. Plaintiff then filed his response on February 29, 2024. Doc. 73. However, the Court found that this response was "shockingly replete with numerous, and what could only be described as deliberate falsehoods." Doc. 95 at 24.

5470812.v1

For example, in the response, Mr. Mann contended that there was no evidence his client signed the Agreement to Mediate of Confidentiality Agreement. Doc. 73 at 4.  He argued that the text messages to the witness — which clearly referenced "Starting the recording now," discussed details of the mediation, referenced difficulties in sending the recording, and stated that the recording was sent by email — did not establish that the Plaintiff recorded the mediation or that the witness received the recording.  *Id.* at 2-4. He also suggested that the "Key Takeaways" document was the Plaintiff's notes to himself, not from the EEOC mediation, which was not prohibited. *Id.* at 4.

However, as Defendant's response pointed out, Mr. Mann was present at the mediation, aware that both he and Plaintiff agreed to participate in the EEOC mediation and would know if his client signed the EEOC agreements. Doc. 81 at 2-3. Defendant provided an email from the EEOC mediator confirming Plaintiff's acceptance of the invitation to mediate and an email from the EEOC mediator to Defendant's counsel explaining that if mediation is accepted, the parties must sign the Agreement to Mediate and Confidentiality Agreement. Doc. No. 81-1.

Furthermore, Plaintiff's deposition testimony eight days before the response was filed undercut Plaintiff's response.[6]  *See* Doc. 86. Plaintiff testified that he

---

[6] The Court ordered that Defendant submit full transcripts of both of Plaintiff's depositions, with which the Defendant timely complied. Doc. Nos. 84-86.

12

recorded the EEOC mediation, had a copy of the recording, attempted to send a

copy of the recording to the witness by email but, because it did not go through,

he instead played the video recording to her through his cell phone. Doc. 81 at 4;

Doc. 81-2 at 3-5; Doc. 86 at 18-21; Doc. 86-1, 86-2. Moreover, Plaintiff testified that

the "Key Takeaways" document contained his notes and memories from the

mediation. Doc. 81 at 5-6.; Doc. No. 81-2, at 5-8; Doc. No. 86, at 21-22, 83-84. Plaintiff

also testified that he sent the email to at least 11 individuals, some of whom were

current employees of Defendant and some of whom were listed as potential

witnesses. *See* Doc. No. 86, at 22-24, 28-31. Magistrate Judge Hoffman Price found

that this testimony clearly refuted the numerous representations in the response

and demonstrated that the Plaintiff did what the Defendant alleged in the

Mediation Privilege Motion. Doc. 95 at 29. [7]

---

[7] Based on Plaintiff's response, before Defendant's reply, Magistrate Judge
Hoffman Price directed the Plaintiff to submit an affidavit, signed under penalty
of perjury, on or before March 11, 2024 addressing several issues relevant to the
Motions. Doc. No. 75. She advised that if Plaintiff failed to answer any of these
questions, or asserted his Fifth Amendment rights, any non-response would be
treated as a negative inference for that specific fact issue and would be considered
in resolving the Motions. *Id.,* at 3. Once again, Plaintiff did not meet this deadline.
Instead, on March 12, 2024, the Plaintiff attempted to submit a pro se affidavit.
Doc. 88. The affidavit stricken and placed under seal. Doc. 91. Thus, the failure to
timely file an affidavit was treated as a negative inferences against the Plaintiff in
with respect to fact issues in Motions. Doc. 95 at 29-30, n. 24.

Finally, on February 15, 2024, the day after mediation was to occur, Defendant filed the Mediation Attendance Motion. Doc. 61. The premise is straightforward.    The parties scheduled mediation before Julie O'Kane on February 14, 2024. Doc. 42. Defendant, Defendant's counsel, and the mediator all appeared in person at the agreed date and time; Plaintiff and Mr. Mann did not. Doc. 61 at 6. Thirty minutes after the start time, Mr. Mann responded to the mediator's calls after multiple contact attempts and asked if he and his client could appear remotely.  *Id*. Defendant agreed.  *Id*. Mr. Mann then reported he could not find his client and did not know when he would be available.  *Id*.  The mediator therefore ended the mediation. *Id*. The Mediation Attendance Motion requested fees and costs for appearing at the mediation and filing the motion and requested payment of the Defendant's portion of the cancellation fee as sanctions. *Id*.at 9.

Plaintiff, through Mr. Mann, timely responded to the Mediation Attendance Motion. Doc. 72. Mr. Mann acknowledged the date and time of the mediation.  He blamed technical issues during his move and asserted he experienced a complete breakdown of communications from January 23, 2024, through February 14, 2024. *Id*. at 1.  He also stated that Plaintiff had not yet confirmed with the Cochran Firm who would represent him; thus, he remained a client of that firm. *Id*. at 2.  He stated that Plaintiff did not make that election until February 21, 2024 and did not

14

formally engage Mr. Mann until February 26, 2024. *Id.*, n.1.[8] Mr. Mann also blamed a scheduling error for his tardiness because the mediation was originally scheduled on the Cochran Firm's system and did not change to Central Time zone after his move to Pensacola. *Id.* at 3 He also disputed the length of time of his tardiness. *Id.* at 3, 4, 7-9. Finally, he accused defense counsel of exaggeration when she referred to "several" calls from the mediator, but his phone log showed only 3. *Id.* at 3.

