## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

FREDERICK SAUNDERS,

       Plaintiff,

v.                                                      Case No:   6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT, LLC,

       Defendant

---

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   DEFENDANT'S MOTION ON AMOUNT OF FEES AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 107)
>
> **FILED:**     October 28, 2024
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On September 12, 2024, United States District Judge Roy B. Dalton, Jr., granted Defendant Signature Flight Support LLC's ("Signature's) motions for sanctions (Doc. Nos. 57, 61), dismissed Plaintiff Frederick Saunders' ("Saunders") case with prejudice, and awarded to Signature its reasonable attorneys' fees and costs for: (1) filing two motions for sanctions, including authorized replies (Doc. Nos. 57, 61, 80, 83); (2) Signature's preparation for and attendance at a February 14, 2024 mediation, to include its share of the mediator's fee; (3) Signature's preparation for and attendance at February 22, 2204 and March 13, 2024 hearings before the undersigned; and (4) Signature's continued review of Saunders' text messages between February 9, 2024 (the date compliance was originally ordered) and a March 13, 2024 hearing on the matter.  Doc. No. 105; *see also* Doc. No. 95, at 56.  Judge Dalton further ordered that the fees should be paid jointly and severally by both Saunders and his then-counsel, Attorney Michael G. Mann, and directed the parties to meet and confer on the amount of fees and costs, with Signature to file a motion by the deadline set forth in Local Rule 7.01(c) if agreement could not be reached.  Doc. No. 105, at 3-4.

On October 28, 2024, Signature filed the above-styled motion, through which it seeks a total of $31,062.50 in attorneys' fees, and $500.00 in costs for its portion of the mediator's fee.  Doc. No. 107.  The motion recites that Saunders "contests all

of Defendant's fees and costs without context or information as to the basis for the dispute." *Id.*, at 2.   On the other hand, Signature has conferred in good faith with Attorney Mann, who agrees that Signature is owed $23,532.50 in fees and the $500.00 mediator's fee, but disputes the remaining $7,530.00 in requested fees.  *Id.*, at 2, 7-8.  Signature details the extensive meet and confer efforts between its counsel and Attorney Mann throughout the motion, noting Mann's repeated representations that he could not provide any specific objections or position on behalf of Saunders.  *Id.*, at 3-7, and 9, n.3.  Signature has also provided copies of its detailed billing records, along with an explanation as to why the requested fees and costs should awarded pursuant to Judge Dalton's September 12, 2024 Order. *Id.*, at 10-23; *see also* Doc. Nos. 108-09.

Attorney Mann did not file a response to Signature's motion, and the time to do so has expired.  *See* Local Rule 3.01(c); *see also* Local Rule 7.01(d).  Instead, on November 13, 2024, Attorney Mann moved to withdraw as Saunders' counsel. Doc. No. 113.  On November 18, 2024, the undersigned granted the motion and permitted Attorney Mann to withdraw as counsel, but specifically retained jurisdiction over Attorney Mann as to the outstanding issues regarding quantification of sanctions to be awarded against Saunders and Attorney Mann. Doc. No. 114.   As of the date of this Report and Recommendation, Attorney Mann

has not filed anything in response to Signature's pending motion, nor sought an extension of time to do so.

On November 18, 2024, the undersigned also afforded Saunders, who is now proceeding *pro se*, an additional 30 days to file his response to Signature's motion for fees and costs. Doc. No. 115. On December 6, 2024, Saunders filed his response, in which he objects to the amount and reasonableness of Signature's requested fees in their entirety, "on the basis of inadequate legal representation" by Attorney Mann, and argues that any willful disobedience and pattern of bad faith was at the hands of Attorney Mann alone. Doc. No. 117.

Signature's motion is now fully briefed and ripe for disposition. It has been referred to the undersigned, and upon consideration, the undersigned will respectfully recommend that Signature's motion (Doc. No. 107) be granted in full.

## II. ANALYSIS

As previously noted, the Court has the authority to award fees and costs as a sanction for failure to comply with Court orders, including discovery orders. *See* Doc. Nos. 95, 105; *see also* Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(b)(2)(C); *Velez v. EKDK Enter. Inc.*, No. 6:19-cv-4-Orl-78GJK, 2019 WL 13274251, at *3 (M.D. Fla. Dec. 5, 2019), *report and recommendation adopted*, 2020 WL 13661700 (M.D. Fla. Jan. 16, 2020); *Vaughn v. GEMCO2, LLC*, No. 6:17-cv-1713-Orl-41KRS, 2018 WL 6620600, at *4–7 (M.D. Fla. Oct. 31, 2018), *report and recommendation adopted*, 2019 WL 1765051

(M.D. Fla. Apr. 22, 2019); *Everything Divine Inc. v. O'Quinn*, No. 6:12-cv-1722-Orl-37DAB, 2014 WL 3593691, at *1–2 (M.D. Fla. July 18, 2014). And Judge Dalton exercised that authority by awarding to Signature the reasonable fees and costs it incurred related to two sanctions motions and related filings and hearings, a failed mediation, and continued review of Saunders' belated and deficient text message production. Doc. No. 105; *see also* Doc. No. 95, at 56. Thus, the only question is whether the amounts Signature has requested are reasonable and related to the identified motions/filings, mediation, hearings, and text message review.

