UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FREDERICK SAUNDERS, CPA,

     Plaintiff,

v.                                  Case No.:  6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT
LLC,

     Defendant,

## OPPOSED OBJECTION TO THE REPORT AND RECOMMENDATION OF THE

## DEFENDANT'S MOTION ON AMOUNT OF FEES AND INCORPORATED MEMORANDUM

## IN SUPPORT

Plaintiff, FREDERICK SAUNDERS, respectfully requests this Court accepts this objection to the recommendation that the Defendant's attorneys' fees be awarded.

Specifically, Plaintiff, FREDERICK SAUNDERS ("Saunders"), respectfully objects as follow:

(1) filing two motions for sanctions, including authorized replies (Doc. Nos. 57, 61, 80, 83)

[Objection: The defense counsel's hours related to these two motions for sanctions were unnecessary due to the Plaintiff's former attorney, ATTORNEY MICHAEL G. MANN ("Mann") exhibited lack of ethics, diligence and candor during the litigation of Saunders' Complaint.]

 (2) Signature's preparation for and attendance at a February 14, 2024 mediation, to include its share of the mediator's fee

[Objection: The defense counsel's hours related to the preparation for and attendance at a February 14, 2024 mediation were unnecessary due to Mann's exhibited lack of diligence in preparing his then-client, Saunders, for the mediation.]

(3) Signature's preparation for and attendance at February 22, 2204 and March 13, 2024 hearings before the undersigned

[Objection: The defense counsel's hours related to these two sanction hearings were <u>unnecessary</u> due to Mann's exhibited lack of ethics, diligence and candor during the litigation of Saunders' Complaint.]

(4) Signature's continued review of Saunders' text messages between February 9, 2024 (the date compliance was originally ordered) and a March 13, 2024 hearing on the matter.

[Objection: The defense counsel's hours related to Signature's continued review of Saunders' text messages between February 9, 2024 (the date compliance was originally ordered) and a March 13, 2024 hearing on the matter were <u>unnecessary</u> due to Mann's exhibited lack of ethics, diligence and candor during the litigation of Saunders' Complaint and if Mann had responded truthfully and timely to the Court's Orders for Discovery and the defense counsel's requests.]

"Rather, the entirety of Saunders' response is a challenge to the levy of any monetary sanction against him; he argues that any and all sanctions should be levied solely against Attorney Mann."

[Objection: the undersigned's argument and objection is that all of the defense counsel's hours in their entirety related to the motion to be awarded their attorneys' fees were <u>unnecessary</u> based on Mann's gross negligence, lack of diligence and lack of candor, which **<u>precludes</u>** the reasonable assessment of the defense counsel's number of hours, billing rates, or total amount of fees related to the sanctions motions, the related hearings, the mediation, and/or Signature's review of Saunders' text messages.]

In summary, these objections are not "attacks" on Mann. These factual and causation acts are supported by Mann's gross negligent actions within this litigation that directly caused Saunders unreasonable harm and directly caused Saunders' case to be dismissed, which directly resulted in the defense counsel requesting their attorneys' fees to be awarded.

Further, Saunders objection and claim (not "attacks") are supported and highlighted clearly and

distinctively within the Court's Report and Recommendation to the Grievance Committee regarding

Mann's lack of ethics, lack of diligence and lack of candor (Doc. 118).

As such, Saunders objects to the number of hours, billing rates and totally amount of fees

Signature requests. Thus, the undersigned lodges that Signature's attorneys' fees to be awarded are

unreasonable and excessive due to the **preclusion** of Mann's gross negligence, lack of diligence and lack

of candor. Also, the undersigned lodges that the defense counsel's attorneys' fees are unreasonable and

excessive because they are part of inappropriate balance **between** condemning Mann's gross negligence,

lack of diligence and lack of candor **and** Saunders being allowed to continue this litigation and receive

fair treatment related to the undersigned's lawful Compliant.

