# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FREDERICK SAUNDERS,

    Plaintiff,

v.     Case No. 6:23-cv-230-RBD-LHP

SIGNATURE FLIGHT SUPPORT, LLC,

    Defendant.

_____

## **ORDER**

In September 2024, the Court sanctioned Plaintiff and his attorney Michael Mann, Esq. for their noncompliance with Court Orders and bad faith conduct by dismissing this action and awarding attorney's fees and costs to Defendant. (Doc. 105.) In that Order, the Court permitted Defendant to file a motion to determine the amount of fees if the parties could not agree. (*Id.* at 4.)

Defendant attempted to meet and confer with both Plaintiff and Mann,[1] but Plaintiff refused to meet and disputed the entire amount while Mann reviewed the amount and disputed specific hours. (Doc. 107, pp. 8–9.) So Defendant moved for the Court to determine the amount. (*See id.*) Plaintiff opposed, arguing that the

---

[1] On November 18, 2024, Mann was terminated as Plaintiff's attorney. (Doc. 114.) The Court retained jurisdiction over Mann as to these sanctions, and Plaintiff proceeds *pro se*. (*Id.* at 3–4.)

sanctions should not be imposed against him because the sanctionable conduct was all attributable to Mann. (Doc. 117.) Mann did not respond.

On referral, U.S. Magistrate Judge Leslie Hoffman Price entered a Report and Recommendation rejecting Plaintiff's arguments because he did not take issue with the *amount* of fees Defendant incurred, the only remaining issue before the Court. (Doc. 120, pp. 6–7 ("R&R"); *see* Doc. 105.) Finding the total amount to be reasonable, Judge Hoffman Price submitted that Defendant should be awarded $31,562.50 of fees and costs. (Doc. 120, pp. 7–9.) Plaintiff objected to the R&R on the grounds that any hours Defendant incurred because of Mann's conduct were "unnecessary," Mann's conduct alone resulted in the imposition of sanctions, and Plaintiff should not be responsible for the sanctions. (Doc. 121.) Mann did not object to the R&R, and Defendant responded in support of it. (Doc. 122.)

After an independent *de novo* review of the record, the motions, and the objection, the Court agrees with the R&R. *See* 28 U.S.C. § 636(b)(1); *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Plaintiff's objection largely restates his argument to Judge Hoffman Price that Mann should be the only person sanctioned. (Doc. 121, pp. 16–17.) But as explained in the R&R, the Court already determined that Plaintiff is jointly and severally liable for the sanctions because of his own behavior. (Doc. 120, p. 6; Doc. 105, p. 3; *see generally* Doc. 95 (detailing Plaintiff's misconduct).)

Plaintiff also objects to the R&R on the basis that Defendant's fees were "unnecessary" because of Mann's behavior. (Doc. 120, p. 16.) But this objection relates to the underlying motion for amount of fees, not the R&R. Because Plaintiff failed to raise his argument to Judge Hoffman Price, the Court need not address this objection. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if the Court considered the argument, Plaintiff does not point to any authority supporting the proposition that Defendant did not need to expend any hours litigating against ineffective opposing counsel. In the R&R, Judge Hoffman Price thoroughly explained why Defendant's hours and rates are reasonable. (Doc. 120, pp. 7–9.) So without any substantive objection as to the R&R, Plaintiff's objection is due to be overruled.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's objection (Doc. 121) is **OVERRULED**.

2. The R&R (Doc. 120) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Defendant's motion on amount of fees (Doc. 107) is **GRANTED**.

4. The Clerk is **DIRECTED** to enter judgment in the total amount of $31,562.50 of attorney's fees and costs in favor of Defendant Signature Flight Support, LLC and against Plaintiff Frederick Saunders and Attorney Michael G. Mann, jointly and severally.

3

5. All pending motions are denied as moot and all deadlines and hearings are terminated. The file is to remain closed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 2, 2025.



ROY B. DALTON, JR.
United States District Judge