# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**In re: MICHAEL MANN**                              Case No. 6:25-mc-07-ACC

_____/

# ORDER

On February 6, 2025, Chief Judge Howard designated the undersigned "to address the Grievance Committee's probable cause finding as outlined in the Grievance Committee's Report and Recommendation (Doc. 118), filed in *Frederick Saunders v. Signature Flight Support, LLC*, Case No. 6:23-cv-230-RBD-LHP." (Doc. 1). On September 12, 2024, United States District Judge Dalton entered an Order (the "Referral Order") referring an attorney, Michael Mann, Esq., representing the plaintiff in a case over which he presided to the Grievance Committee for the Middle District of Florida, Orlando Division for review of his conduct in the case. (Doc. 105). Judge Dalton adopted and confirmed the findings of Magistrate Judge Hoffman Price's June 4, 2024 Report and Recommendation. Case No. 6:23-cv-230-RBD-LHP (Docs. 95, 118). As the Grievance Committee summarized it:

> Magistrate Judge Hoffman Price recommended sanctions based on a pattern of delay and failure to comply with numerous Court Orders. ([Case No. 23-cv-230,] Doc. 95 at 47-48). The Court noted that when responses were made, they contained admitted inaccuracies and untruths. *Id.* at 48. Further, the Court found these responses directly contradicted the Plaintiff's own deposition testimony resulting in a "waste of attorney and judicial resources." *Id.* The Court found that

1

the Plaintiff and Mr. Mann had provided a "litany of frivolous arguments" and engaged in "exercise in semantics that is utterly unavailing." *Id.* She noted that all the failures could have been rectified or avoided if the Plaintiff and "Attorney Mann simply sought assistance from the Court (either through a request for more time or for reconsideration or other relief), but they never did, choosing instead to stand on their ever-changing arguments." *Id.* The Court further concluded that Plaintiff and Mr. Mann had been given multiple opportunities to explain their behavior and warned of potential sanctions. Still, they either failed to respond, responded out of time without permission, or attempted to change their stories to delay the proceedings and mislead the Court. *Id.* at 48-49. The Court found that the behavior "demonstrates a clear pattern of willfulness and arguable bad faith." *Id.* at 49.

Based on this conduct, Magistrate Judge Hoffman Price recommended that the *Plaintiff's Complaint be dismissed in its entirety and that the Defendant recover from the Plaintiff and Mr. Mann, jointly and severely, its reasonable attorney's fees and costs* for "(1) filing the February 12, 2024 and February 15, 2024 motions for sanctions, including authorized replies (Doc. Nos. 57, 61, 80, 83); (2) Defendant's preparation for and attendance at the February 14, 2024 mediation, to include its share of the mediator's fee; (3) Defendant's preparation for and attend at the February 22, 2024 and March 13, 2024 hearings; and (4) Defendant's continued review of [Plaintiff's] text messages between February 9, 2024 (the date compliance was originally ordered) and the March 13, 2024 hearing…" *Id.* at 56.

(Doc. 2 at 17-18 (emphasis added)). Based on Judge Hoffman Price's Report and Recommendation, Judge Dalton entered his September 12, 2024 Order adopting the contents, dismissing Plaintiff's case, imposing attorneys fees and costs, and referring the matter to the Grievance Committee to consider whether further sanctions should be imposed on Mann.

On February 3, 2025, the Grievance Committee provided a Report and

2

Recommendation[1] which agreed that the totality of Mann's conduct "exhibit[ed] a concerning lack of diligence and professionalism and violate[d] the Rules regulating the Florida Bar, including Rule 4-1.3 requiring reasonable diligence, Rule 4-3.2 requiring reasonable efforts to expedite litigation consistent with the interest of the client, and requiring fairness to opposing party and counsel, Rule 4-3.3 (1)(a) requiring candor to the Court and Rule 4-3.4 requiring that the lawyer not unlawfully obstruct another party's access to evidence or knowingly disobey an obligation under the rules of a tribunal." (Doc. 2 at 19-21).

