# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 03, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-12150-DD
Case Style: Frederick Saunders v. Signature Flight Support, LLC
District Court Docket No: 6:23-cv-00230-RBD-LHP

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12150
Non-Argument Calendar
_____

FREDERICK SAUNDERS,
   individually,

                                                   *Plaintiff-Appellant*,

versus

SIGNATURE FLIGHT SUPPORT, LLC,
   a Delaware limited company,
   d.b.a. Signature Aviation,

                                                   *Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00230-RBD-LHP

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Case 6:23-cv-00230-RBD-LHP   Document 128   Filed 11/03/25   Page 4 of 5 PageID 2178
USCA11 Case: 25-12150   Document: 25-1   Date Filed: 11/03/2025   Page: 2 of 3

2                        Opinion of the Court                    25-12150

Frederick Saunders, pro se, appeals from the district court's order and April 3, 2025, judgment awarding attorney's fees to Signature Flight Support, LLC, as well as the district court's September 12, 2024, order dismissing his complaint as a sanction under Federal Rule of Civil Procedure 37. Signature moves to dismiss the appeal as untimely. In response, Saunders argues that his appeal is timely under the doctrine of equitable tolling.

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and we cannot entertain an appeal that is out of time. *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-01 (11th Cir. 2010). A notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). If the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend. Fed. R. App. P. 26(a)(1)(C). Because federal courts have "no authority to create equitable exceptions to jurisdictional requirements," the time requirements of § 2107 cannot be equitably tolled. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Here, we lack jurisdiction over the appeal because it is untimely. Saunders had until May 5, 2025, the first business day following expiration of the 30-day appeal period, to appeal. *See* 28 U.S.C. § 2107; Fed. R. App. P. 26(a)(1)(C); *Green*, 606 F.3d at 1300-01. He did not file his notice of appeal until June 23, and § 2107's time requirements cannot be equitably tolled. *See Bowles*, 551 U.S. at 214.

Case 6:23-cv-00230-RBD-LHP  Document 128  Filed 11/03/25  Page 5 of 5 PageID 2179
USCA11 Case: 25-12150  Document: 25-1  Date Filed: 11/03/2025  Page: 3 of 3

25-12150          Opinion of the Court                    3

Accordingly, we GRANT the motion to dismiss and DISMISS this appeal for lack of jurisdiction.