UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Frederick Saunders, CPA,

Plaintiff, pro se,

v.                                          Case No. 6:23-cv-00230-RBD-LHP

Signature Flight Support LLC,

Defendant,


## **PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND TO**
## ~~**REOPEN OR EXTEND THE TIME TO FILE NOTICE OF APPEAL**~~

COMES NOW Plaintiff Frederick Saunders, pro se, pursuant to Federal

Rules of Civil Procedure 60(b)(1) and (6) and Federal Rules of Appellate

Procedure 4(a)(5) and 4(a)(6), respectfully requesting relief from the May 3, 2025

Notice of Appeal deadline and an order reopening or extending the time to appeal.

In support, Plaintiff states as follows:

## I. Background

1. Final Judgment in this matter was entered on or about April 3, 2025, establishing a Notice of Appeal deadline of May 3, 2025 pursuant to Fed. R. App. P. 4(a)(1)(A).

2. Attorney Michael Mann ("Attorney Mann"), who had previously been sanctioned for mishandling Plaintiff's case, represented Plaintiff through November 18, 2024, when he withdrew. Thereafter, Plaintiff proceeded pro se.

3. Prior to withdrawal, Attorney Mann erroneously advised Plaintiff and informed on the same day that the appellate deadline was October 15, 2024 (Exhibit A). This incorrect information was left uncorrected when counsel withdrew.

4. Plaintiff, acting on that belief and lacking legal training and still relying in good faith on that misinformation, did not realize that the 30-day appellate deadline ran from the date of final judgment entered in April 2025.

5. On or about November 04, 2024, Plaintiff filed a Motion for Extension of Time to File Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5). The district court denied the motion without prejudice.

6. Plaintiff, proceeding pro se and without legal training, did not understand that he was required to refile or renew the motion.

7. Plaintiff did not file a Notice of Appeal by May 3, 2025, because he was unaware that the 30-day clock had already begun running from the entry of final judgment on April 03, 2025.

8. On May 25, 2025, Plaintiff received, via a court-ordered production, written documentation from the law firm representing Attorney Mann. The court order included Attorney Mann admitting gross negligence in his handling of Plaintiff's case in the related grievance matter and Attorney Mann's acknowledgment of his failures to (a) properly manage deadlines and (b) correctly advise Plaintiff on his right to appeal.

9. Upon receiving that new evidence, Plaintiff acted diligently: within less than 30 days, he filed a Notice of Appeal on June 23, 2025.

10. Plaintiff's delay was not the product of bad faith, neglect, or disregard, but resulted entirely from his reliance on incorrect legal advice provided by prior counsel and being unaware of the true appellate deadline until the lawyer's written admission of gross negligence was produced on May 25, 2025.

11. Consequently, the Eleventh Circuit dismissed the appeal as untimely on procedural grounds, though the delay was caused by attorney misinformation and excusable neglect—not by any lack of diligence or bad faith by Plaintiff.

## II. Legal Standards

### A. Excusable Neglect — Fed. R. App. P. 4(a)(5)

Under Rule 4(a)(5), a district court may extend the time to file a Notice of Appeal upon a showing of excusable neglect or good cause. The Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993), held that "excusable neglect" includes late filings caused by attorney negligence or miscommunication and reasonable reliance on mistaken legal advice or other inadvertence, especially when the client acts in good faith and the delay is minimal.

The Eleventh Circuit recognizes excusable neglect when a litigant acts in good faith, but misses a deadline because of attorney error or misinformation. Plaintiff's delay resulted solely from Attorney Mann's misstatement of the appeal deadline and Plaintiff's good-faith reliance on that incorrect legal advice.

Courts have consistently held that such reliance may constitute excusable neglect. **See Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325–26 (11th Cir. 1996) (reversing denial of extension where counsel miscalculated the appeal deadline) (recognizing excusable neglect where counsel miscalculated deadline); Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (client should not suffer ultimate sanction due to attorney's inadvertent missteps).