The Court found some of Mr. Mann's statements contradictory. Doc. 95 at 34. Further, it noted that Mr. Mann did not state that he received permission from the Court to appear at the mediation remotely, was aware that the mediation was in person and did not explain why he did not travel to Orlando for the mediation. *Id.* at 33.

The Court held a second in-person hearing to address the Motions on March 13, 2024. Doc. 67 at 4-5. The Court concluded that Mr. Mann had made numerous "conflicting and contradictory statements." Doc. 95 at 34. The Court addressed Mr. Mann's conflicting statements about when his representation of the Plaintiff commenced. Magistrate Judge Hoffman Price states in the R&R that following questioning it was determined that at all times the Plaintiff believed he was

---

[8] As Magistrate Judge Hoffman Price points out, this is a different date for the engagement than previously provided. *See* Doc. 74.

represented by Mr. Mann, and Mr. Mann at all times acted as his counsel. *Id.* at 35. With respect to the Discovery Sanctions Motion, Defendant advised the Court that on March 4, 2024 it received from Plaintiff several hundred additional emails and text message and could not say whether there was still outstanding discovery because they were still reviewing these productions. Mr. Mann did not dispute this and admitted at the hearing that his statement in the February 20, 2024 response (Doc. 65), that Plaintiff had produced everything in his custody, possession, and control was incorrect.  Doc. 95 at 36.  Mr. Mann admitted that he had taken no action to search the Plaintiff's cell phone or to produce any other text messages or emails until on or around February 29, 2024.  *Id.*

Regarding the Mediation Privilege Motion, Mr. Mann admitted at the March 13, 2024 hearing that he was present during the Plaintiff's deposition during which the Plaintiff admitted to recording the mediation and disseminating it to the third-party witness as well as emailing the "key takeaways" document inconsistent with his prior response.  *Id*. at 36.  When the Court's asked why he would then file a response challenging the Defendant's assertions as these issues, he said simply that he was "going off of what my client said and what he had told me in confidence."  *Id.* at 37, citing (Doc. 93 at 26). Mr. Mann admitted that he believed that his client had signed the Confidentiality Agreement prior to attending the

EEOC mediation, but continued to assert that the Defendant could not prove this
and Mr. Mann could not find a copy.  *Id.* at 37.

In the R&R, Magistrate Judge Hoffman Price recommended sanctions based
on a pattern of delay and failure to comply with numerous Court Orders. Doc. 95,
at 47-48. The Court noted that when responses were made, they contained
admitted inaccuracies and untruths. *Id.* at 48.  Further, the Court found these
responses directly contradicted the Plaintiff's own deposition testimony resulting
in a "waste of attorney and judicial resources." *Id.* The Court found that the
Plaintiff and Mr. Mann had provided a "litany of frivolous arguments" and
engaged in "exercise in semantics that is utterly unavailing." *Id.*  She noted that all
the failures could have been rectified or avoided if the Plaintiff and "Attorney
Mann simply sought assistance from the Court (either through a request for more
time or for reconsideration or other relief), but they never did, choosing instead to
stand on their ever-changing arguments." *Id.* The Court further concluded that
Plaintiff and Mr. Mann had been given multiple opportunities to explain their
behavior and warned of potential sanctions.  Still, they either failed to respond,
responded out of time without permission, or attempted to change their stories to
delay the proceedings and mislead the Court. *Id.* at 48-49.  The Court found that
the behavior "demonstrates a clear pattern of willfulness and arguable bad faith."
*Id.* at 49.

17

5470812.v1

Based on this conduct, Magistrate Judge Hoffman Price recommended that the Plaintiff's Complaint be dismissed in its entirety and that the Defendant recover from the Plaintiff and Mr. Mann, jointly and severely, its reasonable attorney's fees and costs for "(1) filing the February 12, 2024 and February 15, 2024 motions for sanctions, including authorized replies (Doc. Nos. 57, 61, 80, 83); (2) Defendant's preparation for and attendance at the February 14, 2024 mediation, to include its share of the mediator's fee; (3) Defendant's preparation for and attend at the February 22, 2024 and March 13, 2024 hearings; and (4) Defendant's continued review of [Plaintiff's] text messages between February 9, 2024 (the date compliance was originally ordered) and the March 13, 2024 hearing…" *Id.* at 56.

Following entry of the R&R, this Court entered its Order (Doc. 105) overruling the Plaintiff's objection to the R&R (Doc. 101) and adopting and confirming the R&R (Doc. 95) making the R&R part of the Referral Order in its entirety. Against this backdrop, the Committee considers Mr. Mann's conduct to evaluate whether further sanctions should be imposed.