Upon review of Signature's motion and submitted billing records, the undersigned finds the answer to that question is yes. The billing entries clearly show that the attorney hours requested all relate to specifically identified filings and hearings, the February 14 2024 mediation, and Signature's review of Saunders' text messages. *See* Doc. Nos. 108-09. The undersigned also finds the hours to be reasonable and not excessive, particularly in light of the numerous issues that were addressed in each motion and hearing, the voluminous amount of discovery in dispute (and not timely produced), and as previously held, Attorney Mann's and Saunders' repeated failure to comply with Court orders and bad faith conduct.

Although Signature details in its motion Attorney Mann's purported objections to some of the requested fees, Attorney Mann never filed a response, and

therefore the undersigned treats Signature's motion – as it pertains to Attorney Mann – unopposed.  *See* Local Rule 3.01(c); Local Rule 7.01(d).

With respect to Saunders, who did file a timely response, the undersigned finds that Saunders has not lodged any objections to the number of hours, billing rates, or total amount of fees Signature requests.  Doc. No. 117.  Rather, the entirety of Saunders' response is a challenge to the levy of any monetary sanction against him; he argues that any and all sanctions should be levied solely against Attorney Mann.  *Id.*  To put a finer point on it, Saunders does not argue that the fees sought by Signature are unrelated to the sanctions motions, the related hearings, the mediation, and/or Signature's review of Saunders' text messages.  *Id.*  Nor does Saunders argue that the total amount of fees and costs is excessive.  Rather, Saunders limits his response to attacks on his former attorney, as well as apparent objections to Signature's entitlement to any monetary sanction from Saunders directly.  *Id.*  However, the issue of entitlement has already been resolved, *see* Doc. No. 105, and the award of fees and costs in this case will be made jointly and severally against both Saunders and Attorney Mann.  How they apportion payment is to be decided between themselves and is not a proper basis for objection here.  And to the extent Saunders believes he has received ineffective legal representation, he may pursue other avenues outside of this litigation.

Thus, in the absence of any objection, and based on the undersigned's own review of the motion and billing records, the undersigned finds that the fees and costs Signature seeks are reasonable and related to Signature's two motions for sanctions (Doc. Nos. 57, 61, 80, 83), its preparation for and attendance at the February 14, 2024 mediation; its preparation for and attendance at the February 22, 2204 and March 13, 2024 hearings before the undersigned, and Signature's continued review of Saunders' text messages between February 9, 2024 and March 13, 2024. *See Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (quoting *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988))); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)) (a fee opponent's failure to explain with specificity the particular hours he or she views as unnecessary or duplicative is generally fatal). *See also* Local Rule 7.01(d) (requiring that a response to a supplemental motion on the amount of fees must detail the basis for each objection, including the identification by day and timekeeper of an unreasonable claim).

The undersigned further finds that the hourly rates sought for each timekeeper (to which there has been no objection): $125.00 for a paralegal; $330.00 for Attorney Amanda A. Simpson (managing partner), and $315.00 for Attorney Lin J. Wagner (of counsel), are reasonable and customary for attorneys with similar levels of experience who practice in the Middle District of Florida. *See Norman*, 836 F.2d at 1299 (holding that a reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"); *Barnes*, 168 F.3d at 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)) (noting that the "relevant market" is "the place where the case is filed"); *Dixon v. Waste Pro of Fla., Inc.*, No. 8:22-cv-327-VMC-SPF, 2022 WL 18587780, at *3 (M.D. Fla. Dec. 16, 2022), *report and recommendation adopted*, No. 8:22-cv-327-VMC-SPF, 2023 WL 1781516 (M.D. Fla. Feb. 6, 2023) (approving hourly rate of $425.00 for partners with 17 and 19 years of experience in FLSA case); *Cunningham v. Sw. Airlines*, 548 F. Supp. 3d 1169, 1172 (M.D. Fla. 2021) (finding hourly rates of $345.00 and $245.00 reasonable for partners and associates in a Title VII civil rights action); *Perez v. Margaritas V&P, Inc.*, No. 6:22-cv-1133-RBD-EJK, 2023 WL 2696182, at *5 (M.D. Fla. Mar. 14, 2023), *report and recommendation adopted*, 2023 WL 2691680 (M.D. Fla. Mar. 29, 2023) (granting $125 hourly rate in FLSA matter for paralegal with seven years of experience); *Sanchez v. M&F, Inc.*, LLC, No. 6:17-cv-1752-Orl-22LRH,

2020 WL 4671144, at *5 (M.D. Fla. Aug. 12, 2020) (awarding $150.00 per hour for a paralegal in an Orlando Division FLSA action).

As such, the undersigned will recommend an award to Signature of the full amount of fees and costs requested.  Doc. No. 107.  *See Velez*, 2019 WL 13274251, at *3; *Vaughn*, 2018 WL 6620600, at *4–7; *Everything Divine Inc.*, 2014 WL 3593691, at *1–2.

## III. RECOMMENDATION

For these reasons, the undersigned **RESPECTFULLY RECOMMENDS** that

1. Defendant's Motion on Amount of Fees and Incorporated Memorandum of Law (Doc. No. 107) be **GRANTED**;

2. Fees and costs in the total amount of **$31,562.50** be awarded in favor of Defendant Signature Flight Support, LLC and against Plaintiff Frederick Saunders and Attorney Michael G. Mann, jointly and severally; and

3. The Court enter judgment accordingly, terminate any other pending motions, and close the file.  *See* Doc. No. 115.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

- 9 -

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 7, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy
Attorney Michael G. Mann