Additionally, Saunders respectfully asks this Court to fairly and justly recognize and differentiate

between Saunders' and Mann's behaviors and actions throughout this litigation. Otherwise, Saunders is

being unfairly and unjustly penalized and collectively punished based on Mann's gross negligence, lack

of candor and lack of diligence, which Saunders had no control of or direct or indirect effect on.

Further, Saunders also respectfully requests this Court to recognize **Mann's**, not Saunders', **gross**

**negligence, lack of candor and lack of diligence** directly **precludes** the request for the undersigned to

provide an assessment on the reasonableness or excessiveness of the defense counsel's billing records,

hourly rate and total amount of their attorneys' fees to be awarded. Thus, Saunders continues to

respectfully object that the defense counsel attorneys' fees be awarded as **Mann's**, not Saunders', **gross**

**negligence, lack of candor and lack of diligence** is the sole cause and the direct correlation to the

Magistrate Judge Hoffman Price's recommendation to have Saunders' Complaint be dismissed, which

directly resulted in the Magistrate Judge Hoffman Price's recommendation for the defense counsel to be

awarded their attorneys' fees.

Since, **Mann's**, not Saunders, **gross negligence, lack of candor and lack of diligence** was carried out during this litigation, Saunders respectfully requests that this objection and Saunders' prior objection (Doc. 117) be considered and recognized within this litigation.

Saunders also respectfully asks this Court to fairly and justly base their recommendations on the contrasting difference between Saunders' clear, timely, consistent, unwavering, forthcoming and truthful actions and Mann's unclear, untimely, inconsistent, deliberate and untruthful actions that are highlighted and supported by the Report and Recommendation to the Grievance Committee (Doc. 118). Additionally, Mann's continued gross negligence; violation and lack of ethics, time management, diligence and candor and deliberate lies resulted in Mann being reported to the Grievance Committee (Doc. 118) and unjustly, unfairly and harshly caused Saunders' Complaint to be dismissed with prejudice and the effect was the defense counsel's motion and the Court's recommendation for the defense counsel's attorneys' fees to be awarded (Doc. 107).

Further, the Court has already noted that **Mann**, not Saunders, "**has a penchant for exaggeration and misstatements and omissions of facts**."

So Saunders is respectfully and specifically stating that without **Mann's**, not Saunders, **acts of bad faith**, there would not have been an unfair and unjust effect to Saunders' Complaint that resulted in its dismissal and the defense counsel's motion requesting their attorneys' fees to be awarded.

1. **OBJECTION ON THE BASIS OF DIFFERENTIATION BETWEEN SAUNDERS AND MANN:**

Though, Judge Dalton ordered that the Defendant's attorneys' fees should be paid jointly and severally by both Saunders and Mann, Mann's, not Saunders', actions and behaviors listed in the Report and Recommendation to the Grievance Committee (Doc. 118) also filed by Judge Dalton is the sole cause for Saunders' Complaint to be dismissed and directly resulted in the recommendation for the defense

counsel's attorneys' fees to be awarded. If Mann had not acted with gross negligence, lack of candor and lack of diligence, the motion to grant the Defendant's attorneys' fees would not have been filed.

2. **ARGUMENT:**

This section of the motion is to breakdown **Mann's**, not Saunders', **non-compliance** of certain prior motions and how **Mann**, not Saunders, **was the cause of each non-compliance**:

The motions that have relevance to the differentiation between Saunders and Mann are as follows: Notice of Plaintiff's Non-Compliance with the Court's Order on Defendant's Motion to Compel [D.E. 48], and Motion for Sanctions, with Incorporated Memorandum of Law (Doc. 57) ("Discovery Sanctions Motion") and Motion for Sanctions for Plaintiff's Failure to Attend Court-Ordered Mediation and Incorporated Memorandum of Law (Doc. 61) ("Mediation Attendance Motion") (collectively the "Motions").