The Committee was alarmed and disappointed by Mann's apparent lack of diligence and the lack of candor to the Court, including: misstatements of facts which evidenced that Mann regularly missed deadlines, even when court ordered, failed to exhibit any diligence in complying with discovery requests and orders thereon, apparently failed to exhibit diligence in monitoring and handling his matters during his move, and most concerning, made numerous misrepresentations before the Court in filings and at hearings.

The Committee stated that it had considered "that this is the only known instance of Mann's behavior rising to this level, and his acceptance, on occasion, of responsibility for the failures." (*Id.* at 21). In addition, the Committee stated that

---

[1] Local Rule 2.04(c)(4)(A), M.D. Fla., outlines the procedures for the Committee to investigate an alleged lawyer's misconduct to recommend a resolution of the allegation.

3

it also had "considered the severity of the sanctions imposed by the Referral Order, and felt they sufficiently addressed Mr. Mann's conduct in these circumstances and considering the mitigating factors mentioned above. Indeed, the Court made clear that dismissal was ordered because it was the 'only way to deter further misconduct.'" (*Id.*). The Committee further determined that "given the nature of the behavior and the violation of Rules regulating the Florida Bar, Mr. Mann should also be reminded of his obligations thereunder and the duty of diligence, candor and professionalism for all attorneys in the Middle District" and recommended that Mann be required to meet several remedial requirements which the Court imposes as set forth below. (*See* Doc. 2 at 21-22).

On February 10, 2025, the Court set the matter for an evidentiary hearing on February 24, 2025 and required Mann to file a written response to the Committee's Report and Recommendation. (Doc. 4). Following extensions, the hearing was rescheduled for April 29, 2025. (Doc. 14). Mann filed a response to the Report and Recommendation on April 23, 2025. (Doc. 15).

Having reviewed Judge Hoffman Price's June 4, 2024 Report and Recommendation, Judge Dalton's September 12, 2024 Order adopting and confirming it, the February 3, 2025 Report and Recommendation of the Grievance Committee, Mann's April 23, 2025 Response and the arguments of Mann's counsel and Mann's statements at the April 29 hearing, the Court finds by clear and convincing evidence that Mann violated the following Standards of the Florida Bar

4

and the Local Rules:

- Rule 4–1.3 of the Rules Regulating the Florida Bar which requires that: "A lawyer shall act with reasonable diligence and promptness in representing a client." The comments to that Rule provide: "[a] lawyer's workload must be controlled so that each matter can be handled competently."
- Rule 4–3.2 of the Rules Regulating the Florida Bar which requires that: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comments to the Rule provide that: "[d]ilatory practices bring the administration of justice into disrepute."
- Rule 4-3.3(a)(1) of the Rules Regulating the Florida Bar which requires that: "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer..."
- Rule 4–3.4 of the Rules Regulating the Florida Bar requires that: "A lawyer must not…unlawfully obstruct another party's access to evidence . . . ; knowingly disobey an obligation under the rules of a tribunal . . . ."

At the evidentiary hearing and in his Response, Mann did not seriously dispute that he had mishandled the case, although he attributes some of his conduct to poor training, lack of mentoring, and the circumstances of leaving a larger firm to start a solo practice. Mann stressed his willingness to "accept all of the remedial steps recommended by the Grievance Committee."

Accordingly, based on the foregoing, Attorney Michael Mann, Esq. is **ORDERED** to complete the following by **October 29, 2025**:

1. Attend the Florida Bar's Ethics School;

2. Attend and complete a Law Practice Management or Time Management CLE;

3. Re-read the Florida Rules of Professional Conduct, local rules of the Middle District of Florida and the Middle District's Discovery Handbook;

5

4. Provide paper copies of the R&R, Referral Order and this Committee's Report and Recommendation to Mr. Mann's client in this action; and

5. Certify completion of each of these requirements in writing to this Court **by October 29, 2025.**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 29, 2025.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Chief Judge Howard
District Judge Dalton