Plaintiff relied in good faith on Attorney Mann's erroneous statement that the appeal deadline was October 15, 2024 (Exhibit A), and therefore the failure to meet the May 3, 2025 deadline was caused by attorney misinformation, not willful disregard.

Plaintiff's reliance on Attorney Mann's misinformation was reasonable. When the mistake became clear, Plaintiff acted promptly and filed a Notice of Appeal within 30 days of discovering the error.

Moreover, Plaintiff promptly sought relief by filing a timely Rule 4(a)(5) motion and has demonstrated consistent diligence since.

## B. Lack of Notice and Newly Discovered Evidence — Fed. R. App. P. 4(a)(6)

Rule 4(a)(6) authorizes the Court to reopen the time to appeal when a party does not receive notice of entry of judgment or is otherwise misled about filing deadlines. Here, Plaintiff was misled because his former attorney had affirmatively misstated the appeal deadline and never corrected that misinformation before withdrawing.

The newly discovered evidence on May 25, 2025, confirmed the cause of Plaintiff's misunderstanding — Attorney Mann's written admission of gross negligence, which also directly caused the Plaintiff's case to be dismissed.

Plaintiff filed his Notice of Appeal within 30 days of receiving that notice,
well within the reasonable time contemplated by Rule 4(a)(6).

Plaintiff's June 23, 2025 Notice of Appeal was therefore filed within a
reasonable and equitable timeframe.

## C. Alternatively, Relief from Judgment — Fed. R. Civ. P. 60(b)(1) and (6)

Even if this Court determines that Rule 4(a) is unavailable, relief remains
proper under Federal Rule of Civil Procedure 60(b) for mistake, inadvertence,
surprise, or excusable neglect (Rule 60(b)(1)) or for any other reason that justifies
relief (Rule 60(b)(6)).

The Eleventh Circuit has held that gross attorney negligence amounting to
abandonment constitutes extraordinary circumstances warranting relief under Rule
60(b)(6). **See Maples v. Thomas, 565 U.S. 266, 283–84 (2012); United States v.
Diaz, 190 F.3d 1247, 1254 (11th Cir. 1999).

Attorney Mann's conduct—providing an incorrect appeal deadline, failing to
correct the misinformation, and withdrawing without ensuring notice to the
client— constitutes abandonment of representation, meets that standard of
extraordinary neglect justifying relief and reopening the appeal period.

## III. Diligence and Lack of Prejudice

Plaintiff acted with diligence: upon receipt of new evidence on May 25, 2025, he filed his Notice of Appeal on June 23, 2025, well within 30 days.

Reopening the appeal period will not prejudice Defendant, as the case record is complete and the only consequence would be to permit full appellate review on the merits and reopening the appeal merely restores the parties to their original appellate positions. Conversely, denying relief would permanently deprive Plaintiff of review through no fault of his own.

## IV. The Clerk's April 2025 Judgment Checklist Does Not Cure the Misinformation Plaintiff Received from Former Counsel or Absolve the Documented Attorney Misconduct This Court Has Already Found, Does Not Defeat Excusable Neglect or the Basis for Reopening the Appeal Period

Defendant will likely argue that Plaintiff "received the Clerk's Notice April 2025 Checklist", which included standard language concerning the appeal deadline and summarizing post-judgment procedures. That argument cannot withstand scrutiny—especially in light of this Court's own prior findings regarding Attorney Mann's pattern of mismanagement, misrepresentation, and noncompliance. But that argument fails for several reasons.

First, it is undisputed in this record that Attorney Mann repeatedly misinformed Plaintiff about critical deadlines, including the appellate deadline. This Court expressly found in its sanctions orders that Attorney Mann engaged in a pattern of delay, admitted to "inaccuracies and untruths," and failed to comply with the Court's directives. **See R. Doc. 95 at 47–48 (Court finding Attorney Mann's representations inaccurate and internally contradictory). Given those findings, Plaintiff's reliance on Attorney Mann's stated appeal deadline was both reasonable and foreseeable.