## STANDARDS

Rule 4–1.3 of the Rules Regulating the Florida Bar requires that: "A lawyer shall act with reasonable diligence and promptness in representing a client." The comments to that Rule provide: "[a] lawyer's workload must be controlled so that each matter can be handled competently."

Rule 4–3.2 of the Rules Regulating the Florida Bar requires that: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comments to the Rule provide that: "[d]ilatory practices bring the administration of justice into disrepute."

Rule 4-3.3(a)(1) of the Rules Regulating the Florida Bar require that: "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer..."

Rule 4–3.4 of the Rules Regulating the Florida Bar requires that: "A lawyer must not…unlawfully obstruct another party's access to evidence… ; knowingly disobey an obligation under the rules of a tribunal…"

Local Rule 2.04(c)(4)(A), M.D. Fla., outlines the procedures for the Committee to investigate an alleged lawyer's misconduct to recommend a resolution of the allegation.

## COMMITTEE INVESTIGATION

Upon receipt of the Referral Order, the Committee commenced its investigation.  The Committee reviewed the docket in this action, each of the filings referenced in the R&R, and other relevant findings. The Committee also

5470812.v1

investigated whether similar sanctions had been entered against Mr. Mann in other cases.[9]

Based upon the pleadings filed in the action below, the Committee agrees that the totality of Mr. Mann's conduct exhibits a concerning lack of diligence and professionalism and violates the Rules regulating the Florida Bar, including Rule 4-1.3 requiring reasonable diligence, Rule 4-3.2 requiring reasonable efforts to expedite litigation consistent with the interest of the client, and requiring fairness to opposing party and counsel, Rule 4-3.3 (1)(a) requiring candor to the Court and Rule 4-3.4 requiring that the lawyer not unlawfully obstruct another party's access to evidence or knowingly disobey an obligation under the rules of a tribunal.

The Committee was alarmed and disappointed by Mr. Mann's apparent lack of diligence and the lack of candor to the Court. The statement of facts above and more fully in the R&R evidence that Mr. Mann regularly missed deadlines, even when court ordered, failed to exhibit any diligence in complying with discovery requests and orders thereon, apparently failed to exhibit diligence in monitoring

---

[9] No similar sanctions were discovered. However, the Committee found a handful of examples in which orders to show cause were entered or pleadings struck for failure to timely respond and/or to follow local rules. Indeed, there are two such instances in instant action – Order to Show Cause (Doc. 29) why a Motion to Dismiss should not be granted due to Plaintiff's failure to timely respond and Order (Doc 23) striking Mr. Mann's certificate of interested in persons for failing to use correct form.

and handling his matters during his move, and most concerning, made numerous misrepresentations before the Court in filings and at hearings.

The Committee also considered that this is the only known instance of Mr. Mann's behavior rising to this level, and his acceptance, on occasion, of responsibility for the failures. The Committee also considered the severity of the sanctions imposed by the Referral Order, and felt they sufficiently addressed Mr. Mann's conduct in these circumstances and considering the mitigating factors mentioned above. Indeed, the Court made clear that dismissal was ordered because it was the "only way to deter further misconduct." Doc. 105 at 34. However, the Committee also determined that given the nature of the behavior and the violation of Rules regulating the Florida Bar, Mr. Mann should also be reminded of his obligations thereunder and the duty of diligence, candor and professionalism for all attorneys in the Middle District.

## RECOMMENDATIONS

Therefore, the Committee recommends that the Court find that Mr. Mann's conduct violated the following Rules of Professional Conduct: Rule 4-1.3 requiring diligence; Rule 4-3.2 prohibiting dilatory conduct; Rule 4-3.3 requiring candor to the Court; and Rule 4-3.4 requiring fairness to the opposing party and opposing counsel.

## CONCLUSION

Based on the Committees' investigation and facts as stated above, the Committee concludes that the following additional sanctions are in order should the Court agree with this Recommendations. Accordingly, the Committee RECOMMENDS that the Court enter an order requiring Mr. Mann to:

(1) attend the Florida Bar's Ethics School;

(2) attend and complete a Law Practice Management or Time Management CLE;

(3) re-read the Florida Rules of Professional Conduct, local rules of the Middle District of Florida and the Middle District's Discovery Handbook;

(4) provide paper copies of the R&R, Referral Order and this Committee's Report and Recommendation to Mr. Mann's client in this action; and

(5) certify completion of each of these requirements in writing to this Court within six (6) months from the date of the Court's Order thereon.

The Committee asks that this Recommendation by filed in the docket at the
above-captioned case and copies to be provided to all Judges in the Middle District
of Florida presiding over any case where the Respondent is counsel of record.

Respectfully submitted this 3rd day of February, 2025.

*/s/ Nichole Mooney*
Nichole Mooney
Florida Bar No. 057908
Email: nmooney@deanmead.com
Chair
Grievance Committee for the United States
District Court for the Middle District of Florida
Orlando Division

23