**Discovery Sanctions Motion:**

**Mann**, not Saunders, **failed** to file responses pertaining to Doc. 46, Doc. 48 and Doc. 49 (Doc. 118). In summary, **Mann**, not Saunders, contributed that his **failures** to respond or to respond timely was due to **Mann's,** not Saunders', "**expected delays**" from leaving the The Cochran Firm and starting his own firm; having technical issues of receiving emails from his former firm's email address; being inundated with a backlog of client calls resulting from his former firm's actions of notifying his clients that he had left The Cochran Firm and Mann relocating from Orlando, FL to Pensacola, FL. Doc. 118.

None of these reasons for failure to respond or failure to respond timely were directly or indirectly caused by Saunders.

Also, **Mann**, not Saunders, **was aware** of the pending orders and their requirements, and **did not contend** he had asked for deadline extensions for these orders, and **Mann**, not Saunders, **did not provide** an anticipated timeframe for his compliance or details on how he would comply.

Additionally, **Mann**, not Saunders, **failed** to produce the requested text messages in "text-based and/or written format" as ordered by the Court. Saunders was not at-fault for this failure because Saunders delivered his cell phone in a timely manner to Mann's office at The Cochran Firm to retrieve the requested text messages.

Further, **Mann**, not Saunders, **represented** that the defense counsel had agreed to production of the text messages in video format and that once Mann transitioned to his new firm that defense counsel would require text-format. This representation was later challenged by the defense counsel and the result was that **Mann**, not Saunders, **could not** provide any communication or evidence in support that the defense counsel agreed to accept the text messages in video format (Doc. 118), which resulted in the sanction of $650 that **Saunders**, not Mann, **paid** directly to the defense counsel via the undersigned personally delivered the funds to the defense counsel's downtown Orlando, FL office.

Additionally, regarding all Discovery Orders and Requests for Documents, the Court noted that **Mann's**, not Saunders', reasons for his **non-compliance**. Also, Mann's answers from the Honorable Judge Price's multiple attempts to elicit information from Mann were **"for the most part were either non-responsive, confusing, or contradictory."** On the other hand, Saunders took truthful, diligent and direct steps to comply with all of the Discovery Orders and Requests (to include responding to notices timely covering the period from November 30, 2023 to February 21, 2024 and to-date). For example, Saunders:

- Timely submitted the voluminous number of documents/responses related to the 17 "Interrogatories" and 36 "Requests For Production Of Documents" requested by the opposing counsel after the first Deposition

- Timely submitted his cell phone to <u>Mann's downtown, Orlando, FL</u> law office upon request after the first Deposition on or around November 30, 2023.
  - o As such, Saunders rejects Mann's claim and falsehood that "it was difficult to produce text messages in written format with the Plaintiff in Orlando and Mr.

Mann in Pensacola" and "neither Mr. Mann nor Plaintiff [Saunders] had access

to an extraction program" and "Mr. Mann did not have the time to comply

because he was dealing with his move and email issues".

- Saunders provided Mann with his cell phone prior to Mann's move from

  Orlando, FL to Pensacola, FL. Also, **Mann**, not Saunders, **directly**

  **disregarded** the Honorable Judge Price's order to hire a third-party to

  extract the written text messages from Saunders' cell phone.

As such, as evidenced above and within Doc. 118, **Mann**, not Saunders, "**admitted** at the hearing

that he had not provided the discovery at issue, had not complied with the February 1, 2024 Order, and

had caused delays and wasted attorney resources. Mr. Mann attempted to take responsibility [**as Mann**

**should take <u>full</u> responsibility**] for these failures and suggested that the appropriate sanction would be

an award of fees and costs but not dismissal of the Complaint or striking of any pleadings." At the same

time, Saunders had absolutely no influence (direct or indirect) on Mann's failures noted above and within

Doc. 118.

Also, **Mann**, not Saunders, **continued** his "<u>confusing and contradictory</u>" behavior and gross

negligence, lack of candor and lack of diligence (e.g. exhibits not attached to the Affidavit (Doc. 74) and

late fillings of the exhibits) during and related to the February 22, 2024 hearing. Also, the Affidavit

explained various events **impacting Mr. Mann's** (not Mr. Saunders') **time and ability to respond**. Doc.

118.