Second, a generic Clerk's checklist—sent to a now-pro se litigant immediately following a judgment entered after years of attorney misconduct— does not undo the tainted foundation upon which Plaintiff's understanding of the deadline was built. A pro se litigant who had been actively misled by his former lawyer cannot be expected to divine that a standard-form checklist contradicts what his attorney had previously instructed him. The Eleventh Circuit has routinely held that "receipt of a judgment does not foreclose excusable neglect where confusion is created by counsel's error." **See Advanced Estimating, 77 F.3d at 1325–26.

Third, courts make clear that the mere receipt of a judgment notice or checklist does not automatically establish actual notice of the applicable deadline, especially where a litigant was previously misadvised by counsel. **See Pioneer, 507 U.S. at 398 (excusable neglect applies where a party is misled or confused

regarding a deadline despite receiving formal documents); Advanced Estimating,

77 F.3d at 1325–26 (party's misunderstanding of appeal deadline due to counsel's

error constitutes excusable neglect even though court documents existed).

Fourth, the checklist argument ignores a critical fact: Plaintiff had no actual

knowledge that Attorney Mann's deadline advice was false until May 25, 2025,

when Plaintiff received Attorney Mann's written admission of gross negligence via

court-ordered production.

Fifth, until that date, Plaintiff had no reason—especially following years of

attorney deception this Court already documented—to assume that Attorney

Mann's appellate instructions were defective. Opposing counsel cannot hold

Plaintiff to a standard of interpretation that even seasoned attorneys struggle with,

let alone a pro se litigant navigating an aftermath of proven attorney misconduct.

Sixth, at the time judgment was entered, Plaintiff was proceeding pro se

after a year of documented attorney misconduct and was still relying in good faith

on Attorney Mann's prior incorrect legal advice—namely, that the appeal deadline

fell on October 15, 2024 (Exhibit A), not May 3, 2025. Plaintiff had no legal

training, and nothing in the Clerk's checklist stated that it superseded or

contradicted his former attorney's instructions.

Seventh, Courts, including, the Supreme Court and Eleventh Circuit 1) repeatedly emphasize that technical receipt of a judgment or notice does not defeat excusable neglect where attorney misconduct or misrepresentation caused the delay. **See Pioneer, 507 U.S. at 395–98 (excusable neglect applies where party is misled or confused by counsel even if court documents were received); Diaz, 190 F.3d at 1254 (relief warranted where attorney actions deprived litigant of timely appeal); Cheney, 71 F.3d at 850 (client should not bear the brunt of counsel's failures) and 2) confirm that reliance on counsel's incorrect deadline advice is a valid basis for excusable neglect, even where a party has access to court documents. **See Maples v. Thomas, 565 U.S. 266, 283–84 (2012) (client not bound by attorney abandonment or misinformation); Diaz, 190 F.3d at 1254 (party deprived of appellate rights due to attorney mistake entitled to relief).

Thus, the checklist cannot undo what Plaintiff reasonably believed from his former lawyer.

Eighth, this Court's own findings show that Attorney Mann's misconduct was extensive, ongoing, and severe, including violations of court orders, inaccurate representations, and failures of case management. It would be fundamentally inconsistent for the Court to recognize Attorney Mann's pattern of misconduct in its sanction orders, yet conclude that Plaintiff—who had no legal training and no reason to distrust his attorney at the time—should have somehow known that

Attorney Mann's appellate deadline advice was false simply because a Clerk's

form was mailed.

Ninth, the argument that "Plaintiff received the checklist, therefore he had

notice" ignores the actual record of this case:

1. Attorney Mann repeatedly violated court rules and orders;

2. Attorney Mann admitted to "poor training," "systemic failures," and

multiple errors;

3. Plaintiff consistently complied when properly informed;

4. Plaintiff's misunderstanding stemmed directly from Attorney Mann's

misconduct; and

5. Plaintiff filed his Notice of Appeal within 30 days of receiving written proof

of Attorney Mann's gross negligence.

Tenth, the key event is that Plaintiff did not and could not understand the error

until May 25, 2025, when he received a court-ordered production, via a lawyer

representing Attorney Mann in his grievance case, containing Attorney Mann's

written admission of gross negligence, including his failure to provide correct

appellate-deadline information. Only then did Plaintiff learn that his Notice of

Appeal was not due in October as he had been told.