<u>Excerpt from Doc. 118 of **Mann's**, not Saunders, **continued gross negligence, lack of candor**</u>

**<u>and lack of diligence</u>**:

"The Affidavit also addressed communications with defense counsel regarding the requested

document productions. See Id., ¶¶ 24-78. While Mr. Mann recalled speaking with Defendant's counsel "at

some point" to explain that video was the fastest way to produce the text messages, Id., ¶ 46, nowhere

does he affirm that Defendant's counsel agreed to this format. In fact, he referenced emails in which

Defendant's counsel advised that if Plaintiff's continued deposition was to proceed, counsel "will need

screenshots of the texts." Id., ¶ 58. Yet, Mr. Mann did not interpret these emails as requiring written

format versions of the text messages; he assumed that Defendant would make screenshots. Id., at 14, n.6.

He even admitted that Defendant's counsel emailed him that the video formats of the text messages made

them "essentially impossible to utilize in litigation," and offered to retain a vendor to obtain the texts if

Mr. Mann could not provide a written format version. Id., ¶¶ 60-61. The Affidavit does not address any

response from Mr. Mann."

This excerpt clearly demonstrates and evidence that **Mann**, not Saunders, **was completely and

solely culpable in failing** to comply with the Court's Orders and the defense counsel's requests and that

Saunders had absolutely no direct or indirect causation to Mann's non-compliance to the Court's Orders

or the Defense counsel's requests.

Excerpt from Doc. 118 of **Mann's**, not Saunders, **continued gross negligence, lack of candor

and lack of diligence**:

"The Defendant also timely filed a supplemental brief and an affidavit from its counsel. Doc.

Nos. 80, 83. In the Affidavit, counsel for Defendant denied having any call with Mr. Mann about

producing Plaintiff's text messages in video format or agreeing to such a format. Doc. No. 83. In its

supplemental brief, Defendant argued that dismissal was warranted in light of Plaintiff's and Mr. Mann's

actions in bad faith and with flagrant disregard for the Court. Doc. No. 80, at 1-6. Defendant argued that

Plaintiff and Mr. Mann deliberately and significantly delayed production of the text messages, produced

them in a form that obscured some of the texts, including texts showing that there was no basis in law or

fact for this litigation, and ignored motions and Court Orders related to discovery."

[Objection: Saunders never deliberately delayed production of the text messages. Saunders never produced the text messages in a form that obscured some of the texts. Saunders never ignored any motions or the Court Orders related to discovery.

As such, **Mann**, not Saunders, **is solely responsible** for the Defendant's argument of bad faith and with flagrant disregard for the Court. Doc. No. 80, at 1-6.

Also, the undersigned respectfully argues that there is serious basis in law and fact for this litigation, which is supported by the EEOC Right to Sue Letter, the details and content within the Complaint, the defense counsel's lack of evidence to refute the Complaint in part or its entirety to date and the Court-ordered mediation.]

"It suggested that dismissal was appropriate based on the numerous alleged misrepresentations by Mr. Mann related to the video recordings of the text messages and other issues. Doc. No. 80, at 5-6. It argued no lesser sanction would suffice in such circumstances and given Magistrate Judge Hoffman Price's prior warnings that more severe sanctions were possible."

[Objection: Saunders never had any control or causation of **Mann's numerous alleged misrepresentations and decision** to only send video format of the text messages. As such, Saunders should not be unreasonably and harmfully penalized (i.e. Saunders' Complaint being dismissed) based solely on Mann's gross negligence, lack of candor and lack of diligence especially after Mann had been warned that more severe sanctions (to include dismissal of Saunders' Compliant) were possible, especially if Mann continued with his non-compliance responses, contradictory statements and written and verbal falsehoods.]

**Mediation Privilege Motion:**

Excerpt from Doc. 118 of **Mann's**, not Saunders, **continued gross negligence, lack of candor and lack of diligence**

"Again, Plaintiff failed to respond timely to the Mediation Privilege Motion Doc. 95 at 24. Given the severity of the allegations, Magistrate Judge Hoffman Price provided him an additional opportunity to respond to the motion. Doc. 67 at 3-4. Plaintiff then filed his response on February 29, 2024. Doc. 73. However, the Court found that this response was "shockingly replete with numerous, and what could only be described as deliberate falsehoods.""