Within less than 30 days of learning that truth, Plaintiff filed his Notice of Appeal on June 23, 2025, showing diligence consistent with Rule 4(a)(5) and 4(a)(6).

Under these circumstances—Attorney misinformation + Court-documented Attorney misconduct + newly discovered evidence + pro se litigant + immediate corrective action—the Clerk's checklist is legally insufficient to defeat Plaintiff's right to relief under Rule 4(a)(5), Rule 4(a)(6), or Rule 60(b).

Finally, courts across the circuits hold that technical receipt of a judgment or docket entry does not bar relief where the litigant was misled, confused, or abandoned by prior counsel, or where the litigant lacked the capacity to interpret the notice. **See Cheney v. Anchor Glass, 71 F.3d 848, 850 (11th Cir. 1996) ("Dismissal is too harsh a remedy when the client is not actually at fault for the failure to comply."); Pioneer, 507 U.S. at 395–96.

Therefore, the checklist does not defeat Plaintiff's right to relief under Rule 4(a)(5) (excusable neglect), Rule 4(a)(6) (lack of notice/misinformation), or Rule 60(b) (attorney abandonment and extraordinary circumstances).

## V. The Administrative Closure of the Case Does Not Prevent the Court from Granting Relief

Although this case is administratively "closed" following the entry of final judgment, the Court retains continuing limited jurisdiction to decide post-judgment motions affecting the appeal period.

This includes motions brought under:

- Fed. R. App. P. 4(a)(5) (excusable neglect),

- Fed. R. App. P. 4(a)(6) (lack of notice or misleading notice), and

- Fed. R. Civ. P. 60(b) (mistake, neglect, or extraordinary circumstances).

Federal courts consistently hold that such motions are exceptions to the general rule that jurisdiction ends upon closure of the case.

The Eleventh Circuit recognizes that district courts retain jurisdiction to vacate and re-enter judgment to permit a timely appeal when attorney error or misconduct prevents a party from filing a timely notice. **See United States v. Diaz, 190 F.3d 1247, 1254 (11th Cir. 1999) (relief appropriate where counsel's actions deprived a party of appellate rights); Maples v. Thomas, 565 U.S. 266, 283–84 (2012) (attorney abandonment is grounds for equitable relief).

Granting relief here is fully consistent with the Court's prior findings.

This Court has already recognized, in R. Doc. 95 at 47–48, that Attorney Mann

engaged in a pattern of delay, made inaccurate representations, and failed to

comply with Court orders.

The appeal deadline error is part of that same continuum of misconduct.

Plaintiff proceeded pro se after November 2024 and reasonably relied on his

former attorney's incorrect deadline information until receiving written proof of

Mann's negligence on May 25, 2025.

Only then did Plaintiff become aware that the May 3, 2025 deadline had already

passed.

Because the appeal deadline was missed solely due to attorney misinformation

followed by newly discovered evidence, and not due to any lack of diligence by

Plaintiff, the Court has both the authority and the equitable basis to reopen or

extend the appeal deadline, or to vacate and re-enter judgment.

## VI. Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Grant this Motion for Relief from the May 3, 2025 appeal deadline;

2. Reopen or extend the time to file a Notice of Appeal under Fed. R. App. P. 4(a)(5) or 4(a)(6);

3. Alternatively, vacate and re-enter judgment under Fed. R. Civ. P. 60(b)(1) or 60(b)(6) to permit a timely appeal; and

4. Grant any other relief deemed just, proper and as justice requires.


*Respectfully submitted,*

*/s/ Frederick Saunders*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this November 20, 2025, true and correct copy was

mailed to the Clerk of the County of this district court via regular (or certified)

mail – at 401 West Central Boulevard, Orlando, FL 32801. I further that a true and

correct copy of the foregoing has been furnished by regular mail and email to

Amanda Simpson and Lin Wagner, Defendant – at Jackson Lewis, P.C. 390 North

Orange Avenue, Orlando, FL 32801 – amanda.simpson@jacksonlewis.com and

lin.wagner@jacksonlewis.com.