[Objection: **Mann**, not Saunders, **failed** to respond timely to the Mediation Privilege Motion Doc. 95 at 24. Also, **Mann's**, not Saunders', **response** was "shockingly replete with numerous, and what could only be described as deliberate falsehoods."]

Excerpt from Doc. 118 (Footnote 7) of **Mann's**, not Saunders, **continued gross negligence, lack of candor and lack of diligence**

"Based on Plaintiff's response, before Defendant's reply, Magistrate Judge Hoffman Price directed the Plaintiff to submit an affidavit, signed under penalty of perjury, on or before March 11, 2024 addressing several issues relevant to the Motions. Doc. No. 75. She advised that if Plaintiff failed to answer any of these questions, or asserted his Fifth Amendment rights, any non-response would be treated as a negative inference for that specific fact issue and would be considered in resolving the Motions. Id., at 3. Once again, Plaintiff did not meet this deadline. Instead, on March 12, 2024, the Plaintiff attempted to submit a pro se affidavit. Doc. 88. The affidavit stricken and placed under seal. Doc. 91. Thus, the failure to timely file an affidavit was treated as a negative inferences against the Plaintiff in with respect to fact issues in Motions. Doc. 95 at 29-30, n. 24."

[Objection: Saunders attempted to give Mann the requested Affidavit on March 11, 2024. However, Mann refused to accept the Affidavit or file the affidavit on Saunders' behalf claiming "Breach of Confidential Mediation Communication". Also, however, Saunders believed that Magistrate Judge Hoffman Price was privy to the mediation information since she requested the affidavit]. So, Mann forced/pressured Saunders to file the affidavit pro se as the undersigned did not want to miss the deadline.

Note: The undersigned had never filed any documents with any Courts before and was unaware of the process, which also affected the timeliness of the affidavit's submission (within a two hours of the missed deadline).]

**Mediation Attendance Motion:**

Excerpt from Doc. 118 of **Mann's**, not Saunders, **continued gross negligence, lack of candor and lack of diligence**

"The Court found some of **Mr. Mann's statements contradictory**. Doc. 95 at 34. Further, it noted that **Mr. Mann did not state** that he received permission from the Court to appear at the mediation remotely, **was aware that the mediation was in person** and **did not explain why he did not travel** to Orlando[,FL] for the mediation."

[Objection: Saunders paid the $500 sanction for missing the Court-ordered Mediation. The undersigned takes responsibility for his part in missing the mediation. This only one honest mistake by the undersigned due to his fears and concerns of believing that his former counsel, Mann, was in collusion with the defense counsel to coerce the undersigned to accept a lesser settlement should not constitute a dismissal of his Complaint. Thus, the undersigned respectfully asks the Court to **differentiate** between **Mann's** continued gross negligence, lack of candor, lack of diligence, conflicting statements, contradictions, inconsistencies, lies and untruths/falsehoods throughout the entire case, and **Saunders**, one error in judgment.]

"The Court held a second in-person hearing to address the Motions on March 13, 2024. Doc. 67 at 4-5. The Court concluded that **Mr. Mann had made numerous "conflicting and contradictory statements."** Doc. 95 at 34. The Court addressed Mr. Mann's conflicting statements about when his representation of the Plaintiff commenced. Magistrate Judge Hoffman Price states in the R&R that following questioning it was determined that at all times the Plaintiff believed he was represented by Mr. Mann, and Mr. Mann at all times acted as his counsel. Id. at 35. With respect to the Discovery Sanctions

Motion, Defendant advised the Court that on March 4, 2024 it received from Plaintiff several hundred additional emails and text message and could not say whether there was still outstanding discovery because they were still reviewing these productions. **Mr. Mann did not dispute** this and admitted at the hearing that his statement in the February 20, 2024 response (Doc. 65), that Plaintiff had produced everything in his custody, possession, and control was incorrect. Doc. 95 at 36. **Mr. Mann admitted that he had taken no action** to search the Plaintiff's cell phone or to produce any other text messages or emails until on or around February 29, 2024."