DATED: November 20, 2025

*Respectfully submitted,*

By: */s/ Frederick Saunders*

Frederick Saunders, CPA
Plaintiff, pro se
6440 South Goldenrod Road, Unit B
Orlando, FL 32822
(813) 546-5300
fsankh@yahoo.com

# EXHIBIT A



# MANN
### T R I A L   A T T O R N E Y S
105 EAST GARDEN STREET · SUITE B · PENSACOLA, FL 32502
850-407-8077 · WWW.THEMANN.LAW

October 15, 2024

***PRIVILEGED & CONFIDENTIAL***
***ATTORNEY-CLIENT COMMUNICATION***

**SENT VIA** ☒ **E-MAIL** ☒ **CLIENT PORTAL** ☐ **MAIL** ☐ **RRR TO:**
Mr Frederick Saunders
6440 S Goldenrod Rd, Unit B
Orlando, FL 32822
fsankh@yahoo.com

**RE:    IMPORTANT: TODAY IS THE LAST DAY TO FILE YOUR NOTICE OF APPEAL**
MTA Matter: 00002 FREDERICK SAUNDERS

Dear Frederick

I am reaching out because today is your final day to file a notice of appeal. Today is the last day to file an appeal. I've provided an overview from my previous letter and other information below:

When the court enters a judgment against you that includes an order to pay attorneys' fees to the opposing party, it means the court has determined that you are legally responsible for reimbursing the other party for the legal costs they incurred in the case. In the Middle District of Florida, this can happen for a variety of reasons, such as losing the case or if the court finds that your actions during the litigation were improper or unreasonable. The amount you are ordered to pay will typically reflect the time and effort the other party's attorneys spent working on the case.

WHAT HAPPENS NEXT?
Once the court issues this judgment, it becomes a legally binding order. This means that if you do not voluntarily pay the amount ordered, the opposing party can take further legal action to collect it, such as garnishing your wages or placing liens on your property.

APPEALING THE JUDGMENT
If you believe the court's decision was incorrect, you have the option to appeal. An appeal involves asking a higher court to review the trial court's decision. In an appeal, you would argue that there was a legal error in the case that justifies reversing or modifying the judgment, including the order to pay attorneys' fees.

HIRING AN APPELLATE ATTORNEY
My representation does not include filing or handling appeals. If you wish to pursue an appeal, you will need to hire an appellate attorney. Appellate work is specialized, and an attorney who focuses on appeals can provide the expertise needed to review the trial court's ruling, identify potential errors, and craft arguments that are likely to

**CALL** 1-850-407-8077    |    **TEXT** 1-850-885-5097    |    **EMAIL** CONTACT@THEMANN.LAW

PRIVILEGED & CONFIDENTIAL

succeed at the appellate level. If you decide to go this route, I can help you find a qualified appellate attorney who can assess your case and guide you through the appeal process.

**YOUR OBLIGATIONS**
It's important to remember that unless the judgment is overturned on appeal, the obligation to pay attorneys' fees remains. Even if you appeal, the judgment typically stays in effect unless the appellate court grants a stay, meaning the payment may still be required unless you get specific relief from the court.

In summary, the judgment requires you to pay the other side's legal fees, and if you wish to challenge that, you'll need to hire an appellate attorney to assist with the appeal. My role in this matter has concluded with the final order

Should you have any questions or concerns, please do not hesitate to contact us.

Kind regards,

**MIKE MANN, ESQ.**
Trial Attorney

FREDER...
6440 S. GOLDENROD RD
                    UNIT B
ORLANDO, FL 32822




Retail

U.S. POSTAGE PAID
FCM LG ENV
MIDDLEBURG, FL 32068
NOV 21, 2025

32801

$2.44

RDC 99

S2322P500251-20

CLERK OF THE COUNTY
401 WEST CENTRAL BLVD
ORLANDO, FL 32801