[Objection: Immediately, after the second Sanction Hearing, on February 22, 2024, Saunders relinquished his cell phone (for the second time) to Mann prior to Mann's departure from Orlando, FL back to Pensacola, FL in order for Mann to, again, comply with the Court's Orders and the Defense counsel's requests. **Mann**, not Saunders, **failed** to act timely, again, by not taking action (for at least seven days) to search Saunders' cell phone or to produce any other text messages or emails until on or around February 29, 2024."]

### **Report and Recommendation**

Excerpt from Doc. 118 of **Mann's**, not Saunders, **continued gross negligence, lack of candor and lack of diligence**

"In the R&R, Magistrate Judge Hoffman Price recommended sanctions based on a pattern of delay and failure to comply with numerous Court Orders. Doc. 95, at 47-48."

[Objection: **Mann**, not Saunders', **demonstrated the pattern of delay and failure to comply with number Court Orders**]

"The Court noted that when responses were made, they contained admitted inaccuracies and untruths."

[Objection: When **Mann's**, not Saunders', **responses were made, they contained admitted inaccuracies and untruths**]

"Further, the Court found these responses directly contradicted the Plaintiff's own deposition testimony resulting in a "waste of attorney and judicial resources.""

[Objection: **Saunders' truthful and honest responses** during the undersigned's depositions contradicted **Mann's lies and untruths** (which are clearly noted within this motion and Doc. 118).]

"The Court found that the Plaintiff and Mr. Mann had provided a "litany of frivolous arguments" and engaged in "exercise in semantics that is utterly unavailing.""

[Objection: **Mann**, not Saunders, had provided a "**litany of frivolous arguments**" and engaged in "**exercise in semantics that is utterly unavailing**"]

"She [the Magistrate Judge Hoffman Price] noted that all the failures could have been rectified or avoided if the Plaintiff and "Attorney Mann simply sought assistance from the Court (either through a request for more time or for reconsideration or other relief), but they never did, choosing instead to stand on their ever-changing arguments.""

[Objection: Saunders, **being represented by Mann**, had no idea how to seek assistance from the Court (either through a request for more time or for reconsideration or other relief). And, **Mann**, not Saunders**, chose** to stand on **his ever-changing** arguments.]

"The Court further concluded that Plaintiff and Mr. Mann had been given multiple opportunities to explain their behavior and warned of potential sanctions. Still, they either failed to respond, responded out of time without permission, or attempted to change their stories to delay the proceedings and mislead the Court."

[Objection: Except for the requested affidavit regarding the EEOC Meditation, Saunders, was never given "multiple opportunities" to explain "his behavior"; the undersigned, aside from the requested

affidavit, was never asked to provide the truth and honesty, specifically in writing, to counter and correct

Mann's continued lies, untruths, conflicting statements, contradictory arguments, gross negligence, lack

of candor and lack of diligence (except for when the undersigned responded verbally in Court that he

believed that Mann was his lawyer throughout the entirety of this case prior to its dismissal). Also,

**Mann's**, not Saunders', **behavior** was in question of non-compliance from the beginning of this case, so

**Mann**, not Saunders, **had the obligation and responsibility** to explain his behavior, **which Mann failed**

**to do**, and was warned of potential sanctions, but **Mann**, not Saunders, **failed** to comply to the Court's

Orders even after several warnings of potential sanctions or further sanctions.]

"Also, "they" did not fail to respond, responded out of time without permission or attempted to

change their stories to delay the proceedings and mislead the Court."

[Objection: **Mann**, not Saunders, **failed** to respond, responded out of time without permission, or

attempted to change **his** stories to delay the proceedings and mislead the Court.]

"The Court found that the behavior "demonstrates a clear pattern of willfulness and arguable bad

faith."

[Objection: **Mann's**, not Saunders', **behavior** clearly demonstrated a clear pattern of willfulness

and arguable bad faith, which is highlighted throughout this motion and in Doc. 118.]

### MEMORANDUM IN SUPPORT

### I.    LEGAL STANDARD

In contrast to Rule 4-1.3 of the Rules Regulating the Florida Bar requires that: "A lawyer shall act

with reasonable diligence and promptness in representing a client." The comments to that Rule provide:

"[a] lawyer's workload must be controlled so that each matter can be handled competently", Mann did not

act with reasonable diligence and promptness in representing, Saunders, the client. Also, Mann did not

control his workload as pertaining to his duties and obligations to Saunders's Complaint. Thus, <u>Mann did not handle Saunders' Complaint with competence</u>.

In contrast to Rule 4-3.2 of the Rules Regulating the Florida Bar requires that: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client", <u>Mann did not make reasonable efforts to expedite litigation consistent with the interests of Saunders, the client</u>.

In contrast to Rule 4-3.3(a)(1) of the Rules Regulating the Florida Bar require that: "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer...", <u>Mann made several and continuous false statements of facts or law and failed to correct false statements of material fact or law previously made to the Court by Mann</u>.

In contrast to Rule 4–3.4 of the Rules Regulating the Florida Bar requires that: "A lawyer must not…unlawfully obstruct another party's access to evidence…; knowingly disobey an obligation under the rules of a tribunal", <u>Mann continuously obstructed the defense counsel from gaining access to evidence and knowingly continued to disobey the obligations set forth by the Court</u>.

As a result, Mann's gross negligence, lack of candor, lack of diligence and violation of these Rules on a consistent basis directly caused the undersigned's case to be dismissed, which directly resulted in the Court recommending the defense counsel's motion to be awarded their attorneys' fees.

Additionally: "More recently in Bitterman v. Bitterman, 714 So. 2d 356 (Fla. 1998), the court recognized "the inherent authority of a trial court to award attorneys' fees for bad faith conduct against a party, even though no statute authorized the award," Pariente wrote. She noted several other states follow the same policy.

"We thus hold that a trial court possesses the inherent authority to impose attorneys' fees against an attorney for bad faith conduct," Pariente wrote. "In exercising this inherent authority, an appropriate balance must be struck between condemning as unprofessional or unethical litigation tactics undertaken

solely for bad faith purposes, while ensuring that attorneys will not be deterred from pursuing lawful

claims, issues or defenses on behalf of their clients or from their obligation as an advocate."

Respectfully, the undersigned objection is based on the legal standard that the Court has not

struck an appropriate balance between condemning Mann's unprofessional and unethical litigation tactics

undertaken solely for bad faith purposes, while ensuring the attorneys (now Saunders, pro se) will not be

deterred from pursuing lawful claims.

The undersigned's Complaint is (and has always been) serious and lawful in nature. This

undersigned' claim is supported by the EEOC Right to Sue Letter, the details and content within the

Complaint, the defense counsel's lack of evidence to refute the Complaint in part or its entirety to date

and the Court-ordered mediation. Otherwise, the Court would have deemed the Complaint as frivolous

and unnecessary prior to its premature and harsh dismissal, which the dismissal was solely the result of

Mann's gross negligence, lack of candor and lack of diligence. On the other hand, the case's dismissal

was not based on any lack of validity or seriousness of the Complaint.

"Centex-Rooney Const. Co. v. Martin County, 725 So. 2d 1255 (Fla. 4th DCA 1999)

Although the fee applicant has the burden of establishing its entitlement to an award of attorneys'

fees, see Hensley, 461 U.S. at 437, 103 S.Ct. 1933, the opponent of the fee has the burden of pointing out

with specificity which hours should be deducted. See Nitram, Inc. v. Industrial Risk Insurers, 154 F.R.D.

274, 277 (M.D.Fla.1994) (citations omitted); see also Norman, 836 F.2d at 1301 (fee opponent must be

reasonably precise in objecting to and proving existence of unreasonable or unnecessary attorney hours)."

In summary, all of the defense counsel's hours in their entirety related to the motion to be

awarded their attorneys' fees were unnecessary based on Mann's gross negligence, lack of diligence and

lack of candor.

### A.  GOOD CAUSE EXISTS TO OBJECT

This motion respectfully objects the Court's recommendation to grant the DEFENDANT'S

MOTION ON AMOUNT OF FEES AND INCORPORATED MEMORANDUM OF LAW (Doc. No.

107) Doc. 120. This motion also summarizes that **Mann**, not the Saunders, **acted with dishonesty,**

**inconsistencies, lies, untruths, gross negligence, lack of candor, lack of diligence and several**

**violations** of the Rules under the legal standards that are required to be followed and adhered to by a

lawyer. These rules are regulated by the Florida Bar; however, Mann failed to adhere to the applicable

ethical and legal standards throughout the entire case leading up to its dismissal, which directly led to the

defense counsel's motion to be awarded their attorneys' fees.

The truth of the matter is, Saunders, not Mann, has always acted timely, ethically, truthfully and

honestly and with candor throughout this entire case related to its depositions, requests for discovery,

sanction hearings, defense counsel's mental health evaluation, etc. Even within the undersigned's

affidavit, which was stricken, the undersigned told the truth on how the undersigned mishandled the

EEOC mediation. In support, from the undersigned's understanding, the Court denied the defense

counsel's Mediation Privilege Motion.

### B.  LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, the undersigned certifies that the

Plaintiff has conferred, via email, with counsel for the Defendant, who opposes this motion, in all, sought

herein.

## II.    <u>CONCLUSION</u>

Saunders, not Mann, has always been truthful, forthcoming, consistent, deliberate and honest to the defense counsel, the Court and to the Magistrate Judge Hoffman Price. As such, Saunders respectfully asks the Court to fairly and justly differentiate between Saunders and Mann behavior and actions. Otherwise, the unfair and unjust collective punishment that only caused unreasonable harm to Saunders, not Mann, will continue to deny Saunders fair treatment by the Court. The resulting justice of granting this motion should **<u>preclude</u>** the need for Saunders to assess the reasonableness or excessiveness of the defense counsel's attorneys' fees, which is the direct result of the Court's harsh and unbalanced decision to dismiss the case based solely on **Mann's**, not Saunders', **gross negligence, lack of candor and lack of diligence**.

In conclusion, the motion to grant Signature's attorneys' fees to be awarded is unreasonable and excessive due to Mann's gross negligence, lack of diligence and lack of candor. Also, the defense counsel's hours in their entirety related to the motion to be awarded their attorneys' fees were unnecessary as a result of Mann's gross negligence, lack of diligence and lack of candor. Plus, there is a lack of appropriate balance <u>between</u> condemning Mann's gross negligence, lack of diligence and lack of candor resulting in bad faith <u>and</u> Saunders being afforded fair treatment by the Court to pursue his lawful claim.

DATED: February 21, 2025

Respectfully submitted,

<u>/s/ Frederick Saunders</u>

Frederick Saunders, CPA
6440 S Goldenrod Road, Unit B
Orlando, FL 32822
(813) 546-5300
fsankh@yahoo.com
*Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 21, 2025, a true and correct copy of the foregoing

was filed electronically with the Clerk of the County, and I furnished a copy of the foregoing document to

Saunders' former attorney and the Defendant's counsel of record in the manner of service indicated

below, including:

**Via first class United States Mail, to:**

**Jackson Lewis P.C.**
390 North Orange Avenue, Suite 1285
Orlando, FL, 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441
AMANDA A. SIMPSON
Amanda.Simpson@jacksonlewis.com
LIN J. WAGNER
Lin.Wagner@jacksonlewis.com
*Attorneys for Defendant*

*…AND…*

**THE MANN FIRM, LLC**
MICHAEL G. MANN, ESQ.
Fla. Bar. No. 1020249
105 E. Garden Street, Suite B
Pensacola, Florida 32502
Telephone: 850-407-8077
Mike@themann.law
Matt@themann.law
*Former Attorneys for Plaintiff*